UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CVR ENERGY, INC.,

                Plaintiff,

vs.                                                                                           Case No. 13-cv-2547-JAR-TJJ

WACHTELL LIPTON ROSEN & KATZ, et al.,

                Defendants.

## MEMORANDUM AND ORDER

Now pending before the Court is Plaintiff CVR Energy Inc.'s Motion to Compel Limited Discovery (ECF No. 12). Plaintiff moves the Court for an order permitting limited discovery, to be completed within forty days, on the issue of personal jurisdiction over the Defendants. Defendants dispute the Court's personal jurisdiction over them and oppose the motion.[1] The motion is fully briefed and the Court is prepared to rule. As explained more fully below, the Court grants the motion in part and denies the motion in part.

Plaintiff's Complaint in this diversity case alleges professional malpractice.[2] Defendants have filed a motion to dismiss, alleging lack of personal jurisdiction and improper venue.[3] Plaintiff seeks an order permitting it to serve its proposed interrogatories and request for production of documents and to issue its proposed notice of oral deposition, with all of this discovery to be completed within forty days. Because Defendants filed their motion to dismiss, no answers have been filed, no scheduling conference has been set, and no discovery has been conducted. Defendant Benjamin M. Roth's Affidavit was submitted in support of the motion to dismiss as well as in opposition to the instant motion. Plaintiff has submitted the Affidavit of

---

[1] Defs.' Mem. in Opp. (ECF No. 19).
[2] Compl. (ECF No. 1).
[3] Defs.' Mot. to Dismiss (ECF No. 9).

Edmund S. Gross in support of the instant motion. Plaintiff alleges that important material evidence, specifically relating to the extent of Defendants' general transaction of business in Kansas, is not available to Plaintiff without discovery. Defendants object to Plaintiff's request for jurisdictional discovery.

"When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion."[4] In the Tenth Circuit, a court may not refuse to grant jurisdictional discovery "if either the pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is necessary."[5]

When a defendant moves to dismiss for lack of personal jurisdiction in a federal diversity lawsuit in Kansas, the plaintiff must show that exercise of jurisdiction over a foreign defendant satisfies the due process requirements of the Fourteenth Amendment.[6] This analysis is two-fold. First, plaintiff must show that the defendant has "minimum contacts" with Kansas by establishing that it "purposefully availed" itself of the protections and benefits of Kansas laws and "should reasonably anticipate being haled into court [] here."[7] If the case arises directly from or relates to the defendant's Kansas-related activities, the court may exercise specific personal jurisdiction. Second, upon a showing of the necessary minimum contacts, the court must then ensure that the "exercise of jurisdiction does not offend traditional notions of fair play and substantial justice."[8] Factors to be considered by the court in making this determination include "the burden on the defendant," "the forum State's interest in adjudicating the dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial

---

[4] *Proud Veterans, LLC v. Ben-Menashe*, No. 12-CV-1126-JAR, 2012 U.S. Dist. LEXIS 181257 at *3 (D. Kan. Dec. 21, 2012).
[5] *Id*.
[6] *Smoot v. Roper & Twardowsky, LLC*, No. 11-4102-KHV, 2012 U.S. Dist. LEXIS 138847 at *6 (D. Kan. Sept. 27, 2012).
[7] *Id*. at *7 (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473-76 (1985)).
[8] *Id*.

system's interest in obtaining the most efficient resolution of controversies," and the "shared interest of the several States in furthering fundamental substantive social policies."[9]  The burden on the defendant "is of primary concern."[10]

Although ordinary use of telephone and email directed at Kansas may not be enough to establish minimum contacts, where the defendant is alleged to have committed the tortious acts at issue during its telephone and email communications with the plaintiff in Kansas, such communications may show sufficient minimum contacts.[11]  In addition, as to whether defending an action in Kansas presents an undue burden on a defendant, communications and transactions by a defendant with a single Kansas business may be sufficient to overcome such burden under appropriate facts and circumstances.[12]

Plaintiff argues that it has submitted sufficient evidence of Defendants' minimum contacts with it in Kansas.  Specifically, Plaintiff alleges that it has shown email and telephone contacts and discussions on a nearly daily basis from January through April of 2012 between its General Counsel, Edmund S. Gross, in Kansas, and Defendants.[13]  Plaintiff further asserts that these communications included discussions and advice about the negotiation of and drafts of engagement letters with Plaintiff's investment advisors, Goldman Sachs and Deutsche Bank. Plaintiff alleges that the content of these communications included negligent advice that forms the basis for some of Plaintiff's underlying claims for malpractice against Defendants.[14]

---

[9] *Burger King Corp.,* 471 U.S. at 476-77.
[10] *D.J.'s Rock Creek Marina v. Imperial Foam & Insulation Mfg. Co.*, No. 01-4139-JAR, 2003 U.S. Dist. LEXIS 1686 at *11 (D. Kan. Jan. 29, 2003).
[11] *Smoot*, 2012 U.S. Dist. LEXIS 138847 at *9-10 (*citing Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach LLP*, 33 Kan. App. 2d 593, 604 (Kan. Ct. App. 2005).
[12] *Value Chain Solutions, LLC v. Quality One Wireless, LLC*, No. 09-2586-JAR, 2010 U.S. Dist. LEXIS 38709 at *14 (D. Kan. Apr. 19, 2010).
[13] Aff. of Edmund S. Gross, (ECF No. 13-7).
[14] *Id.*; Compl. at 14 (ECF No. 1).

Plaintiff then argues that, having established minimum contacts, information regarding Defendants' general transaction of business in Kansas is relevant to the Court's determination of personal jurisdiction. Specifically, Plaintiff asserts that this information is relevant to the issue of whether the exercise of jurisdiction poses an undue burden on Defendants. In support, Plaintiff offers three examples of activities by Defendant Wachtell Lipton Rosen & Katz ("Wachtell"), and argues that these examples are evidence of Wachtell's business activities in Kansas.

Defendants argue that Plaintiff has not shown sufficient minimum contacts to subject them to specific personal jurisdiction. They further argue that Plaintiff's motion is a request to conduct speculative discovery regarding the issue of general personal jurisdiction rather than specific personal jurisdiction. Given the higher burden required to prove general personal jurisdiction, they argue that Plaintiff has failed to show a reasonable basis to believe that the proposed discovery will reveal additional facts in support of general personal jurisdiction. Defendants also allege that the three examples cited by Plaintiff do not show evidence of business activity by Wachtell in Kansas, contrary to Plaintiff's assertions. In addition, they argue that the proposed discovery would not be relevant to the issue of whether litigating the action in Kansas would pose an undue burden on Defendants.

Plaintiff seeks discovery regarding Defendants' general transaction of business in Kansas (not simply in relation to the issue of general personal jurisdiction). Plaintiff does so for the purpose of addressing the second part of the due process analysis: whether the exercise of jurisdiction would offend traditional notions of "fair play and substantial justice." Specifically, Plaintiff asserts that it seeks discovery in order to address the issue of whether defending the

4

action in this Court would pose an undue burden on Defendants to defend their actions in this Court.[15]

The Court finds that the general transaction of business in Kansas by Defendants is relevant to the "undue burden" determination. Thus, the Court finds that limited jurisdictional discovery on the issue of Defendants' general transaction of business in Kansas is appropriate in this action.  Plaintiff has alleged pertinent jurisdictional facts regarding Defendants' general transaction of business in Kansas, and those facts are controverted by Defendants.  In addition, the alleged examples of Defendants' business transactions in Kansas show a reasonable basis to believe that relevant additional facts may exist.  Accordingly, a more satisfactory showing of the facts appears necessary.

The Court will, however, impose limitations on the time allowed to complete the discovery permitted[16] and on the proposed interrogatories and areas of inquiry for deposition, as follows:

For the purposes of Interrogatory No. 1 and deposition area of inquiry No. 1, a Kansas Client shall be defined as "any Kansas domiciliary, resident, or citizen, or any entity that is registered to do business within the state of Kansas or that has an office within the state of Kansas."

For Interrogatory No. 2 and deposition area of inquiry No. 2, the phrase "in connection with business or legal matters" shall be modified to "in connection with Wachtell Lipton Rosen & Katz's business or legal matters."

---

[15] Pl.'s Reply Mem. in Supp. at 7-8 (ECF No. 22).
[16] See Pl.'s Mem. in Supp. at 15 (ECF No. 13) (Plaintiff states that forty days will be an adequate amount of time for it to obtain the limited discovery that it requests in this case.)

For Interrogatory No. 5 and deposition area of inquiry No. 5, the phrase "across the United States, or any portion or state therein" shall be changed to "across the state of Kansas, or any portion of the state of Kansas."

The Court finds that the limited duration and scope of the discovery allowed by this Order should not impose an undue burden on Defendants.

**IT IS THEREFORE ORDERED** that Plaintiff CVR Energy Inc.'s Motion to Compel Limited Discovery (ECF No. 12) is granted in part and denied in part. Plaintiff shall serve its proposed Interrogatories and Request for Production of Documents on Defendants (ECF No. 13-12) within six days of the date of this Order. Plaintiff may also serve its proposed Notice of a Rule 30(b)(6) deposition. Plaintiff's Interrogatories and deposition areas of inquiry Nos. 1, 2, and 5 shall be modified as stated previously in this Order. No other discovery regarding personal jurisdiction shall be permitted.

**IT IS FURTHER ORDERED** that the permitted discovery shall not include the substantive claims in this case.

**IT IS FURTHER ORDERED** that the limited jurisdictional discovery permitted under this Order, including the proposed Rule 30(b)(6) deposition, shall be completed by April 7, 2014.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 25th day of February, 2014.

s/ Teresa J. James<br>Teresa J. James<br>United States Magistrate Judge