# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

CVR ENERGY, INC.,

               Plaintiff,

     v.

WACHTELL, LIPTON, ROSEN & KATZ, et al.,

               Defendants.

Case No. 14-cv-06566-RJS

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

OF COUNSEL:

WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
(212) 403-1000


Dated: October 29, 2014

ZUCKERMAN SPAEDER LLP
Paul Shechtman
James Sottile
1185 Avenue of the Americas, 31st Floor
New York, New York 10036
(212) 704-9600
*Attorneys for Wachtell, Lipton, Rosen & Katz,*
*Benjamin M. Roth, and Andrew R. Brownstein*

# TABLE OF CONTENTS

<u>Page</u>

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL BACKGROUND .................................................................................................... 2

PROCEDURAL HISTORY ...................................................................................................... 3

    A.  The Federal Action ....................................................................................... 3

    B.  The New York State Action .......................................................................... 4

ARGUMENT ............................................................................................................................ 6

  I.    THE COURT SHOULD ABSTAIN FROM EXERCISING JURISDICTION IN FAVOR OF THE PENDING STATE COURT ACTION. ................................. 6

    A.  CVR's action is parallel to the pending proceeding in New York court. .................... 7

    B.  Application of the *Colorado River* factors shows that the New York court is the most appropriate forum for resolving this dispute. ................................. 7

  II.  EVEN IF THE COURT DOES NOT ABSTAIN, THE COURT SHOULD EXERCISE ITS INHERENT POWER TO STAY THIS ACTION PENDING THE RESOLUTION OF THE STATE ACTION. ..................................................... 14

CONCLUSION ....................................................................................................................... 15

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Am. Disposal Servs., Inc.* v. *O'Brien*,
   839 F.2d 84 (2d Cir. 1988) ................................................................. 8

*Arizona* v. *San Carlos Apache Tribe of Ariz.*,
   463 U.S. 545 (1983)............................................................. 7, 8, 10 n.3

*Arkwright-Boston Mfrs. Mut. Ins. Co.* v. *City of New York*,
   762 F.2d 205 (2d Cir. 1985) .........................................................*passim*

*Colo. River Water Conservation Dist.* v. *United States*,
   424 U.S. 800 (1976)......................................................................*passim*

*CVR Energy, Inc.* v. *Wachtell, Lipton, Rosen & Katz*,
   2014 WL 4059761 (D. Kan. Aug. 14, 2014) ......................................... 4

*de Cisneros* v. *Younger*,
   871 F.2d 305 (2d Cir. 1989) ................................................................ 10

*DiSorbo* v. *Hoy*,
   343 F.3d 172 (2d Cir. 2003) ............................................................ 3 n.1

*Diversified Grp., Inc.* v. *Daugerdas*,
   139 F. Supp. 2d 445 (S.D.N.Y. 2001) .................................................. 13

*Ferolito* v. *Menashi*,
   918 F. Supp. 2d 136 (E.D.N.Y. 2013) ................................................... 8

*Gen. Reinsurance Corp.* v. *CIBA-Geigy Corp.*,
   853 F.2d 78 (2d Cir. 1988) ................................................................... 7

*Gen. Star Int'l Indem., Ltd.* v. *Chase Manhattan Bank*,
   57 F. App'x 892 (2d Cir. 2003).......................................................... 10

*Glenclova Inv. Co.* v. *Trans-Resources, Inc.*,
   2013 WL 6003512 (S.D.N.Y. Nov. 12, 2013)...................................... 14

*Goldman, Sachs & Co.* v. *CVR Energy, Inc.*,
   2014 WL 4446635 (N.Y. Sup. Ct. Sept. 10, 2014)............................... 2-3

*Inn Chu Trading Co.* v. *Sara Lee Corp.*,
   810 F. Supp. 501 (S.D.N.Y. 1992) ........................................................ 6

ii

*Landis* v. *N. Am. Co.*,
   299 U.S. 248 (1936) ................................................................................. 14

*LaSala* v. *Needham & Co., Inc.*,
   399 F. Supp. 2d 421 (S.D.N.Y. 2005) ...................................................... 14

*LNC Invs., Inc.* v. *First Fidelity Bank, Nat'l Ass'n*,
   935 F. Supp. 1333 (S.D.N.Y. 1996) .................................................... 12-13

*Metrokotsas* v. *U.S. Fleet Leasing, Inc.*,
   1990 WL 129193 (S.D.N.Y. Sept. 4, 1990) ............................................ 8, 9

*Niagara Mohawk Power Corp.* v. *Hudson River-Black River Regulating Dist.*,
   673 F.3d 84 (2d Cir. 2012) ........................................... 6, 7, 9-10, 12 n.4

*Pabco Constr. Corp.* v. *Allegheny Millwork PBT*,
   2013 WL 1499402 (S.D.N.Y. Apr. 10, 2013) .............................................. 8

*Riddell Sports, Inc.* v. *Sport Supply Grp.*,
   1994 WL 86407 (S.D.N.Y. Mar. 15, 1994) ................................................. 8

*Telesco* v. *Telesco Fuel & Masons' Materials, Inc.*,
   765 F.2d 356 (2d Cir. 1985) ......................................................... 6, 7, 12

*U.S. Info. Sys., Inc.* v. *Int'l Bhd. of Elec. Workers Local Union No. 3*,
   2008 WL 4090143 (S.D.N.Y. Sept. 2, 2008) ......................................... 3 n.1

*Wachtell, Lipton, Rosen, & Katz* v. *CVR Energy, Inc.*,
   2014 WL 1078633 (S.D.N.Y. Mar. 18, 2014) .............................................. 5

*Woodford* v. *Cmty. Action Agency of Greene Cnty., Inc.*,
   239 F.3d 517 (2d Cir. 2001) ............................................................ 10 & n.3

## **Other Authorities**

18A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, *FEDERAL PRACTICE AND PROCEDURE* § 4433 (2d ed. 2002) ............................................. 3 n.1

4659083.1

## PRELIMINARY STATEMENT

This action is virtually indistinguishable from a declaratory judgment claim currently pending between the parties in New York state court. In accordance with governing New York law, the New York court has already rejected plaintiff's motion to stay the state claim and announced its determination to adjudicate the issue. The question before the Court on this motion is whether the claims should be adjudicated in one court, or in two courts at the same time. Principles of comity and judicial efficiency embodied in the *Colorado River* doctrine and this Court's inherent power to manage its docket supply the common-sense answer: this case should be dismissed or stayed in favor of the parallel New York action.

In *Colorado River*, the Supreme Court held that a federal court has discretion to abstain from exercising jurisdiction in favor of a substantially similar state court action. Six factors guide that discretionary inquiry. Of those six factors, four weigh in favor of abstention here. Two are irrelevant. None supports the exercise of federal jurisdiction. The "overriding" factor — the avoidance of piecemeal or duplicative litigation and the waste of judicial resources — tilts decisively toward abstention. And the most important consideration that can weigh against abstention — the presence of federal-law issues — is conspicuously absent. To the contrary, as Plaintiff here concedes, it will receive complete relief in New York state court — for claims arising exclusively under New York state law — in a state action that includes additional, closely related state-law claims that can be litigated only in state court. The exercise of federal jurisdiction will lead to inefficient duplication of proceedings and a pointless race to judgment. Abstention will deprive no party of any right. There is no dispute about any of this. These are textbook conditions for an order of abstention. *See* Part I, *infra*.

If it determines that abstention is not in order, the Court should exercise its inherent power to stay this action until the state court action has been resolved. The alternative is duplication of expense and effort in support of no judicially cognizable purpose. The federal stay device is appropriate to avoid that inefficient and unseemly outcome. *See* Part II, *infra*.

## FACTUAL BACKGROUND

In January 2012, corporate raider Carl Icahn announced that he had taken a substantial stake in CVR, a Delaware holding company whose headquarters are in Sugarland, Texas. Compl. ¶ 12.  CVR recognized that Icahn's announcement of a large stake in CVR was likely the beginning of an Icahn campaign to push for the quick sale of the company.  *Id.* ¶ 13.  Shortly thereafter, Icahn announced a plan to take control of CVR.  *Id.* ¶ 18.

In response to Icahn's campaign, CVR retained Wachtell Lipton for legal advice and two investment banks, Deutsche Bank and Goldman Sachs, as co-financial advisors.  *Id.* ¶¶ 13, 14. CVR negotiated and signed contracts with both banks that memorialized the terms of their engagement.  *Id.* ¶¶ 16, 31.

Icahn took control of CVR in May 2012 and directed CVR not to pay the fees that it owed the banks under their contracts.  *Id.* ¶ 38.  The banks then sued CVR in New York Supreme Court for breach of contract.  *Id.* ¶ 4, 19.  Those actions, captioned *Goldman, Sachs & Co.* v. *CVR Energy, Inc.*, Index No. 652149/2012 (filed June 21, 2012) and *Deutsche Bank Securities Inc.* v. *CVR Energy, Inc.*, Index No. 652800/2012 (filed August 10, 2012) (collectively, the "Bank Actions"), were thereafter consolidated for pretrial purposes.

In response to a third-party subpoena, Wachtell Lipton produced documents in the Bank Actions, subject to CVR's undertaking that any documents the firm produced would be treated in accordance with the protective orders that the New York court had entered.  The protective orders provided that discovery materials designated as "confidential" could be used only for purposes of the Bank Actions.  The documents Wachtell Lipton produced to CVR in the Bank Actions were all stamped "CONFIDENTIAL" and were all produced expressly "subject to the protective orders that govern these actions."

In the Bank Actions, CVR argued that it did not owe the fees because the engagement letters were ambiguous, because the terms were commercially unreasonable, and because Wachtell Lipton never informed the board of those terms.  On September 10, 2014, Justice Sherwood granted the banks' motion for summary judgment and ordered CVR to pay the fees set forth in the engagement letters.  *Goldman, Sachs & Co.* v. *CVR Energy, Inc.*, 2014 WL 4446635,

at *7 (N.Y. Sup. Ct. Sept. 10, 2014).  Justice Sherwood rejected CVR's arguments, many of

which are also the key premises of its claim against Wachtell Lipton in this action.  While CVR

has argued in this action that the board would never have approved the engagement letters if it

had known how the fee provisions operated, Justice Sherwood found that the board in fact had

ratified the agreements with full knowledge of the fee terms.  *Id.* at *4-5.  In the Bank Actions, as

in this action, CVR alleged that Wachtell Lipton falsified CVR's board minutes to reflect a

discussion of the banks' fees.  But Justice Sherwood expressly relied on those minutes, finding

that "[o]n May 4, 2012, the Board's individual members signed consents to a resolution

approving the minutes of . . . the February 28, 2012 meeting, which summarized a presentation

by Benjamin M. Roth, a partner at Wachtell, Lipton, Rosen & Katz, CVR's attorneys, explaining

the fee provisions of the second engagement letters."  *Id.* at *5.  Justice Sherwood specifically

recognized that at that the February 28, 2012 meeting, "the sale transaction fee amount was

discussed with the Board by Benjamin M. Roth, a partner at Wachtell Lipton."  *Id.* at *2.  Justice

Sherwood further found that "the fee provisions of the second engagement letters are not

ambiguous, nor can they be interpreted as excluding a transaction with Icahn."  *Id.* at *6.  And

Justice Sherwood rejected CVR's argument that the terms of the engagement letters were

"commercially unreasonable."  *Id.*[1]

## PROCEDURAL HISTORY

A.     <u>The Federal Action</u>

Acting at Icahn's direction, on October 24, 2013, CVR filed a claim for professional

negligence against Wachtell Lipton and two of its partners in the federal district court in Kansas.

The complaint relied on confidential information produced in the Bank Actions in violation of

the protective orders.  CVR filed its complaint in Kansas even though (a) Wachtell Lipton is not

---

[1]       CVR has filed a notice of appeal from Justice Sherwood's Order.  The pendency of an appeal, however, does not alter the preclusive effect of a judgment under New York or federal law.  *See DiSorbo* v. *Hoy*, 343 F.3d 172, 183 (2d Cir. 2003) ("Under New York law, the mere pendency of an appeal does not prevent the use of the challenged judgment as the basis of collaterally estopping a party to that judgment in a second proceeding."); *U.S. Info. Sys., Inc.* v. *Int'l Bhd. of Elec. Workers Local Union No. 3*, 2008 WL 4090143, at *5 (S.D.N.Y. Sept. 2, 2008) ("Even when an appeal is pending, the final judgment being appealed has preclusive effect."); 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4433 (2d ed. 2002) ("The bare act of taking an appeal is no more effective to defeat preclusion than a failure to appeal.").

a Kansas law firm and has no office in Kansas; (b) no Wachtell Lipton attorney ever traveled to Kansas in connection with the representation of CVR; (c) CVR is not a Kansas company; (d) there is no connection between the parties and the subject matter of the case and Kansas; (e) New York law applies to the dispute; and (f) the subject matter of the complaint is closely related to the Bank Actions that were already pending in the New York court. The complaint seeks as damages any "monetary loss occasioned by any judgment or settlement, which may arise from" the Bank Actions. Compl. ¶ 45.

On December 18, 2013, Wachtell Lipton moved to dismiss CVR's Kansas complaint because that court lacked personal jurisdiction over the defendants and was an improper venue. On August 14, 2014, the Kansas court held that Wachtell Lipton's "connections are insufficient to establish personal jurisdiction in Kansas." *CVR Energy, Inc.* v. *Wachtell, Lipton, Rosen & Katz*, 2014 WL 4059761, at *5 (D. Kan. Aug. 14, 2014). Its attorneys "are not licensed to practice law or otherwise do business in Kansas, have no offices or other real property in Kansas, have no bank accounts in Kansas, and do not pay taxes in Kansas. Moreover, there is no evidence that [Wachtell Lipton] reached out to Kansas to solicit CVR's business. To the contrary, it was CVR who reached out to New York to solicit Wachtell Lipton's services." *Id.* The court also held that "CVR did not suffer any alleged injury in Kansas," and that "[a]ny injury that CVR sustained led to lawsuits for breach of contract brought by the Banks in New York." *Id.* at *6. The Kansas court then transferred the action to this Court.

B.      The New York State Action

Also on December 18, 2013, the same day Wachtell Lipton moved to dismiss the Kansas action, Wachtell Lipton filed an action against CVR and Icahn in the New York Supreme Court, captioned *Wachtell, Lipton, Rosen & Katz* v. *CVR Energy, Inc., et al.*, Index No. 654343/2013 (the "New York Action"). The complaint is attached as Exhibit A. The New York Action seeks damages and injunctive relief against CVR and Icahn for breach of protective order, breach of contract, and abuse of process arising out of CVR's misuse and disclosure of Wachtell Lipton's confidential information. Wachtell Lipton also seeks a declaration that its representation of CVR

4

was consistent with the standards of the legal profession.  The New York action was designated as related to the Bank Actions and was assigned to Justice Sherwood.

On January 7, 2014, CVR and Icahn removed Wachtell Lipton's New York action to this Court, invoking diversity jurisdiction, even though both Wachtell Lipton and Icahn are New York domiciliaries.  CVR and Icahn argued that Icahn had been "fraudulently joined" in the state action to defeat diversity.  Wachtell Lipton moved to remand on February 3, and on March 18, after briefing and oral argument, Judge Engelmayer granted the motion to remand, holding that Wachtell Lipton's allegations against Icahn were "almost certainly sufficient to state a claim for abuse of process under New York law."  *Wachtell, Lipton, Rosen & Katz* v. *CVR Energy, Inc.*, 2014 WL 1078633, at *6 n.7 (S.D.N.Y. Mar. 18, 2014).

Thereafter, on April 10, 2014, CVR and Icahn moved the New York court to dismiss Wachtell Lipton's declaratory judgment claim and stay the other counts on the ground that CVR's substantially similar professional negligence claim was already pending in federal court.  CVR and Icahn also sought a stay of discovery while the motion was pending.  The court denied the request for a discovery stay at its July 15, 2014 preliminary conference and ordered the parties to complete document discovery by September 30, 2014 and fact discovery by January 31, 2015.

By Decision and Order dated September 30, 2014, the New York Supreme Court denied CVR and Icahn's motion to dismiss the state court action in favor of this action.  *Wachtell, Lipton, Rosen & Katz* v. *CVR Energy, Inc.*, 2014 WL 4926342, at *3 (N.Y. Sup. Ct. Sept. 30, 2014).  The court held that "[w]hile, generally, the first filed action gets priority, dismissal of a later filed claim is not automatic."  *Id.* at *2.  The court noted that "[t]here are efficiencies to be gained by keeping count one in this court"; that "[t]his case is more advanced and the malpractice claim overlaps with the claim for abuse of process"; and that "this court is already familiar with many of the facts and documents related to the underlying transaction as a result of the pendency of the Bank Actions before it."  *Id.* at *3.  On that basis, the court concluded:

"There is little, if any, efficiency to be gained by dismissing [count one] in favor of the action in the SDNY.  Also, the first-filed case was filed in an inappropriate forum."  *Id.*

## ARGUMENT

I. **THE COURT SHOULD ABSTAIN FROM EXERCISING JURISDICTION IN FAVOR OF THE PENDING STATE COURT ACTION.**

In *Colorado River Water Conservation District* v. *United States*, 424 U.S. 800 (1976), the Supreme Court held that "a district court may abstain from exercising its authority when a state forum has concurrent jurisdiction, and when 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,' counsels such abstention."  *Arkwright-Boston Mfg. Mut. Ins. Co.* v. *City of New York*, 762 F.2d 205, 210 (2d Cir. 1985) (quoting *Colorado River*, 424 U.S. at 817).  The "overriding concerns" of *Colorado River* abstention are "the avoidance of piecemeal or purely duplicative litigation and the concomitant waste of judicial resources."  *Inn Chu Trading Co.* v. *Sara Lee Corp.*, 810 F. Supp. 501, 508 (S.D.N.Y. 1992).

Applying *Colorado River*, federal courts consider six factors in deciding whether to exercise concurrent jurisdiction notwithstanding a parallel state court action:  "(1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights."  *Niagara Mohawk Power Corp.* v. *Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100-01 (2d Cir. 2012).  The "test is not subject to precise rules" and "should be applied in a pragmatic, flexible manner with a view to the realities of the case at hand."  *Telesco* v. *Telesco Fuel & Masons' Materials, Inc.*, 765 F.2d 356, 362 (2d Cir. 1985).

**A.  CVR's action is parallel to the pending proceeding in New York court.**

The threshold inquiry for *Colorado River* abstention is whether a parallel state proceeding is pending.  An action is parallel if "in its essential elements the same cause of action, regardless of theory or pleadings, is asserted in both courts."  *Telesco*, 765 F.2d at 362.  That test is plainly met here.  CVR's federal complaint and Count One of the state action involve precisely the same issue:  whether Wachtell Lipton is liable for professional negligence for allowing CVR to enter into engagement letters with the banks on terms that CVR's management had negotiated and that CVR's board had approved.

**B.  Application of the *Colorado River* factors shows that the New York court is the most appropriate forum for resolving this dispute.**

A balancing of the *Colorado River* factors here shows that "wise judicial administration" counsels for abstention in favor of the New York court.  As in *Colorado River* itself and numerous Second Circuit decisions, the first two factors "are not applicable to the present case" because "there is no res or property involved" and "the state and federal courthouses in New York City are next-door neighbors."  *Arkwright-Boston*, 762 F.2d at 210; *see also Telesco*, 765 F.2d at 362-63; *Gen. Reinsurance Corp.* v. *CIBA-Geigy Corp.*, 853 F.2d 78, 81 (2d Cir. 1988). "The discussion should therefore analyze the remaining considerations of avoidance of piecemeal litigation, order of jurisdiction, which forum's substantive law governs the merits of the litigation, and the adequacy of the state forum to protect the parties' rights."  *Arkwright-Boston*, 762 F.2d at 210-211.  The inapplicability of the first two factors counts against abstention because ties go to the plaintiff, *see Niagara Mohawk*, 673 F.3d at 101, but in contrast to *Niagara Mohawk*, every one of the remaining factors weighs decidedly in favor of the state court forum.

***The avoidance of piecemeal or duplicative litigation.***  The Supreme Court has long held that the "crucial" element in the *Colorado River* abstention analysis is whether "concurrent federal proceedings are likely to be duplicative and wasteful."  *Arizona* v. *San Carlos Apache Tribe of Ariz.*, 463 U.S. 545, 567 (1983).  Irrespective of whether "a judgment by either court would ordinarily be res judicata in the other," the Supreme Court ruled, "the existence of such

concurrent proceedings creates the serious potential for spawning an unseemly and destructive race to see which forum can resolve the same issues first — a race [that is] prejudicial, to say the least, to the possibility of reasoned decisionmaking by either forum." *Id.* at 567-68.  The Supreme Court has thus made clear that abstention is a proper remedy when a concurrent federal action may be "duplicative, wasteful, . . . likely to generate additional litigation as a result of inconsistent dispositions. . . , and permeated with state law issues entirely tangential to any conceivable federal interest." *Id.* at 565 n.16.

In accordance with *Colorado River* and *San Carlos Apache Tribe*, the Second Circuit repeatedly has found that avoidance of duplicative litigation counsels strongly in favor of abstention.  *See, e.g.*, *Arkwright-Boston*, 762 F.2d at 211 (finding abstention appropriate because the "inconsistent disposition of these claims between two concurrent forums would breed additional litigation on assertions of claim and issue preclusion"); *Am. Disposal Servs., Inc.* v. *O'Brien*, 839 F.2d 84, 88 (2d Cir. 1988) (abstaining even where parties and issues in two actions were identical and res judicata would therefore apply); *see also Pabco Constr. Corp.* v. *Allegheny Millwork PBT*, 2013 WL 1499402, at *3-4 (S.D.N.Y. Apr. 10, 2013) (holding abstention appropriate to avoid the "strong likelihood of needless duplication of the state court proceeding" even where "all of the substantive issues implicated in this case would presumably be subject to res judicata"); *Riddell Sports, Inc.* v. *Sport Supply Grp.*, 1994 WL 86407, at * 1 (S.D.N.Y. Mar. 15, 1994); *Metrokotsas* v. *U.S. Fleet Leasing, Inc.*, 1990 WL 129193, at * 2 (S.D.N.Y. Sept. 4, 1990).  *Colorado River* abstention is designed to avoid a race to judgment in dueling cases, a concern squarely implicated here.  If this action proceeds, this Court and the New York court "would be considering the same issues and will likely hear similar pretrial motions, evidence, and witnesses," which "would waste judicial resources and invite duplicative efforts," a fact that alone "weighs heavily in favor of abstention."  *Ferolito* v. *Menashi*, 918 F. Supp. 2d 136, 143 (E.D.N.Y. 2013).

Significantly, only the state court action, which is more comprehensive than the federal action, provides the opportunity for adjudication of all the issues between all the parties. As

8

Judge Mukasey of this Court has observed, abstention is "especially appropriate" where the "state forum would deal more comprehensively with this case than this forum because [it] would have jurisdiction over" related parties and claims, and "the state action can resolve more issues than its federal counterpart." *Metrokotsas*, 1990 WL 129193, at *2.  While the sole claim pending before this Court is the professional negligence claim, the state court is also overseeing Wachtell Lipton's related claims that CVR and Icahn breached the New York court's protective orders and abused the New York court's process by misusing confidential information that Wachtell Lipton produced in the Bank Actions.  This Court lacks jurisdiction over those state-law claims against non-diverse parties.  Judicial efficiency will be best served by having the negligence claim resolved alongside the breach of protective order and abuse of process claims.  Many of the same witnesses will be relevant to all three claims, and the overlapping discovery can be managed most efficiently in a single action.[2]  And many of the same issues are common to all three claims, including the true motivations behind, and merits of, CVR's negligence allegations.

The New York court is also the same court that has already spent more than two years overseeing and resolving the related Bank Actions.  Both the Bank Actions and this action turn on the interpretation of the engagement letters and whether CVR owed the banks fees under those letters.  And in both the Bank Actions and this action, CVR has asserted that Wachtell Lipton never discussed the terms of the engagement letters with CVR's board.  As CVR undoubtedly knows, the evidence adduced in the Bank Actions, with which the New York court is extensively familiar, refutes CVR's allegations, and so it shopped for a second forum.  It can offer no good reason not to have its professional negligence claim resolved by the same court that resolved the underlying fee dispute.

Finally, abstention is also warranted to avoid the risk of inconsistent rulings in the state and federal actions.  An additional line of cases in this Circuit has applied *Colorado River* to

---

[2]     For example, CVR has stated that it intends to rely on the testimony of its chief executive officer, Jack Lipinski, and its general counsel, Ned Gross, in its professional negligence claim.  These same witnesses will be called to give testimony relevant to the breach of protective order and abuse of process claims.  The documents of the same CVR custodians are likewise implicated in all the causes of action pending in the state court.

avoid piecemeal litigation where there is a "risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel." *Niagara Mohawk*, 673 F.3d at 101-02 (quoting *Woodford* v. *Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 524 (2d Cir. 2001)).[3]  While res judicata principles would be available here to prevent inconsistency in the final disposition of the state and federal actions, the risk of inconsistent interim judgments is still acute because the discovery schedule in this action mirrors the discovery schedule governing the state court action.  Both courts, for example, could deny motions for summary judgment, but on different, and even contradictory, bases; those rulings would be law of the case in their respective actions, but would have no preclusive effect on the other court because they would not be final judgments.  Even if the court that wins the race to final judgment is then able to bind the other court, inconsistent interim rulings would be unseemly and would create the potential for a post-trial fight over whether the first judgment is even entitled to preclusive effect.

For all of these reasons, "[m]aintaining virtually identical suits in two forums under these circumstances would waste judicial resources and invite duplicative effort.  Plainly, avoidance of piecemeal litigation is best served by leaving these [claims] in the state court." *Arkwright-Boston*, 762 F.2d at 211.  This factor thus tilts decisively in favor of abstention.

***Order of jurisdiction and relative progress of the actions.***  The federal action was filed a few weeks earlier than the state action but in an inappropriate forum that lacked jurisdiction. Rather than a simple first-filed inquiry, the priority of the actions instead "is considered in a common-sense manner by examining how much progress has been made in each forum." *Arkwright-Boston*, 762 F.2d at 211; *see also de Cisneros* v. *Younger*, 871 F.2d 305, 308 (2d Cir. 1989) ("the relative progress of the federal and state proceedings must be carefully examined"); *Gen. Star Int'l Indem., Ltd.* v. *Chase Manhattan Bank*, 57 F. App'x 892, 893 (2d Cir. 2003).

---

[3]       Neither the Supreme Court nor the Second Circuit has ever held that *Colorado River*'s concerns about avoiding waste and a race to judgment are insufficient to justify abstention simply because res judicata may ultimately be available to reconcile the two judgments.  Indeed, as set forth above, in *San Carlos Apache Tribe*, the Supreme Court found abstention was necessary to avoid an "unseemly and destructive race" to judgment even where "a judgment by either court would ordinarily be res judicata in the other." 463 U.S. at 567-68.  And while this Circuit has observed that the most frequent examples of abstention have been cases with a "risk of inconsistent outcomes not preventable by principles of res judicata," *Woodford*, 239 F.3d at 524, the same decision unequivocally identifies avoidance of both "piecemeal adjudication and duplicative proceedings" as the evil that *Colorado River* abstention is designed to cure.  *Id.* at 523.

Here, while the gap in progress between the actions could be reduced over time, that is not the relevant question.  Instead, the relative progress of the actions must be considered at the time of the presentation of the motion.  As the Second Circuit stated in *Arkwright-Boston*, even where "neither litigation has advanced very far," abstention is favored where one action has progressed relatively further at the time of the motion, including where "substantial progress toward initiating common procedures in the state cases has been effected."  762 F.2d at 211.  Despite CVR and Icahn's efforts to delay that action at every turn, the state court litigation is well underway.  For example:

- On May 12, Wachtell Lipton served its first requests for production of documents on all defendants in the state action.

- On June 2, CVR and Icahn served responses and objections to the document requests and simultaneously sought a stay of discovery in the state action.

- On July 7, CVR and Icahn made their first production of documents in the state action.

- On July 15, the New York court held a preliminary conference, at which it denied CVR and Icahn's request to stay discovery and ordered the parties to complete document production by September 30, to begin depositions by October 1, to complete fact discovery by January 31, 2015, and to complete expert discovery and all disclosure by April 1, 2015.

- On July 23, CVR and Icahn served requests for production of documents on Wachtell Lipton in the state action.

- On August 19, the court entered a protective order for the exchange of confidential information in the state action.

- On September 16, Wachtell Lipton made its first production of documents in the state action.

- On September 24, Wachtell Lipton made its second production of documents in the state action.

- On September 29, CVR and Icahn produced over 800,000 pages of documents in the state action.  Wachtell Lipton also served a second request for production of documents on CVR and Icahn in the state action.

- On September 30, Justice Sherwood heard oral argument on CVR and Icahn's motion to dismiss and conducted a discovery compliance conference.

- On October 2, Justice Sherwood denied CVR and Icahn's motion to dismiss.  Also on October 2, Wachtell Lipton served its first set of interrogatories on CVR and Icahn in the state action.

- On October 3, Wachtell Lipton noticed the depositions of corporate representatives of CVR and Icahn who are most familiar with those parties' document discovery methodology in the state action.  One deposition was taken on October 17, and the other is scheduled for October 31.

- On October 17, after much negotiation, the parties entered into a stipulation regarding certain discovery issues in the state action, including an agreement by CVR and Icahn to conduct certain electronic searches and make a full production, including a privilege log, by November 15, 2014.  The court entered the stipulation as an order on October 21.

Thus, the parties in the state court action have already had two merits arguments in front of Justice Sherwood.  Discovery is further advanced in that action, and the pleadings will be closed first in that action.   By contrast, there is no sense in which the federal action is more advanced than the state action.  This factor thus tilts unambiguously in favor of abstention.

***Which forum's substantive law governs.***  Further favoring abstention is the fact that "[h]ere, there are present only issues of state and local law."  *Arkwright-Boston*, 762 F.2d at 211; *see also Telesco*, 765 F.2d at 363.[4]  A claim arising out of an attorney's alleged negligence is

---

[4]       The absence of any issue of federal law is a key difference between this case and *Niagara Mohawk*.  A number of the claims in *Niagara Mohawk* arose under the United States Constitution, and the Court held that "the presence of a federal basis for jurisdiction may raise the level of justification needed for abstention," *Niagara Mohawk*, 673 F.3d at 99, and "the presence of federal-law issues must always be a major consideration weighing against surrender."  *Id.* at 103.

governed by state law because "[a] state has a strong interest in regulating the conduct of a law firm licensed to practice within its borders, and a law firm consents to be so regulated when it locates its offices in a particular state." *LNC Invs., Inc.* v. *First Fidelity Bank, Nat'l Ass'n*, 935 F. Supp. 1333, 1350-51 (S.D.N.Y. 1996); *see also Diversified Grp., Inc.* v. *Daugerdas*, 139 F. Supp. 2d 445, 453 (S.D.N.Y. 2001) ("A state has a paramount interest in regulating the conduct of attorneys licensed to practice within its borders.").

Moreover, in contrast to state-law torts that do not involve attorneys, the New York courts have a particular interest and expertise in claims relating to attorney negligence. The New York Rules of Professional Conduct were promulgated by the Appellate Divisions of the New York Supreme Court. And the Appellate Divisions supervise the disciplinary and grievance committees that investigate complaints of attorney misconduct. The state court action is therefore the only one that has the possibility of being reviewed by the court tasked with prescribing the rules and standards governing New York attorneys. This Court is of course capable of applying and interpreting state law, but this Court's interest in the regulation of New York lawyers is not as strong as the interest of the state governmental arm responsible for the regulation of the practice of law within the state. This factor weighs decidedly in favor of abstention.

*Adequacy of the New York forum to protect the parties' rights.* CVR cannot argue that the New York forum is inadequate to protect its rights. *See Arkwright-Boston*, 762 F.2d at 211 (holding that New York state-court forum would not "be in any way inadequate to protect [plaintiffs'] rights"). In fact, in the remand argument before Judge Engelmayer, CVR admitted that the state court was an adequate forum:

> THE COURT:  OK. But as between New York state and New York federal in a case where, at least at this point, one of your clients has New York citizenship, why does it matter to you as between federal and state?
>
> MR. BEIGEL:  Between federal and state?
>
> THE COURT:  Yes.
>
> MR. BEIGEL:  It matters for —

13

> THE COURT:  I understand why you would love to be in Kansas, but the issue, at least within the four corners of this matter, is New York State or federal court in New York.
>
> MR. BEIGEL:  Your Honor, as a lawyer, it doesn't matter to me what court I'm in, because I assume, unless there is evidence to the contrary, that any court will give my client a fair stake, a fair chance, and rule based upon the facts and the law.

Ex. B (Tr. 19:1-15).  CVR has never been able to articulate why the state court, which is familiar with the underlying facts and documents, and which is adjudicating Wachtell Lipton's related claims for breach of protective order and abuse of process, is not the most appropriate forum for resolution of its professional negligence allegations.

## II.     EVEN IF THE COURT DOES NOT ABSTAIN, THE COURT SHOULD EXERCISE ITS INHERENT POWER TO STAY THIS ACTION PENDING THE RESOLUTION OF THE STATE ACTION.

This Court should avoid the unnecessary duplication of litigation even if it does not exercise its discretion to abstain under *Colorado River*.  The Court has "broad power" to stay this action pending the resolution of the state court action as part of the Court's "inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"  *Glenclova Inv. Co.* v. *Trans-Resources, Inc.*, 2013 WL 6003512, at *3 (S.D.N.Y. Nov. 12, 2013) (quoting *Landis* v. *N. Am. Co.*, 299 U.S. 248, 254 (1936)).

The state court action is proceeding and will resolve the same issues that CVR is seeking to litigate before this Court.  As Justice Sherwood recognized in denying CVR and Icahn's motion to dismiss, judicial efficiencies favor resolving CVR's professional negligence allegations in the state court.  Nothing is to be gained from litigating the same dispute in both courts.  *See LaSala* v. *Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) ("[A] court might, in the interest of judicial economy, enter a stay pending the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling of the action that is to be stayed.").  CVR will suffer no prejudice from staying this action pending the resolution of the state court action.  That CVR "prefers this forum over that one is an insufficient basis" for denying a stay.  *Glenclova Inv. Co.*, 2013 WL 6003512, at *3; *see also LaSala*, 399 F. Supp. 2d at 430 ("[I]t does not suffice for any party — plaintiff, defendant, or otherwise — to assert an inherent right to proceed in litigation and rest its case on that bald, abstract proposition,

14

without articulating in concrete terms the practical, real life effects of the potential deprivation of that right under the circumstances of the particular case at bar."). Thus, even if the Court determines not to dismiss the case on abstention grounds, it may still exercise its inherent authority to avoid duplicative litigation by staying this action until the state court action has been resolved.

## CONCLUSION

CVR's professional negligence claim is already proceeding in New York state court, alongside two other claims that can proceed only in state court. The sole question before this Court is whether there should be one action or two. Wachtell Lipton respectfully submits that judicial efficiency would be best served by this Court exercising its power to either dismiss or stay this action in favor of the state court action.

OF COUNSEL:

WACHTELL, LIPTON, ROSEN &
   KATZ
51 West 52nd Street
New York, New York  10019
(212) 403-1000

Dated: October 29, 2014

ZUCKERMAN SPAEDER LLP

By: /s/ James Sottile
   Paul Shechtman
   James Sottile
   1185 Avenue of the Americas
   31st Floor
   New York, New York  10036
   (212) 704-9600

   *Attorneys for Wachtell, Lipton, Rosen & Katz,
   Benjamin M. Roth, and Andrew R. Brownstein*