## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

CVR ENERGY, INC.,                                :
                                                 :
               Plaintiff,         :
                                                 :
               v.                 :   Case No. 14-cv-06566-RJS
                                                 :
WACHTELL, LIPTON, ROSEN & KATZ,                  :
BENJAMIN M. ROTH and                             :
ANDREW R. BROWNSTEIN,                            :
                                                 :
               Defendants.       :

------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANTS' MOTION TO DISMISS

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ......................................................................... ii

PRELIMINARY STATEMENT ..................................................................... 1

FACTS ......................................................................................................... 3

ARGUMENT ............................................................................................... 8

   I.   *COLORADO RIVER* DOES NOT PERMIT ABSTENTION HERE ................................. 8

      A. Abstention is "An Extraordinary and Narrow Exception to the Duty of a District Court to Adjudicate a Controversy Properly Before It" And None of the Cases Wachtell Cites To Support Abstention In a Situation Such as This ................................................................................. 8

      B. The Governing Six Factors Mandate Denial of Wachtell's Motion ............................ 10

  II. THERE IS NO LEGITIMATE BASIS FOR WACHTELL'S ALTERNATIVE ARGUMENT FOR A STAY OF THIS ACTION, WHCH WOULD LIKEWISE CREATE A ROADMAP FOR SUCCESSFUL EVASION OF FEDERAL JURISDICTION ......................................... 18

CONCLUSION ............................................................................................ 19

# TABLE OF AUTHORITIES

**Cases**

*Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205 (2d Cir. 1985). ...... 9, 17

*Colo. River Water Conservation Dist. v. U.S.,*
   424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). .......................................................... *passim*

*CVR Energy, Inc. v. Wachtell, Lipton, Rosen & Katz et al.,*
   No 13-2547-JAR-TJJ, 2014 WL 4059761 (D. Kan. Aug. 14, 2014). ...................................... 5 n.3

*Gen. Reinsurance Corp. v. CIBA-Geigy Corp*, 853 F.2d 78 (2d Cir. 1988). ................................ 10

*Moses H. Cone Mem'l Hospital v. Mercury Consructon Corp.,*
   460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1976). ............................................................... 11, 17

*Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.,*
   673 F.3d 84 (2d Cir. 2012). ................................................................................................... *passim*

*Woodford v. Cmty. Action Agency of Greene Cnty., Inc.,*
   239 F.3d 517 (2d Cir. 2001). .................................................................................................. 11, 12

Plaintiff CVR Energy, Inc. ("Plaintiff" or "CVR") submits this Memorandum of Law in support of its opposition to the October 29, 2014 motion to dismiss or stay (the "Motion") submitted by Defendants Wachtell, Lipton, Rosen & Katz, Benjamin M. Roth and Andrew R. Brownstein (collectively, "Defendants" or "Wachtell").

## PRELIMINARY STATEMENT

After engaging in gamesmanship transparently aimed at undermining CVR's legitimate choice of federal court for adjudication of its malpractice claim, Wachtell now asks this Court to flout what the U.S. Supreme Court has described as a "virtually unflagging obligation" to exercise jurisdiction, and to instead reward its forum-shopping. That gamesmanship/forum-shopping initially took the form of filing in New York State court a *sui generis* (and otherwise dubious) "declaratory judgment" cause of action seeking a blessing of its prior legal representation of CVR long after (that is, a month-and-a-half, not "a few weeks" after) CVR sued Wachtell in Federal court in Kansas – a natural, and otherwise proper, forum for this dispute as it is, *inter alia*, the location of CVR's general counsel who engaged Wachtell and received its inadequate legal services (as well as the location of financial offices). The gamesmanship then continued with the advancement of certain fictions and bootstrapping arguments, and other attempts to manufacture the false appearance (i) that the legal malpractice issues underlying CVR's malpractice claims are "closely related" to other litigation in New York State court previously brought by two investment banks against CVR (for certain fees) that is now on appeal; (2) that, as a result, there are supposedly certain meaningful "efficiencies" to be achieved by permitting the legal malpractice issues to proceed in that same State court; and (3) that Wachtell's State court action is supposedly "more advanced" than this one.

1

Worse still, via its motion, Wachtell attempts to evade a Kansas federal court's prior ruling, which resulted in this case being transferred to this Court to begin with, after that sister court essentially heard those same meritless arguments while Wachtell then argued that the *Colorado River* doctrine was not relevant.

Having previously failed to persuade that other federal court to dismiss this case, Wachtell now tries to justify abstention here based on a twisted analysis and application of that same doctrine it previously said was not relevant. Its new effort is equally futile because it misapplies certain of that doctrine's six factors which, in any event, merely permit, not require, a court to abstain, and because it otherwise completely ignores that doctrine's overarching premise that abstention is proper only in "exceptional circumstances." In fact, Wachtell has (necessarily) failed to cite to any "exceptional circumstances" that would warrant treating this case as one of the "extraordinary and narrow exception[s] to the duty of a District Court to adjudicate a controversy properly before it" (as *Colorado River* described it). Nor could it possibly do so. Indeed, the only thing that is exceptional here is the depths (of gamesmanship) to which Wachtell has sunk in order to avoid litigating CVR's malpractice claim in a federal court – a purpose not countenanced by *Colorado River*.

Wachtell's primary argument for abstention – that dual jurisdiction or some resulting race to judgment is "unseemly" – blithely disregards the fact that any unseemly appearance or race is a result entirely of Wachtell's deliberate making when it filed its declaratory judgment cause of action. And its other main argument for abstention – that its State court action is more "comprehensive" and more advanced than this one – is not only a model of hyperbole and bootstrapping (at best), but ignores the fact that even if its

other (dubious, if not frivolous) "causes of action" actually survive an anticipated motion for summary judgment, they would be the subject of a severance motion which, if successful, would negate any supposed efficiencies to be gained at trial by that supposedly "more comprehensive" action.

At bottom, contrary to Wachtell's false claim that "none" of the six factors supports this Court's exercise of jurisdiction here, those factors heavily favor keeping this case and there are otherwise no "exceptional circumstances" warranting abstention. Moreover, abstention (or a stay) here would set a bad precedent by providing a roadmap for any defendant who seeks to forum-shop and avoid federal jurisdiction: simply file a "declaratory action" regarding the first-filed suit's subject matter accompanied by other (dubious) claims against non-diverse parties.   In sum, Wachtell's motion should be denied.

## FACTS[1]

### I. This Earlier-Filed Federal Action.

On October 24, 2013, CVR filed (and served) this action against Wachtell, alleging legal malpractice, in federal court in Kansas – the State in which CVR's general counsel (who hired Wachtell and was a recipient of its legal services), and many of its operations, are located.

---

[1] Wachtell's presentation of the "Factual Background," which apparently relies on allegations in its State court complaint and procedural history, is rife with mischaracterizations regarding what CVR argued in the Bank litigation, and what Justice Sherwood ruled there and in CVR's dismissal motion which is now on appeal. Most egregiously, Wachtell ironically, and outrageously, argues (at Motion, p. 5) that CVR was "shop[ing] for a second forum" by filing this action in Kansas (the home State of its General Counsel and many of its operations) well before it had any clue Justice Sherwood would issue an adverse ruling against it. Indeed, under Wachtell's curious bit of illogic, any plaintiff who exercises its right to federal diversity jurisdiction should be branded with the pejorative "forum-shopping" label. But, rather than address each of Wachtell's mischaracterizations – and, in the interest of brevity, consistent with the Court's remarks at the October 8, 2014 pre-motion conference – the factual presentation that immediately follows contains only the facts that are relevant to adjudicating the Motion.

CVR's malpractice claim arises out of Wachtell's prior representation of CVR in 2012 in connection with the announced acquisition of a substantial minority stake in CVR, a public company engaged in the oil refining and fertilizer business, by affiliates of the shareholder activist, Carl C. Icahn. Concerned that Mr. Icahn might launch a proxy fight or tender offer to acquire a controlling interest in CVR, CVR's Board of Directors retained two investment banks – Goldman, Sachs, & Co., Inc. and Deutsche Bank Securities Inc. (collectively, the "Banks") – to advise on options and strategies regarding the anticipated proxy fight, by either tender offer or otherwise. CVR also retained Wachtell as outside counsel, a firm noted for its defense of target companies. (*See* Complaint, ¶¶ 12-14). Thereafter, following the conclusion of Icahn's successful tender offer, the Banks sued CVR for more than $36 million in fees they claim were owed in connection with certain engagement letters (herein, the "Bank Litigation."). Later, in 2013, CVR brought its own suit against Wachtell in federal court in Kansas, alleging, *inter alia*, that Wachtell failed to properly advise it with respect to amounts it could potentially owe to the Banks in connection with their engagements.

## II.    Wachtell's Prior Motion to Dismiss and Opposition to Transfer.

In response to this action, Wachtell moved on December 18, 2013 to dismiss it altogether, arguing that the federal court in Kansas lacked personal jurisdiction, and that it should not even be transferred to this Court, where federal jurisdiction is undisputed (and on that date Wachtell also commenced its State court action, as described below).

In resisting transfer to this Court, Wachtell argued then (as it does now) that CVR's malpractice claim was "closely related" the Bank Litigation, which cases were at an "advanced stage," and that "the interests of judicial economy would be served by

4

dismissal, not transfer," as "[i]t would be a waste of judicial and party resources for a federal judge sitting in New York City to wade through the same evidence and legal argument to decide CVR's malpractice claim that a New York state judge sitting across the street will already have reviewed in deciding the merit of CVR's defense to the banks' breach of contract claims."   In response, CVR correctly pointed out that what Wachtell was really seeking was application of the *Colorado River* doctrine, but that doctrine's considerations did not support outright dismissal rather than transfer – a point Wachtell avoided disputing. [2]

By Memorandum and Order dated August 14, 2014, the Kansas federal court denied Wachtell's motion to dismiss, and in doing so, rejected its arguments as "not persuasive" and transferred CVR's lawsuit to this Court pursuant to 28 U.S.C. § 1631. [3]

### III.   Wachtell's Subsequent State Court Action.

Nearly two months after CVR filed and served (on October 24, 2103) this action against Wachtell – not merely "a few weeks" afterward, as Wachtell wrongly asserts in its brief (at p. 10) – Wachtell filed (on December 18, 2013) an action in New York state court which seeks, in its "Count One," a declaratory judgment against CVR to the effect that its prior legal "representation of CVR was consistent with the standards of the legal profession and did not cause any loss to CVR." [4]

---

[2] *See* Wachtell's Dec. 18, 2013 Memorandum of Law in Support of their Motion to Dismiss for Lack of Personal Jurisdiction and for Improper Venue, at pp. 23-24;   CVR's opposition brief, at pp. 24-25; Wachtell's reply brief, at p. 23 n.5 (appearing as, respectively, Docs. No. 10, 31 & 32 on the D. Kan. docket for case No. 2:13-cv-02547-JAR-DJW, and excerpts of which are attached hereto, as **Exhibit A**, for the Court's convenience).

[3] *See CVR Energy, Inc. v. Wachtell, Lipton, Rosen & Katz et al.*, No 13-2547-JAR-TJJ, 2014 WL 4059761, at *7 (D. Kan. Aug. 14, 2014).

[4] It is undisputed that Wachtell knew well before CVR filed its action in Kansas federal court that CVR intended to proceed with a malpractice action, having received weeks earlier a draft complaint.   Yet, for

Wachtell's later-filed State court complaint also contains two other counts against CVR, Mr. Icahn and certain affiliated companies, as follows: one count styled "Breach of Confidentiality Order and Agreement Respecting Production of Documents," and the other for abuse of process. In sum, those two other counts attempt to assert that CVR and the Icahn defendants breached a confidentiality stipulation/order governing disclosure in the Bank Litigation, and that they did so in connection with a subpoena issued, not by CVR (or any of the Icahn entities), but by the Banks in the Bank Litigation – which actions Wachtell designated as "related" to this one when it filed that action.[5] Significantly, the facts alleged to support these claims all involve alleged conduct that occurred long after Wachtell ceased its representation of CVR, and thus, indisputably have nothing to do with Wachtell's alleged malpractice.

### IV. Events Following the Commencement of this Action and Wachtell's Subsequent State Court Action.

CVR responded in State court to Wachtell's action there by moving in April 2014 to dismiss (and/or stay) its Count One – the declaratory judgment cause of action seeking a blessing of Wachtell's prior legal representation of CVR – as a *sui generis* one which was duplicative of this (earlier-filed) federal action and merely an improper attempt to forum shop and snatch away CVR's rightful choice of federal jurisdiction.[6]   On

---

obvious reasons, Wachtell did not file any declaratory judgment action but, instead, waited until after CVR filed this federal action before doing so.

[5] CVR has never conceded, *inter alia*, that Wachtell's designation of this action as related to the Bank Litigation – in which, *inter alia*, discovery was already completed and a motion for summary judgment was already pending – was proper.

[6] There can be no genuine dispute that "Count One" (which concerns CVR's malpractice claim) is, indeed, an uncommon, if not *sui generis*, cause of action and that Wachtell is not the true plaintiff regarding that claim. We are not aware of any prior cases such as this involving a law firm filing a declaratory judgment action which effectively asks a court to bless its prior legal representation of a client. Plainly, this *sui generis* "cause of action" was crafted solely to try to improperly forum shop and snatch away CVR's

September 30, 2014, the State court's Justice O. Peter Sherwood denied the motion and refused to apply New York's first-filed rule on the sole basis that because he had overseen the Bank Litigation (where he had granted summary judgment for the Banks) he believed he was in the best position to preside over CVR's malpractice claim.

CVR promptly filed an appeal of that order on October 7, 2014. As reflected in its appeal's pre-argument statement, CVR maintains that dismissal was required where the first-filed lawsuit was not only filed much earlier than the subsequent lawsuit/claim, but where the earlier filing was not the result of some race to the courthouse or other preemptive action or gamesmanship. Furthermore, CVR also maintains that the trial court's apparent justification for not dismissing Wachtell's subsequent claim (Count One) – that there are "efficiencies to be gained in keeping the claim" due to, *inter alia*, the trial court's familiarity with the aforementioned Bank Litigation – does not provide a valid basis for denying CVR's motion and effectively eviscerates the purpose of New York's Civil Practice Law and Rules §3211(a)(4). (Moreover, CVR also disagrees that there actually are any real efficiencies to be gained.)

Before and since that decision was issued by Justice Sherwood, discovery has proceeded in the State court action concerning Count One's malpractice claim. However, prior to issuing his decision, Justice Sherwood permitted document discovery concerning Count One to proceed following Wachtell's express, repeated representation/agreement that documents produced in this action concerning that count could also be used in this action (a critical fact that Wachtell fails to advise this Court about). Furthermore, as Wachtell concedes, the only depositions taken thus far were taken of certain information

---

rightful choice of jurisdiction.

technology representatives regarding electronic discovery. And though further depositions are now scheduled, it is undisputed that any deposition testimony is equally usable in this action, and therefore the State case is not actually "more advanced" than this one in any real sense of the term.

## ARGUMENT

In seeking to have this case dismissed, Wachtell concedes, as it must, that this Court's decision on whether to choose to abstain from exercising jurisdiction over this action turns an application of the U.S. Supreme Court's decision in *Colorado River Water Conservation Dist. v. U.S.,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and in particular, six certain guiding factors developed pursuant thereto. However, contrary to Wachtell's claim (at Motion, p. 2) that "none" of those six factors support retaining jurisdiction here, on balance they weigh heavily in favor of this Court retaining this (properly filed) action, and thus, Wachtell's motion should be denied.

I. ***COLORADO RIVER* DOES NOT PERMIT ABSTENTION HERE**

A. **Abstention is "An Extraordinary and Narrow Exception to the Duty of a District Court to Adjudicate a Controversy Properly Before It" And None of the Cases Wachtell Cites To Support Abstention In a Situation Such as This.**

Any analysis and application of *Colorado River's* abstention doctrine must occur within the context of first recognizing that abstention is an extraordinary act that runs counter to a District Court's obligation to adjudicate matters that are properly before it. That much has been made clear in *Colorado River* and numerous subsequent cases, including the Second Circuit's ruling in *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84 (2d Cir. 2012) (which the parties and the

8

Court, recognizing it as this Circuit's most recent application of *Colorado River*, extensively discussed at the pre-motion conference). *Niagara Mohawk* involved a district court that (errantly) chose to abstain from exercising jurisdiction in deference to twenty State court actions that were filed long ***before*** the federal action was filed. Yet, even there, the Second Circuit ruled that the district court's abstention was an abuse of discretion, recognizing that abstention is the exception not the rule.

Here, the facts in favor of not abstaining are even stronger than those in *Niagara Mohawk* since this federal action was filed ***before*** Wachtell's State action was filed (by nearly two months) – and, in *Niagara Mohawk*, unlike here, there is no indication that the presence of competing lawsuits was the result of any rank forum-shopping or other gamesmanship by the defendants. Moreover, the plaintiff in this much-earlier-filed action, CVR, is a true plaintiff/ aggrieved party entitled to its choice of forum, not (like Wachtell) some mere seeker of a declaratory judgment that can most generously be described as unusual.[7]

Yet, notwithstanding *Niagara Mohawk*'s clear language strongly suggesting otherwise, Wachtell contends (at Motion, p. 8) that "the Second Circuit repeatedly has found that avoidance of duplicative ligation counsels strongly in favor of abstention," and proceeds to cite two older cases from that appellate court and several district court cases as purported support for that statement. However, not one of those cases involves facts such as the one at bar. For example, *Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 211 (2d Cir. 1985), involved a negligence case brought in federal

---

[7] In *Niagara Mohawk* the Second Circuit also held abstention to be inappropriate notwithstanding the "more discretionary standard for abstention" set forth in *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), regarding declaratory judgment actions filed in federal court. Of course, this case provides even more reason for this Court to not abstain inasmuch as the only declaratory judgment cause of action filed by any of the parties was the dubious one filed by Wachtell in State court.

court by insurers/subrogees against a city, its transit authority and an electric power company the same day a related suit was brought by a subrogor against those same defendants in State court – which was followed by many other suits filed in State court against multiple other defendants, thereby carrying the attendant risk of inconsistent judgments – and the federal action was described as "not a 'garden-variety" federal diversity case applying well-settled state-law principles." *Id.* Nor does this action involve insurance companies filing a (typical) declaratory judgment in federal court, and then entering into a stipulation to not engage in discovery in the federal action after being sued, along with 136 other insurers, in state court in New Jersey (which, unlike New York, actually contained certain of the insured properties at issue) (*see Gen. Reinsurance Corp. v. CIBA-Geigy Corp.*, 853 F.2d 78 (2d Cir. 1988), cited earlier at Motion, p. 7). And, most critically, not one of the cases Wachtell cites appears to have involved a defendant that subsequently filed an unusual State court action in an attempt to try to deny a true plaintiff its rightful choice of federal jurisdiction; indeed, in most of those cases, the state court actions were filed first.

In any event, it is clear that the decision whether to abstain in this action must depend on the specific factual context present here, accompanied by an examination of the six guiding factors, as most recently set forth in *Niagara Mohawk*, and that examination mandates rejection of Wachtell's motion.

### B. The Governing Six Factors Mandate Denial of Wachtell's Motion.

As the Second Circuit correctly stated in *Niagara Mohawk*, "[i]n evaluating whether *Colorado River* abstention is appropriate, federal district courts are to consider six factors, **"*with the balance heavily weighted in favor of the exercise of jurisdiction,*"**

> (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights."

*Niagara Mohawk*, 673 F.3d at 100-101 (emphasis added, and citing *Moses H. Cone Mem'l Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 16, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)).

### 1. Wachtell Concedes the First Two Factors Weigh Against Abstention.

Regarding the first two factors, Wachtell correctly states that there is no res over which one court has assumed jurisdiction, and concedes – finally[8] – that this federal forum is not less convenient than the State court.   Accordingly, Wachtell further concedes that these inapplicable factors weigh *against* abstention – as it must under *Niagara Mohawk,* because "[w]here a *Colorado River* factor is facially neutral, that "is a basis for retaining jurisdiction, not for yielding it." *Niagara Mohawk*, 673 F.3d at 101 (citing *Woodford v. Cmty. Action Agency of Greene Cnty., Inc.,* 239 F.3d 517, 522 (2d Cir. 2001)).

### 2. The Third Factor Also Weighs Against Abstention Because Any Piecemeal Litigation Is A Problem Of Wachtell's Deliberate Making And, In Any Event, There Actually Are No Efficiencies to Be Gained from Abstention.

The third factor – whether staying or dismissing the federal action will avoid piecemeal litigation – also weighs against abstention in view of the fact that the sort of

---

[8] Wachtell has (correctly) now abandoned the other supposed justification it had previously presented to this Court when seeking permission to file its Motion – a *forum non conveniens* argument regarding the State court "across the street."

piecemeal litigation this factor tries to avoid is not an issue here and, in any event, any

piecemeal or duplicative litigation that results is solely the intended product of Wachtell's

improper gamesmanship. [9]   Thus, as observed by the Second Circuit in *Woodford v.*

*Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.2d 517, 524 (2d Cir. 2001):

> "the primary context in which [it has] affirmed *Colorado River*
> abstention in order to avoid piecemeal adjudication has involved
> lawsuits that ***posed a risk of inconsistent outcomes not preventable by
> principles of res judicata and collateral estoppel***. The classic example
> arises where all of the potentially liable defendants are parties in one
> lawsuit, but in the other lawsuit, one defendant seeks a declaration of
> nonliability and the other potentially liable defendants are not parties."

*Id.* (emphasis added). Here, there is no such risk, and Wachtell cannot deny that.

Instead, it tries to marginalize that fact by contending that there is a risk of unseemly

inconsistent interim rulings and that *Woodford* "unequivocally indentifies avoidance of

both "piecemeal adjudication and duplicative proceedings" as the evil that *Colorado*

*River* is designed to cure." (Motion at p. 10 & n. 3.)

But Wachtell's argument blithely disregards the fact that any piecemeal or

duplicative litigation, and resulting unseemly appearance or race, would be a problem

entirely of its own deliberate making when it chose to try to snatch away jurisdiction

from a federal court by asserting its (unusual) declaratory judgment cause of action

(concerning the quality of its legal services). So, this factor should not weigh in its favor.

Notably, unlike many actions involving competing lawsuits in different jurisdictions, this

action did not involve a plaintiff (CVR) winning some race to the courthouse or other

---

[9] Duplicative litigation is not a concern here for the additional reason that there are not two
pending/competing federal cases here, and there is a "difference in general approach between state-federal
concurrent jurisdiction and wholly federal concurrent jurisdiction [which] stems from the virtually
unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colo. River*, 424 U.S. at
817.

preemptive action – which is not surprising given that Wachtell is clearly not a true plaintiff regarding CVR's malpractice claim. Indeed, Wachtell had no good reason to assert Count One – and surely never would have had it not been sued first by CVR, as evidenced by the fact that it had ample advance notice CVR would sue but did not take the opportunity to file a declaratory judgment action.[10] For that reason alone, this factor cannot weigh in favor of abstention.

Moreover, the other supposed justification Wachtell proffers for abstention – that there are "efficiencies" to be gained – is at best an overstatement, if not outright false. Simply stated, Wachtell exaggerates the extent of overlap between Count One and the remaining (dubious) counts of its State court complaint; the amount of overlap between Count One and the Bank Litigation, and Justice Sherwood's familiarity with the facts here, as well as the amount of time he spent adjudicating this matter.

More specifically, Wachtell claims that its State court action is "more comprehensive" than this action and "provides the opportunity for adjudication of all issues between all the parties." But even if one assumes, *arguendo*, that the other (and also dubious) claims appearing in its "comprehensive" State court complaint are valid ones that somehow survive a summary judgment motion, there is no need for them to be tried together with CVR's malpractice claim, nor would they likely, ultimately be tried together.[11] This is because Wachtell's claims for "breach of confidentiality

---

[10] Wachtell is also not a true plaintiff regarding its "breach of confidentiality order" and abuse of process claims, in view of the frivolous nature of such claims, being ones not actually supported under New York law or by any facts uncovered in discovery yet or otherwise.

[11] Regarding the dubious (if not frivolous) nature of the remaining counts of Wachtell's State court complaint, discovery has uncovered not a single document in support of Wachtell's claims that the documents it claims were misused were actually designated as confidential vis-à-vis CVR (as distinguished from the Banks that issued the subpoenas to Wachtell), or that it could have been properly designated them as such under the confidentiality stipulation/order (inasmuch as they do not contain trade secrets etc.). Nor

stipulation/order" and abuse of process (in 2013) have nothing at all to do with whether Wachtell committed legal malpractice a year earlier (in 2012). In short, whether there was a breach of a confidentiality stipulation/order in the Bank Litigation is entirely irrelevant to whether Wachtell committee malpractice during its representation of CVR before the Bank Litigation even began.[12] Accordingly, even if they survive, those other claims would be the subject of a severance motion which, if successful, would negate any supposed efficiencies to be gained at trial by that supposedly "more comprehensive" action.

Similarly, there is no need to have, or any real "efficiencies" to be gained by having, Justice Sherwood, whose prior adjudication CVR's fee dispute with the banks is now on appeal, consider the issue to be litigated here – that is, whether Wachtell committed malpractice. The quality of Wachtell's legal services was not an issue before Justice Sherwood. Indeed, Justice Sherwood's granting of the Banks' summary judgment motion appears to have been largely based on his determination that CVR had ratified the contracts CVR maintains were not authorized (a ratification, if one occurred, that was initiated by Wachtell and would, itself comprise another alleged act of malpractice).[13]

---

has discovery uncovered yet a single document indicating that Wachtell has actually suffered any damaged from CVR's alleged wrongful use of its documents. Nor did Wachtell exercise the traditional right to seek sanctions from Justice Sherwood for any alleged breach of the confidentiality stipulation/order instead of filing claims against non-diverse parties in a transparent attempt to avoid the undisputed federal jurisdiction of CVR's malpractice claim.

[12] Wachtell's assertion (at Motion, p. 9 & n.2) that two CVR witnesses will be the same in both cases is not Wachtell's concern, even if true.

[13] *See* Justice Sherwood's Sept. 8, 2014 Decision and Order, at p. 7. Significantly, any such ratification occurred, if at all, upon Wachtell's recommendation and continuing malpractice via their creation of inadequate board resolutions which failed to set forth the enormous amount of fees the banks would claim to be owed. Clearly, Wachtell wishes to litigate CVR's malpractice claim before Justice Sherwood, and not this Court, because it believes (however incorrectly) that he has already found them to have not committed malpractice. But the issue of whether Wachtell committed malpractice was not before Justice Sherwood, and to suggest that he made any such finding is a mischaracterization of what he did and a bootstrapping

Accordingly, any suggestion that he can more efficiently adjudicate the malpractice claim because he is supposedly "extensively familiar" with evidence adduced in the Bank Litigation both stretches the truth and is besides the point – and any suggestion that CVR expected him to rule as he did, and that it has been trying to avoid his court, is utter (and ironic) nonsense.

Furthermore, Wachtell's citation to Justice Sherwood's own views regarding the "efficiencies" to be gained are, respectfully, completely irrelevant because he is not the arbiter of what determines whether a federal court should abstain (for the obvious reason that if he were, then any state court judge could unilaterally eviscerate *Colorado River*'s mandate).[14] And its contention that he has "spent more than two years overseeing and resolving" the Bank Litigation is an overstatement inasmuch there were no merits-based motions filed in the Bank Litigation other than the single summary judgment motion. Therefore, his only familiarity with the facts there are those he would have gleaned from the complaint and summary judgment papers (with which this Court can easily and quickly become familiar).[15]

3. The Fourth Factor Also Weighs Against Abstention as This Action Was Filed Long Before Wachtell's State Court Action (and by the Only True Plaintiff), and The State Court Action is Not Actually More Advanced than This Action In Any Meaningful Way, If At All.

The fourth factor also weighs in favor of not abstaining. Although Wachtell tries to

---

argument to force its desired result (abstention).

[14] Although not germane to this Court's *Colorado River* analysis, we note that Defendants respectfully disagree with Justice Sherwood's findings and have appealed his decision/order.

[15] Moreover, in addition to ignoring the notion of severance, Wachtell appears to assume, again without any justification, that the malpractice claim would be decided on summary judgment, but in the absence of any such dispositive motion, a jury, not Justice Sherwood, would be the sole arbiter of the factual merit of CVR's claim.

minimize the length of time after which it subsequently filed its State court action –

saying (at Motion, p. 10) that it filed its action only "a few weeks," not nearly two

months, after CVR sued it – it does not (and cannot) dispute that its action was filed

afterward and that CVR's earlier filing was not the result of it winning some race to the

courthouse. Instead, Wachtell tries to argue that its State court action is somehow more

advanced than this one. But as we have pointed out in this brief's "Facts" section (and

Wachtell omitted from its Motion), any discovery that has taken place in the State action

regarding the malpractice issue will be useable in this action.[16] In that regard, this factor

weighs against abstention even more so than it did in *Niagara Mohawk*, where the state

court in which those 20 cases were first filed had "made little headway over the past

***decade*** in deciding those actions" (emphasis added). Here, the federal court action has

not been sitting idle for a decade, and any delay in this litigation is a direct result of

Wachtell's refusal to begin litigating the merits here or in Kansas federal court (where it

resisted both assertion of jurisdiction and transfer to this Court).

 Accordingly, the State court action is, in reality, not more advanced than this one.

 4.  The Fifth And Sixth Factors Do Not Support Abstention Because There Are
No Novel Or Particularly Complex State Law Issues, and Despite There
Being No Federal Rights to Protect.

 Wachtell argues that the fifth and sixth factors – respectively, whether federal law

provides the rule of decision, and whether the state procedures are adequate to protect the

---

[16] Wachtell argues that there have been two "merits" arguments in the State court and that the pleadings
will be closed there. Wrong. The argument to dismiss or stay Count One was not based on the merits; it
was based on Wachtell's Count One being a duplicative, improper attempt to snatch away federal
jurisdiction, and the other argument related to discovery (where Justice Sherwood permitted document
discovery to proceed concerning Count One, as the documents produced there could be used in this action).
Moreover, its argument about the pleadings is yet another remarkable exercise in bootstrapping; the reason
the pleadings in this case are not yet closed is because of Wachtell's attempts to resist litigating here (first
by opposing transfer from Kansas, and then by bringing this frivolous motion).

plaintiff's federal rights – also weigh in favor of abstention.  Not quite.

The fifth and sixth factors do not somehow eviscerate *Colorado River's* presumption that a federal court should not abstain from exercising jurisdiction of cases properly before it.  In other words, they do not override the normal rule of exercising jurisdiction.  Instead, those factors merely stand for the proposition that when a case involves some federal law or right, a district court should be even more reluctant to abstain.  As *Niagara Mohawk*, quoting *Moses H. Cone,* 460 U.S. at 23, 103 S.Ct. 927, observed, "[w]hen the applicable substantive law is federal, abstention is disfavored," and, indeed, *even "the absence of federal issues does not strongly advise dismissal, unless the state law issues are novel or particularly complex*." *Niagara Mohawk,* 673 F.3d at 102 (emphasis added).

Here, there is nothing novel or complex about the state law (legal malpractice) issue that requires abstention or other deference to a State court.  Indeed, the application of non-novel and non-complex state common law cannot trump the first four factors, because otherwise this Court's jurisdiction in any diversity of citizenship case would be subject to a successful challenge and the normal rule of exercising jurisdiction would be rendered nugatory.[17]  *See Arkwright–Boston,* 762 F.2d at 211 ("As all diversity suits raise issues of state law, their presence does not weigh heavily in favor of surrender of jurisdiction.  The presence of federal-law issues, on the other hand, weighs against

---

[17] Wachtell's argument that this Court should abstain because "New York courts have a particular interest and expertise in claims relating to attorney negligence," and their reference to the State disciplinary and grievance committees, should be rejected.  Membership in the bar of this Court is generally predicated on an attorney being a member in good standing of the New York bar, and so, this Court is equally interested in the good standing of New York bar members.  Furthermore, CVR has not made any complaints to any disciplinary body regarding Wachtell.  In any event, Wachtell's argument is not persuasive and goes too far for one can always make the generic argument that a State has an interest in applying its common law, but such is true in any case whenever diversity of citizenship is the basis for federal jurisdiction.

surrender").

At bottom, consideration of the six factors set forth by the Supreme Court mandate that Wachtell's motion be denied.  But that result is not solely a function of CVR having (properly) filed its case first.  Instead, it is also the right result inasmuch as CVR is a true plaintiff/aggrieved party, entitled to choose the court in which it attempts to obtain relief, whereas Wachtell is the opposite of an aggrieved party – it is simply a defendant that has engaged in all sorts of gamesmanship to forum shop and otherwise try to wrongfully deny CVR its rightful choice of federal jurisdiction.

## II.    THERE IS NO LEGITIMATE BASIS FOR WACHTELL'S ALTERNATIVE ARGUMENT FOR A STAY OF THIS ACTION, WHCH WOULD LIKEWISE CREATE A ROADMAP FOR SUCCESSFUL EVASION OF FEDERAL JURISDICTION

As explained above, Wachtell's State court declaratory judgment is a transparent form of gamesmanship aimed at denying CVR – a true plaintiff – its rightful choice of federal jurisdiction, and so this action should not be dismissed.  Likewise, this Court should not reward such behavior by instead granting a stay of this action – the functional equivalent of dismissal – and thereby create some other roadmap, contrary to the Supreme Court's mandate in *Colorado River* and established Second Circuit case law, for litigants to successfully evade federal jurisdiction.

## CONCLUSION

In view of the foregoing, Plaintiff respectfully submits that Wachtell's motion to

dismiss (or stay) this action should be denied.

Dated: New York, New York                    LAW OFFICES OF HERBERT BEIGEL
November 21, 2014


By: /s/ Herbert Beigel
Herbert Beigel
38327 South Arroyo Way
Tucson, AZ 85739
Tel: (520) 825-1995

767 Fifth Avenue, #4700
New York, NY 10153

-and-

Robert R. Viducich
Law Office of Robert R. Viducich
40 Wall Street, 28th Floor
New York, New York 10005
(212) 400-7135

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CVR ENERGY, INC.,

      Plaintiff,

v.

WACHTELL, LIPTON, ROSEN & KATZ,
et al.,

      Defendants.

Case No. 13-cv-2547 JAR/DJW

**SPECIALLY APPEARING DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION AND FOR IMPROPER VENUE**

**III.  THIS ACTION SHOULD BE DISMISSED, RATHER THAN TRANSFERRED, BECAUSE A TRANSFER WOULD NOT BE IN THE INTEREST OF JUSTICE.**

Upon determining that personal jurisdiction is lacking or that venue is improper, a court will dismiss the action or, upon finding that it is "in the interest of justice," transfer the action to another district. *Trujillo* v. *Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006) (explaining that under 28 U.S.C. § 1406(a) and § 1631, a court may "cure jurisdictional and venue defects by transferring a suit . . . when it is in the interests of justice"). The factors relevant to the court's decision are (1) whether a new action would be time-barred; (2) the related issues of whether the plaintiff's claims have merit and whether dismissal or transfer would best serve the interests of judicial economy; and (3) whether the action was filed in what the plaintiff realized or should have realized was an improper forum. *See id.* at 1223 n.16; *Grynberg* v. *Ivanhoe Energy, Inc.*, 490 F. App'x. 86, 106-07, 109 & n.10 (10th Cir. 2012). These factors all weigh strongly in favor of dismissal rather than transfer of this action.

To begin with, there is no risk that CVR's malpractice claim would be time-barred if this action were dismissed. CVR's claim could have arisen no earlier than January 2012, when CVR retained Wachtell Lipton, and malpractice claims are subject to a three-year statute of limitations under New York law, *see* N.Y. Civ. Prac. L. & R. § 214(6); *McCoy* v. *Feinman*, 99 N.Y.2d 295, 301 (N.Y. 2002). Indeed, Wachtell Lipton has raised the same issues in its own action in New York, thus ensuring that the issues raised in this lawsuit can be timely adjudicated in a proper forum. Ex. 5. A transfer is therefore unnecessary to preserve CVR's ability to pursue its claims.

In addition, the interests of judicial economy would be served by dismissal, not transfer, even if CVR's claim has merit (which it does not). The only judicial district to which this action could be transferred is the Southern District of New York, as that is the only district where all defendants are subject to personal jurisdiction and where venue is proper. It would be a waste of judicial and party resources for a federal judge sitting in New York City to wade through the same evidence and legal argument to decide CVR's malpractice claim that a New York state judge sitting across the street will already have reviewed in deciding the merit of CVR's defense

23

to the banks' breach of contract claims. The advanced stage of closely related litigation in New York state court—where CVR can assert its malpractice claim without facing objections to jurisdiction or venue—weighs strongly in favor of dismissal. *See Grynberg*, 490 F. App'x. 86, 107 (affirming dismissal where district court concluded interests of judicial economy did not weigh in favor of transfer).

CVR plainly realized, or should have realized, that this forum is improper. As the jurisdictional and venue analyses above demonstrate, this action has virtually no connection to Kansas. None of the defendants set foot in Kansas, and all of the alleged breaches of duty on which CVR bases its claim occurred in New York. Given the controlling Tenth Circuit authority on point and the clarity of the venue statute, even cursory legal research would have revealed gross jurisdictional and venue defects.

Indeed, CVR's own complaint shows that it was not only fully aware of the trivial nexus between defendants and this forum, but deliberately drafted the complaint to hide that fact. The complaint pleads that CVR has "corporate offices" in both Kansas and Texas, without mentioning that CVR's headquarters is in Texas, not Kansas. The complaint pleads that CVR is a citizen of Kansas for the purposes of diversity jurisdiction, even though CVR is not a citizen of Kansas under prevailing Supreme Court and Tenth Circuit law. *See Newsome*, 722 F.3d at 1267 (corporation is citizen of only two states, its state of incorporation and state of headquarters) (citing *Hertz Corp.* v. *Friend*, 559 U.S. 77, 78 (2010)). The complaint pleads that Roth sent an engagement letter to CVR at its Kansas City office, but neglects to mention that it was CVR who reached out to Wachtell Lipton in New York and asked the firm to represent it, and that Wachtell Lipton addressed its confirmatory engagement letter to Kansas at Gross's request. The complaint then goes on to plead for more than ten pages that Wachtell Lipton and its attorneys failed to properly advise CVR or its board regarding the terms of the banks' fees, despite attending all of CVR's board meetings held during the engagement, and that they falsified the minutes of a CVR board meeting. But in all those pages, the complaint conspicuously fails to mention, even once, *where* Wachtell Lipton attorneys performed their services for CVR and

24

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CVR ENERGY, INC.,                                )
                                                 )
                          Plaintiff,             )
                                                 )       Case No. 13-CV-2547 JAR/DJW
vs.                                              )
                                                 )
                                                 )
WACHTELL LIPTON ROSEN & KATZ,                    )
BENJAMIN M. ROTH and                             )
ANDREW R. BROWNSTEIN,                            )
                                                 )
                          Defendants.            )

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
## DEFENDANTS' MOTION TO DISMISS

ends, by decision on summary judgment, settlement, or trial, Wachtell's declaratory judgment action will no longer even be related to any pending state court action.

Defendants have failed to cite a single case where, on facts analogous to those present here, the court refused to transfer the case to another federal court where jurisdiction and venue existed.[15] This is not surprising, given the fact that the crux of Defendants' argument against transfer is that there is a pending case in the Supreme Court of New York. But if a defendant could avoid transfer to another federal court, where there is no dispute whatsoever about personal jurisdiction or venue, by simply filing a mirror image state court action, a plaintiff's unqualified right to have its claim adjudicated in federal court would be unfairly undermined.

What Defendants really seek by arguing against a transfer, based on a pending state court case, is the application of the Colorado River doctrine, which allows a federal court to abstain from exercising its jurisdiction when exceptional circumstances exist. Although it is not apparent why Defendants have failed to address or call the Court's attention to this doctrine, it is significant that Defendants have not referred the doctrine's most salient requirement, to-wit, that "exceptional circumstances" must lie before a

---

[15]     Earlier this month, this Court in *Proud Veterans, LLC v. Ben-Menashe*, No. 12-CV-1126-JAR, 2014 U.S. Dist. LEXIS 45208 (D. Kan. Apr. 2, 2014) refused to transfer a case to the Southern District of New York. However, in that case plaintiff (a) did not establish that the transferee court would have personal jurisdiction over all the defendants and (b) there was no statute of limitations bar to bringing the action as a new action in New York. In the present case, however, it is undisputed that personal jurisdiction over all defendants would lie in New York, and as we discussed above, this is not a situation where a "new action" is an option, given Defendants' manipulative filing in Supreme Court of New York, two months after Plaintiff filed the present case. *See also, Sprint Communs., L.P. v. Cox Communs., Inc.*, 896 F. Supp. 2d 1049 (D. Kan. 2012), where this Court ordered transfer rather than dismissal, after a thoughtful analysis of a myriad of factors.

federal case is stayed or dismissed. See *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817-18, 47 L. Ed. 2d 483, 96 S. Ct. 1236 (1976). As also explained in *Shadwick v. Butler Nat'l Corp.*, 950 F. Supp. 302, 304 (D. Kan. 1996) the doctrine requires the court to evaluate various factors, including "(1) whether either court has assumed jurisdiction over property; (2) whether the federal forum is inconvenient to the parties; (3) the avoidance of piecemeal litigation; (4) the order in which the courts obtained jurisdiction; (5) which forum's substantive law governs the merits of the litigation; and (6) the adequacy of the state forum to protect the parties' rights.. . . In applying this test, no one factor is determinative, and the weight to be given to any one factor may vary from case to case. Accordingly, the test is to be applied in a pragmatic, flexible manner. [citations omitted]"

Here, the applicable factors favor this Court retaining jurisdiction or transferring the action to the Southern District of New York. The most significant factors are that (a) CVR filed its claim first, (b) Wachtell's subsequent New York Action includes defendants other than CVR and claims that are irrelevant to whether Wachtell committed malpractice,[16] and (c) Kansas law applies to CVR's malpractice claim.

---

[16]    The Icahn Parties did not assume ownership of CVR or any role in management until **after** Wachtell's representation of CVR concluded. Obviously, the alleged breach of the protective order in the bank litigation involves facts and legal issues having nothing to do with the merits of Plaintiff's malpractice claim.

25

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CVR ENERGY, INC.,

      Plaintiff,

v.

      Case No. 13-cv-2547 JAR/TJJ

WACHTELL LIPTON ROSEN & KATZ, et al.,

      Defendants.

 

**SPECIALLY APPEARING DEFENDANTS' REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION AND FOR IMPROPER VENUE**

It is undisputed that the New York Bank Action—brought by Goldman Sachs and Deutsche Bank against CVR—was filed long before this one. *See* Ex. 48 at 6; Ex. 49 at 6. As explained above, *see supra* pp. 15-16, CVR is defending that lawsuit by arguing that Wachtell Lipton's advice to CVR regarding the fee terms in the banks' contracts was negligent—the very same allegation underlying CVR's malpractice action in this court. As CVR concedes, it has already taken documentary discovery from Wachtell Lipton concerning its malpractice allegations in the New York Bank Action. Pl.'s Br. at 23. CVR argues that it received that discovery pursuant to subpoena served by the banks, not CVR. Pl.'s Br. at 17 n.13. But the banks served that subpoena only because CVR raised Wachtell Lipton's allegedly negligent advice as a defense to their claims. Moreover, CVR's claim that it has not itself sought documentary discovery from Wachtell Lipton in the New York Bank Action is false. CVR's attorney Herbert Beigel, who represents CVR both in this action and the New York Bank Action, personally requested that Wachtell Lipton make "a supplemental response" pursuant to the subpoena in the New York Bank Action (which Wachtell Lipton did) "to avoid further depositions of Wachtell personnel." *See* Ex. 59 (e-mail from Beigel to Wachtell Lipton, dated Mar. 12, 2013). CVR's attorney Beigel also personally took the deposition of Benjamin Roth, the other individual defendant in this action, in the New York Bank Action. *See* Ex. 57 at 2-3.

Given these undisputed facts, CVR's claim that judicial economy would not be served by dismissal is patently incorrect. There is no reason why this Court should send CVR's malpractice suit to New York federal court when not only defendants but key third-party witnesses—Goldman Sachs and Deutsche Bank—are already embroiled in litigation with CVR on the very same subject in New York state court.[5]

---

[5] CVR argues that this Court would somehow violate the *Colorado River* doctrine by taking into account the related pending litigation in New York Supreme Court in deciding whether to dismiss, rather than transfer, this action. Pl.'s Br. at 24-25. But the Tenth Circuit has expressly instructed this Court to consider judicial efficiency. *See Grynberg*, 490 F. App'x at 109 & n.10. Moreover, CVR's argument misconceives the *Colorado River* doctrine, under which a federal court may abstain, in "extraordinary" circumstances, from exercising jurisdiction it possesses in

*CVR realized or should have realized that Kansas was an improper forum.* This action should be dismissed, rather than transferred, for the further reason that CVR plainly should have known that this suit does not belong in Kansas. *See Kelso* v. *Luna*, 317 F. App'x 846, 848 (10th Cir. 2009) ("broad support . . . exists for the proposition that it is not in the interest of justice to transfer where a plaintiff either realized or should have realized that the forum in which he or she filed was improper"). CVR has never questioned that Wachtell Lipton is a New York law firm with a single office in New York City; that Wachtell Lipton did not solicit CVR's business in Kansas or anywhere else; that Wachtell Lipton's four-month engagement for CVR was limited to assistance in fending off a takeover attempt by a New York hedge fund operator seeking to acquire control of CVR's New York Stock Exchange-listed shares; and that no Wachtell Lipton attorney ever traveled to Kansas to perform services for CVR. *See* Ex. 1 ¶¶ 3, 7-8, 10; Ex. 6; Pl.'s Ex. D ¶¶ 5-6, 8-10. CVR has also not disputed that, as a Delaware corporation headquartered in Texas, it is not a Kansas resident. Ex. 24 at SEC cover page; *see Amwest*, 2000 WL 1310512, at *1, *4.

CVR knew all of these facts when it chose to file this lawsuit against Wachtell Lipton and in its partners in Kansas. Yet, even after being permitted to conduct jurisdictional discovery, CVR has failed to cite a single authority finding jurisdiction or venue to be proper in a suit against out-of-state lawyers in these circumstances. CVR insists that jurisdiction (and venue) are proper solely because Wachtell Lipton communicated with a CVR employee in Kansas. But *Newsome* forecloses that argument. 722 F.3d at 1280-81. As a controlling Tenth Circuit decision issued three months before CVR filed this action, *Newsome* is hardly obscure authority.

The Tenth Circuit has repeatedly affirmed that a district court properly dismisses, rather than transfers, an action venued in the wrong forum when the plaintiff's error cannot be blamed

---

order to avoid duplication of pending state proceedings. *Colo. River Water Conservation Dist.* v. *United States*, 424 U.S. 800, 813, 817 (1976). In dismissing this action, however, this Court would not be abstaining from exercising jurisdiction it possesses—it would be dismissing an action in which it does not have personal jurisdiction to exercise.