UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| USDS SDNY | |
| DOCUMENT | |
| ELECTRONICALLY FILED | |
| DOC #: _____ | |
| DATE FILED: 12-29-14 | |

CVR ENERGY, INC.,

                    Plaintiff,

    -v-

WACHTELL, LIPTON, ROSEN & KATZ, *et al.*,

                    Defendants.

No. 14-cv-6566 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

Plaintiff CVR Energy, Inc. ("CVR") brings this action against Defendants Wachtell, Lipton, Rosen & Katz, Benjamin M. Roth, and Andrew R. Brownstein (collectively, "Defendants" or "Wachtell"), alleging claims for professional malpractice relating to Wachtell's representation of CVR in connection with a takeover of CVR. Now before the Court is Defendants' motion to dismiss or stay the Complaint on grounds of abstention. (Doc. No. 56.) For the reasons set forth below, Defendants' motion is denied.

I. BACKGROUND

This action for legal malpractice stems from a takeover of CVR by Carl Icahn and certain entities under Carl Icahn's control (collectively, "Icahn") in 2012.[1] In response to a tender offer by Icahn, CVR retained Wachtell for legal advice regarding, *inter alia*, the retention of Goldman Sachs & Co. ("Goldman") and Deutsche Bank ("Deutsche," and, collectively with Goldman, the "Banks") to advise CVR regarding the tender offer. (Compl. at 1–2.) The retention agreements

---

[1] The facts referenced herein are taken from the Complaint (Doc. No. 1 ("Compl.")), Defendants' memorandum of law in support of their motion to dismiss (Doc. No. 58 ("MTD")), Plaintiff's memorandum of law in opposition to the motion to dismiss (Doc. No. 60 ("Opp'n")), and Defendants' reply memorandum of law in support of their motion to dismiss (Doc. No. 61). Unless otherwise noted, the facts are undisputed.

between CVR and the Banks required CVR to pay the Banks (1) a fee of $9 million if CVR remained independent following Icahn's tender offer, or (2) fees based on CVR's total enterprise value in the event a sale transaction went forward. (*Id.* at 6–7.) Under the terms of the retention agreements, Icahn's ultimately successful takeover constituted a "sale transaction," thereby triggering CVR's liability to the Banks for more than $36 million in transaction fees. According to CVR, the $36 million in transaction fees was substantially more than CVR would have owed had it successfully defended the takeover. (*Id.*) After CVR, now under Icahn's control, refused to pay the Banks the fees owed under the agreements, the Banks each sued CVR in New York Supreme Court for breach of contract in June (Goldman) and August (Deutsche) of 2012 (collectively, the "Bank Actions"); the lawsuits were consolidated for pre-trial purposes. (*See* Letter from Defendant, dated September 15, 2014 (Doc. No. 44), Ex. 1 (*Goldman, Sachs & Co. v. CVR Energy, Inc.*, Index Nos. 652149/2012 & 652800/2012 (N.Y. Sup. Ct. Sept. 8, 2014) ("Bank Action MSJ Order")) at 1–4.) CVR defended the Bank Actions on the grounds that its contracts with the Banks were ambiguous, that it never agreed to pay the Banks the transaction fees in the event that Icahn was successful in taking over CVR, and that the fees were unconscionable. (*Id.* at 4–5.) On September 8, 2014, the Honorable O. Peter Sherwood, New York State Supreme Court Justice, granted summary judgment in the Bank Actions in favor of the Banks and against CVR. (*Id.* at 9.)

Meanwhile, on October 24, 2013, CVR filed this action against Wachtell in the United States District Court for the District of Kansas, alleging malpractice arising out of Wachtell's representation of CVR in connection with CVR's retention agreements with the Banks. (*See generally* Compl.) On December 18, 2013, Wachtell moved in the District of Kansas to dismiss CVR's Complaint for lack of personal jurisdiction and for improper venue. (MTD at 4; Opp'n at 3–4.) On August 14, 2014, the Honorable Julie A. Robinson, United States District Judge for the

2

District of Kansas, found Wachtell's connections with Kansas "insufficient to establish personal jurisdiction." (Doc. No. 31 at 11.) However, rather than dismissing for lack of personal jurisdiction, Judge Robinson transferred the case to this District pursuant to 28 U.S.C. § 1631, and the case was thereafter assigned to my docket.

On the same day that Wachtell filed its motion to dismiss in the federal action, it also filed its *own* action in New York State court against CVR and Icahn for, *inter alia*, breach of a protective order, breach of contract, and abuse of process (the "State Action"). (*See* Declaration of Margaret E. Lynaugh, dated October 29, 2014, Ex. A (Summons and Complaint filed in *Wachtell, Lipton, Rosen & Katz v. CVR Energy, Inc., et al.*, Index No. 654343/2013 (N.Y. Sup. Ct.), dated December 18, 2013 ("State Action Compl.").) The State Action was designated by Wachtell as related to the Bank Actions and accordingly assigned to Justice Sherwood. (MTD at 5; Opp'n at 6.) Count One of the State Action seeks a declaratory judgment that Wachtell's representation of CVR was "consistent with the standards of the legal profession and did not cause any loss to CVR" – the mirror image of the malpractice claim in this action. (*Id.* at 19.) On January 7, 2014, CVR and Icahn – defendants in the State Action – removed the State Action to this Court on the basis of diversity jurisdiction, arguing that the non-diverse defendants in that case, including Icahn, were fraudulently joined. *Wachtell, Lipton, Rosen, & Katz v. CVR Energy, Inc.*, 18 F. Supp. 3d 414, 416 (S.D.N.Y. 2014). Wachtell then moved to remand that case, and on March 18, 2014, Judge Engelmayer granted Wachtell's motion and remanded the State Action back to New York State court, finding that the non-diverse defendants were properly joined, defeating diversity. *Id.* at 421–22. Subsequently, on April 10, 2014, CVR moved in the State Action to dismiss Wachtell's declaratory judgment claim in favor of this action, arguing that *this* action was filed first and is the mirror image of the declaratory judgment claim. *See* Letter from Defendant dated October 3, 2014 (Doc. No. 50), Ex. 1 (*Wachtell, Lipton, Rosen & Katz v. CVR Energy, et al.*, Index No.

3

654343/2013 (N.Y. Sup. Ct. Sept. 30, 2014) ("State Action MTD Denial")).  Justice Sherwood

denied the motion on September 30, 2014, finding that "[t]here are efficiencies to be gained by

keeping count one in this court," and that the State Action was "more advanced[,] and the

malpractice claim overlaps with the claim for abuse of process."  (*Id.* at 3.)

On September 12, 2014, Wachtell filed a pre-motion letter seeking leave to file a motion

"asking the Court . . . to abstain from exercising jurisdiction in this matter in favor of [the] more

comprehensive and more advanced New York state court action involving the same parties and

issues."  (Doc. No. 43.)  After CVR's letter in opposition (Doc. No. 45), the Court held a

conference to discuss the contemplated motion and set a briefing schedule.  (*See* Minute Entry of

October 8, 2014.)  Thereafter, on October 29, 2014, Defendants filed their motion to dismiss, or,

in the alternative, to stay the litigation pending resolution of the State Action.  (Doc. Nos. 56–58.)

The motion requests that the Court abstain from exercising jurisdiction in favor of the mirror-

image State Action pursuant to *Colorado River Water Conservation Dist. v. United States*, 424

U.S. 800 (1976).  Plaintiff filed its opposition on November 21, 2014, and the motion was fully

briefed following Defendants' reply on December 5, 2014 (Doc. Nos. 61–62.)

## II. Discussion

### A. *Colorado River Abstention*

In *Colorado River*, the Supreme Court held that in certain "exceptional circumstances," a

federal court "may abstain from exercising jurisdiction when parallel state-court litigation could

result in 'comprehensive disposition of litigation' and abstention would conserve judicial

resources."  *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673

F.3d 84, 100 (2d Cir. 2012) (quoting *Colorado River*, 424 U.S. at 817–18).  Under the *Colorado*

*River* doctrine, the circumstances that might justify abstaining in favor of a parallel state-court

litigation are "extraordinary and narrow," *id.* at 99, as federal courts have a "virtually unflagging

4

obligation . . . to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817. Nonetheless, such circumstances are possible. In deciding whether to abstain pursuant to *Colorado River*, courts consider six factors:

> (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

*Niagara Mohawk*, 673 F.3d at 100 (quoting *Woodford v. Cmty. Action Agency of Greene Cnty.*, *Inc.*, 239 F.3d 517, 522 (2d Cir. 2001)). "[N]one of these factors alone is necessarily determinative" to the abstention analysis, *Niagara Mohawk*, 673 F.3d at 101, but the "balance [must be] heavily weighted in favor of the exercise of jurisdiction," *id.* at 100 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16 (1983)). "Only the clearest of justifications will warrant dismissal." *Colorado River*, 424 U.S. at 818–19. Finally, "[w]here a *Colorado River* factor is facially neutral, that is a basis for *retaining* jurisdiction, not for yielding it." *Niagara Mohawk*, 673 F.3d at 101 (emphasis added). The Court therefore considers each of the *Colorado River* factors, and concludes that circumstances warranting abstention are not present here.

### 1. Jurisdiction Over a Res

First, the fact that this is not an in rem action, and that neither this Court nor the state court has obtained jurisdiction over a res, weighs against abstention. *See id.*

### 2. Convenience

Second, the federal forum is not any more or less convenient than the state court for the parties, considering the proximity of the federal and state courthouses, which are, quite literally, across the street from each other. This factor thus also cuts in favor of retaining jurisdiction. *Vill.*

*of Westfield v. Welch's*, 170 F.3d 116, 122 (2d Cir. 1999) ("[W]here the federal court is just as

convenient as the state court, that factor favors retention of the case in federal court.").

### 3. Piecemeal Litigation

Regarding the third factor, as the Second Circuit recently reaffirmed, the "primary context"

for the exercise of abstention to avoid piecemeal litigation

> has involved lawsuits that posed a risk of inconsistent outcomes not preventable by
> principles of res judicata and collateral estoppel. The classic example arises where
> all of the potentially liable defendants are parties in one lawsuit, but in the other
> lawsuit, one defendant seeks a declaration of nonliability and the other potentially
> liable defendants are not parties.

*Niagara Mohawk*, 673 F.3d at 102 (2d Cir. 2012) (quoting *Woodford*, 239 F. 3d at 524) (internal

quotation marks omitted). Here, the nature of the parallel actions is such that principles of res

judicata and collateral estoppel should be effective to prevent inconsistent outcomes. Indeed,

because "any case involving parallel proceedings presents a risk of duplicative litigation or a rush

to judgment, the existence of those risks can *weigh only modestly in favor of dismissal; otherwise*

*dismissals pursuant to Colorado River would be the rule, not the exception*, in cases involving

parallel proceedings in state and federal court." *Dalzell Mgmt. Co. v. Bardonia Plaza, LLC*, 923

F. Supp. 2d 590, 600 (S.D.N.Y. 2013) (emphasis in original) (quoting *In re Asbestos Litig.*, 963 F.

Supp. 247, 253 (S.D.N.Y. 1997)). Simply put, "[t]here is no bar against parallel *in personam*

actions proceeding in two or more courts. . . . Whenever a judgment is rendered in one of the courts

and pleaded in the other, the effect of that judgment is to be determined by application of the

principles of res judicata." *Woodford*, 239 F.3d at 525 (internal quotation marks omitted). Finally,

the Court notes that Defendants filed their action second, creating the very parallel litigation about

which they now complain. *Dalzell Mgmt. Co.*, 923 F. Supp. 2d at 600. Accordingly, the third

*Colorado River* factor weighs, at most, only modestly in favor of abstention.

6

### 4. Order of the Actions and Relative Progress

Turning to the fourth factor – the "order in which jurisdiction was obtained," *Niagara Power*, 673 F.3d at 102 – there is no dispute that the filing of the federal action in Kansas preceded the State Action by over seven weeks. Nevertheless, the analysis under the fourth factor "turns not just on the sequence in which the cases were filed, but rather in terms of how much progress has been made in the two actions." *Id.* (internal quotation marks omitted). Here, Defendants assert that the State Action is substantially ahead of this proceeding, and that this factor "thus tilts unambiguously in favor of abstention." (MTD at 12.) However, as a practical matter, the State Action is not particularly far ahead of this one. In fact, much of the discovery that has already taken place in the State Action – at least that part of the State Action relating to its Count One – would be relevant to this litigation as well, and could easily be incorporated into this action. Indeed, discovery here is underway and on the same discovery schedule as in the State Action. (*See* Transcript of Proceedings dated October 8, 2014, at 12:3–7.) Moreover, there is no reason to think that the State Action will reach the summary judgment stage before this action, and so any such motions will be *sub judice* in both actions at the same time.

Additionally, while the relative progress made in each case is the *primary* focus of the analysis of this factor, the language of Second Circuit precedent – directing courts to consider "the order in which the actions were filed, *and* whether proceedings have advanced more in one forum than in the other," *Niagara Power*, 673 F.3d at 100 (emphasis added) – nonetheless suggests that the order of filing is not *irrelevant* to the analysis, as Defendants seem to suggest. CVR filed the instant action in Kansas over seven weeks before Wachtell filed the State Action, and Wachtell has not alleged that CVR engaged in any sort of gamesmanship to file first. Indeed, CVR's brief in opposition to the motion to dismiss indicates that "[i]t is undisputed that Wachtell knew well before CVR filed its action in Kansas federal court that CVR intended to proceed with a

7

malpractice action, having received weeks earlier a draft complaint." (Opp'n at 5 n.4.) Thus, CVR does not appear to have raced to the courthouse in order to file its federal complaint.

Finally, although the State Action is clearly related to the Bank Actions, the Court does not believe that Justice Sherwood is ahead of this Court on the basis of having presided over those cases. The only parts of the Bank Actions relevant to this action are Justice Sherwood's summary judgment opinion and the contracts between CVR and the Banks, and the Court should have little difficulty familiarizing itself with these. Thus, Justice Sherwood's expertise gained as a result of the Bank Actions does not suggest that the State Action will pull ahead. Accordingly, this factor is neutral, which supports retention of jurisdiction.

### 5. Whether Federal Law Provides the Rule of Decision

The fifth factor looks to whether state or federal law applies to the merits of the case. *See Niagara Power*, 673 F.3d at 102. "When the applicable substantive law is federal, abstention is disfavored, and, indeed, even the *absence of federal issues* does not strongly advise dismissal, unless the state law issues are novel or particularly complex." *Id*. (emphasis added) (quoting *Vill. of Westfield*, 170 F.3d at 123–24) (internal quotation marks omitted). Here, there is no dispute that state law provides the rule of decision, but as this case involves a run-of-the-mill malpractice claim, there are no "novel or particularly complex" legal issues at hand. *Id*. Thus, while this factor favors abstention, it does so only moderately.

### 6. Adequacy of State Procedures to Protect Federal Rights

As to the sixth and final factor, it can hardly be argued that New York State procedures do not protect CVR's rights. Nevertheless, "[a]lthough any possible inadequacy of the state forum to protect the federal plaintiff's rights would provide a strong reason to exercise federal jurisdiction, the adequacy of the state forum does *not* weigh heavily in favor of dismissal pursuant to *Colorado River*." *In re Asbestos Litig*., 963 F. Supp. at 253 (emphasis added) (citing *Zemsky v. City of New*

8

*York*, 821 F.2d 148, 153 (2d Cir. 1987) ("[W]e have held that this factor is significant only if it militates in favor of federal jurisdiction.")).  Accordingly, the fact that the state forum would protect Defendants' rights does not warrant abstention here.

*   *   *

In sum, the Court concludes that three of the *Colorado River* factors are neutral, and thus favor retaining the case, and three of the factors favor abstention, but only moderately.  Of course, the decision whether to abstain "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case." *Niagara Power*, 673 F.3d at 104 (internal quotation marks omitted).  Nevertheless, while it is a close call in light of the wholly duplicative nature of the federal-versus-state proceedings and Justice Sherwood's indication that he will retain jurisdiction of the State Action, the Court remains bound by the "virtually unflagging obligation" to exercise jurisdiction, *Colorado River*, 424 U.S. at 817, and concludes that the *Colorado River* factors – "heavily weighted in favor of the exercise of jurisdiction," *Niagara Power*, 673 F.3d at 100 – do not support abstention here.  Although this approach will undoubtedly result in two courts considering the same action at the same time, case law from this Circuit interpreting Supreme Court precedent renders duplicative litigation, by itself, an insufficient basis for abstaining.  *See Woodford*, 239 F.3d at 522 ("[G]enerally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." (quoting *Colorado River*, 424 U.S. at 817)).[2]  Accordingly, Defendants' motion to dismiss is denied.

---

[2] In light of this Court's ruling and the impending duplicative litigation, Justice Sherwood may wish to revisit his decision not to dismiss the State Action's malpractice claim.  The Court expresses no opinion as to this state law issue, but reiterates that it is bound by the law of this Circuit to retain jurisdiction.

### B. Stay of the Action

Defendants argue in the alternative that even if the Court decides not to abstain from exercising jurisdiction here, the Court should "exercise its inherent authority to avoid duplicative litigation by staying this action until the state court action has been resolved." (MTD at 15.) However, the Second Circuit has "rejected any distinction between a stay of federal litigation and an outright dismissal for the purposes of the *Colorado River* exceptional circumstances test." *Shields v. Murdoch*, 891 F. Supp. 2d 567, 576 n.7 (S.D.N.Y. 2012) (alterations and internal quotation marks omitted) (quoting *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 327 n.1 (2d Cir. 1986)). Because the Court has concluded that *Colorado River* abstention is not appropriate here, Defendants' alternative motion for a stay of these proceedings must also be denied.

### III. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED THAT Defendants' motion to dismiss or stay the Complaint on abstention grounds is DENIED. The Clerk of the Court is respectfully directed to terminate the motion pending at docket entry number 56. The parties shall continue to comply with the Court's Case Management Plan and Scheduling Order dated October 8, 2014. (Doc. No. 52.)

SO ORDERED.

Dated:  December 29, 2014
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

10