**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CVR ENERGY, INC.,

                Plaintiff,

      v.

WACHTELL, LIPTON, ROSEN & KATZ, et al.,

                Defendants.

Case No. 14-cv-06566-RJS

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT**

---

OF COUNSEL:

WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
(212) 403-1000

Dated: May 22, 2015

ZUCKERMAN SPAEDER LLP
Paul Shechtman
James Sottile
399 Park Avenue, 14th Floor
New York, New York 10022
(212) 704-9600
*Attorneys for Wachtell, Lipton, Rosen & Katz,
Benjamin M. Roth, and Andrew R. Brownstein*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I.      THE STATE COURT JUDGMENT DISMISSING CVR'S COUNTERCLAIM REQUIRES DISMISSAL OF CVR'S ACTION IN THIS COURT. ................................. 2

      A.      The state court judgment is entitled to preclusive effect regardless of whether it was correct (which it was). ..................................................................... 2

      B.      The pendency of Wachtell Lipton's declaratory judgment claim against CVR in state court does not impair the preclusive effect of the New York judgment. ........................................................................................................... 5

      C.      The New York Supreme Court's judgment dismissing CVR's malpractice claim precludes CVR's malpractice claim in this Court, even as amended, because both claims arise out of the same transaction or series of transactions. ............................................................................................................ 6

II.     IF THE NEW ALLEGATIONS ARE CONSIDERED A SEPARATE AND UNRELATED CLAIM, THEN THE NEW CLAIM IS TIME BARRED. ......................... 9

CONCLUSION ............................................................................................................................ 10

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Access 4 All Inc.* v. *Trump Int'l Hotel & Tower Condo.*,
   2007 WL 633951 (S.D.N.Y. 2007) .................................................................................. 3

*Ackerman* v. *Price Waterhouse*,
   84 N.Y.2d 535 (1994) ............................................................................................ 8, 8 n.3, 9

*Adler* v. *Pataki*,
   185 F.3d 35 (2d Cir. 1999) ............................................................................................... 10

*Allen* v. *McCurry*,
   449 U.S. 90 (1980) ..................................................................................................... 5, 6 n.2

*Antonious* v. *Muhammad*,
   873 F. Supp. 817 (S.D.N.Y. 1995), *aff'd*, 8 F. App'x 78 (2d Cir. 2001) .......................... 2, 3 n.1

*Ben. Homeowner Serv. Corp.* v. *Mason*,
   95 A.D.3d 1428 (3d Dep't 2012) ........................................................................................ 3

*Corsini* v. *Condé Nast*,
   -- F. App'x ---, 2015 WL 2191102 (2d Cir. May 12, 2015) ............................................... 3

*Cowan* v. *Ernest Codelia, P.C.*,
   149 F. Supp. 2d 67 (S.D.N.Y 2001) ............................................................................ 9 n.4

*Doctor's Assocs., Inc.* v. *Distajo*,
   66 F.3d 438 (2d Cir. 1995) ................................................................................................ 2

*El Sawah* v. *Penfield Mech. Contractors, Inc.*,
   119 A.D.2d 980 (4th Dep't 1986) ...................................................................................... 7

*Estate of Jobe* v. *Berry*,
   428 S.W.3d 888 (Tex. Ct. App. 2014) ............................................................................ 10

*Federated Dep't Stores* v. *Moitie*,
   452 U.S. 394 (1981) ........................................................................................................... 2

*Ferris* v. *Cuevas*,
   118 F.3d 122 (2d Cir. 1997) .............................................................................................. 6

*Harley* v. *Hawkins*,
   281 A.d.2d 593 (2d Dep't 2001) ....................................................................................... 8

*In re Durso Supermarkets, Inc.*,
   1995 WL 739549 (S.D.N.Y. Dec. 14, 1995) ..................................................................... 8

*In re Hunter*,
   827 N.E.2d 269 (N.Y. 2005) .................................................................................................. 2

*In re Laventhol & Horwath*
   139 B.R. 109 (S.D.N.Y. 1992) .......................................................................................... 3 n.1

*In re Parmalat Sec. Litig.*,
   493 F. Supp. 2d 723 (S.D.N.Y. 2007),
   *aff'd sub nom. Bondi* v. *Capital & Fin. Asset Mgmt. S.A.*, 535 F.3d 87 (2d Cir. 2008) ............. 3

*Johnson* v. *Proskauer Rose LLP*,
   -- N.Y.S.3d ---, 2015 WL 1932165 (1st Dep't 2015) ........................................................... 8 n.3

*Johnston* v. *Raskin*,
   193 A.D.2d 786 (2d Dep't 1993) ............................................................................................. 8

*Kinsman* v. *Turetsky*,
   21 A.D.3d 1246 (3d Dep't 2005) ............................................................................................. 7

*McCoy* v. *Feinman*,
   291 A.D.2d 799 (4th Dep't 2002),
   *aff'd*, 99 N.Y.2d 295 (2002) .................................................................................................... 8

*Migra* v. *Warren City Sch. Dist.*,
   465 U.S. 75 (1984) ............................................................................................................. 2, 7

*Nabisco, Inc.* v. *Amtech Int'l, Inc.*,
   2000 WL 35854 (S.D.N.Y. Jan. 18, 2000) ............................................................................. 9

*O'Brien* v. *City of Syracuse*,
   54 N.Y.2d 353 (1981) .................................................................................................. 6, 8, 9

*Plaza PH2001 LLC* v. *Plaza Residential Owner, L.P.*,
   98 A.D.3d 89 (1st Dep't 2012) ................................................................................................ 3

*Proctor* v. *LeClaire*,
   715. F.3d 402 (2d Cir. 198) .................................................................................................... 7

*UBS Sec. LLC* v. *Highland Capital Mgmt., L.P.*,
   86 A.D.3d 469 (1st Dep't 2011) ........................................................................................... 5, 8

*VanMinos* v. *Merkley*,
   48 A.D.2d 281 (4th Dep't 1975) .............................................................................................. 9

*Wachtell, Lipton, Rosen & Katz* v. *CVR Energy, Inc.*,
   2015 WL 782636 (N.Y. Sup. Ct. 2015) .................................................................................. 4

*Well-Made Toy Mfg. Corp.* v. *Lotus Onda Indus. Co.*,
   2003 WL 42001 (S.D.N.Y. Jan. 6, 2003) ................................................................................ 9

**Federal Rules and Regulations**

28 U.S.C. § 1738 ........................................................................................................... 2, 7

Federal Rule of Civil Procedure 15(c)(1) ..................................................................... 1, 9

**Other Authorities**

Black's Law Dictionary 1737 (10th ed. 2014) ................................................................. 3

Restatement (Second) of Judgments § 13, cmt. f ............................................................ 3

18A Wright & Miller § 4433 (2d ed. 2002) ..................................................................... 3

**PRELIMINARY STATEMENT**

CVR filed substantially identical claims in this Court and New York Supreme Court seeking to state a claim for malpractice against Wachtell Lipton arising out of a four-month engagement in 2012. In February 2015, the New York court issued a final judgment dismissing CVR's claim. As set out in Wachtell Lipton's opening brief, that final judgment requires dismissal of CVR's claim in this court under straightforward principles of federalism and res judicata.

In opposition, CVR serves up a number of supposed reasons why this Court can ignore the state court ruling—that the ruling could be overturned on appeal, that the ruling was wrong, that the claim should have never been in state court to begin with, that its federal claim involves different evidence than its state claim. But every one of these reasons is foreclosed by controlling New York authority. Under the Full Faith and Credit statute, this Court must give the same preclusive effect to the decision of a New York court that the decision would receive in a New York court. New York law leaves no room to doubt that the case is due to be dismissed.

It makes no difference that CVR chose to amend its federal complaint (but not its state counterclaim) to add allegations concerning the description of the bank fees in CVR's securities filings. Under New York's "transactional" approach to res judicata, a final judgment dismissing a claim bars litigation of all other claims related to the same transaction or series of transactions. CVR is forced to concede what common sense dictates: "there can be no question" that its new allegations "arise out [of] the same transaction" at issue in its state counterclaim. Opp. Br. 22.

Nor can CVR reconcile its position that its new allegations constitute a claim unrelated to its state counterclaim yet nevertheless "relate back" to its original claim for purposes of Federal Rule of Civil Procedure 15(c)(1). If CVR's new allegations "relate back" to its original claim—which was identical to the claim dismissed by the New York court—they are subject to the preclusive effect of that dismissal as a matter of New York law. If CVR's new allegations do not relate back, they are barred by the statute of limitations. CVR has failed to reconcile the tension in its position because the tension is irreconcilable. The complaint should be dismissed in its entirety.

**ARGUMENT**

I. **THE STATE COURT JUDGMENT DISMISSING CVR'S COUNTERCLAIM REQUIRES DISMISSAL OF CVR'S ACTION IN THIS COURT.**

The Full Faith and Credit statute "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Migra* v. *Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) (citing 28 U.S.C. § 1738). And under New York law, "a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter." *In re Hunter*, 827 N.E.2d 269, 274 (N.Y. 2005). As Wachtell Lipton explained in its opening brief, the New York Supreme Court's dismissal of CVR's malpractice action therefore precludes CVR's virtually identical malpractice action in this federal Court. Opening Br. 6-12. CVR's arguments to the contrary all fail.

**A. The state court judgment is entitled to preclusive effect regardless of whether it was correct (which it was).**

CVR argues at length that the New York Supreme Court's judgment dismissing its malpractice action cannot preclude its malpractice action in this Court because the judgment was erroneous. Opp. Br. 2-3, 8-19. But "the *res judicata* effects of a state court judgment are not 'altered by the fact that the judgment may have been wrong.'" *Antonious* v. *Muhammad*, 873 F. Supp. 817, 822 n.6 (S.D.N.Y. 1995) (quoting *Federated Dep't Stores, Inc.* v. *Moitie*, 452 U.S. 394, 398-399 (1981)), *aff'd* 8 F. App'x 78 (2d Cir. 2001). Accordingly, a federal court may not refuse to give res judicata effect to a state court judgment because it believes that judgment to be wrong. CVR's "argument is nothing more than an invitation for this [C]ourt to revisit the merits of the [state] court's judgment—precisely what the full faith and credit statute tells [this Court] not to do." *Doctor's Assocs., Inc.* v. *Distajo*, 66 F.3d 438, 448 (2d Cir. 1995).

Moreover, none of the errors CVR assigns to the New York court has merit. CVR first complains that the state court dismissed the malpractice claim while CVR's appeal in the Bank Action was pending. According to CVR, final decisions subject to de novo review on appeal, such as the Supreme Court's grant of summary judgment in the Bank Action, are an exception to the general New York rule that a final judgment has preclusive effect notwithstanding the pen-

2

dency of an appeal.  *See* Opp. Br. 9-11.  But as CVR's own authority shows, the New York rule that a final judgment has preclusive effect even if an appeal is pending is inapplicable only when "what is called an appeal actually consists of a trial de novo."  *Id.* at 11 (quoting Restatement (Second) of Judgments § 13, cmt. f).  That exception is exceedingly narrow, as a "trial de novo" is a "virtually nonexistent situation."  18A Wright & Miller § 4433 (2d ed. 2002); *Access 4 All Inc.* v. *Trump Int'l Hotel & Tower Condo.*, 2007 WL 633951, at *4 n.5 (S.D.N.Y. 2007) (same).  A "trial de novo" refers to a "new trial on the entire case" that is "conducted as if there had been no trial in the first instance."  Black's Law Dictionary 1737 (10th ed. 2014).  An appeal that qualifies as a trial de novo is thus one in which the parties engage in "full scale civil litigation and all of its attendant procedure," and so are "able to take discovery, put on evidence, and make legal arguments anew."  *In re Parmalat Sec. Litig.*, 493 F. Supp. 2d 723, 737 (S.D.N.Y. 2007), *aff'd sub nom. Bondi* v. *Capital & Fin. Asset Mgmt. S.A.*, 535 F.3d 87 (2d Cir. 2008).

Contrary to CVR's assertion, the appeal of a decision that disposes of a claim as a matter of law, and that is therefore subject to de novo appellate review, is obviously not a trial de novo.  That is confirmed by the many decisions according preclusive effect to New York decisions dismissing claims as a matter of law even when those decisions are on an appeal subject to a de novo standard.  *See, e.g.*, *Plaza PH2001 LLC* v. *Plaza Res. Owner L.P.*, 98 A.D.3d 89, 94, 98 (1st Dep't 2012) (affirming order that gave res judicata effect to dismissal of complaint as a matter of law, notwithstanding pending appeal of dismissal); *Corsini* v. *Condé Nast*, -- F. App'x ---, 2015 WL 2191102, at *2 (2d Cir. May 12, 2015) (same); *Ben. Homeowner Serv. Corp.* v. *Mason*, 95 A.D.3d 1428 (3d Dep't 2012) (affirming order that gave collateral estoppel effect to dismissal of complaint as a matter of law, notwithstanding pending appeal of dismissal).[1]  Accordingly, there is no merit to CVR's argument (never presented to the state court) that the Bank Action decision lacks preclusive effect because it is subject to de novo review on appeal.

---

[1] Another such case is *In re Laventhol & Horwath*, a case on which CVR relies.  *See* 139 B.R. 109, 114 (S.D.N.Y. 1992) (recognizing preclusive effect of pre-trial dismissal pending appellate review, which review would be de novo).  And *Antonious* is yet another such case.  *See* 873 F. Supp. at 823-24 (giving res judicata effect to dismissal of complaint as a matter of law, notwithstanding pending appeal).  CVR tries to distinguish *Antonious* because there "the 'prior' action was filed by the same plaintiff that filed the second action."  Opp. Br. 11 n.10.  But that fact makes it exactly like this case.  Just as in *Antonious*, CVR filed both the prior action (its already-adjudicated state court malpractice counterclaim) as well as the second action (its pending malpractice claim here).

CVR also argues that the state court erred in dismissing its malpractice action as collaterally estopped by the Bank Action decision because the quality of the services Wachtell Lipton rendered to CVR was not litigated in the Bank Action. Opp. Br. 11-14. This argument reflects a misunderstanding of the state court's decision. The issue that CVR was collaterally estopped from re-litigating in its state-court malpractice claim was not the quality of Wachtell Lipton's services. It was whether CVR had ratified the engagement letters with the banks, thereby negating any argument that Wachtell Lipton's (allegedly negligent) advice was the cause of injury to CVR. *See Wachtell, Lipton, Rosen & Katz* v. *CVR Energy, Inc.*, 2015 WL 782636, at *5 (N.Y. Sup. Ct. 2015) ("Here, collateral estoppel applies to the question of CVR's ratification, which was fully litigated in the Bank Action, not to the question of Wachtell's negligence."). Thus, the state court properly found that CVR's malpractice claim was collaterally estopped even though the Bank Action decision did not address whether Wachtell Lipton negligently advised CVR.

CVR's contention that the state court wrongly dismissed its malpractice counterclaim without giving CVR an opportunity to litigate the quality of Wachtell Lipton's services reflects a related confusion. Far from denying CVR an opportunity to litigate that issue, the state court assumed the truth of CVR's allegation that those services were negligently rendered. But the issue of the quality of Wachtell Lipton's services implicated only one element—the negligence element—of CVR's counterclaim. *See id.* at *4 (noting other elements of a malpractice claim, including that the allegedly negligent advice "was the proximate cause of the loss sustained"). The state court's holding in the Bank Action that CVR's board had ratified the bank engagement letters made it impossible for CVR to establish a different element of its claim—that Wachtell Lipton's services proximately caused its alleged damages. The state court thus properly dismissed CVR's counterclaim with no occasion to rule on the issue of negligence.

CVR's assertion that giving res judicata effect to the dismissal of its state-court counterclaim would be unfair because it was not permitted to litigate to resolution the issue of the quality of Wachtell Lipton's services thus lacks any merit. Res judicata applies to claims, not issues, and CVR was given every opportunity to litigate its malpractice claim in state court. There is

4

nothing unfair about the res judicata dismissal of CVR's virtually identical malpractice claim in this Court.  Unfair would be requiring Wachtell Lipton to continue to defend CVR's malpractice suit in this Court when the New York Supreme Court has already finally ruled that Wachtell Lipton is not liable to CVR for malpractice.

### B. The pendency of Wachtell Lipton's declaratory judgment claim against CVR in state court does not impair the preclusive effect of the state court judgment.

CVR argues that the state court's judgment does not bar its claim in this Court because dismissal of its claim here would not serve judicial economy—one of the policies underlying the res judicata doctrine.  Opp. Br. 17-19.  That is so, CVR contends, because the quality of the services Wachtell Lipton provided is an issue not only in its claim here but also in Wachtell Lipton's declaratory judgment claim, which remains pending in state court.  *Id.*

This argument is supported by neither law nor logic.  As to the law, this Court may not decline to give res judicata effect to a state-court judgment based on an assessment of whether doing so would serve the policies underlying that doctrine.  As the Supreme Court has explained, "though the federal courts may look to the common law or to the policies supporting res judicata and collateral estoppel in assessing the preclusive effect of decisions of other federal courts, Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so."  *Allen* v. *McCurry*, 449 U.S. 90, 96 (1980).  There can be no contention that the continuing pendency of claims in state court deprives that court's final judgments of res judicata effect.  To the contrary, New York courts have specifically held that it would be "unjust" to hold that a party "forfeits its right to assert the defense of res judicata" just because its own affirmative claims remain pending in the court that issued the preclusive judgment.  *UBS Sec. LLC* v. *Highland Capital Mgmt., L.P.*, 86 A.D.3d 469, 476 (1st Dep't 2011).

Moreover, CVR's argument makes no sense on its own terms.  According to CVR, its malpractice claim in this Court and Wachtell Lipton's declaratory judgment claim in state court (seeking a judgment that Wachtell Lipton is not liable to CVR for malpractice) both concern the quality of the services Wachtell Lipton provided to CVR.  Thus, contrary to CVR's assertion, the

5

dismissal of CVR's malpractice claim in this Court would promote judicial economy by leaving the parties to litigate one suit in one forum, instead of two suits in two forums. CVR's real argument thus appears to be that since there will be some litigation in state court, there might as well be more litigation in federal Court. This argument makes no sense from the perspective of judicial economy. It also rests on the illogical assumption that the parties will continue to litigate Wachtell Lipton's declaratory judgment claim even after all of CVR's suits asserting malpractice liability against Wachtell Lipton have been fully resolved.[2]

### C. The New York Supreme Court's judgment dismissing CVR's malpractice claim precludes CVR's malpractice claim in this Court, even as amended, because both claims arise out of the same transaction or series of transactions.

Under New York's transactional approach to res judicata, "once a claim is brought to a final conclusion all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Ferris* v. *Cuevas*, 118 F.3d 122, 126 (2d Cir. 1997) (quoting *O'Brien* v. *City of Syracuse*, 54 N.Y.2d 353, 357 (1981)). The New York Supreme Court's judgment dismissing CVR's malpractice claim thus precludes CVR's malpractice claim in this Court notwithstanding that CVR amended its claim here to include allegations that it chose not to add to its otherwise identical state-court claim. Those allegations, which CVR says effectively constitute a "new claim," assert that Wachtell Lipton negligently advised CVR that CVR could describe its fee arrangements with the banks as "customary" in SEC disclosure documents. Opp. Br. 20-21. As CVR itself told this Court when it sought leave to amend its claim, the new allegations challenge not only the same Wachtell Lipton representation, but also the same aspect of that representation—Wachtell Lipton's advice concerning CVR's fee arrangement with the banks—that CVR had challenged in both its state

---

[2] CVR contends that the state court's decision rejecting its motion to dismiss Wachtell Lipton's declaratory judgment claim was "tantamount to a judgment from a court lacking jurisdiction," and not entitled to "'full faith and credit' treatment." Opp. Br. 18. CVR does not provide any support for this assertion and it is plainly incorrect. At any rate, this motion does not concern the declaratory judgment claim but instead the preclusive effect of the Supreme Court's dismissal of a different claim—CVR's counterclaim—which CVR voluntarily filed in the New York court. Opp. Br. 7 n.5. CVR's complaint that the state court reached a final judgment before this Court is also without merit. There is no "federal right [to] an unrestricted opportunity to re-litigate an issue already decided in state court simply because the issue arose in a state proceeding in which he would rather not have been engaged at all." *Allen*, 449 U.S. at 104. The principle is even stronger where, as here, the claim arises under state law and the party opposing res judicata had itself chosen to assert the claim in state court.

6

and federal claims.  *See* Feb. 11, 2015 Letter (Doc. 72) at 2 ("The new allegations . . . stem from . . . Wachtell's alleged negligent advice in connection with the same exact fees (to Goldman Sachs and Deutsche Bank) that are already the subject of the current complaint.").  New York courts have consistently held that malpractice claims arise out of the same transaction for res judicata purposes if they arise out of the same representation, even if the claims challenge *different* aspects of the representation.  *See* Opening Br. 8 (discussing cases).  Accordingly, CVR's federal claim, even as amended, is precluded as a matter of New York law.

CVR contends that the state court's judgment nevertheless does not bar its "new claim" because the res judicata effect of a judgment "applies only to the scope of the litigation at the time the other [prior] proceeding was commenced" and its new allegations allege malpractice "that was not actionable" when the prior proceeding began.  Opp. Br. 20.  In support of this contention, CVR cites only *Proctor* v. *LeClaire*, 715. F.3d 402, 412 (2d Cir. 2013).  Opp. Br. 20.  But that decision applies *federal*, not New York, res judicata doctrine.  *See Proctor*, 715 F.3d at 411-12.  It thus has no bearing in determining the preclusive scope of a judgment by a New York court, a question controlled by New York law.  *See Migra*, 465 U.S. at 81; 28 U.S.C. § 1738.  Under New York law, the res judicata effect of a judgment extends to all allegations related to the same underlying transaction or series of transactions that could have been asserted before the judgment was issued, not just to those allegations raised when the complaint was filed.  *See El Sawah* v. *Penfield Mech. Contractors, Inc.*, 119 A.D.2d 980, 981 (4th Dep't 1986) (party is obligated to amend its pleading to account for any "newly discovered evidence" before judgment; failure to do so "results in forfeiture of [its] claim and precludes [it] from bringing a separate action."); *Kinsman* v. *Turetsky*, 21 A.D.3d 1246, 1247 (3d Dep't 2005).  Here, CVR itself argues that its new allegations became actionable no later than January 2015, *see* Opp. Br. 21, *before* the judgment dismissing its state court counterclaim was issued in February 2015.

At any rate, CVR is wrong to argue that its new allegations asserted malpractice that was not yet actionable when CVR filed its state counterclaim.  CVR asserts, without authority, that a malpractice claim does not accrue until the plaintiff suffers damages, which CVR says it did not

7

do until January 2015. Opp. Br. 21. The law is to the contrary. *See McCoy* v. *Feinman*, 291 A.D.2d 799, 800 (4th Dep't 2002), *aff'd* 99 N.Y.2d 295 (2002) (rejecting argument that plaintiff could not bring malpractice claim "until she suffered ascertainable damages."). A malpractice claim "accrue[s] upon performance of the professional services," *Ackerman* v. *Price Waterhouse*, 84 N.Y.2d 535, 543 (1994), and in all events "at the latest" on the "the date when th[e] [attorney-client] relationship terminates," *Johnston* v. *Raskin*, 193 A.D.2d 786, 787 (2d Dep't 1993). All of CVR's allegations thus became actionable no later than May 2012, when Wachtell Lipton's representation of CVR ended, and long before CVR filed its counterclaim in November 2014.[3]

CVR also argues that its new allegations do not arise out of the "same transaction" as the allegations in its counterclaim because different evidence is required to support them. But under New York law, the fact that the plaintiff advances multiple "theories involv[ing] materially different elements of proof will not justify presenting the claim by two different actions." *O'Brien*, 54 N.Y.2d at 357-58; *see also In re Durso Supermarkets, Inc.*, 1995 WL 739549, at \*5 (S.D.N.Y. 1995) (argument that res judicata does not apply because "claims involve different evidence has been rejected by the New York Court of Appeals in favor of the transactional approach"). Indeed, the New York Court of Appeals "expressly rejected" the narrow rule CVR sponsors. *UBS Sec. LLC*, 86 A.D.3d at 474 (citing *O'Brien*, 54 N.Y.2d at 357-58). New York courts thus routinely apply res judicata to bar new claims that would require different evidence. *See, e.g.*, *id.* at 474-476 (dismissal of prior claim barred new claims based on "additional evidence"); *Harley* v. *Hawkins*, 281 A.D.2d 593, 594 (2d Dep't 2001) (dismissal of malpractice claim barred a second malpractice claim alleging different negligent conduct that occurred 11 months later as part of the same continuous representation).

---

[3] CVR at one point pegs the accrual date to January 2015, when the SEC said it planned to take witness testimony, and at another point 2014, when the SEC first told CVR about its investigation. *See* Opp. Br. 21, 23. This highlights the risk of an "utter lack of predictability" in fixing accrual times that caused the New York Court of Appeals to hold that a professional malpractice claim must accrue at the time service is rendered and not when a regulator brings proceedings. *Ackerman*, 84 N.Y.2d at 543. An accrual rule that would "base a limitations period on the potentiality of [regulatory] action defies the essential premise of temporal finality embodied in Statutes of Limitation." *Id.* at 542; *see also Johnson* v. *Proskauer Rose LLP*, -- N.Y.S.3d ---, 2015 WL 1932165, at \*5 (1st Dep't 2015) (malpractice claim accrued when tax lawyer delivered opinion, not when IRS assessed deficiency).

8

None of the three cases CVR cites hold otherwise. Two are federal cases applying federal preclusion principles to determine the res judicata effect of a federal judgment. *See* Opp. Br. 21-22 (citing *Nabisco, Inc.* v. *Amtech Int'l, Inc.*, 2000 WL 35854, at *8 n.5 (S.D.N.Y. Jan. 18, 2000); *Well-Made Toy Mfg. Corp.* v. *Lotus Onda Indus. Co.*, 2003 WL 42001, at *9 (S.D.N.Y. Jan. 6, 2003)). The third is an Appellate Division case that says nothing about whether res judicata is properly applied to bar a claim requiring different evidence. *See* Opp. Br. 22 (citing *VanMinos* v. *Merkley*, 48 A.D.2d 281 (4th Dep't 1975)). In any event, that 1975 case predates the New York Court of Appeals' controlling 1981 instruction in *O'Brien*, 54 N.Y.2d at 357-58, cited above, that res judicata is properly applied to claims involving different evidence.[4]

## II.    IF THE NEW ALLEGATIONS ARE CONSIDERED A SEPARATE AND UNRELATED CLAIM, THEN THE NEW CLAIM IS TIME BARRED.

As Wachtell Lipton showed in its opening brief, CVR's insistence that its new allegations create a separate and unrelated claim for purposes of res judicata leave it unable to satisfy the applicable statute of limitations. CVR does not deny that New York's borrowing statute applies or that the borrowing statute points to Texas's two-year limitations period. CVR instead argues that it satisfies the statute because there is "no question that [its new] claims relate back to the original claim," as "those claims arise out [of] the same transaction." Opp. Br. 22. But CVR does not even try to reconcile its position that the disclosure allegations arise out of the "same transaction" for purposes of Rule 15's relation-back test with its position that those allegations do not arise out of the same transaction or series of transactions for purposes of res judicata.

CVR instead argues that its claim based on SEC disclosures filed in March and April of 2012 is not time-barred because the claim did not accrue until either 2014 or 2015, when it learned of the SEC investigation. Opp. Br. 23. But the law is crystal clear that a malpractice claim accrues when the advice is given and relied upon. *See Ackerman*, 84 N.Y.2d at 543. Nor

---

[4] Citing *Cowan* v. *Ernest Codelia, P.C.*, 149 F. Supp. 2d 67, 75 (S.D.N.Y. 2001), CVR says in a footnote that Wachtell "may" have waived its res judicata defense by consenting to the amendment of CVR's complaint. Opp. Br. 21 n.19. Not so. In *Cowan*, the moving party consented to two forums; here, Wachtell Lipton moved for abstention. Moreover, Wachtell Lipton chose not to oppose CVR's request to amend only after CVR expressly represented to this Court that any judgment by the state court that Wachtell Lipton was not liable to it for malpractice would require the res judicata dismissal of its claim here. *See* Oct. 8, 2014 Tr. (Doc. 54) at 23:9-25.

9

does Texas's discovery rule help CVR.  That rule creates a "very limited exception to statutes of limitations" that tolls the statute "only when discovery of an injury is impossible," not when, as CVR alleges here, "some injury is known but the full extent of injury and cause are unknown."  *Estate of Jobe* v. *Berry*, 428 S.W.3d 888, 902-03 (Tex. Ct. App. 2014) (rejecting argument that statute of limitations was tolled until IRS brought investigation).  CVR knew that its disclosures described the fee arrangements as "customary," and by the summer of 2012 CVR had taken the position in the Bank Action that the fees were *not* customary.  This was all the information CVR needed to "discover" its purported claim.  *Id.* at 899.

Finally, CVR invokes the doctrine of judicial estoppel because Wachtell Lipton referenced New York's three-year limitations period in urging the Kansas court to dismiss CVR's suit rather than transfer it to this Court.  At that time, it was irrelevant that New York courts would apply both the New York and Texas statutes of limitation, because neither statute had yet run.  It is relevant now only because CVR waited another 14 months to raise new allegations.  In any event, judicial estoppel cannot possibly apply because the Kansas court did not rely on Wachtell Lipton's reference to the New York limitations period but instead transferred CVR's suit to this Court.  *See Adler* v. *Pataki*, 185 F.3d 35, 41 n.3 (2d Cir. 1999) (judicial estoppel applies only when a court "has relied on a party's inconsistent factual representations and rendered a favorable decision.").

## CONCLUSION

For the foregoing reasons, the amended complaint should be dismissed in its entirety.

ZUCKERMAN SPAEDER LLP

OF COUNSEL:

By:  /s/ James Sottile
    Paul Shechtman

WACHTELL, LIPTON, ROSEN &
   KATZ
51 West 52nd Street
New York, New York  10019
(212) 403-1000

    James Sottile
399 Park Avenue, 14th Floor
New York, New York  10022
(212) 704-9600

Dated: May 22, 2015

*Attorneys for Defendants*