UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CVR ENERGY, INC.,

    Plaintiff,

-v-

WACHTELL, LIPTON, ROSEN & KATZ, et al.,

    Defendants.

No. 14-cv-6566 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

Plaintiff CVR Energy, Inc. ("Plaintiff" or the "Company") brings this action against Wachtell, Lipton, Rosen & Katz ("Wachtell") and two of its partners (collectively, "Defendants"), alleging claims for legal malpractice arising from Defendants' representation of Plaintiff in connection with an investor's ultimately successful takeover of Plaintiff through a tender offer. Now before the Court is Defendants' motion to dismiss the Amended Complaint on *res judicata* grounds. (Doc. No. 82.) For the reasons set forth below, Defendants' motion is granted.

I. BACKGROUND[1]

A. Factual Background

This legal malpractice action stems from a successful takeover of Plaintiff by Carl Icahn ("Icahn") through a tender offer in 2012. (Doc. No. 75 ("Am. Compl.") ¶ 2.) Specifically, in or

---

[1] The facts are drawn from the Amended Complaint (Doc. No. 75), which the Court accepts as true for the purpose of Defendants' motion. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). In addition, the Court has also considered the parties' relevant briefs, letters, and exhibits (Doc. Nos. 83 ("Def. Br."), 89 ("Pl. Opp."), 90 ("Reply"); *see also* Doc. Nos. 84, 94–95), as well as certain public filings in the parallel state court action, *Wachtell, Lipton, Rosen & Katz v. CVR Energy, Inc.*, No. 654343/13 (N.Y. Sup. Ct.) ("State Action"), including the state court's February 24, 2015 order (*id.*, Doc. No. 93), on which Defendants' *res judicata* defense is based. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (in evaluating the *res judicata* effect of a prior action, "courts routinely take judicial notice of documents filed in other courts, . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings"); *see also Brodeur v. City of New York*, No. 04-cv-1859 (JG), 2005 WL 1139908, at *3 (E.D.N.Y. May 13, 2005) ("A court may . . . consider . . . public documents of which the plaintiff has notice." (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47–48 (2d Cir. 1991))).

around February 2012, Plaintiff retained Defendants to provide legal advice in connection with defending itself against Icahn's takeover bid. (*Id.* ¶¶ 14, 18.) As part of their representation, Defendants (1) advised Plaintiff to hire Goldman Sachs & Co. and Deutsche Bank (collectively, the "Banks") as financial advisors to Plaintiff regarding the takeover (*id.* ¶¶ 16–37), and (2) assisted Plaintiff in drafting and filing two required SEC forms describing the terms of, and other information related to, the tender offer (the "SEC Filings" or "SEC Forms") (*id.* ¶¶ 30, 38). In May 2012, the tender offer closed and Defendants unilaterally ended their representation of Plaintiff. (*Id.* ¶ 41.)

B. Procedural Background

Several actions ensued following Defendants' legal representation of Plaintiff. First, in June and August 2012, the Banks sued Plaintiff in New York State Supreme Court for breach of contract based on Plaintiff's failure to pay the fee amounts owed to them under their retention agreements with Plaintiff (the "Retention Agreements"). *See Goldman, Sachs & Co. v. CVR Energy, Inc.*, No. 652149/12 (N.Y. Sup. Ct.) and *Deutsche Bank Sec. Inc. v. CVR Energy, Inc.*, No. 652800/12 (N.Y. Sup. Ct.) (collectively, the "Bank Actions"). On September 8, 2014, the state court justice presiding over the Bank Actions – the Honorable O. Peter Sherwood – granted summary judgment in favor of the Banks on the ground that Plaintiff had clearly "ratified," and therefore was "bound by," the terms of the Retention Agreements. (*See* Doc. No. 44, Ex. 1 (Summary Judgment Order in the Bank Actions).) In October 2015, Plaintiff withdrew "with prejudice" its then-pending appeal of that order. (*See* Doc. No. 94 at 3–4 (Stipulation Withdrawing Appeals With Prejudice) (the "Stipulation").)

Meanwhile, on October 24, 2013, Plaintiff initiated this action against Defendants for legal malpractice in federal district court in Kansas by filing an initial complaint. (Doc. No. 1.) In August 2014, this action was transferred to this District, and assigned to my docket. (Doc. No. 34.)

Plaintiff's initial complaint alleged that Defendants committed malpractice when they failed to advise Plaintiff about the unfavorable fee terms contained in the Retention Agreements, pursuant to which the Banks stood to recover substantially greater fees for their services if Plaintiff were acquired than if it remained independent (the "Fee Malpractice Claim"). (Doc. No. 1; *see also* Am. Compl. ¶¶ 3–4, 44 (also alleging the Fee Malpractice Claim).)

On December 18, 2013, Wachtell filed a parallel action against Plaintiff and Icahn in New York State Supreme Court, seeking, among other things, a declaratory judgment that "its representation of [Plaintiff] was consistent with the standards of the legal profession and did not cause any loss to [the Company]." (Doc. No. 57, Ex. A (Summons and Complaint in *Wachtell, Lipton, Rosen & Katz v. CVR Energy, Inc.*, No. 654343/13 (N.Y. Sup. Ct., filed Dec. 18, 2013)) (the "State Action").) The State Action was designated as related to the Bank Actions and therefore was also assigned to Justice Sherwood. (*See* Doc. No. 66 at 3.) On November 10, 2014, Plaintiff filed an answer in the State Action, along with a counterclaim against Wachtell for legal malpractice, which is essentially identical to Plaintiff's Fee Malpractice Claim in this case. (*Compare* Doc. No. 84, Ex. A (Pl. Answer and Counterclaim filed in the State Action) (the "Counterclaim"), *with* Am. Compl.)

On December 29, 2014, this Court denied Defendants' motion to dismiss or stay this case on abstention grounds in light of the parallel State Action. (Doc. No. 66.) The Court reasoned that, although its decision "will undoubtedly result in two courts considering the same action at the same time," "principles of *res judicata* and collateral estoppel" should be able to effectively address the "risk of duplicative litigation" and "inconsistent outcomes" between this litigation and the State Action. (*Id.* at 9, 6.) On February 20, 2015, Plaintiff filed the Amended Complaint. (Doc. No. 75.) In addition to the Fee Malpractice Claim, the Amended Complaint alleges that Defendants also committed malpractice when they caused Plaintiff to state in its SEC Filings that the fee terms under

3

the Retention Agreements were "customary," when in fact they were not (the "SEC Malpractice Claim"). (*See* Am. Compl. ¶¶ 30, 38.) Specifically, the Amended Complaint alleges that Defendants' professional negligence in this respect "created the substantial risk that the SEC would initiate an investigation into the adequacy and sufficiency of the disclosures regarding the fee terms . . . and the considerable risk that government enforcement action would be taken against" Plaintiff. (*Id.* ¶ 49(j); *see also id.* ¶¶ 43–44 (asserting that, in 2014, "the SEC initiated an investigation" of Plaintiff concerning the adequacy of its disclosures in the SEC Filings that is ongoing).)

On February 24, 2015 – just four days after the Amended Complaint in this case was filed – Justice Sherwood granted Wachtell's motion to dismiss Plaintiff's Counterclaim in the State Action for failure to state a claim and on collateral estoppel grounds. (*See* Def. Mem. at 5 (citing *Wachtell, Lipton, Rosen & Katz v. CVR Energy, Inc.*, No. 654343/13, 2015 WL 782636 (N.Y. Sup. Ct. Feb. 24, 2015)) (the "February 24 Order").) Specifically, Justice Sherwood held that, under principles of collateral estoppel, his finding that Plaintiff had ratified the Retention Agreements in the Summary Judgment Order in the Bank Actions precluded Plaintiff from establishing the causation element of its malpractice Counterclaim in the State Action. (*See* February 24 Order.)

On April 10, 2015, in light of Justice Sherwood's February 24 Order, Defendants in this action moved to dismiss the Amended Complaint on the ground that Plaintiff's claims are precluded by principles of *res judicata*; with respect to the SEC Malpractice Claim, Defendants also seek dismissal on the alternate ground that the claim is time-barred. Defendants' motion was fully briefed as of May 22, 2015. (Doc. Nos. 82, 89–90.)

II. LEGAL STANDARD

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *ATSI Commc'ns*, 493 F.3d at 98. To survive a Rule 12(b)(6) motion, a complaint

must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). By contrast, a pleading that only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). If a plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

Moreover, "[a] court may consider a *res judicata* defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498–99 (2d Cir. 2014) (citing *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992) ("[W]hen all relevant facts are shown by the court's own records, of which the court takes notice, the defense [of *res judicata*] may be upheld on a Rule 12(b)(6) motion.")); *see also Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000) ("Dismissal under [Rule 12(b)(6)] is appropriate when a defendant raises claim preclusion . . . as an affirmative defense and it is clear from the face of the complaint, and matters of which the court make take judicial notice, that the plaintiff's claims are barred as a matter of law." (citing examples)).

III. DISCUSSION

There is no dispute that New York law applies to Defendants' *res judicata* defense. *See Giannone v. York Tape & Label, Inc.*, 548 F.3d 191, 192–93 (2d Cir. 2008) ("When determining the effect of a state court judgment, federal courts . . . are required to apply the preclusion law of the rendering state." (alteration and citation omitted)). "Under both New York law and federal law, the doctrine of *res judicata*, or claim preclusion, provides that a final judgment on the merits of an action

5

precludes the parties from relitigating issues that were or could have been raised in that action." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins., Co.*, 600 F.3d 190, 195 (2d Cir. 2010) (alterations and citations omitted). "[A] state court judgment has the same preclusive effect in federal court as the judgment would have had in state court." *Burka v. N.Y.C. Transit Auth.*, 32 F.3d 654, 657 (2d Cir. 1994) (citation omitted). To establish that a subsequent action is barred on *res judicata* grounds, "a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the [same] parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V.*, 809 F.3d 737, 745 (2d Cir. 2016) (alterations omitted) (quoting *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001)). "The burden is on the party seeking to invoke *res judicata* to prove that the doctrine bars the second action." *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 126 F.3d 365, 369 (2d Cir. 1997). Here, while the parties do not seriously dispute the second element, Plaintiff argues that Defendants have failed to establish the first and third elements of their *res judicata* defense. The Court will address each disputed element in turn.

A. Adjudication on the Merits

As an initial matter, Plaintiff argues in its opposition brief that the February 24 Order is not an adjudication on the merits for *res judicata* purposes because it is based on an underlying order that is still pending appeal in New York's Appellate Division. (*See* Pl. Opp. at 9–10.) Under New York and federal law, however, it is well established that, absent exceptional circumstances not applicable here, "the pendency of an appeal does not deprive a challenged judgment of preclusive effect." *Arnold v. Beth Abraham Health Servs., Inc.*, No. 09-cv-6049 (DLC), 2009 WL 5171736, at *4 (S.D.N.Y. Dec. 30, 2009) (citations omitted), *aff'd on other grounds sub nom. Arnold v. 1199 SEIU*, 420 F. App'x 48 (2d Cir. 2011); *see also DiSorbo v. Hoy*, 343 F.3d 172, 183 (2d Cir. 2003) ("Under New York law, the mere pendency of an appeal does not prevent the use of the challenged

judgment as the basis of collaterally estopping a party to that judgment in a second proceeding." (citation omitted)); *Petrella v. Siegel*, 843 F.2d 87, 90 (2d Cir. 1988) ("[T]he determination of the state supreme court that under New York law [plaintiff] did not resign is entitled to *res judicata* effect, even though the city may be appealing that determination."); *Chevron Corp. v. Donziger*, 886 F. Supp. 2d 235, 270 (S.D.N.Y. 2012) ("The better view, and that applied in New York and in the federal courts, is that a judgment otherwise final remains so despite the taking of an appeal." (citation omitted)); *In the Matter of Amica Mut. Ins. Co.*, 85 A.D.2d 727, 728 (N.Y. App. Div. 1981) ("The rule in New York, unlike that in other jurisdictions, is that the mere pendency of an appeal does not prevent the use of the challenged judgment as the basis of collaterally estopping a party to that judgment in a second proceeding." (citation omitted)). Accordingly, the Court rejects Plaintiff's argument that Justice Sherwood's February 24 Order fails to satisfy the first *res judicata* requirement simply because it is based on an underlying order that is currently pending appeal. In any event, Plaintiff's argument on this point is now moot, since Plaintiff withdrew that appeal in October 2015. (*See* Stipulation.)

Nevertheless, Plaintiff still argues that the February 24 Order fails to meet the first requirement for a *res judicata* defense because it did not actually reach the merits of Plaintiff's legal malpractice claims. (*E.g.*, Pl. Opp. at 11 ("[p]reclusive effect is . . . not warranted because the issue of the quality of [Wachtell's] services . . . has never been actually fully litigated").) However, this argument "that *res judicata* does not apply because judgment in the state proceeding was [not] . . . on the merits is . . . unavailing" because "[r]es judicata does not require that the precluded claim actually have been litigated; its concern, rather, is that the losing party had a full and fair *opportunity* to litigate the claim." *Kampfman v. Transamerica Fin. Servs. Co. of Ohio*, 164 F.3d 618, 618 (2d Cir. 1998). That is why, for example, "it has long been the law that default judgments can *support res judicata* as surely as judgments on the merits." *EDP Med. Comput. Sys., Inc. v. United States*,

480 F.3d 621, 626 (2d Cir. 2007); *see also Fried v. LVI Servs., Inc.*, 557 F. App'x 61, 64 (2d Cir. 2014) (rejecting plaintiff's contention that a prior state court action in New York did not have *res judicata* effect on subsequent federal action where "there ha[d] yet to be a full adjudication on the merits of [his] . . . claims" because "that is not required for *res judicata* under federal law").

"'Whether a state court judgment was . . . on a case's merits" for *res judicata* purposes "is determined by the rendering state's law.'" *DDR Const. Servs., Inc. v. Siemens Indus., Inc.*, 770 F. Supp. 2d 627, 647 (S.D.N.Y. 2011) (quoting *Cloverleaf Realty of N.Y., Inc. v. Town of Wawayanda*, 572 F.3d 93, 95 (2d Cir. 2009) ("Federal courts must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.")). Under New York law, "a dismissal pursuant to N.Y. C.P.L.R. 3211(a)(7)" for "failure to state a cause of action" is generally considered "not on a case's merits," and therefore "lacks *res judicata* effect." *Id.* (citing examples). However, New York courts usually do not apply this rule where a dismissal "was not merely because of technical pleading defects." *Feigen v. Advance Capital Mgmt. Corp.*, 146 A.D.2d 556, 558 (N.Y. App. Div. 1989); *see Strange v. Montefiore Hosp. & Med. Ctr.*, 59 N.Y.2d 737, 739 (1983) ("the prior judgment [need not] contain the precise words 'on the merits' in order to be given *res judicata* effect; it suffices that it appears from the judgment that the dismissal was on the merits"). Moreover, the rule may not apply if a complaint is dismissed on more than one ground (as opposed to just § 3211(a)(7)). *See, e.g., DDR Const. Servs., Inc.*, 770 F. Supp. 2d at 647–48.

Having reviewed the February 24 Order, the Court finds that Justice Sherwood's dismissal of Plaintiff's Counterclaim in the State Action was on the merits for *res judicata* purposes. Significantly, the February 24 Order expressly states that the dismissal of Plaintiff's Counterclaim is based on two grounds under CPLR § 3211(a) – collateral estoppel pursuant to § 3211(a)(5) and "fail[ure] to state a cause of action" pursuant to § 3211(a)(7). Specifically, Justice Sherwood found

8

that Plaintiff's Counterclaim failed because the state court's prior ratification ruling in the Bank Actions effectively precluded Plaintiff from ever establishing that Wachtell's "malpractice *caused* [Plaintiff] to enter into th[e] [Retention] [A]greements." (February 24 Order at 5.) Thus, because Justice Sherwood already determined in the Bank Actions that Plaintiff could not establish proximate causation – a necessary element of a malpractice claim – he found that Plaintiff was collaterally estopped from asserting such a claim in the State Action and therefore dismissed Plaintiff's Counterclaim. (*See id.*) In light of these reasons for the dismissal, the Court concludes that the February 24 Order is a merits decision for purposes of satisfying the first requirement of Defendants' *res judicata* defense. *Cf. Grant v. Aurora Loan Servs.*, 88 A.D.3d 949, 950 (N.Y. App. Div. 2011) (finding that dismissal pursuant to § 3211(a)(7) barred subsequent action because the material facts were undisputed and established that plaintiff had no "cause of action"); *Feigen*, 146 A.D.2d at 558–59 (plaintiffs were "precluded by *res judicata* from repleading" their claims in light of trial court's prior decision "that plaintiffs could not assert viable claims against the . . . defendants arising out of the facts and transactions set forth in the original complaint"); *Flynn v. Sinclair Oil Corp.*, 20 A.D.2d 636, 636–37 (N.Y. App. Div. 1964) (concluding that "this second action is barred on the ground of *res judicata*" because the "plaintiff's complaint is virtually identical to one previously dismissed for failure to state a cause of action").

B. Subsequent Claims Raised in Prior Action

The Court next turns to the third and final requirement that must be met for Defendants to prevail on their *res judicata* defense – namely, that the claims asserted in this action were or could have been raised in the prior State Action. Plaintiff argues that it should not be precluded from litigating its legal malpractice claims before this Court as a result of the February 24 Order because that order "did not resolve the propriety of Wachtell's representation of [Plaintiff] as a whole, let alone [Wachtell's] specific representation regarding the SEC Form[s]." (Pl. Opp. at 19.) However,

9

whether or not Plaintiff's exact claims were previously resolved in the State Action is irrelevant under New York's *res judicata* analysis. *See Bayer v. City of New York*, 115 A.D.3d 897, 898 (N.Y. App. Div. 2014) ("The fact that causes of action may be stated separately, invoke different legal theories, or seek different relief will not permit relitigation of claims."). Rather, the relevant inquiry is whether claims were *or could have been* raised by the plaintiff in the prior action. *See id.* ("[T]he doctrine of *res judicata* operates to preclude the renewal of issues actually litigated and resolved in a prior proceeding as well as claims for different relief which arise out of the same factual grouping or transaction and which should have or could have been resolved in the prior proceeding." (citation omitted)); *see also Dillard v. Henderson*, 43 F. Supp. 2d 367, 369 (S.D.N.Y. 1999) ("Preclusive effect extends not only 'to every matter which was offered and received to sustain or defeat the claim or demand, but [also] to any other admissible matter which might have been offered for that purpose.'" (quoting *Nevada v. United States*, 463 U.S. 110, 130 (1983))). In determining whether claims asserted in a subsequent litigation "were, or could have been, raised in a prior proceeding, [New York] courts look to whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second [action] were present in the first." *Gianatasio v. D'Agostino*, 862 F. Supp. 2d 343, 348 (S.D.N.Y. 2012) (citation omitted); *see also Linden Airport Mgmt. Corp. v. N.Y.C. Econ. Dev. Corp.*, No. 08-cv-3810 (RJS), 2011 WL 2226625, at *5 (S.D.N.Y. June 1, 2011) ("New York courts apply a 'pragmatic' test . . . , examining 'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" (quoting *Chen v. Fischer*, 6 N.Y.3d 94, 100–01 (2005))); *Seavey v. Chrysler Corp.*, 930 F. Supp. 103, 106 (S.D.N.Y. 1996) (*res judicata* operates as a bar to "all other claims arising out of the same transaction or series of transactions . . . , even if based upon different theories or if seeking a different remedy" (quoting *O'Brien v.*

*Syracuse*, 54 N.Y.2d 353, 357 (1981))); *Smith v. Russell Sage Coll.*, 54 N.Y.2d 185, 192 (1981) (under *res judicata*, a prior action bars subsequent litigation "even if there are variations in the facts alleged" in each case; "[t]his holds true even when several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts or would call for different measures of liability or different kinds of relief" (citation omitted)).

Here, the claims asserted in the Amended Complaint arise out of the same set of facts underlying Plaintiff's Counterclaim in the State Action. Plaintiff's claims in both proceedings are for legal malpractice that Defendants allegedly committed during their representation of Plaintiff in February through May 2012 relating to Icahn's efforts to acquire the Company through a tender offer. In fact, Plaintiff barely disputes that the Fee Malpractice Claim in this action is essentially identical to its Counterclaim in the State Action. (*Compare* Am. Compl. ¶¶ 49(a)–(i), *with* Counterclaim.) Accordingly, since the Fee Malpractice Claim was also asserted in the State Action, the Court finds that the third *res judicata* requirement is clearly satisfied with respect to that claim.

Moreover, although the SEC Malpractice Claim was asserted for the first time in the Amended Complaint, this claim and Plaintiff's Counterclaim in the State Action clearly "arise out of the same" attorney-client relationship. *Bayer*, 115 A.D.3d at 898. The former is simply another concrete example of the alleged malpractice Defendants committed during their representation of Plaintiff. *See, e.g., Rafter v. Liddle*, 704 F. Supp. 2d 370, 376 (S.D.N.Y. 2010) (subsequent litigation alleging new malpractice claims was barred on *res judicata* grounds, even though the new claims involved conduct that occurred three years after the conduct at issue in the prior action, since both suits arose from defendant's legal representation in an underlying case); *D.A. Elia Const. Corp. v. Damon & Morey, LLP*, 389 B.R. 314, 319 (W.D.N.Y. 2008) (subsequent federal action involved the same "nucleus of operative facts" as prior state case, since "[b]oth . . . challenge[d] the quality of legal services rendered by [the defendant] as debtor's counsel" in a bankruptcy proceeding), *aff'd*,

11

394 F. App'x 769 (2d Cir. 2010); *Harley v. Hawkins*, 281 A.D.2d 593, 594 (N.Y. App. Div. 2001) (since "plaintiff's new allegations arise from the same attorney-client relationship that was the subject of the previously-dismissed complaint," "there can be no question that the plaintiff could have and should have pleaded them in the first complaint").

Indeed, it is worth noting that, contrary to Plaintiff's assertions, the SEC Malpractice Claim existed at the time that Plaintiff filed its Counterclaim in the State Action and therefore could have been asserted in that very pleading. Under New York law, "[i]t is well settled that a claim for legal malpractice accrues as of the date of the malpractice complained of or, if the attorney-client relationship has continued, as of the date when that relationship terminates." *Johnston v. Raskin*, 193 A.D.2d 786, 787 (N.Y. App. Div. 1993). When a plaintiff actually discovers the malpractice is irrelevant to the analysis. *McCoy v. Feinman*, 99 N.Y.2d 295, 301 (2002) ("A legal malpractice claim accrues . . . when the malpractice was committed, not when the client discovered it." (citation omitted)). Here, the SEC Malpractice Claim arose as early as March 1, 2012, when Plaintiff filed the first of the two SEC Forms at issue (Am. Compl. ¶ 30); at the latest, the claim arose by the end of May 2012, when Defendants' representation of Plaintiff ended (*id.* ¶ 42). In any event, the claim existed as of November 10, 2014, when Plaintiff filed the Counterclaim in the State Action. Thus, because the SEC Malpractice Claim "arise[s] out of the same factual grouping or transaction" as, and existed at the time of, the Counterclaim, the Court concludes that Plaintiff could have raised this claim as part of its pleading in the State Action, *Bayer*, 115 A.D.3d at 898, and that therefore, this claim also satisfies the third requirement for a *res judicata* defense.

Accordingly, the Court finds that Plaintiff's claims in this action are barred by principles of *res judicata*.[2]

---

[2] Because the Court finds that the SEC Malpractice Claim is barred on *res judicata* grounds, the Court does not reach Defendants' alternate argument that this claim should be dismissed as time-barred.

IV. CONCLUSION

For the reasons set forth above, the Court finds that Defendants have established all three elements of a *res judicata* defense, and that, therefore, this action is precluded by Justice Sherwood's February 24 Order in the State Action. Accordingly, IT IS HEREBY ORDERED THAT the Amended Complaint is dismissed on *res judicata* grounds. The Clerk of the Court is respectfully directed to terminate the motion pending at docket entry 82 and to close this case.

SO ORDERED.

Dated:   March 29, 2016
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-29-16