# Letters to Court

# Tab 1

**COURTESY COPY**

February 1, 2018

Hon. Richard J. Sullivan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:     *CVR Energy, Inc. v. Wachtell, Lipton, Rosen, & Katz, et al.*, No. 14-cv-06566 (S.D.N.Y.)

Dear Judge Sullivan,

This is a pre-motion letter submitted under Rule 2.G of Your Honor's Individual Rules. Following the Court's December 11, 2017 order (referenced below), counsel spoke by telephone regarding the matters at issue for 45 minutes at 2:00 p.m. on January 19 (with Vincent Levy and Herbert Beigel participating).

**Defendants' Position**

This Court's September 19, 2017 scheduling order set October 4, 2017 as the deadline for service of supplemental document requests and January 17, 2018 as the deadline for all fact discovery, including the production of documents and subsequent fact witness depositions. Dkt No. 114. In accordance with that order, defendant Wachtell Lipton served a second set of document requests on plaintiff CVR and its controlling stockholders, Carl Icahn and Icahn Enterprises, L.P. (collectively, "Icahn"), on October 4, 2017. By December 1, however, CVR and Icahn, which are represented by the same counsel, had produced only two documents and rejected Wachtell Lipton's proposed search protocol without providing a reasonable alternative. And, in violation of Fed. Rule Civ. P. 34(b)(2)(B), neither CVR nor Icahn had provided a date certain by which their production of responsive documents would be complete.

On December 8, Wachtell Lipton sought the Court's intervention. Dkt No. 116. By pre-motion letter, it asked the Court to order CVR and Icahn to produce all non-privileged documents responsive to its second set of document requests, as identified by the search protocol it had proposed to them on October 26, as well as a log of any documents claimed as privileged. Wachtell Lipton also asked the Court to order a date range of January 1, 2012 to May 15, 2017 for the search because CVR's amended complaint alleges negligence by Wachtell Lipton during its representation of CVR, which began in January 2012, and damages stemming from litigation and other proceedings, which ended in early 2017. (Wachtell Lipton asked the Court to order Icahn to apply a modified date range beginning on May 1, 2012 because Icahn did not become CVR's controlling stockholder until May 2012.) Wachtell Lipton also asked the Court to order CVR to produce a revised privilege log for the documents it had produced in response to Wachtell Lipton's first set of document requests because the original log's descriptions of the withheld documents were facially inadequate.

In response, CVR and Icahn's counsel told the Court that "much of what [defendants] are seeking would soon be produced (assuming it exists), or has already been produced" and stated that he was willing to meet and confer with Wachtell Lipton's counsel. Dkt No. 117.

On December 11, the Court ordered the parties to meet and confer, which they did. Thereafter, in a final effort to reach a compromise, Wachtell Lipton sent CVR and Icahn a revised protocol including 28 tailored sets of search terms, as well as a pre-motion letter again seeking a Court order that they produce documents responsive to its second set of document requests and compliant privilege logs.  In response, CVR and Icahn agreed to use Wachtell Lipton's revised protocol to identify a review set of potentially responsive documents and to produce responsive documents found in that review set, as well as compliant privilege logs, by January 31.  CVR and Icahn reserved its rights as to only two aspects of the revised protocol: (1) They did not agree to include CVR's counsel in the SEC investigation, Herbert Beigel, as a custodian; (2) They did not agree to search for documents going back to 2012, but only back to October 24, 2013, the date CVR filed this action.  Their agreement to search the review set proposed in the revised search protocol was otherwise unconditional.

Wachtell Lipton reserved its rights with respect to the two deviations from its proposed search protocol.  Satisfied, however, that a partial compromise had been reached, Wachtell Lipton informed CVR and Icahn that it would not oppose their proposed request for an extension of the schedule to give CVR and Icahn time to carry out the terms of the agreement and to give the parties more time to try to resolve the two remaining points of dispute.

The next day, December 19, CVR and Icahn's counsel informed the Court that the parties' meet-and-confer discussions had "obviat[ed] the need for the Court's assistance at the present time" and that "[t]he parties' resolution includes, *inter alia*, Plaintiff's agreement to run numerous electronic searches for additional documents concerning the amended complaint's new allegations, and to review and produce non-privileged responsive documents by January 31, 2018 (at which point further depositions can be taken)."  Dkt No.119.  The Court ordered a new schedule extending CVR and Icahn's time to produce documents until January 31.  Dkt No. 123.

In January, CVR and Icahn's counsel sent Wachtell Lipton hit reports for the agreed-upon search protocol, as narrowed by modifications Wachtell Lipton agreed to on January 12 after receiving the initial reports.  It is unclear to what extent, if any, the final hit reports are de-duplicated, but they show the protocol as identifying between 80,000 and 100,000 potentially responsive documents in CVR's files and 280,000 such documents in Icahn's files.  Those numbers do not include any documents in the files of Edward Gross, CVR's general counsel at the time of Wachtell Lipton's representation and a key witness in this matter.  That is because CVR informed Wachtell Lipton in January that it had deleted his entire e-mail account after he retired in 2014, despite the pendency of this matter and the obvious relevance of his files.

Yet, as of January 31, CVR and Icahn have produced only 159 documents in response to Wachtell Lipton's second request for documents and have declared their production complete. Notwithstanding their undertaking to do so, CVR and Icahn have declared that they will not review the documents identified by the agreed-to search protocol because, in their view, the number of those documents is too big.  They have neither supported their assertion—through, for example, the results of random sampling or otherwise—nor have they proposed reasonable revisions to the protocols they previously approved.  Rather, they have informed Wachtell Lipton that they reviewed a subset of documents, of their own choosing and of unknown number,  and that any responsive documents they have withheld are—in their view—irrelevant, privileged, or

both.  They have further declared that they will not produce a privilege log at all in response to Wachtell Lipton's second set of document requests, or revise the non-compliant privilege log CVR produced in response to Wachtell Lipton's first set of document requests.

CVR and Icahn's production of only 159 documents in response to Wachtell Lipton's second set of discovery requests is deficient on its face, given the number of potentially responsive documents identified in the hit reports.  It is also inconsistent with their commitment to run the agreed searches and to produce responsive documents they generated.  CVR claims damages of at least $45 million.  Having decided to sue Wachtell Lipton for tens of millions of dollars, CVR and Icahn should be required to provide robust discovery of all relevant evidence.

Furthermore, CVR has no legal basis to refuse to apply the search protocol to the files of Herbert Beigel, who it acknowledges was its counsel in the SEC investigation for which it seeks damages from Wachtell Lipton.  CVR's only excuse is that Beigel is a non-party, but that does not change the fact that his files contain relevant documents over which CVR has control.  Nor do CVR and Icahn have a legal basis to refuse to search their files for responsive documents in the period before CVR filed this suit.  CVR's amended complaint includes new allegations of negligence occurring in that period, *see* Am. Compl. (Dkt No. 75) ¶¶ 7, 49, 50, and Wachtell Lipton's first set of document requests and CVR's prior document productions were made before CVR amended its complaint.  Additional discovery of that period is therefore justified.

Accordingly, Wachtell Lipton asks the Court to order CVR and Icahn to (1) review the documents identified by the protocol they agreed to on December 18 (as modified on January 12), using a date range of January 1, 2012 to May 15, 2017 for CVR and May 1, 2012 to May 15, 2017 for Icahn; (2) produce all non-privileged documents responsive to Wachtell Lipton's second set of document requests, whether those documents are "relevant" in CVR and Icahn's view or not; and (3) produce a log of all documents claimed as privileged.

Wachtell Lipton also asks the Court to order CVR to produce a privilege log for its production in response to Wachtell Lipton's first set of document requests that complies with Local Rule 26.2, as CVR agreed to do in December.  Consistent with the Local Rule 26.2, CVR should be required to identify for each entry "the nature of the privilege (including work product) which is being claimed" as well as "the general subject matter of the document."

### Plaintiff's and Icahn's Position

Defendants' pre-motion letter concerns document demands, and related electronic-search-terms, that are manifestly unreasonable, if not unprecedented, as the requests involve a blunderbuss exercise deigned to put CVR and a non-party (Icahn) to a completely unnecessary burden, seeking documents that are irrelevant and insisting on a useless and expensive exercise of no relation to the pending action.  In short, they demand documents that post-date the commencement of this litigation by ***four years***, and insist upon the running of many search terms which we repeatedly cautioned were way overbroad, both as to the terms themselves and, even worse, a time period in which there is no good reason to believe that any relevant, non-privileged documents, even exist (and none do exist).  Moreover, they make such demands while refusing to produce any such post-litigation documents themselves on the sole relevant issue:

communications with the SEC, which we freely produced, despite the fact they post-date the commencement and amendment of this action.

It turns out our fears about their desired search terms were correct, because after running them – which is itself a burdensome task requiring the collection of ***over two million documents, resulting in approximately 400,000 "hits,"*** that has consumed many hours and an anticipated expense of over $100,000 to an outside vendor.  Having examined, and continuing to examine, a representative sampling of the  "hits" generated, we have not found a single relevant non-privileged document (other than the communications between Mr. Beigel and the SEC during the investigation, which were already produced last month).  Defendants were apprised of this and sent the search "hit" reports as they were received, but they refused to recognize that their search terms were still extremely overbroad, despite some (obviously insufficient) modifications they unilaterally made to them.  Regardless, we cannot emphasize too strongly that Defendants' requests seek documents that simply do not exist or are otherwise not relevant or are subject to attorney-client and work-product privilege/protections.

Rule 26 of the Federal Rules of Civil Procedure does not require more than a reasonable search and we never agreed to waive any rights and do more than required.  Accordingly, Defendants' claim that our "agreement to search the review set proposed in the revised search protocol was otherwise unconditional" is false.  Their attempt to require the review of hundreds of thousands of documents that we already know from a random check are not relevant is unreasonable, and Defendants surely know this.  Defendants' conduct and their proposed motion are merely a disingenuous form of harassment.

More specifically, Defendants purport to seek documents that concern the additional allegations appearing in Plaintiff's amended complaint.  Those additional allegations concern the SEC's investigation of CVR concerning certain SEC Form 14D-9 disclosures, which Wachtell drafted in 2012 (before the Icahn tender was completed) and on whom CVR relied.  Before the complaint was amended, CVR had already produced (in 2014) all documents concerning those forms and Wachtell's role in drafting them.  And, although CVR and Icahn (which was not even a subject of the investigation) objected to producing documents after this litigation was commenced in October 2013, they nonetheless agreed in December to produce, ***and already have produced***, *all* (i) post-October 2013 communications and other documents exchanged with the SEC in connection with its investigation and the cease-and-desist order that ultimately followed in 2017, and (ii) communications concerning CVR's settlement of the underlying litigation with Goldman, Sachs & Co. and Deutsche Bank.  While Mr. Beigel's role in representing CVR in the investigation was limited to a short period of time at the conclusion of the investigation, Fried Frank, original counsel for CVR, produced (pursuant to Defendants' subpoena) 400,000 pages of documents.  That production was made at Defendants' (unreasonable) insistence, despite the fact that they had already received nearly all of them in 2014 from Mr. Beigel – and at enormous cost of hundreds of thousand dollars of billable time, all because Wachtell, disingenuously, was claiming to be interested solely whether the very substantial amount Fried Frank charged CVR for representing it in the litigation was reasonable.

Dissatisfied with the massive amount of documents they have already received, Defendants now vexatiously insist on demanding that CVR and Icahn review all of the results of

their overly broad search terms in order to find something that surely does not exist: the proverbial "needle-in-a-haystack" which they desperately hope will exonerate their failures in connection with the Forms 14D-9.  But, they have provided no reason for anyone to believe such a document exists, and there is none.

While our review of the documents is continuing, and will very likely generate nothing discoverable, neither CVR nor Icahn should be required to do more than they have already done: reviewed (as of the date of this letter) a representative sampling of 5000 e-mails/documents where the search terms produced 500 or less "hits", and a random, representative sampling of the search terms results that resulted in over 500 "hits" per custodian, which comprises approximately 10,000 e-mails, not including attachments.  Notably, thus far, not a single relevant non- privileged document has surfaced, which is no surprise because there are simply no non-privileged documents regarding the SEC investigation or the settlement with the investment banks that have not already been produced.

Lastly, consistent with our objections to producing any documents that post-date the commencement of the litigation, neither CVR nor Icahn should be required to log privileged documents from the post-litigation time period, as substantial case precedent confirms; in other words, its generous agreement to produce all of its communications with the SEC and the banks was not some waiver of its objections.  That objection is consistent with normal practice in federal court and applicable case law, and indeed, even Defendants have interposed it here.  But, unlike CVR and Icahn, Defendants are refusing (disingenuously) to produce their own communications with the SEC concerning the investigation (or any other documents from after the time the litigation was commenced).  Indeed, in addition to withholding such documents (and others) their lead counsel/firm has even refused to identify who represented Wachtell before the SEC.

We respectfully suggest that any motion to compel filed by Wachtell is destined to involve a waste of judicial and party resources, and will fail to further a just adjudication of the merits of Plaintiff's claims.  The discovery rules were not designed to permit a party to engage in rank harassment, and, sadly, Wachtell and their lawyers have done just that.

Respectfully submitted,

/s/ Vincent Levy                                    /s/ Herbert Beigel

# Tab 2

# HOLWELL SHUSTER & GOLDBERG LLP

*750 Seventh Avenue, 26th Floor*
*New York, New York 10019*
*Tel:  (646) 837-5151*
*Fax: (646) 837-5150*
*www.hsgllp.com*

February 8, 2018

The Honorable Richard J. Sullivan
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

   Re: *CVR Energy, Inc.,* v. *Wachtell, Lipton, Rosen & Katz, et al.,* 1:14-cv-06566-RJS

Dear Judge Sullivan:

  We are counsel to defendants and write regarding the schedule in this referenced action. *See* Individual Rule I.C.

  By order dated September 19, 2017, this Court set October 4, 2017 as the deadline for service of initial supplemental document discovery demands and January 17, 2018 as the deadline for fact discovery in the action. Dkt No. 114.  On October 4, defendants timely served their document requests.  By early-December 2017, however, plaintiff CVR had produced only two documents and indicated that it had not even begun to run the necessary searches.  In response to defendants' raising these issues with the Court by pre-motion letter, CVR undertook to search its files according to a series of agreed search terms and to produce responsive non-privileged documents generated by that search.  But CVR stated that it would be unable to produce documents at or even close to the Court's deadline.  CVR also was unable to make its witnesses available for deposition within the prescribed fact discovery period.  CVR thus requested an extension of the time to produce documents until January 31, 2018 and an extension of the time to complete fact depositions until March 30, 2018.  The Court granted CVR's request. Dkt No. 123.

  Having secured these extended deadlines, however, CVR has failed to meet them.  As set forth in the February 1 pre-motion letter defendants submitted to the Court, plaintiff and its controlling stockholders, Carl Icahn and Icahn Enterprises, L.P., decided not to run the agreed searches and produce the responsive documents they generated.  Instead they have reviewed only a subset of documents in the agreed search set — a subset of their own choosing and of unknown number.  As a result, as of the new document discovery deadline of January 31, CVR had produced only 159 additional documents.  Defendants have sought the Court's intervention with respect to CVR's failure to meet the discovery obligations it agreed to in December, and the Court has scheduled a conference to address the dispute on February 16. Dkt Nos. 131, 132.

  CVR has also undermined the Court-ordered schedule regarding depositions.  The schedule, extended as CVR requested, anticipated that depositions would take place between February 1 and March 30, 2018.  But CVR has declared that it is unwilling to schedule any deposition, for any party or any non-party, at any time before the second week of March.  CVR has also declared that nearly all Mondays in the remainder of March are off-limits for

depositions.  CVR justifies this position on the ground that one of its lawyers is unavailable in February and early March, and is generally unavailable on Mondays, too.

CVR has thus proposed that the two-month deposition period ordered by the Court at CVR's request should be compressed into three weeks and that some 15 witnesses be scheduled for deposition in 16 business days at the end of the fact discovery period.  Defendants believe the deposition schedule CVR now insists on is both prejudicial and impractical (given the need to coordinate the schedule of persons other than the one CVR lawyer).

To accommodate CVR's scheduling demands, defendants proposed that CVR seek a further extension that would restore to the deposition calendar the time CVR unilaterally lopped off.  Counsel to CVR agreed to such an extension but refused to be the party that requested it.

Accordingly, for the sake of the orderly completion of fact discovery, and to avoid further prejudice to defendants from plaintiff's failure to conduct appropriate document and testimonial discovery, we request that the Court extend the period for fact discovery by four weeks to April 30.  Counsel to CVR has stated that it does not oppose the extension.

Enclosed is a proposed revised scheduling order, as the requested extension would affect other deadlines.  This is defendants' second request to modify the schedule since the amended complaint was filed in February 2015, and the fourth request for modification by either party since the commencement of the action; all prior requests for modification have been granted. *See* Individual Rule 1.C.


Respectfully submitted,

/s/ Vincent Levy


cc:    Counsel of record

# Tab 3

LAW OFFICES OF
HERBERT BEIGEL

38327 S. Arroyo Way
Tucson, Arizona 85739

Office: 520-825-1995
Cellular: 520-869-5836
Facsimile: 520-844-6215
E-mail: hbeigel@gmail.com

767 Fifth Avenue #4700
New York, New York 10153

Herbert Beigel admitted:
Arizona, New York
District of Columbia
Illinois

**Via S.D.N.Y. E-Filing and E-mail**                    February 9, 2018

The Honorable Richard J. Sullivan
U.S. District Court for the S.D.N.Y.
40 Foley Square
New York, New York 10007

### Re:  *CVR Energy, Inc. v. Wachtell, Lipton, Rosen & Katz et al. (No. 14-cv-06566)*

Dear Judge Sullivan:

On behalf of Plaintiff CVR Energy Inc. ("CVR"), I write to respond briefly to last evening's letter from Defendants (collectively, "Wachtell"), which seeks another extension of the discovery schedule.

While it is true that CVR is not objecting to the extension request, we do object strongly to Wachtell's disingenuous mischaracterizations of the reasons behind it and look forward to discussing it at next Friday's conference.  In short, we did not think an extension was actually necessary, but generously accommodated them, and Wachtell has only itself to blame for any lack of progress during discovery.

More specifically, in addition to refusing to search for and produce certain key documents CVR has requested, Wachtell has consistently failed to offer or accept in a timely manner, if at all, proposed deposition dates.  Its purported reason for that failure – that it supposedly still awaits documents from CVR – is nonsense; especially its refusal to go forward with our deposition of Defendant Andrew Brownstein on March 8, a date previously agreed to, whose testimony will only concern events in 2012, for which document discovery was concluded in 2014.  Moreover, contrary to their letter, we did agree to (two) Monday depositions in March.

As we will further explain next Friday, CVR believes that its document production was completed by January 31, and so there is no reason for Wachtell to schedule depositions after March 31 based on some hope of receiving more documents.  Wachtell should know that there are simply no more documents to produce, and it has previously received 250,000 documents from CVR and Icahn, and another 400,000 documents from Fried Frank.  Moreover, this is the first time we are hearing of the need to take the deposition of fifteen witnesses; and the witnesses it previously noticed for a deposition (other than the undersigned and Fried Frank) have no knowledge of the new (post-complaint-amendment) topics – that is, CVR's settlement with the banks and its dealings with the S.E.C. – and, in any event, it has already received all documents concerning those topics.

Thus, the only reason to delay depositions was that which we previously disclosed to Your Honor on December 19 when seeking an extension through March 31: witnesses' schedules and a three-week trial, in which I am lead counsel for one of the defendants, that began Tuesday in Federal court in

Pittsburgh. Accordingly, Wachtell's complaint that depositions cannot take place this month rings hollow, as it previously agreed to that when we sought the current March 31 fact-discovery deadline – and because, notwithstanding their purported insistence on receiving more documents (which do not exist) before taking more depositions, they are proceeding with depositions in March anyway.

<div style="text-align: center">

Respectfully submitted,

/s/ Herbert Beigel

</div>

cc: Defendants' counsel, via e-filing and e-mail
    Robert R. Viducich, Esq. (co-counsel, via e-filing and e-mail)

# Wachtell Lipton's Document Requests

# Tab 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CVR ENERGY, INC.,

|                     Plaintiff,

v.

WACHTELL, LIPTON, ROSEN & KATZ, et al.,

|                     Defendants.

---

No. 14-cv-6566 (RJS)

**DEFENDANT WACHTELL LIPTON'S FIRST REQUEST FOR PRODUCTION AND INSPECTION OF DOCUMENTS TO CVR**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

WACHTELL, LIPTON, ROSEN & KATZ,

|     Plaintiff,

- against –

CVR ENERGY, INC.; ICAHN ENTERPRISES, L.P.; ICAHN ENTERPRISES HOLDINGS L.P.; and CARL C. ICAHN,

|     Defendants.

---

Index No. 654343/2013

IAS Part 49 (Sherwood, J.)

**PLAINTIFF'S THIRD REQUEST FOR PRODUCTION AND INSPECTION OF DOCUMENTS TO CVR**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure ("FRCP") 26 and 34 and Article 31 of the New York Civil Practice Law and Rules (the "CPLR"), Wachtell, Lipton, Rosen & Katz, by and through its undersigned counsel, hereby requests that CVR Energy, Inc. produce for inspection and copying at the offices of Holwell Shuster & Goldberg LLP or such other place as may be mutually agreed, all documents responsive to this request (the "Requests"), that are within CVR's possession, custody, or control within 30 days of

service or such earlier time upon which the parties agree.  The documents requested for discovery and inspection are to be produced according to the definitions and instructions herein.

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

1.      The applicable definitions and rules of construction set forth in the FRCP, the Local Civil Rules of the U.S. District Court for the Southern District of New York (the "SDNY Rules"), and the CPLR are hereby incorporated by reference.  To the extent there is any conflict between the FRCP and the SDNY Rules, on the one hand, and the CPLR, on the other, the rules requiring broader disclosure shall apply.

2.      "You," "Your," and "CVR" shall mean CVR Energy, Inc., together with any affiliates, subsidiaries, parents, predecessors-in-interest, officers, directors, partners, employees, consultants, attorneys or advisors (including, but not limited to, Herbert Beigel, Edmund Gross and John Walter), agents, and any other natural persons or entities acting or purporting to act on its behalf.

3.      "Any" or "all" shall mean any and all.

4.      The "Bank Engagement Letters" shall mean any of (1) the engagement letters between CVR and Goldman Sachs dated February 15, 2012 and March 21, 2012, and (2) the engagement letters between CVR and Deutsche Bank dated January 23, 2012 and March 23, 2012.

5.      "Communication" shall mean any manner of transmitting or receiving information of any kind, to or from a person, whether oral, electronic, in the form of a document, or otherwise.

6.      "Concerning" shall mean directly or indirectly relating to, referring to, reflecting, describing, evidencing, including, constituting, clarifying, elaborating, explaining, interpreting,

supporting, pertaining to the creation, drafting, development, application and/or meaning of, and/or having anything to do with.

7.      "Deutsche Bank" shall mean Deutsche Bank Securities Inc., together with any affiliates, subsidiaries, parents, predecessors-in-interest, officers, directors, partners, employees, consultants, attorneys or advisors, agents, and any other natural persons or entities acting or purporting to act on its behalf.

8.      "Document" shall include all written, printed, typewritten, electronically stored, recorded or graphic matter, photographic matter or sound reproduction, including, without limitation, correspondence, reports, tests, analyses, memoranda, contracts, agreements, notes, notebooks, workpapers, charts, graphs, projections, financial models, diaries, calendars, appointment books, schedules, travel and expense reports, studies, checks, invoices, statements, receipts, bulletins, computer print-outs, e-mails, text and instant messages, interoffice and intra-office communications, applications, tax records, notations of conversations or meetings, transcripts of any kind (including transcripts of conference calls or television appearances), pictures, video and voice recordings and every other data compilation on which or through which information of any type can be obtained, translated if necessary into reasonably usable form, which are in the possession, custody or control of You or Your counsel.  "Documents" shall include originals, all drafts and copies that differ in any respect from the original, and any material recorded on verbal, graphic, computer, telecommunicative, or magnetic form, or any other form capable of being read, heard or otherwise understood.  The term "Document" has the broadest meaning possible, including but not limited to all reasonably available electronically stored information.

9.    The "Federal Action" shall mean *CVR Energy, Inc.* v. *Wachtell, Lipton, Rosen & Katz, et al.*, No. 14-cv-06566 (S.D.N.Y.).

10.    The "Federal Complaint" shall mean the Amended Complaint filed by CVR in the Federal Action.

11.    "Fried Frank" shall mean Fried, Frank, Harris, Shriver & Jacobson LLP, together with its partners, associates, employees, consultants, attorneys or advisors, agents, and any other natural persons or entities acting or purporting to act on its behalf.

12.    "Goldman Sachs" shall mean Goldman, Sachs & Co., together with any affiliates, subsidiaries, parents, predecessors-in-interest, officers, directors, partners, employees, consultants, attorneys or advisors, agents, and any other natural persons or entities acting or purporting to act on its behalf.

13.    "Including" shall mean including but not limited to.

14.    "Icahn" shall mean Carl C. Icahn, Icahn Enterprises L.P., Icahn Enterprises Holdings L.P., together with any affiliates, subsidiaries, parents, predecessors-in-interest, officers, directors, partners, employees (including, but not limited to, Vincent Intrieri), consultants, attorneys or advisors (including, but not limited to, Herbert Beigel, Jesse Lynn, Andrew Langham, and Keith Schaitkin), agents, and any other natural persons or entities acting or purporting to act on their behalf.  For the avoidance of doubt, "Icahn" shall include any of the foregoing, even where they are purportedly acting on behalf of or as a representative or agent of CVR.

15.    "Icahn Transaction" shall mean the transaction resulting from the February 2012 tender offer by Icahn referenced in paragraph 2 of the Federal Complaint in which Icahn acquired control over CVR.

16.    The "New York Bank Action" shall mean *Goldman, Sachs & Co.* v. *CVR Energy, Inc.*, Index No. 652149/2012 (N.Y. Sup. Ct.) and *Deutsche Bank Securities Inc.* v. *CVR Energy, Inc.*, Index No. 652800/2012 (N.Y. Sup. Ct.).

17.    "Person" shall refer to any individual or any entity, including any association, committee, community group, company, firm, partnership, trust, joint venture, corporation, agency, department, bureau, board, or any other legal or business entity.

18.    "SEC" shall mean the United States Securities and Exchange Commission, together with any officers, directors, partners, employees, attorneys, agents, and any other natural persons or entities acting or purporting to act on its behalf.

19.    The "SEC Investigation" shall mean the investigation by the SEC referred to in paragraph 43 of the Federal Complaint, and any related investigations or actions by the SEC.

20.    The "SEC Order" shall mean the Order Instituting Cease-and-Desist Proceedings Pursuant to Section 21C of the Securities Exchange Act of 1934, Making Findings and Imposing a Cease-and-Desist Order in the case captioned *In re CVR Energy, Inc.* (SEC Release No. 80039), issued by the SEC on or about February 14, 2017.

21.    The "SEC's November 18, 2016 Guidance" shall mean the guidance issued by the SEC on November 18, 2016, related to Section 14(d) of the Exchange Act and Regulation 14D, in response to Compliance & Disclosure Interpretation ("CD&I") Question 159.02.

22.    The "State Action" shall mean *Wachtell, Lipton, Rosen & Katz* v. *CVR Energy, Inc., et al.*, Index No. 654343/2013 (N.Y. Sup. Ct.).

23.    The "State Complaint" shall mean the Complaint filed by Wachtell Lipton in the State Action.

24.     "Wachtell Lipton" shall mean Wachtell, Lipton, Rosen & Katz, together with its partners, associates, employees, consultants, attorneys or advisors, agents, and any other natural persons or entities acting or purporting to act on its behalf.

25.     The singular shall be construed to include the plural, and the plural shall be construed to include the singular; the present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense; and, the masculine shall be construed to include the feminine and neuter genders, as necessary, to bring within the scope of these Requests any information that might otherwise be construed to be outside their scope.

26.     The words "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of these Requests any information that might otherwise be construed to be outside their scope.

27.     CVR shall produce all documents and things that are responsive to the Requests and in the possession, custody, or control of CVR and its agents, including Herbert Beigel and all other attorneys or other persons acting on CVR's behalf or under CVR's control.

28.     In the event that any document, or any portion of any document, within the scope of the Requests is withheld from production upon any claim of privilege, CVR shall comply with Local Civil Rule 26.2 of the U.S. District Court for the Southern District of New York, and shall provide a list identifying each document so withheld, as follows:

       (a)     a description of the document, including:

           (i)     the type of document, *e.g.*, letter or memorandum;

           (ii)     the general subject matter of the document;

           (iii)     the date of the document;

           (iv)     the author of the document;

(v)　　the addressees of the document;

(vi)　　any other recipients of the document; and

(vii)　　the relationship of the author, addressees and recipients to each other; and

(b)　　identification of the privilege or privileges claimed for that document.

29.　　A complete and identical copy may be produced in lieu of the document itself.

30.　　The fact that a document is produced by another party does not relieve You of Your obligation to produce Your copy of the same document, even if the two documents are identical.

31.　　Each of the Requests and subparagraphs or subdivisions thereof shall be construed independently, and no other Request or subparagraph or subdivision thereof shall be referred to or relied on for the purpose of limiting its scope except insofar as the Request or subparagraph or subdivision thereof expressly refers to another Request or subparagraph or subdivision thereof.

32.　　Documents shall be produced in image format, with searchable text load files that are compatible with Concordance and IPRO.  The images shall be single-page, 300 DPI, Group IV .tiff images.  The load file shall include for each document, to the extent practicable, information identifying the custodian file, group shared file, or other source from which the document was gathered.  For each individual document based on an electronic file, the load file shall, to the extent practicable, contain the corresponding text that is extracted from the electronic file, not generated as an OCR file from the .tiff image(s).  In the case of e-mail, the load file shall also include, to the extent practicable, header information including:  (1) the

individual to whom the communication was directed ("To"); (2) the author of the e-mail communication ("From"); (3) who was copied ("cc") and/or blind copied ("bcc") on such e-mail; (4) the subject line of the e-mail ("Re" or "Subject"); and (5) the date and time sent.  For each document, the load file shall also contain:  (1) the beginning Bates number (referring to the first page of the document); (2) the ending Bates number (referring to the last page of the document); and in the case of e-mails with attachments, (3) the beginning attachment range number(s); and (4) the ending attachment range number(s), where the "attachment range" records the relationship of e-mails to their attachments.  The attachment range should be recorded from the first page of the first document in the attachment range to the last page of the last document in the attachment range.  In addition, all documents whose native format is that of a Microsoft Excel file (or other electronic spreadsheet file) shall be produced with a single-page placeholder (Group IV .tiff image) indicating that the file is a spreadsheet and shall be produced in native format, including the logical formulae within the cells of the spreadsheet and any metadata contained in the file.  The right to demand production of any other responsive documents in their native format (including all metadata) is expressly reserved.

33.    CVR shall produce documents as they are kept in the usual course of business or shall organize and label them to correspond with each numbered paragraph and each lettered paragraph of the Requests in response to which such documents are produced.

34.    The Requests shall be continuing, and prompt supplemental requests hereto shall be required if CVR obtains, or learns of the existence of, further or different information from the time of the answers hereto.

35.     If You object to any part of a Request, answer all parts of such Request to which You do not object and, as to each part to which You do object, set forth the basis for the objection with specificity.

36.     Unless otherwise stated in the Request, the time frame of each Request shall be January 1, 2012 through the present.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All documents requested to be produced by You in the State Action that You have not yet produced.

2.     All communications, and all documents reflecting communications, concerning any of the allegations in the Federal or State Complaints.

3.     All communications, and all documents reflecting communications, between CVR and Icahn regarding Wachtell Lipton, Goldman Sachs, Deutsche Bank, the Bank Engagement Letters, or the New York Bank Action, the State Action, the Federal Action, or the subject matter of any of the foregoing.

4.     All communications, and all documents reflecting communications, between CVR or Icahn, on the one hand, and any current or former board member of CVR (including the representatives or attorneys of any such current or former board member), on the other, regarding the Bank Engagement Letters, the Icahn Transaction, or the New York Bank Action, the State Action, the Federal Action, or the subject matter of any of the foregoing.

5.     All CVR board minutes and board materials, including all minutes and materials of any committee of the board, as well as all drafts of any of the foregoing.

6.     All documents concerning the business plan referenced in the minutes of the meeting of CVR's board of directors on February 28, 2012, produced in the State Action bearing

production number CVR000945, including without limitation a copy of the business plan, and any and all drafts or documents concerning the business plan or the subject matter thereof.

7.      All documents concerning the duties, responsibilities, authorities, and compensation of the following individuals: Jack Lipinski, Frank Pici, Edmund Gross, John Walters, and Allen Jones.

8.      All documents concerning the hiring of Frank Pici by CVR and the termination or separation of Mr. Pici's employment from CVR.

9.      Any agreement entered into between Frank Pici and CVR.

10.      All communications, and all documents reflecting communications, between CVR and Frank Pici (including any of his representatives) from the date of Mr. Pici's termination or separation from CVR to the present.

11.      All calendars, call logs, and phone records covering the period January 1, 2012 through December 18, 2013 for the following individuals:  Jack Lipinski, Frank Pici, Edmund Gross, John Walters, and Allen Jones, including without limitation any records of meetings with Icahn.

12.      All documents concerning the Affidavit of Frank Pici from the New York Bank Action, dated August 1, 2012, and produced in the State Action bearing production number D0149338 (the "Affidavit"), including all documents concerning the drafting of the Affidavit, all documents relied upon in preparing the Affidavit, and all documents that support or refute the statements made therein.

13.      All time records and invoices of Herbert Beigel, Robert Viducich, or any other attorney concerning the State Action, the Federal Action, the New York Bank Action, or any actual or potential action against Wachtell Lipton.

14.     All documents concerning any form submitted or proposed to be submitted to the SEC in connection with the Icahn Transaction, including without limitation all documents concerning the Forms 14D-9 referenced in the Federal Complaint.

15.     All SEC filings, whether filed by You or by any company or entity controlled by or affiliated with You, that describe or purport to describe the terms of the retention of any advisor or person under Item 1009(a) of Regulation M-A.  For each such filing, please also produce (a) documents sufficient to reflect all the terms of such retention and (b) all retention letters, engagement letters, or other agreements entered into with such advisor(s) or person(s).  The time period for this Request is January 1, 2007 through the present.

16.     All documents concerning any analysis, review, or study relating to the Bank Engagement Letters, including without limitation those concerning the questions whether the fees or terms reflected in the Bank Engagement Letters were usual or customary and how such fees are disclosed to investors under state or federal law.

17.     All documents concerning any investigation by the SEC of CVR, including without limitation all documents concerning the SEC Investigation, the subject matter of the SEC Investigation, or the origins of the SEC Investigation.

18.     All communications, and all documents reflecting communications, between CVR and any third party (including without limitation Icahn), concerning the SEC Investigation or the subject matter thereof.

19.     All communications, and all documents reflecting communications, between CVR, on the one hand, and the SEC, on the other, concerning CVR, the Bank Engagement Letters, the Icahn Transaction, Wachtell Lipton, Goldman Sachs, or Deutsche Bank, or the New

York Bank Action, the State Action, the Federal Action, the SEC Investigation, the SEC Order, the SEC's November 18, 2016 Guidance, or the subject matter of any of the foregoing.

20.     All subpoenas, demands, or other requests for information issued by the SEC to CVR, as well as any responses thereto, and all communications concerning such subpoenas, demands, or other requests and any responses thereto.

21.     All documents produced to the SEC in connection with the SEC Investigation, including without limitation any communications relating to the production of such documents.

22.     All transcripts, recordings (including audio or video), or notes of, and all documents memorializing or summarizing, any testimony, interviews, declarations, or proffers provided to the SEC in connection with the SEC Investigation or otherwise concerning CVR, Icahn, the Bank Engagement Letters, the Icahn Transaction, Wachtell Lipton, Goldman Sachs, or Deutsche Bank.

23.     All presentations or submissions made to the SEC by CVR or Icahn concerning CVR, the Bank Engagement Letters, the Icahn Transaction, Wachtell Lipton, Goldman Sachs, Deutsche Bank, or the SEC Investigation, the SEC Order, the SEC's November 18, 2016 Guidance, or the subject matter of any of the foregoing.

24.     All documents concerning any actual or potential agreement (including any stipulated order, contract, agreement of settlement or consent) entered into in connection with the SEC Investigation, including without limitation all offers and proposals concerning potential agreements as well as a copy of any agreement entered into by CVR, on the one hand, and the SEC, on the other, concerning the same, as well as any cancelled checks or wire transfers, if any, reflecting the payment of any amount(s) related to those agreements.

25.     All documents concerning the SEC Order or the subject matter thereof, including without limitation all drafts of the SEC Order, all proposals, offers or counteroffers leading to the adoption of the SEC Order, all documents concerning or reflecting the "cooperation" by CVR described in the SEC Order, and all communications concerning the SEC Order, drafts thereof, the subject matter thereof, or any discussions or negotiations related thereto.

26.     All documents concerning the SEC's November 18, 2016 Guidance, including without limitation all communications related to the adoption, rationale, effects and origin of the foregoing guidance.

27.     All time records and invoices of any attorneys or other representatives retained by CVR in connection with the SEC Investigation, including without limitation Herbert Beigel or any attorneys at Fried Frank, relating to the work of such representatives in connection with the SEC Investigation or the subject matter thereof.

28.     All documents concerning any agreement or settlement entered into by CVR or Icahn in connection with the New York Bank Action, including without limitation all offers and proposals concerning potential settlements, as well as a copy of any agreement entered into by CVR or Icahn, on the one hand, and Goldman Sachs and Deutsche Bank (or either of them), on the other, concerning the New York Bank Action, and any cancelled checks or wire transfers reflecting the payment by CVR of any amount(s) related to those agreements.

29.     All documents relating to or reflecting the damages You allege to have been incurred by CVR by reason of any act or omission on the part of Wachtell Lipton, Andrew R. Brownstein, or Benjamin M. Roth.

30.     All communications, and all documents reflecting communications, between CVR, on the one hand, and Friedman Kaplan Seiler & Adelman LLP, on the other.

31.     All documents concerning any dispute, demand for payment, or cause of action involving any professional service provider retained by CVR (or alleging that it was retained by CVR), including without limitation any attorneys, accountants, financial advisors, public relations firms, consultants, engineers, or architects.


Dated: October 4, 2017
New York, New York


           HOLWELL SHUSTER & GOLDBERG LLP

           By: /s/ Benjamin F. Heidlage
           Michael S. Shuster
            mshuster@hsgllp.com
           Vincent Levy
            vlevy@hsgllp.com
           Benjamin F. Heidlage
            bheidlage@hsgllp.com
           750 Seventh Avenue, 26th Floor
           New York, New York 10023


           DEBEVOISE & PLIMPTON LLP

           John Gleeson
            jgleeson@debevoise.com
           919 Third Avenue
           New York, New York 10022

           *Attorneys for Defendants*

# **Tab 2**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

CVR ENERGY, INC.,

                       Plaintiff,

         v.

WACHTELL, LIPTON, ROSEN & KATZ, et al.,

                     Defendants.

No. 14-cv-6566 (RJS)

## NOTICE OF SUBPOENA DUCES TECUM TO
## ICAHN ENTERPRISES, L.P

Please take notice that, pursuant to the Federal Rule of Civil Procedure 45, Defendant

Wachtell, Lipton, Rosen & Katz will cause the subpoena attached hereto to be served on Icahn

Enterprises, L.P, through its attorney, Herbert Beigel, Esq., commanding the production for

inspection and copying all documents and things specified in the subpoena within twenty (20)

calendar days at the location identified in the subpoena, or as otherwise agreed to by the parties.

Please take notice that pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), unless otherwise

agreed to by the parties, objections, if any, must be served within fourteen (14) days after the

date that the subpoena is served.

Dated: October 4, 2017
New York, New York

HOLWELL SHUSTER & GOLDBERG LLP

By: /s/ Benjamin F. Heidlage
Michael S. Shuster
  *mshuster@hsgllp.com*
Vincent Levy
  *vlevy@hsgllp.com*
Benjamin F. Heidlage
  *bheidlage@hsgllp.com*
750 Seventh Avenue, 26th Floor
New York, New York 10019
(646) 837-5151

DEBEVOISE & PLIMPTON LLP

John Gleeson
  *jgleeson@debevoise.com*
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Attorneys for Defendants*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of New York

| | |
|---|---|
| CVR Energy, Inc., | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   14-cv-06566 (RJS) |
| Wachtell, Lipton, Rosen & Katz, et al., | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                     Icahn Enterprises, L.P.

*(Name of person to whom this subpoena is directed)*

◻ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A, attached

| Place: Offices of Holwell Shuster & Goldberg LLP, 750 7th Avenue, New York, NY 10019 | Date and Time: <br><br> 10/24/2017 9:00 am |
|---|---|

◻ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     10/04/2017

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Benjamin F. Heidlage |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendants _____ , who issues or requests this subpoena, are:

Benjamin Heidlage, Holwell Shuster & Goldberg LLP, 750 7th Ave, New York, NY bheidlage@hsgllp.com (646)837-5124

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  **14-cv-06566 (RJS)**

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS AND INSTRUCTIONS**

1.      The applicable definitions and rules of construction set forth in the FRCP, the

Local Civil Rules of the U.S. District Court for the Southern District of New York (the "SDNY

Rules"), and the CPLR are hereby incorporated by reference.  To the extent there is any conflict

between the FRCP and the SDNY Rules, on the one hand, and the CPLR, on the other, the rules

requiring broader disclosure shall apply.

2.      "You," "Your," and "Icahn" shall mean Carl C. Icahn, Icahn Enterprises L.P., and

Icahn Enterprises Holdings L.P., together with any affiliates, subsidiaries, parents, predecessors-

in-interest, officers, directors, partners, employees (including, but not limited to, Vincent

Intrieri), consultants, attorneys or advisors (including, but not limited to, Herbert Beigel, Jesse

Lynn, Andrew Langham, and Keith Schaitkin), agents, and any other natural persons or entities

acting or purporting to act on their behalf.  For the avoidance of doubt, "Icahn" shall include any

of the foregoing, even where they are purportedly acting on behalf of or as a representative or

agent of CVR.

3.      "Any" or "all" shall mean any and all.

4.      The "Bank Engagement Letters" shall mean any of (1) the engagement letters

between CVR and Goldman Sachs dated February 15, 2012 and March 21, 2012, and (2) the

engagement letters between CVR and Deutsche Bank dated January 23, 2012 and March 23,

2012.

5.     "Communication" shall mean any manner of transmitting or receiving information of any kind, to or from a person, whether oral, electronic, in the form of a document, or otherwise.

6.     "Concerning" shall mean directly or indirectly relating to, referring to, reflecting, describing, evidencing, including, constituting, clarifying, elaborating, explaining, interpreting, supporting, pertaining to the creation, drafting, development, application and/or meaning of, and/or having anything to do with.

7.     "CVR" shall mean CVR Energy, Inc., together with any affiliates, subsidiaries, parents, predecessors-in-interest, officers, directors, partners, employees, consultants, attorneys or advisors (including, but not limited to, Herbert Beigel, Edmund Gross and John Walter), agents, and any other natural persons or entities acting or purporting to act on its behalf.

8.     "Deutsche Bank" shall mean Deutsche Bank Securities Inc., together with any affiliates, subsidiaries, parents, predecessors-in-interest, officers, directors, partners, employees, consultants, attorneys or advisors, agents, and any other natural persons or entities acting or purporting to act on its behalf.

9.     "Document" shall include all written, printed, typewritten, electronically stored, recorded or graphic matter, photographic matter or sound reproduction, including, without limitation, correspondence, reports, tests, analyses, memoranda, contracts, agreements, notes, notebooks, workpapers, charts, graphs, projections, financial models, diaries, calendars, appointment books, schedules, travel and expense reports, studies, checks, invoices, statements, receipts, bulletins, computer print-outs, e-mails, text and instant messages, interoffice and intra-office communications, applications, tax records, notations of conversations or meetings, transcripts of any kind (including transcripts of conference calls or television appearances),

pictures, video and voice recordings and every other data compilation on which or through which information of any type can be obtained, translated if necessary into reasonably usable form, which are in the possession, custody or control of You or Your counsel. "Documents" shall include originals, all drafts and copies that differ in any respect from the original, and any material recorded on verbal, graphic, computer, telecommunicative, or magnetic form, or any other form capable of being read, heard or otherwise understood. The term "Document" has the broadest meaning possible, including but not limited to all reasonably available electronically stored information.

10.     The "Federal Action" shall mean *CVR Energy, Inc.* v. *Wachtell, Lipton, Rosen & Katz et al.*, No. 14-cv-06566 (S.D.N.Y.).

11.     The "Federal Complaint" shall mean the Amended Complaint filed by CVR in the Federal Action.

12.     "Fried Frank" shall mean Fried, Frank, Harris, Shriver & Jacobson LLP, together with its partners, associates, employees, consultants, attorneys or advisors, agents, and any other natural persons or entities acting or purporting to act on its behalf.

13.     "Goldman Sachs" shall mean Goldman, Sachs & Co., together with any affiliates, subsidiaries, parents, predecessors-in-interest, officers, directors, partners, employees, consultants, attorneys or advisors, agents, and any other natural persons or entities acting or purporting to act on its behalf.

14.     "Including" shall mean including but not limited to.

15.     "Icahn Transaction" shall mean the transaction resulting from the February 2012 tender offer by Icahn referenced in paragraph 2 of the Federal Complaint in which Icahn acquired control over CVR.

16.     The "New York Bank Action" shall mean *Goldman, Sachs & Co.* v. *CVR Energy, Inc.*, Index No. 652149/2012 (N.Y. Sup. Ct.) and *Deutsche Bank Securities Inc.* v. *CVR Energy, Inc.*, Index No. 652800/2012 (N.Y. Sup. Ct.).

17.     "Person" shall refer to any individual or any entity, including any association, committee, community group, company, firm, partnership, trust, joint venture, corporation, agency, department, bureau, board, or any other legal or business entity.

18.     "SEC" shall mean the United States Securities and Exchange Commission together with any officers, directors, partners, employees, attorneys, agents, and any other natural persons or entities acting or purporting to act on its behalf.

19.     The "SEC Investigation" shall mean the investigation by the SEC referred to in paragraph 43 of the Federal Complaint, and any related investigations or actions by the SEC.

20.     The "SEC Order" shall mean the Order Instituting Cease-and-Desist Proceedings Pursuant to Section 21C of the Securities Exchange Act of 1934, Making Findings and Imposing a Cease-and-Desist Order in the case captioned *In re CVR Energy, Inc.* (SEC Release No. 80039), issued by the SEC on or about February 14, 2017.

21.     The "SEC's November 18, 2016 Guidance" shall mean the guidance issued by the SEC on November 18, 2016, related to Section 14(d) of the Exchange Act and Regulation 14D, in response to Compliance & Disclosure Interpretation ("CD&I") Question 159.02.

22.     The "State Action" shall mean *Wachtell, Lipton, Rosen & Katz* v. *CVR Energy, Inc., et al.*, Index No. 654343/2013 (N.Y. Sup. Ct.).

23.     The "State Complaint" shall mean the Complaint filed by Wachtell Lipton in the State Action.

24.     "Wachtell Lipton" shall mean Wachtell, Lipton, Rosen & Katz, together with its partners, associates, employees, consultants, attorneys or advisors, agents, and any other natural persons or entities acting or purporting to act on its behalf.

25.     The singular shall be construed to include the plural, and the plural shall be construed to include the singular; the present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense; and, the masculine shall be construed to include the feminine and neuter genders, as necessary, to bring within the scope of these Requests any information that might otherwise be construed to be outside their scope.

26.     The words "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of these Requests any information that might otherwise be construed to be outside their scope.

27.     Icahn shall produce all documents and things that are responsive to the Requests and in the possession, custody, or control of Icahn and its agents, including Herbert Beigel and all other attorneys or other persons acting on Icahn's behalf or under Icahn's control.

28.     In the event that any document, or any portion of any document, within the scope of the Requests is withheld from production upon any claim of privilege, Icahn shall comply with SDNY Rule 26.2, and shall provide a list identifying each document so withheld, as follows:

       (a)     a description of the document, including:

           (i)     the type of document, *e.g.*, letter or memorandum;

           (ii)    the general subject matter of the document;

           (iii)   the date of the document;

           (iv)    the author of the document;

      (v)     the addressees of the document;

      (vi)    any other recipients of the document; and

      (vii)   the relationship of the author, addressees and recipients to each other; and

    (b)     identification of the privilege or privileges claimed for that document.

29.     A complete and identical copy may be produced in lieu of the document itself.

30.     The fact that a document is produced by another party does not relieve You of Your obligation to produce Your copy of the same document, even if the two documents are identical.

31.     Each of the Requests and subparagraphs or subdivisions thereof shall be construed independently, and no other Request or subparagraph or subdivision thereof shall be referred to or relied on for the purpose of limiting its scope except insofar as the Request or subparagraph or subdivision thereof expressly refers to another Request or subparagraph or subdivision thereof.

32.     Documents shall be produced in image format, with searchable text load files that are compatible with Concordance and IPRO.  The images shall be single-page, 300 DPI, Group IV .tiff images.  The load file shall include for each document, to the extent practicable, information identifying the custodian file, group shared file, or other source from which the document was gathered.  For each individual document based on an electronic file, the load file shall, to the extent practicable, contain the corresponding text that is extracted from the electronic file, not generated as an OCR file from the .tiff image(s).  In the case of e-mail, the load file shall also include, to the extent practicable, header information including:  (1) the

individual to whom the communication was directed ("To"); (2) the author of the e-mail communication ("From"); (3) who was copied ("cc") and/or blind copied ("bcc") on such e-mail; (4) the subject line of the e-mail ("Re" or "Subject"); and (5) the date and time sent.  For each document, the load file shall also contain:  (1) the beginning Bates number (referring to the first page of the document); (2) the ending Bates number (referring to the last page of the document); and in the case of e-mails with attachments, (3) the beginning attachment range number(s) and (4) the ending attachment range number(s), where the "attachment range" records the relationship of e-mails to their attachments.  The attachment range should be recorded from the first page of the first document in the attachment range to the last page of the last document in the attachment range.  In addition, all documents whose native format is that of a Microsoft Excel file (or other electronic spreadsheet file) shall be produced with a single-page placeholder (Group IV .tiff image) indicating that the file is a spreadsheet and shall be produced in native format, including the logical formulae within the cells of the spreadsheet and any metadata contained in the file.  The right to demand production of any other responsive documents in their native format (including all metadata) is expressly reserved.

33.     Icahn shall produce documents as they are kept in the usual course of business or shall organize and label them to correspond with each numbered paragraph and each lettered paragraph of the Requests in response to which such documents are produced.

34.     The Requests shall be continuing, and prompt supplemental requests hereto shall be required if Icahn obtains, or learns of the existence of, further or different information from the time of the answers hereto.

35.     If You object to any part of a Request, answer all parts of such Request to which You do not object and, as to each part to which You do object, set forth the basis for the objection with specificity.

36.     Unless otherwise stated in the Request, the time frame of each Request shall be January 1, 2012 through the present.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All documents requested to be produced by You in the State Action that You have not yet produced.

2.     All communications, and all documents reflecting communications, between Icahn and any person or entity concerning any of the allegations in the Federal or State Complaints.

3.     All communications, and all documents reflecting communications, between Icahn and any current or former board member of CVR (including the representatives or attorneys of any such current or former board member).

4.     All communications, and all documents reflecting communications, between CVR and Icahn concerning Wachtell Lipton, Goldman Sachs, Deutsche Bank, the Bank Engagement Letters, or the New York Bank Action, the State Action, the Federal Action, or the subject matter of any of the foregoing.

5.     All documents concerning the hiring of Frank Pici by CVR and the termination or separation of Pici from CVR.

6.     Any agreement entered into between Frank Pici and CVR.

7.      All communications, and all documents reflecting communications, between Icahn or CVR and Frank Pici (including any of his representatives) from the date of Mr. Pici's termination or separation from CVR to the present.

8.      All time records and invoices of Herbert Beigel, Robert Viducich, or any other attorney regarding the New York Bank Action, the State Action, the Federal Action, or any actual or potential action against Wachtell Lipton.

9.      All documents concerning any form submitted or proposed to be submitted by CVR to the SEC in connection with the Icahn Transaction, including without limitation all documents concerning the Forms 14D-9 referenced in the Federal Complaint.

10.     All documents concerning Wachtell Lipton's advice to a corporation or enterprise subject to any actual or proposed tender offer, proxy contest, investment, or transaction involving Icahn.  The time period for this Request is January 1, 2010 to the present.

11.     All SEC filings, whether filed by You or by any company or entity controlled by or affiliated with You, and all SEC filings filed by any company or entity in connection with any actual or proposed transaction or offer involving You, that describe or purport to describe the terms of the retention of an advisor under Item 1009(a) of Regulation M-A.  For each such filing, please also produce (a) documents sufficient to reflect all the terms of such retention and (b) all retention letters, engagement letters, or other agreements entered into with such advisor(s) or person(s).  The time period for this Request is January 1, 2007 through the present.

12.     All documents concerning the terms of retention or engagement of any bank or financial advisor by a corporation or enterprise concerning any tender offer, proxy contest, similar transaction or investment involving Icahn.  The time period for this Request is January 1, 2007 to the present.

13.     All documents concerning the disclosures required to be made under federal or state law by a tender offer target, proxy contest target, or target of any similar transaction, in each case concerning the terms of employment or retention of financial or other advisors, including any documents concerning any effort to effectuate any change to the applicable law(s) or regulation(s) concerning such disclosures.  The time period for this Request is January 1, 2007 to the present.

14.     All documents concerning any analysis, review, or study relating to the Bank Engagement Letters, including without limitation those concerning the questions whether the fees or terms reflected in the Bank Engagement Letters were usual or customary and how such fees are disclosed to investors under state or federal law.

15.     All communications, and all documents reflecting communications, between Icahn or CVR, on the one hand, and the SEC, on the other.  The time period for this Request is January 1, 2010 to the present.

16.     All communications, and all documents reflecting communications, between Icahn and Fried Frank or any other attorney or law firm concerning CVR, the Bank Engagement Letters, the Icahn Transaction, Wachtell Lipton, Goldman Sachs, Deutsche Bank, or the New York Bank Action, the State Action, the Federal Action, the SEC Investigation, or the subject matter of any of the foregoing.

17.     All documents concerning any investigation by the SEC of CVR, including without limitation all documents concerning the SEC Investigation, the subject matter of the SEC Investigation, or the origins of the SEC Investigation.

18.     All subpoenas, demands, or other requests for information issued by the SEC related to the SEC Investigation, as well as any responses thereto, all communications

concerning such subpoenas, demands, or other requests and responses thereto, and all documents produced to the SEC in connection with the SEC Investigation (including without limitation any communications relating to the production of such documents).

19.     All transcripts, recordings (including audio or video), or notes of, and all documents memorializing or summarizing, any testimony, interviews, declarations, or proffers provided to the SEC in connection with the SEC Investigation or otherwise concerning CVR, the Bank Engagement Letters, the Icahn Transaction, Wachtell Lipton, or the New York Bank Action, the State Action, the Federal Action, or the subject matter of any of the foregoing.

20.     All presentations or submissions made to the SEC by CVR or Icahn concerning CVR, the Bank Engagement Letters, the Icahn Transaction, Wachtell Lipton, Goldman Sachs, Deutsche Bank, or the SEC Investigation, the SEC Order, the SEC's November 18, 2016 Guidance, or the subject matter of any of the foregoing.

21.     All documents concerning any actual or potential agreement (including any stipulated order, contract, agreement of settlement or consent) entered into in connection with the SEC Investigation, including without limitation all offers and proposals concerning potential agreements, a copy of any agreement entered into by CVR, on the one hand, and the SEC, on the other, concerning the same, as well as any cancelled checks or wire transfers reflecting the payment of any amount(s) related to those agreements.

22.     All documents concerning the SEC Order or the subject matter thereof, including without limitation all drafts of the SEC Order, all proposals, offers or counteroffers leading to the adoption of the SEC Order, all documents concerning or reflecting the "cooperation" by CVR described in the SEC Order, and all communications concerning the SEC Order, drafts thereof, the subject matter thereof, or any discussions or negotiations related thereto.

23.     All documents concerning the SEC's November 18, 2016 Guidance, including without limitation all communications related to the adoption, rationale, effects and origin of the foregoing guidance.

24.     All documents concerning any agreement or settlement entered into by CVR or Icahn in connection with the New York Bank Action, including without limitation all offers and proposals concerning potential settlements, as well as a copy of any agreement entered into by CVR or Icahn, on the one hand, and Goldman Sachs and Deutsche Bank (or either of them), on the other, concerning the New York Bank Action, and any cancelled checks or wire transfers reflecting the payment by CVR of any amount(s) related to those agreements.

25.     All time records and invoices of any attorneys or other representatives retained in connection with the SEC Investigation, including without limitation Herbert Beigel or any attorneys associated with Fried Frank, relating to the work of such representatives in connection with the SEC Investigation or the subject matter thereof.

26.     All documents concerning enforcement of the securities laws in the United States (including state, federal, or municipal law and any applicable regulations) or the personnel responsible for the enforcement of such laws (whether at the SEC or any other agency or entity). The time period for this Request is January 1, 2014 to the present.

27.     All communications, and all documents reflecting communications, between Icahn and SEC Chairman Jay Clayton, former SEC Chairman Michael Piwowar, or any other official of the SEC.

28.     All documents concerning the facts, circumstances, and allegations referenced in the article "Carl Icahn's Failed Raid on Washington," by Patrick Radden Keefe, dated August

28, 2017, published in *The New Yorker*, including without limitation any such documents concerning Icahn's position as special advisor to the President with respect to regulatory issues.

29.     All documents concerning the facts, circumstances, and allegations referenced in the article "Icahn Benefits in AIG's Escape from 'Too Big to Fail' Status," by Ronald Orol, dated October 2, 2017, published in *TheStreet*, including without limitation any such documents concerning Icahn's position as special advisor to the President with respect to regulatory issues.

30.     All documents concerning any wager placed by or including Carl Icahn and Vincent Intrieri or Daniel Ninivaggi regarding any claim, lawsuit, or cause of action, political appointment, or regulatory outcome (including without limitation any enforcement action, rulemaking decision, or other regulatory action, etc.).

31.     All communications, and all documents reflecting communications, between Gail Golden, on the one hand, and CVR or Icahn, on the other, concerning Wachtell Lipton, Goldman Sachs, Deutsche Bank, the Bank Engagement Letters, or the New York Bank Action, the State Action, the Federal Action, the SEC Investigation, the SEC Order, the SEC's November 18, 2016 Guidance, or the subject matter of any of the foregoing.

# Search Terms and Custodians

## <u>CVR SEARCH PROTOCOL</u>

**Proposed Search for January 1, 2012 to October 24, 2013 Time Period[1]**

<u>Custodians</u>:  Jack Lipinski, Edmund Gross, Frank Pici, Jay Finks, Susan Ball, John Walter, Allen Jones

<u>Search Terms</u>:

1.   14d or 14d*

2.   (comp or compen* or pay or pay*) /10 disclos*

3.   customary /20 (comp or compen* or pay or pay*)

4.   ratif*

5.   (comp or compen* or pay or pay*) /20 (approv* or resol* or board or agree or agree*)

**Agreed Upon Search for October 25, 2013 to May 15, 2017 Time Period[2]**

<u>Custodians</u>: Jack Lipinski, Edmund Gross, John Walter, Herbert Beigel[3]

<u>Search Terms</u>:

1.   Wachtel or Wachtell or WL or WLRK or Brownstein or Roth or Casey or Cooper or 14d or 14d*

2.   (comp or compen* or pay or pay* or fee or fees) /10 disclos*

3.   malpractice

4.   (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS) and (ratif* or fee or fees or comp or compen* or pay or pay* or litig* or lawsuit or suit or litigation or action or case or "engagement letter" or EL)

5.   customary /20 (fee or fees or comp or compen* or pay or pay*)

6.   Beigel or Biegel or hbeigel*

7.   Stroock or *@stroock.com

8.   Matelich or gmatelich@kelso.com

---

[1]      CVR has not agreed to any searches for this time period.

[2]      Reflects the search terms and custodians agreed to by CVR on December 18, 2017, including certain search term modifications proposed by Wachtell Lipton on January 12, 2018.

[3]      CVR did not agree to include Beigel as a custodian.

9.      Tomkins or tomkinsme@gmail.com

10.     (SEC or commission or staff) /20 (subpoena or investig* or order or guidance or Wachtel or Wachtell or WLRK or WL)

11.     Brady

12.     Bandy

13.     (SEC or commission or staff or Brent) /3 Fields

14.     *@sec.gov

15.     "Fried Frank" or FriedFrank or FF

16.     *@ffhsj.com or *@friedfrank.com

17.     (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS or bank or SEC) and (settl* or resolv*)

18.     "cease and desist"

19.     CD&I or "compliance and disclosure interpretations"

20.     guidance and (advis* or bank or bank*) and (fee or fees or comp or compen* or pay or pay*)

21.     "question 159.02"

22.     12323

23.     80039

## ICAHN SEARCH PROTOCOL

### Proposed Search for January 1, 2012 to October 24, 2013 Time Period[4]

Custodians:  Carl Icahn, Keith Schaitkin, Vincent Intrieri, Jesse Lynn, Susan Gordon, Susan Zippo, Herbert Beigel

Search Terms:

1.  14d or 14d*

2.  (comp or compen* or pay or pay*) /10 disclos*

3.  customary /20 (comp or compen* or pay or pay*)

4.  ratif*

5.  (comp or compen* or pay or pay*) /20 (approv* or resol* or board or agree or agree*)

### Agreed Upon Search for October 25, 2013 to May 15, 2017 Time Period[5]

Custodians:  Carl Icahn,[6] Keith Schaitkin, Jesse Lynn, Vincent Intrieri, Dan Ninivaggi

Search Terms:

1.  (comp or compen* or pay or pay* or fee or fees) /10 disclos*

2.  (Wachtel or Wachtell or WL or WLRK or Brownstein or Roth or Casey or Cooper) and (CVR or lawsuit or suit or litigation or action or case or bet or ratif*)

3.  malpractice

4.  (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS) and (CVR or fee or fees or comp or compen* or pay or pay* or litig* or lawsuit or suit or litigation or action or case or "engagement letter" or EL or ratif*)

5.  customary /20 (fee or fees or comp or compen* or pay or pay*)

6.  Beigel or Biegel or hbeigel*

7.  Stroock or *@stroock.com

8.  Matelich or gmatelich@kelso.com

---

[4]      Icahn has not agreed to any searches for this time period.

[5]      Reflects the search terms agreed to by Icahn on December 18, 2017, including certain search term modifications proposed by Wachtell Lipton on January 12, 2018.

[6]      Includes all other email accounts used by Mr. Icahn, including the account of Gail Golden, Susan Gordon, and Susan Zippo.

9.  Tomkins or tomkinsme@gmail.com

10. (SEC or commission or staff) /20 (CVR or subpoena or investig* or order or guidance or Wachtel or Wachtell or WLRK or WL)

11. Brady

12. Bandy

13. (SEC or commission or staff or Brent) /3 Fields

14. CVR and *@sec.gov

15. "Fried Frank" or friedfrank or FF

16. *@ffhsj.com or *@friedfrank.com

17. (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS or bank or SEC) and (settl* or resolv*)

18. "cease and desist"

19. CD&I or "compliance and disclosure interpretations"

20. guidance and (advis* or bank or bank*) and (fee or fees or comp or compen* or pay or pay*)

21. "question 159.02"

22. 12323

23. 80039

## OVERVIEW OF CUSTODIANS' ROLES DURING RELEVANT TIME PERIOD

**CVR**

- Susan Ball:  Chief Accounting Officer and then Chief Financial Officer

- Herbert Beigel:  Counsel to CVR in bank actions and SEC investigation

- Jay Finks:  Director of Finance

- Edmund Gross:  General Counsel

- Allen Jones:  Associate General Counsel

- Frank Pici:  Chief Financial Officer

- Jack Lipinski:  Chief Executive Officer

- John Walter:  Associate General Counsel and then General Counsel

**Icahn**

- Carl Icahn:  Chairman of Icahn Enterprises and Chairman of CVR

- Susan Gordon:  Assistant to Carl Icahn

- Susan Zippo:  Assistant to Carl Icahn

- Vincent Intrieri:  Senior Managing Director of Icahn Capital and Director of CVR

- Jesse Lynn:  Associate General Counsel and then General Counsel of Icahn Enterprises

- Dan Ninivaggi:  CEO, President and Director of Icahn Enterprises and Director of CVR

- Keith Schaitkin:  General Counsel of Icahn Enterprises

# Parties' Correspondence

# Tab 1

HOLWELL SHUSTER & GOLDBERG LLP

*750 Seventh Avenue, 26th Floor*
*New York, New York 10019*
*Tel:  (646) 837-5151*
*Fax: (646) 837-5150*
*www.hsgllp.com*

*Vincent Levy*
*(646) 837-5120*
*vlevy@hsgllp.com*

December 15, 2017

Herbert Beigel, Esq.
Law Offices of Herbert Beigel
38327 South Arroyo Way
Tuscon, AZ 85739

Re:     *CVR Energy, Inc. v. Wachtell, Lipton, Rosen, & Katz, et al.*, No. 14-cv-06566 (S.D.N.Y.)

Dear Herb,

I write to follow up on our meet-and-confer discussion of this morning.  As we discussed, although Wachtell Lipton maintains that its previously proposed search protocol is reasonable and appropriate, in the interest of reaching a compromise I am attaching a revised set of search parameters that we propose to be run on the CVR and Icahn custodians' documents.  Please provide hit counts for these searches no later than Tuesday, December 18, as you indicated you would do.

You stated in our meet and confer that, assuming that we reach agreement on search terms to identify all potentially responsive documents, you would be willing to follow the protocol for review previously used in this case.  Even though your clients bear the burden to conduct this review under New York and federal law, our client would be willing to bear the burden and cost of reviewing for responsiveness all documents identified by our search terms in the enclosed proposed search protocol.

Accordingly, you would send us no later than Thursday, December 21, all documents identified by the agreed-upon search terms, for the custodians and time periods set forth in the proposed protocol, for us to review (except the documents on which you are a sender or an addressee), subject to the condition that your doing so will not itself be construed as a waiver of any purported attorney-client privilege or work product protection.  Wachtell Lipton would then Bates-stamp any responsive documents, which would form your clients' "production," and we shall send you those documents.  In light of the alleged privilege sensitivities you assert for your own communications — which privilege claims Wachtell Lipton does not concede by agreeing to this proposal, hereby reserving all rights — you would exclude from the set to be reviewed all such documents on which you are the sender or addressee and conduct that review yourself.

Your clients would still bear the responsibility to disclose or enter on a privilege log all responsive documents so reviewed by you.

In addition, during our meet-and-confer discussion this morning:

- You represented that in collecting your own communications with the SEC, you (1) reviewed every email in the email folder associated with the SEC investigation on your computer, and (2) searched all of the emails on your computer (regardless of folder location) for the names of the two principal SEC attorneys involved in the SEC investigation, Mr. Brady and Ms. Bandy;

- You stated that in the course of conducting the email review set forth above, you reviewed communications with your client that summarized communications with the SEC and determined that all such materials were privileged — you agreed to provide a log of such materials as soon as possible.  Our position is that such log should be submitted promptly, but no later than December 29;

- You stated that you will not produce (or permit Fried Frank to produce) any billing records or invoices that contemporaneously documented the work of attorneys whose fees and costs CVR seeks as damages in this case, on the ground that all such records are purportedly privileged and their production allegedly would be premature;

- You maintained that your existing privilege log is adequate, and you will not provide a revised privilege log per my previous requests; and

- You accepted my representation that Mr. Savitt is not an appropriate witness regarding the SEC investigation, and you no longer intend to proceed with his deposition in the federal case.

If I have any of the above wrong, please let me know.

Given the current timetable in this case, I am attaching Wachtell Lipton's half of a draft joint letter to the Court regarding the above matters based on the current position of the parties, subject to CVR's and Icahn's review of Wachtell Lipton's revised proposed search protocol, so that there will be no delay in submitting the parties' ongoing disputes to the Court.  In accordance with the Court's rules, please provide us with your half of the joint letter no later than the end of the day on Monday, December 18.

Wachtell Lipton reserves all of its rights.

Sincerely,

/s/ Vincent Levy

Vincent Levy

# HOLWELL SHUSTER & GOLDBERG LLP

*750 Seventh Avenue, 26th Floor*
*New York, New York 10019*
*Tel: (646) 837-5151*
*Fax: (646) 837-5150*
*www.hsgllp.com*

*Vincent Levy*
*(646) 837-5120*
*vlevy@hsgllp.com*

December 15, 2017

Hon. Richard J. Sullivan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:     *CVR Energy, Inc. v. Wachtell, Lipton, Rosen, & Katz, et al.*, No. 14-cv-06566 (S.D.N.Y.)

Dear Judge Sullivan,

  This is a pre-motion letter regarding a discovery dispute, submitted under Rule 2.G of Your Honor's Individual Rules in the above-referenced action.  On December 8, 2017, Defendants submitted a pre-motion letter, setting forth Defendants' position on a number of outstanding discovery matters (the "December 8 Letter").  *See* ECF No. 116.  Plaintiff submitted a responsive letter on the same date.  ECF No. 117.  On December 11, 2017, the Court ordered the parties to meet and confer on or before December 15, 2017 to try to resolve or narrow the disputes.  *See* ECF No. 118.  Counsel spoke by telephone regarding the matters at issue for 90 minutes at 10:30 a.m. on December 15 (with Vincent Levy, Matthew Gurgel, Herbert Beigel, and Robert Viducich participating).  The parties continue to be at an impasse on several issues.

## Defendants' Position

  The background to the current discovery disputes is set forth in the December 8 Letter. *See* ECF No. 116.  The disputes arise from the repeated refusal of Plaintiff CVR and third-party Icahn Enterprises, L.P. (together with Carl Icahn, "Icahn"), to provide meaningful discovery into most of the new allegations in CVR's amended complaint, to conduct any meaningful collection and review protocol for documents they have in fact agreed to produce, or to commit to a date for the completion of their production.  Plaintiff's delays have substantially prejudiced Wachtell Lipton's ability to complete discovery within the deadlines set by the Court.  The deficiencies in CVR's and Icahn's current discovery positions are set out below:

  *Search Protocol (Custodians, Search Terms and Date Range).*  On October 4, Wachtell Lipton served documents requests upon CVR and Icahn.  Since October 26, Wachtell Lipton has made multiple proposals to CVR and Icahn for search protocols to capture documents responsive to those requests and to obtain documents relevant to CVR's amended complaint.  At first, CVR

and Icahn summarily rejected each of these proposals as too burdensome, without even undertaking hit reports or any other analysis to justify their position. *See William A. Gross Constr. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134, 136 (S.D.N.Y. 2009) ("Common sense dictates that sampling and other quality assurance techniques must be employed [when using keyword searching] to meet requirements of completeness."). CVR and Icahn now at least have agreed to run Wachtell Lipton's current proposed search protocol to generate hit reports, but refuse to commit to review the results for responsiveness or otherwise produce the documents by any date certain. This refusal is unjustifiable and undermines Wachtell Lipton's ability to complete discovery into CVR's amended claim.

The new allegations in CVR's amended complaint concern issues spanning several years. The amended complaint alleges malpractice by Wachtell Lipton relating to disclosures that CVR made in connection with Icahn's 2012 tender offer and squarely relies on allegations regarding the SEC's ensuing investigation into these CVR disclosures. Defendants are for this reason entitled to discovery relating to the 2012 SEC disclosures CVR relies upon in its complaint and relevant documents and information generated during and relating to the SEC investigation. CVR also seeks as additional damages (1) attorneys' fees, costs of settlement, and other costs incurred as a result of the banks' suit that was filed mid-2012 and settled in 2015, and (2) attorney's fees and other costs incurred as a result of the SEC's investigation from 2015 to 2017. Defendants are thus entitled to full discovery relating to these various costs, fees and expenses that CVR now seeks as damages.

In another attempt at resolution, on December 15, Defendants again provided CVR and Icahn with a revised search protocol, designed to address concerns raised by CVR and Icahn concerning the breadth of the terms given Icahn's investments in other public companies and interactions with the SEC. This revised protocol proposed for the period January 1, 2012-October 24, 2013 (the date range for Plaintiff's original search) a narrow set of terms tailored to identify documents related to CVR's SEC disclosures that are the subject of its new malpractice allegations, and additional terms for the period from October 26, 2013 through 90 days following the SEC's Cease and Order arising from its investigation of CVR's disclosures. To date, CVR and Icahn have not agreed to apply these terms which, on their face, implicate the core subject matters CVR has put at issue in its amended complaint. Wachtell Lipton therefore asks the Court to order CVR and Icahn to conduct a reasonably adequate search for responsive documents and ESI using the search protocol that Wachtell Lipton proposed on December 15, and to produce any non-privileged documents identified by the protocol.

*Billing Records.* CVR and Icahn have refused to undertake a general search for billing records for the attorneys who represented CVR in its dispute with the banks and in the SEC investigation — the very bills which it now claims as damages against Wachtell Lipton. CVR and Icahn maintain that Wachtell Lipton is entitled only to documents of CVR's own choosing that it claims are sufficient to show the amount of relevant attorneys' fees and disbursements. But Defendants are not required to take Plaintiff's word on damages or the particular documents that reflect such damages. They are entitled to relevant, contemporaneous documentary evidence relating to the attorneys' fees and expenses claimed by Plaintiff as damages. *See Microsoft Corp. v. Fed. Ins. Co.*, 2003 WL 548758, at *3 (S.D.N.Y. Feb. 25, 2003) (requiring disclosure of "underlying time sheets, time records, work-in-progress, summaries, etc. that form the basis of Sullivan & Cromwell's invoices"). Most significantly, CVR refuses to produce *any* detailed attorney time records, asserting that it would be premature to produce these documents and that

they are privileged, and CVR has directed its SEC counsel, the Fried Frank law firm, to do the same. CVR's wholesale refusal to produce time records is without basis. *Microsoft*, 2003 WL 548758, at *3 (finding time-sheet and billing records not privileged). Wachtell Lipton thus asks the Court to require CVR and Icahn to produce all non-privileged documents in the requested categories (see Annex) and to direct its counsel to do the same, including detailed time records in all of the litigations for which it seeks fees, and to produce a log of documents, if any, withheld as privileged.

*Deficient Privilege Log.* CVR's privilege log fails to identify, for the withheld documents, "the nature of the privilege (including work product) which is being claimed" as well as "the general subject matter of the document." *See* Local Rule 26.2. CVR's counsel contends that logging the subject line of e-mails sufficiently identifies their "general subject matter." But subject lines as uninformative as "CVR", "Re: Notes", "CVR litigation", and "GS/DB v. CVR" are common in CVR's log. Those give neither Wachtell Lipton nor the Court an adequate basis to evaluate the legitimacy of the claim of privilege. Wachtell Lipton asks the Court to compel CVR to produce a log of these withheld e-mails that complies with Local Rule 26.2.

*Discovery Schedule.* CVR's delay for more than two months in providing relevant discovery has put Defendant Wachtell Lipton in an untenable position: the end of fact discovery is now less than a month away, numerous depositions remain to be taken based on an appropriate documentary record, and CVR continues to refuse to provide plainly relevant discovery. This prejudice to Wachtell Lipton has been exacerbated by CVR's and Icahn's unwillingness to commit to any date by which they will complete all document discovery, much less a date that would be consistent with the current schedule. Even as of December 15, CVR and Icahn insist they will need at least several weeks before they will complete any additional productions. Wachtell Lipton therefore asks the Court to modify the discovery schedule to allow it sufficient time to pursue evidence from Icahn and CVR and avoid prejudice resulting from the failure to timely produce responsive documents and proper privilege logs. CVR and Icahn should be ordered to complete document production by January 10, 2018, and Wachtell Lipton should be permitted to take fact discovery from CVR and Icahn until at least March 15, 2018.

### Plaintiff's and Icahn's Position

<u>CVR Search Protocol</u>

1. For the period Jan. 1, 2012 to October 24, 2013 (the time period of CVR's initial search as stipulated by the parties and so-ordered by Justice Sherwood), CVR will run the following additional search terms for the custodians set forth in Justice Sherwood's order:

- 14d or 14d*
- (comp or comp* or pay or pay* or fee or fee*) /10 disclos*
- customary /20 (fee or fee* or comp or comp* or pay or pay*)
- ratif*
- (comp or comp* or pay or pay* or fee or fee*) /20 (approv* or resol* or board or agree or agree*)

2. For the period October 25, 2013 to May 15, 2017 (90 days from the date of the Cease and Desist Order in the SEC investigation), CVR will undertake the below additional search:

<u>Custodians</u>: Jack Lipinski, Edmund Gross, John Walter, Herbert Beigel

- Wachtel or Wachtell or WL or WLRK or Brownstein or Roth or Casey or Cooper
- 14d or 14d*
- (comp or comp* or pay or pay* or fee or fee*) /10 disclos*
- malpractice
- (Deut* or Duet* or Deuch* or Dueche* or Deusche or Duesche or DB or Goldman or GS) and (ratif* or fee or fee* or comp or comp* or pay or pay* or litig* or lawsuit or suit or litigation or action or case or "engagement letter" or EL)
- customary /20 (fee or fee* or comp or comp* or pay or pay*)
- Beigel or Biegel or hbeigel* or hbeigel* [other than Herbert Beigel]
- Stroock or *@stroock.com
- Matelich or gmatelich@kelso.com
- Tomkins or tomkinsme@gmail.com
- (SEC or commission or staff) /20 (subpoena or investig* or order or guidance or Wachtel or Wachtell or WLRK or WL)
- Brady
- Brandy
- Fields
- *@sec.gov
- "Fried Frank" or FriedFrank or FF
- *@ffhsj.com or *@friedfrank.com
- (Deut* or Duet* or Deuch* or Dueche* or Deusche or Duesche or DB or Goldman or GS or bank or SEC) and (settl* or resolv*)
- "cease and desist"
- CD&I or "compliance and disclosure interpretations"
- guidance and (advis* or bank or bank*) and (fee or fee* or comp or comp* or pay or pay*)
- "question 159.02"

- 12323
- 80039

<u>Icahn Search Protocol</u>

1. For the period Jan. 1, 2012 to October 24, 2013 (the time period of CVR's initial search as stipulated by the parties and so-ordered by Justice Sherwood), Icahn will run the following additional search terms for the custodians set forth in Justice Sherwood's order:

- 14d or 14d*
- (comp or comp* or pay or pay* or fee or fee*) /10 disclos*
- customary /20 (fee or fee* or comp or comp* or pay or pay*)
- ratif*
- (comp or comp* or pay or pay* or fee or fee*) /20 (approv* or resol* or board or agree or agree*)

2. For the period October 25, 2013 to May 15, 2017 (90 days from the date of the Cease and Desist Order in the SEC investigation), Icahn will undertake the below additional search:

<u>Custodians</u>: Carl Icahn,[1] Keith Schaitkin, Jesse Lynn, Vincent Intrieri, Dan Ninivaggi

- (comp or comp* or pay or pay* or fee or fee*) /10 disclos*
- (Wachtel or Wachtell or WL or WLRK or Brownstein or Roth or Casey or Cooper) and (CVR or lawsuit or suit or litigation or action or case or bet or ratif*)
- malpractice
- (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS) and (CVR or fee or fee* or comp or comp* or pay or pay* or litig* or lawsuit or suit or litigation or action or case or "engagement letter" or EL or ratif*)
- customary /20 (fee or fee* or comp or comp* or pay or pay*)
- Beigel or Biegel or hbeigel*
- Stroock or *@stroock.com
- Matelich or gmatelich@kelso.com
- Tomkins or tomkinsme@gmail.com
- (SEC or commission or staff) /20 (CVR or subpoena or investig* or order or guidance or Wachtel or Wachtell or WLRK or WL)
- Brady
- Brandy
- Fields
- CVR and *@sec.gov
- "Fried Frank"  or friedfrank or FF
- *@ffhsj.com or *@friedfrank.com
- (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS or bank or SEC) and (settl* or resolv*)
- "cease and desist"
- CD&I or "compliance and disclosure interpretations"

---

[1] Includes all other email accounts used by Mr. Icahn, including the account of Gail Golden, Susan Gordon, and Susan Zippo.

- guidance and (advis* or bank or bank*) and (fee or fee* or comp or comp* or pay or pay*)
- "question 159.02"
- 12323
- 80039

# Tab 2

**From:**      Vincent Levy
**To:**         "Herbert Beigel"; Robert Viducich
**Cc:**         Matthew Gurgel
**Subject:**   CVR
**Date:**      Tuesday, December 19, 2017 12:30:08 AM
**Attachments:**  CVR and Icahn Search Protocol (12-15-17).pdf

Dear Herb, Rob,

Following our meet and confer, I am writing to memorialize the discussion and next steps. You have agreed that you would do the following:

1. You will run for all CVR and Icahn custodians (but not yourself) the search terms listed in the enclosed protocol for the October 25, 2013 through May 15, 2017 period.

2. You will review the documents hitting those search terms for responsiveness on a document-by-document basis, and provide the responsive, nonprivileged documents.

3. You will produce a log identifying any documents withheld on privilege grounds. We reserve the right to challenge any such log if and to the extent it does not comply with Local Rule 26.2.

4. You will provide all records and other billing-related documents related to the out-of-pocket expenses being sought in defense of the Bank litigation and the SEC litigation. You have committed that CVR will not seek attorneys' fees for Rob or yourself. We would expect signing a stipulation to that effect formalizing this commitment from you; we understand that we will be receiving billing records from Fried Frank related to the fees and expenses CVR is seeking related to their work; we reserve the right to seek further documents from CVR with respect to these fees and expenses once we have received documents from Fried Frank.

5. You will complete the production of documents to be produced under steps 1 through 4 by January 31, 2018. This is acceptable to us to the extent that the Court grants an extension (per Item 8, below), but otherwise we reserve all rights.

6. You will revise the existing privilege log you provided to Mr. Sotile. We request that you complete this by December 31, 2017. We of course reserve the right to challenge the revised log to the extent the revisions do not comply with Local Rule 26.2.

7. You stated that, to the extent we wanted additional documents in your personal possession (such as your emails), we should subpoena you. You stated that you would accept service of a subpoena by email.

8. Given that you stated you would not be in a position to produce documents prior to the end of January, you will seek an extension of the schedule tomorrow. Your letter will request that the Court extend the fact-discovery deadline to March 30 to give you until January 31, 2018 to produce documents. You agreed to provide a copy of your letter-request before submitting it to the Court. To the extent the Court does not grant this extension extension, we reserve all rights to seek judicial relief, including an order compelling an earlier production.

9. You stated that you would not run searches for the pre-October 2013 period and that we were at an impasse on this point.  We are considering your position, and reserve the right to seek judicial relief on this issue.

Thanks,
Vince

CVR Search Protocol

1. For the period Jan. 1, 2012 to October 24, 2013 (the time period of CVR's initial search as stipulated by the parties and so-ordered by Justice Sherwood), CVR will run the following additional search terms for the custodians set forth in Justice Sherwood's order:

- 14d or 14d*
- (comp or comp* or pay or pay* or fee or fee*) /10 disclos*
- customary /20 (fee or fee* or comp or comp* or pay or pay*)
- ratif*
- (comp or comp* or pay or pay* or fee or fee*) /20 (approv* or resol* or board or agree or agree*)

2. For the period October 25, 2013 to May 15, 2017 (90 days from the date of the Cease and Desist Order in the SEC investigation), CVR will undertake the below additional search:

Custodians: Jack Lipinski, Edmund Gross, John Walter, Herbert Beigel

- Wachtel or Wachtell or WL or WLRK or Brownstein or Roth or Casey or Cooper
- 14d or 14d*
- (comp or comp* or pay or pay* or fee or fee*) /10 disclos*
- malpractice
- (Deut* or Duet* or Deuch* or Dueche* or Deusche or Duesche or DB or Goldman or GS) and (ratif* or fee or fee* or comp or comp* or pay or pay* or litig* or lawsuit or suit or litigation or action or case or "engagement letter" or EL)
- customary /20 (fee or fee* or comp or comp* or pay or pay*)
- Beigel or Biegel or hbeigel* or hbeigel* [other than Herbert Beigel]
- Stroock or *@stroock.com
- Matelich or gmatelich@kelso.com
- Tomkins or tomkinsme@gmail.com
- (SEC or commission or staff) /20 (subpoena or investig* or order or guidance or Wachtel or Wachtell or WLRK or WL)
- Brady
- Brandy
- Fields
- *@sec.gov
- "Fried Frank" or FriedFrank or FF
- *@ffhsj.com or *@friedfrank.com
- (Deut* or Duet* or Deuch* or Dueche* or Deusche or Duesche or DB or Goldman or GS or bank or SEC) and (settl* or resolv*)
- "cease and desist"
- CD&I or "compliance and disclosure interpretations"
- guidance and (advis* or bank or bank*) and (fee or fee* or comp or comp* or pay or pay*)
- "question 159.02"

- 12323
- 80039

<u>Icahn Search Protocol</u>

1. For the period Jan. 1, 2012 to October 24, 2013 (the time period of CVR's initial search as stipulated by the parties and so-ordered by Justice Sherwood), Icahn will run the following additional search terms for the custodians set forth in Justice Sherwood's order:

- 14d or 14d*
- (comp or comp* or pay or pay* or fee or fee*) /10 disclos*
- customary /20 (fee or fee* or comp or comp* or pay or pay*)
- ratif*
- (comp or comp* or pay or pay* or fee or fee*) /20 (approv* or resol* or board or agree or agree*)

2. For the period October 25, 2013 to May 15, 2017 (90 days from the date of the Cease and Desist Order in the SEC investigation), Icahn will undertake the below additional search:

<u>Custodians</u>: Carl Icahn,[1] Keith Schaitkin, Jesse Lynn, Vincent Intrieri, Dan Ninivaggi

- (comp or comp* or pay or pay* or fee or fee*) /10 disclos*
- (Wachtel or Wachtell or WL or WLRK or Brownstein or Roth or Casey or Cooper) and (CVR or lawsuit or suit or litigation or action or case or bet or ratif*)
- malpractice
- (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS) and (CVR or fee or fee* or comp or comp* or pay or pay* or litig* or lawsuit or suit or litigation or action or case or "engagement letter" or EL or ratif*)
- customary /20 (fee or fee* or comp or comp* or pay or pay*)
- Beigel or Biegel or hbeigel*
- Stroock or *@stroock.com
- Matelich or gmatelich@kelso.com
- Tomkins or tomkinsme@gmail.com
- (SEC or commission or staff) /20 (CVR or subpoena or investig* or order or guidance or Wachtel or Wachtell or WLRK or WL)
- Brady
- Brandy
- Fields
- CVR and *@sec.gov
- "Fried Frank"  or friedfrank or FF
- *@ffhsj.com or *@friedfrank.com
- (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS or bank or SEC) and (settl* or resolv*)
- "cease and desist"
- CD&I or "compliance and disclosure interpretations"

---

[1] Includes all other email accounts used by Mr. Icahn, including the account of Gail Golden, Susan Gordon, and Susan Zippo.

- guidance and (advis* or bank or bank*) and (fee or fee* or comp or comp* or pay or pay*)
- "question 159.02"
- 12323
- 80039

# Tab 3

**From:**              Herbert Beigel <hbeigel@me.com>
**Sent:**              Tuesday, December 19, 2017 12:00 PM
**To:**                 Levy, Vincent G. (Holwell Shuster & Goldberg LLP)
**Cc:**                 Robert Viducich; Matthew Gurgel
**Subject:**           Re: CVR

Vince

A few comments/clarifications.


1.  We are seeking out of pocket expenses incurred in the GS/DB litigation and SEC investigation, which Rob and I incurred.
2.  Because of the holidays I cannot commit to a revised privilege log by 12/31 but will provide to you as soon as possible thereafter. (#6)
3.  Privilege logs will be category logs per the rules, sufficient for you to understand the basis for assertion of the privilege.
4.  We reserve the right to revisit below in the event the search terms result an excessive number of hits.


Herb


Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995
520-869-5836 (mobile)
520-844-6215(fax)


On Dec 18, 2017, at 10:30 PM, Vincent Levy <vlevy@hsgllp.com> wrote:



Dear Herb, Rob,

Following our meet and confer, I am writing to memorialize the discussion and next steps.  You have agreed that you would do the following:

1.  You will run for all CVR and Icahn custodians (but not yourself) the search terms listed in the enclosed protocol for the October 25, 2013 through May 15, 2017 period.

2.  You will review the documents hitting those search terms for responsiveness on a document-by-document basis, and provide the responsive, nonprivileged documents.

3.  You will produce a log identifying any documents withheld on privilege grounds.  We reserve the right to challenge any such log if and to the extent it does not comply with Local Rule 26.2.

4.  You will provide all records and other billing-related documents related to the out-of-pocket

expenses being sought in defense of the Bank litigation and the SEC litigation. You have committed that CVR will not seek attorneys' fees for Rob or yourself. We would expect signing a stipulation to that effect formalizing this commitment from you. We understand that we will be receiving billing records from Fried Frank related to the fees and expenses CVR is seeking related to their work; we reserve the right to seek further documents from CVR with respect to these fees and expenses once we have received documents from Fried Frank.

5.  You will complete the production of documents to be produced under steps 1 through 4 by January 31, 2018. This is acceptable to us to the extent that the Court grants an extension (per Item 8, below), but otherwise we reserve all rights.

6.  You will revise the existing privilege log you provided to Mr. Sotille. We request that you complete this by December 31, 2017. We of course reserve the right to challenge the revised log to the extent the revisions do not comply with Local Rule 26.2.

7.  You stated that, to the extent we wanted additional documents in your personal possession (such as your emails), we should subpoena you. You stated that you would accept service of a subpoena by email.

8.  Given that you stated you would not be in a position to produce documents prior to the end of January, you will seek an extension of the schedule tomorrow. Your letter will request that the Court extend the fact-discovery deadline to March 30 to give you until January 31, 2018 to produce documents. You agreed to provide a copy of your letter-request before submitting it to the Court. To the extent the Court does not grant this extension extension, we reserve all rights to seek judicial relief, including an order compelling an earlier production.

9.  You stated that you would not run searches for the pre-October 2013 period and that we were at an impasse on this point. We are considering your position, and reserve the right to seek judicial relief on this issue.

Thanks,
Vince


Vincent Levy
Holwell Shuster & Goldberg LLP
750 Seventh Avenue, 26th Floor
New York, NY 10019
(646) 837-5120 (office)
(917) 669-0870 (mobile)
www.hsgllp.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

<CVR and Icahn Search Protocol (12-15-17).pdf>

# Tab 4

# LAW OFFICE OF ROBERT R. VIDUCICH

40 WALL STREET, 28TH FLOOR
NEW YORK, NEW YORK 10005
PHONE: (212) 400-7135
E-MAIL: rviducich@rrvlaw.com

December 19, 2017

**Via SDNY E-FILING and E-MAIL**

The Honorable Richard J. Sullivan
U.S. District Court for the
 Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

*Re: CVR Energy, Inc. v. Wachtell, Lipton, Rosen & Katz et al. (C.A. No. 14 cv 06566)*

Dear Judge Sullivan:

I, together with lead counsel, Herbert Beigel, Esq., of the Law Offices of Herbert Beigel, represent Plaintiff in the above-captioned action, and we write as a follow-up to Your Honor's December 11, 2017 Order. Please be advised that the parties have further met and conferred, per that Order, and have reached agreement on several issues, obviating the need for the Court's assistance at the present time. The parties' resolution includes, *inter alia*, Plaintiff's agreement to run numerous electronic searches for additional documents concerning the amended complaint's new allegations, and to review and produce non-privileged responsive documents by January 31, 2018 (at which point further depositions can be taken). Please also be advised that a number of deposition witnesses are unavailable until after the current, January 17, 2018, fact-discovery deadline and Mr. Beigel is scheduled for a three week trial beginning on February 7 in the United States District Court in Pittsburgh, PA.

Accordingly, Plaintiff respectfully requests, with the consent of Defendants, that the fact-discovery deadline be extended to March 30, 2018. Because the requested extension would affect other deadlines, we are also submitting herewith a proposed Revised Scheduling Order. Please be advised that this is the first request to modify the aforementioned deadlines since the complaint was amended in February 2015, and the third request overall.

Respectfully submitted,

/s/ Robert R. Viducich

cc: Vincent Levy, Esq.
 Michael Shuster, Esq.
 Benjamin Heidlage, Esq.
 John Gleeson, Esq.
 Michael Brenner, Esq.
 Herbert Beigel, Esq. (co-counsel)

# Tab 5

**From:**              Vincent Levy <vlevy@hsgllp.com>
**Sent:**              Wednesday, December 20, 2017 12:30 PM
**To:**                Herbert Beigel
**Cc:**                Robert Viducich; Matthew Gurgel
**Subject:**           RE: CVR

Dear Herb:

In response to the points noted in the below email.

1. We will prepare a stipulation setting forth what is not being sought, and we understand you will provide the bills for all expenses you are claiming.

2. Please confirm we will receive the revised log by January 15, 2018.

3. We think that a document-by-document log is appropriate here, but we understand the local rule permits variations. To be clear, we do not agree to deviate from the local rules, and reserve the right to object to the log to the extent "the substantive information required by th[e] [local rule] has not been provided in a comprehensible form."  If you would like to avoid logging the documents, we remain willing to use the quick-peak agreement you had with Mr. Sotile, consistent with the FRE 502(d) order entered in this case.

4. You stated Monday that you would run all the search terms we requested for the post-Oct. 25, 2013 period. And, indeed, Rob's letter to the court stated that you had agreed to run numerous electronic searches. We cannot accept a new condition that would give you the unilateral option not to run certain searches. We expect you to run all the searches you told us Monday that you would run and to provide the documents on the timetable you proposed. We remain prepared to shoulder the burden of review, as was Mr. Sotille's firm, if you believe the volume is excessive.

Vince

---

**From:** Herbert Beigel [mailto:hbeigel@me.com]
**Sent:** Tuesday, December 19, 2017 12:00 PM
**To:** Vincent Levy <vlevy@hsgllp.com>
**Cc:** Robert Viducich <rviducich@rrvlaw.com>; Matthew Gurgel <mgurgel@hsgllp.com>
**Subject:** Re: CVR

Vince

A few comments/clarifications.

1. We are seeking out of pocket expenses incurred in the GS/DB litigation and SEC investigation, which Rob and I incurred.
2. Because of the holidays I cannot commit to a revised privilege log by 12/31 but will provide to you as soon as possible thereafter. (#6)
3. Privilege logs will be category logs per the rules, sufficient for you to understand the basis for assertion of the privilege.
4. We reserve the right to revisit below in the event the search terms result an excessive number of hits.

Herb

Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995
520-869-5836 (mobile)
520-844-6215(fax)

On Dec 18, 2017, at 10:30 PM, Vincent Levy <vlevy@hsgllp.com> wrote:


Dear Herb, Rob,

Following our meet and confer, I am writing to memorialize the discussion and next steps.  You have agreed that you would do the following:

1. You will run for all CVR and Icahn custodians (but not yourself) the search terms listed in the enclosed protocol for the October 25, 2013 through May 15, 2017 period.

2. You will review the documents hitting those search terms for responsiveness on a document-by-document basis, and provide the responsive, nonprivileged documents.

3. You will produce a log identifying any documents withheld on privilege grounds.  We reserve the right to challenge any such log if and to the extent it does not comply with Local Rule 26.2.

4. You will provide all records and other billing-related documents related to the out-of-pocket expenses being sought in defense of the Bank litigation and the SEC litigation.  You have committed that CVR will not seek attorneys' fees for Rob or yourself.  We would expect signing a stipulation to that effect formalizing this commitment from you.  We understand that we will be receiving billing records from Fried Frank related to the fees and expenses CVR is seeking related to their work; we reserve the right to seek further documents from CVR with respect to these fees and expenses once we have received documents from Fried Frank.

5. You will complete the production of documents to be produced under steps 1 through 4 by January 31, 2018.  This is acceptable to us to the extent that the Court grants an extension (per Item 8, below), but otherwise we reserve all rights.

6. You will revise the existing privilege log you provided to Mr. Sotille.  We request that you complete this by December 31, 2017.  We of course reserve the right to challenge the revised log to the extent the revisions do not comply with Local Rule 26.2.

7. You stated that, to the extent we wanted additional documents in your personal possession (such as your emails), we should subpoena you.  You stated that you would accept service of a subpoena by email.

8.  Given that you stated you would not be in a position to produce documents prior to the end of January, you will seek an extension of the schedule tomorrow.  Your letter will request that the Court extend the fact-discovery deadline to March 30 to give you until January 31, 2018 to produce documents.  You agreed to provide a copy of your letter-request before submitting it to the Court.  To the extent the Court does not grant this extension extension, we reserve all rights to seek judicial relief, including an order compelling an earlier production.

9.  You stated that you would not run searches for the pre-October 2013 period and that we were at an impasse on this point.  We are considering your position, and reserve the right to seek judicial relief on this issue.

Thanks,
Vince


Vincent Levy
Holwell Shuster & Goldberg LLP
750 Seventh Avenue, 26th Floor
New York, NY 10019
(646) 837-5120 (office)
(917) 669-0870 (mobile)
www.hsgllp.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

<CVR and Icahn Search Protocol (12-15-17).pdf>

# Tab 6

| | |
|---|---|
| **From:** | Herbert Beigel |
| **To:** | Vincent Levy |
| **Cc:** | Robert Viducich; Matthew Gurgel |
| **Subject:** | Re: CVR |
| **Date:** | Wednesday, December 20, 2017 1:00:25 PM |

I have no idea what you are talking about.

All the searches will be run.  The only caveat is to revisit with you if there are a ridiculous number of hits.

I don't know what quick peak is.  I will not produce privileged documents, as I did with Sottile.

I cannot promise a revised previous log by 1/15, but will do my best, especially given fact that document production won't be complete until 1/31 and you will get an additional log thereafter.

Keep in mind I am unavailable for depositions between 2/7 and the end of the month due to a federal trial in Pittsburgh.  So the depositions will have to be in March, more than enough time to complete what has been noticed.

Herb

Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995 (office)
520-869-5836 (mobile)
520-844-6215 (efax)
hbeigel@me.com


On Dec 20, 2017, at 10:29 AM, Vincent Levy <vlevy@hsgllp.com> wrote:

Dear Herb:

In response to the points noted in the below email.

1. We will prepare a stipulation setting forth what is not being sought, and we understand you will provide the bills for all expenses you are claiming.

2. Please confirm we will receive the revised log by January 15, 2018.

3. We think that a document-by-document log is appropriate here, but we understand the local rule permits variations. To be clear, we do not agree to deviate from the local rules, and reserve the right to object to the log to the extent "the substantive information required by th[e] [local rule] has not been provided in a comprehensible form."  If you would like to avoid logging the documents, we remain willing to use the

quick-peak agreement you had with Mr. Sotille, consistent with the FRE 502(d) order entered in this case.

4. You stated Monday that you would run all the search terms we requested for the post-Oct. 25, 2013 period. And, indeed, Rob's letter to the court stated that you had agreed to run numerous electronic searches. We cannot accept a new condition that would give you the unilateral option not to run certain searches. We expect you to run all the searches you told us Monday that you would run and to provide the documents on the timetable you proposed. We remain prepared to shoulder the burden of review, as was Mr. Sotille's firm, if you believe the volume is excessive.

Vince

---

**From:** Herbert Beigel [mailto:hbeigel@me.com]
**Sent:** Tuesday, December 19, 2017 12:00 PM
**To:** Vincent Levy <vlevy@hsgllp.com>
**Cc:** Robert Viducich <rviducich@rrvlaw.com>; Matthew Gurgel <mgurgel@hsgllp.com>
**Subject:** Re: CVR

Vince

A few comments/clarifications.

1.  We are seeking out of pocket expenses incurred in the GS/DB litigation and SEC investigation, which Rob and I incurred.
2.  Because of the holidays I cannot commit to a revised privilege log by 12/31 but will provide to you as soon as possible thereafter. (#6)
3.  Privilege logs will be category logs per the rules, sufficient for you to understand the basis for assertion of the privilege.
4.  We reserve the right to revisit below in the event the search terms result an excessive number of hits.

Herb

Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995
520-869-5836 (mobile)
520-844-6215(fax)

On Dec 18, 2017, at 10:30 PM, Vincent Levy <vlevy@hsgllp.com> wrote:

Dear Herb, Rob,

Following our meet and confer, I am writing to memorialize the discussion and next steps.  You have agreed that you would do the following:

1.  You will run for all CVR and Icahn custodians (but not yourself) the search terms listed in the enclosed protocol for the October 25, 2013 through May 15, 2017 period.

2.  You will review the documents hitting those search terms for responsiveness on a document-by-document basis, and provide the responsive, nonprivileged documents.

3.  You will produce a log identifying any documents withheld on privilege grounds.  We reserve the right to challenge any such log if and to the extent it does not comply with Local Rule 26.2.

4.  You will provide all records and other billing-related documents related to the out-of-pocket expenses being sought in defense of the Bank litigation and the SEC litigation.  You have committed that CVR will not seek attorneys' fees for Rob or yourself.  We would expect signing a stipulation to that effect formalizing this commitment from you.  We understand that we will be receiving billing records from Fried Frank related to the fees and expenses CVR is seeking related to their work; we reserve the right to seek further documents from CVR with respect to these fees and expenses once we have received documents from Fried Frank.

5.  You will complete the production of documents to be produced under steps 1 through 4 by January 31, 2018.  This is acceptable to us to the extent that the Court grants an extension (per Item 8, below), but otherwise we reserve all rights.

6.  You will revise the existing privilege log you provided to Mr. Sotille.  We request that you complete this by December 31, 2017.  We of course reserve the right to challenge the revised log to the extent the revisions do not comply with Local Rule 26.2.

7.  You stated that, to the extent we wanted additional documents in your personal possession (such as your emails), we should subpoena you.  You stated that you would accept service of a subpoena by email.

8. Given that you stated you would not be in a position to produce documents prior to the end of January, you will seek an extension of the schedule tomorrow.  Your letter will request that the Court extend the fact-discovery deadline to March 30 to give you until January 31, 2018 to produce documents.  You agreed to provide a copy of your letter-request before submitting it to the Court.  To the extent the Court does not grant this extension extension, we reserve all rights to seek judicial relief, including an order compelling an earlier production.

9. You stated that you would not run searches for the pre-October 2013 period and that we were at an impasse on this point.  We are considering your position, and reserve the right to seek judicial relief on this issue.

Thanks,
Vince


Vincent Levy
Holwell Shuster & Goldberg LLP
750 Seventh Avenue, 26th Floor
New York, NY 10019
(646) 837-5120 (office)
(917) 669-0870 (mobile)
www.hsgllp.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

<CVR and Icahn Search Protocol (12-15-17).pdf>

# Tab 7

HOLWELL SHUSTER & GOLDBERG LLP

*750 Seventh Avenue, 26th Floor*
*New York, New York 10019*
*Tel: (646) 837-5151*
*Fax: (646) 837-5150*
*www.hsgllp.com*

*Vincent Levy*
*(646) 837-5120*
*vlevy@hsgllp.com*

January 5, 2018

Herbert Beigel, Esq.
Law Offices of Herbert Beigel
38327 South Arroyo Way
Tucson, AZ 85739

Re:    *Wachtell, Lipton, Rosen & Katz v. CVR Energy, Inc., et al.*, No. 654343/2013 (N.Y. Sup. Ct.)
       *CVR Energy, Inc. v. Wachtell, Lipton, Rosen, & Katz, et al.*, No. 14-cv-06566 (S.D.N.Y.)

Dear Herb:

I write regarding deposition scheduling generally and in response to the multiple emails you have sent us on the subject, in which you have made demands, attempted to impose deadlines for and limitations on our responses, and pressed substantial constraints on the discovery process that suit your and CVR's interests but prejudice my clients. As a general matter I do not usually respond to sarcasm and insults, but given that you have chosen to express your position on deposition scheduling in such terms, I respond here to make our position clear.

We think your tactics are unreasonable. We do not accept your take-it-or-leave-it approach to scheduling depositions, the arbitrary deadlines you set to respond to your communications, or your imperious demands that we answer your questions "yes or no." We do not agree that you can unilaterally excise the entire month of February and the first week of March from the deposition calendar because you will be occupied with another case, after you and your client's failure to timely produce documents forced you to seek Court approval for an extension of the entire discovery schedule. Nor do we agree that you can unilaterally limit the scope of noticed depositions. After experiencing months of these tactics, we are persuaded that you have no intention to respect deadlines, proceed in a reasonably cooperative manner, or otherwise act in accordance with court-imposed deadlines and procedures.

Accordingly, so our position is clear, I am writing to tell you what we intend to do in pursuit of the orderly administration of depositions:

- We will provide you with multiple dates for those of our witnesses whom you have indicated you wish to depose and who have information relevant to the action in which they were noticed.

- We will notice depositions of witnesses you represent whom we wish to depose for dates that are convenient to us, and we will consider requests for reasonable adjustments to the noticed dates.  We will not accede to your demand that all depositions in this matter be relegated to the final three weeks of March.  We expect depositions to proceed in an orderly fashion beginning in February, following completion of document discovery, consistent with the schedule that has been set by the Court.

- The scope of our inquiry in depositions will correspond to the matters at issue in litigation, consistent with any applicable rule or court order, to gather evidence relevant to our defenses and claims.

Furthermore, be advised that we have determined to notice Mr. Schaitkin for a deposition on a date after January 31, as we will not take his deposition on a date which precedes the court-ordered completion of document disclosure by your clients.  Finally, you have repeatedly demanded a date for the deposition of William Savitt.  You have indicated that you seek Mr. Savitt's deposition as a fact and organizational witness in the state action.  As we have already communicated to you, we do not agree with your position that the discovery periods in the state and federal actions are uncoupled and we intend to seek relief generally with respect to the schedule in the state action.  Mr. Savitt will be made available if appropriate only later in the discovery period.

We reserve all our rights.


Sincerely,

/s/ Vincent Levy

Vincent Levy

# Tab 8

| | |
|---|---|
| **From:** | Herbert Beigel |
| **To:** | Vincent Levy |
| **Cc:** | Robert R. Viducich; Matthew Gurgel |
| **Subject:** | Re: CVR deposition scheduling |
| **Date:** | Friday, January 5, 2018 2:13:45 PM |

Vince

You obviously are a proponent of the big lie theory of lawyering,

As I have said you can write all the letters you want but I do not take any of them seriously because they are replete with false statements and total mischaracterizations. Just one example, I never conditioned Schaitkin's deposition on limited scope.  I asked if you would agree, you didn't, and that was that.  And you asked me to propose a date in late January and I did.  You deliberately wasted my time.

So, in due course I will send you an email responding to the rest of your nonsense, but for now I am withdrawing all prior agreements with you other than what is required by the scheduling order.

Don't hold your breath waiting for a response.  I will get around to it when I have nothing better to do.  I don't respect self serving statements any more than the Courts.

You are unprofessional and untrustworthy.  And you are as unreliable as you know who.

What a shame.

Herb

Herbert Beigel
Hbeigel@me.com
520-825-1995. Office
520-869-5836   Mobile


On Jan 5, 2018, at 11:14 AM, Vincent Levy <vlevy@hsgllp.com> wrote:


Herb and Rob,

Please see the enclosed.

Vince

Vincent Levy
Holwell Shuster & Goldberg LLP
750 Seventh Avenue, 26th Floor

New York, NY 10019
(646) 837-5120 (office)
(917) 669-0870 (mobile)
www.hsgllp.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

<Levy Letter to Beigel Re Depositions 1.5.pdf>

# Tab 9

**From:** Herbert Beigel
**To:** Vincent Levy
**Cc:** Robert Viducich
**Subject:** Re: Re document production
**Date:** Monday, January 8, 2018 8:22:28 PM
**Attachments:** Update-Wachtell_Search_Hit_Results.xlsx

Vince:

Here is the hit report, referred to in the email below.

Herb

Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995 (office)
520-869-5836 (mobile)
520-844-6215 (efax)
hbeigel@me.com

On Jan 8, 2018, at 6:11 PM, Herbert Beigel <hbeigel@me.com> wrote:

Vince:

Vince:

I am writing to inform you of the current status of the additional production from 3 CVR and Icahn custodians (Gross, Lipinski, Walter) for the period October 2013 to the present, using the search terms you proposed, that we ultimately agreed to run – albeit reluctantly, as we believed they were way too overbroad (and thus subject to further discussions depending on the number of hits).

Attached is the hit report for Lipinski and Walter.  As you'll see, our fears about the overbroad nature of many of the proposed search terms were justified,

Specifically, search terms for the attached chart's items nos. 1, 2, 4, 5, 10, 13, 14, 17 and 20 were clearly not reasonably designed to capture relevant documents and need to be modified.   Moreover search terms nos. 15 & 16 are designed to capture only privileged or non-relevant communications and should be eliminated altogether (and especially in view of the mountainous production of documents you've subpoenaed from that law firm).  The same problem also infects search

terms/item no. 6, as during that time-frame I provided legal services on several other matters for CVR having nothing at all to with this action or the banks' lawsuits.

As for Mr. Gross, we have learned that since his departure, despite a thorough search of the network, his emails and attachments cannot be found.  Although CVR will continue to look for these documents, it's likely they were somehow inadvertently lost during a technological change involving CVR's computer servers.  In any event, it should be obvious that his communications from the advent of this malpractice litigation until his departure were either privileged or not relevant, so the absence of his electronic files is of no prejudice to your clients.  Moreover, as you know, most of the time period you are seeking will not produce any relevant non-privileged communications, because (a) you already have hundreds of thousands of pages of documents from Fried Frank and my communications with the SEC, and (b) the substance of the SEC investigation was concluded in the Fall of 2016 following a year of complete silence and inaction.

In short, we will begin reviewing the documents generated by the search terms other than the problematic, itemized ones listed above (nos. 1, 2, 4, 5, 10, 13, 14, 17 and 20).  As concerns those itemized ones, we will not accept your offer to have your firm review the raw data as we, frankly, do not believe you have acted fairly or in good faith and should be entrusted with them, and the number of relevant documents required to be produced will constitute a small fraction of the total documents generated by your search terms.  Instead, as to them, we ask that you re-consider our November 3 counter-proposal of search terms, and note that we remain willing to meet and confer on them (or on any other proposals you might proffer) in a last effort to agree on search terms and thereby avoid being unduly burdened with overbroad search terms that have no other apparent purpose than to require us to engage in unnecessary and wasteful review of thousands of documents that have nothing to do with his litigation.

As for the Icahn production, because Icahn does not have the capability of running your proposed search terms, we have been compelled to have Icahn transmit to our vendor all electronic files of each custodian to run the search terms.  This burdensome task – involving hundreds of gigabytes of data – will require several weeks to accomplish.  However, based on what has been run so far, we already know the obvious, to wit, that many of your Icahn search terms suffer from the same infirmities noted above with regard to CVR, and, will have to be modified.

Moreover, with respect to the "CIcahn@sfire.com" email account, this is an email address never used or offered to anyone by Mr. Icahn or his assistants, and of the

thousands of unsolicited emails sent to this address, neither Mr. Icahn nor any other employees who has access to these emails has ever responded to any of them.  It is the functional equivalent of a "junk mail" folder.  Consequently, we see no need to review and generate documents pertaining to that e-mail account according to your search terms or any other search terms.

Finally, we reiterate what is indicated above: our refusal to agree to the improper designation of Herbert Beigel as a custodian.

Herb

Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995 (office)
520-869-5836 (mobile)
520-844-6215 (efax)
hbeigel@me.com

**Time Period: October 25, 2013 to May 15, 2017**

| Search: | Terms and Connectors | Lipinski | Custodian Hits Gross | Walter | |
|---|---|---|---|---|---|
| 1 | Wachtel or Wachtell or WL or WLRK or Brownstein or Roth or Casey or Cooper or 14d or 14d* | | 5313 | | 3943 |
| 2 | (comp or comp* or pay or pay* or fee or fee*) /10 disclos* | | 9895 | | 6813 |
| 3 | malpractice | | 130 | | 484 |
| 4 | (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS) and (ratif* or fee or fee* or comp or comp* or pay or pay* or litig* or lawsuit or suit or litigation or action or case or "engagement letter" or EL) | | 8659 | | 4100 |
| 5 | customary /20 (fee or fee* or comp or comp* or pay or pay*) | | 637 | | 1535 |
| 6 | Beigel or Biegel or hbeigel* or hbeigel* [other than Herbert Beigel] | | 137 | | 958 |
| 7 | Stroock or *@stroock.com | | 5 | | 160 |
| 8 | Matelich or gmatelich@kelso.com | | 446 | | 77 |
| 9 | Tomkins or tomkinsme@gmail.com | | 40 | | 65 |
| 10 | (SEC or commission or staff) /20 (subpoena or investig* or order or guidance or Wachtel or Wachtell or WLRK or WL) | | 998 | | 2588 |
| 11 | Brady | | 336 | | 569 |
| 12 | Bandy | | 5 | | 136 |
| 13 | Fields | | 3720 | | 960 |
| 14 | *@sec.gov | | 554 | | 2809 |
| 15 | "Fried Frank" or FriedFrank or FF | | 1590 | | 4334 |
| 16 | *@ffhsj.com or *@friedfrank.com | | 296 | | 2587 |
| 17 | (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS or bank or SEC) and (settl* or resolv*) | | 6532 | | 6517 |
| 18 | "cease and desist" | | 18 | | 315 |
| 19 | CD&I or "compliance and disclosure interpretations" | | 9 | | 67 |
| 20 | guidance and (advis* or bank or bank*) and (fee or fee* or comp or comp* or pay or pay*) | | 5901 | | 3024 |
| 21 | "question 159.02" | | 0 | | 0 |

# Tab 10

| | |
|---|---|
| **From:** | Herbert Beigel |
| **To:** | Vincent Levy |
| **Cc:** | Robert Viducich |
| **Subject:** | Re: Re document production |
| **Date:** | Tuesday, January 9, 2018 9:45:11 PM |

The  chart I sent you is all I have from CVR.

However, I will ask my vendor if he can do what you ask.

Herb

Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995 (office)
520-869-5836 (mobile)
520-844-6215 (efax)
hbeigel@me.com

> On Jan 9, 2018, at 7:39 PM, Vincent Levy <vlevy@hsgllp.com> wrote:


> Herb:  Please confirm whether the hit counts in the attachment to your email are
> for total hits or unique hits.  If they are total hits, please provide for each search
> string and custodian the number of unique hits.  In addition, please provide for
> each search string the number of total and unique hits, de-duplicated across both
> custodians' mailboxes.  Thank you.

> On Jan 8, 2018, at 8:22 PM, Herbert Beigel <hbeigel@me.com> wrote:


>> Vince:

>> Here is the hit report, referred to in the email below.

>> Herb

>> Herbert Beigel
>> 38327 S. Arroyo Way
>> Tucson, AZ 85739
>> 520-825-1995 (office)
>> 520-869-5836 (mobile)
>> 520-844-6215 (efax)
>> hbeigel@me.com


>> On Jan 8, 2018, at 6:11 PM, Herbert Beigel

<hbeigel@me.com> wrote:

Vince:



Vince:



I am writing to inform you of the current status of the additional production from 3 CVR and Icahn custodians (Gross, Lipinski, Walter) for the period October 2013 to the present, using the search terms you proposed, that we ultimately agreed to run – albeit reluctantly, as we believed they were way too overbroad (and thus subject to further discussions depending on the number of hits).



Attached is the hit report for Lipinski and Walter.  As you'll see, our fears about the overbroad nature of many of the proposed search terms were justified,



Specifically, search terms for the attached chart's items nos. 1, 2, 4, 5, 10, 13, 14, 17 and 20 were clearly not reasonably designed to capture relevant documents and need to be modified.   Moreover search terms nos. 15 & 16 are designed to capture only privileged or non-relevant communications and should be eliminated altogether (and especially in view of the mountainous production of documents you've subpoenaed from that law firm)  The same problem also infects search terms/item no. 6, as during that time-frame I provided legal services on several other matters for CVR having nothing at all to with this action or the banks' lawsuits.



As for Mr. Gross, we have learned that since his departure, despite a thorough search of the network, his emails and attachments cannot be found.  Although CVR will continue to look for these documents, it's likely they were somehow inadvertently lost during a technological

change involving CVR's computer servers.  In any event, it should be obvious that his communications from the advent of this malpractice litigation until his departure were either privileged or not relevant, so the absence of his electronic files is of no prejudice to your clients. Moreover, as you know, most of the time period you are seeking will not produce any relevant non-privileged communications, because (a) you already have hundreds of thousands of pages of documents from Fried Frank and my communications with the SEC, and (b) the substance of the SEC investigation was concluded in the Fall of 2016 following a year of complete silence and inaction.

In short, we will begin reviewing the documents generated by the search terms other than the problematic, itemized ones listed above (nos. 1, 2, 4, 5, 10, 13, 14, 17 and 20).  As concerns those itemized ones, we will not accept your offer to have your firm review the raw data as we, frankly, do not believe you have acted fairly or in good faith and should be entrusted with them, and the number of relevant documents required to be produced will constitute a small fraction of the total documents generated by your search terms.  Instead, as to them, we ask that you re-consider our November 3 counter-proposal of search terms, and note that we remain willing to meet and confer on them (or on any other proposals you might proffer) in a last effort to agree on search terms and thereby avoid being unduly burdened with overbroad search terms that have no other apparent purpose than to require us to engage in unnecessary and wasteful review of thousands of documents that have nothing to do with his litigation.

As for the Icahn production, because Icahn does not have the capability of running your proposed search terms, we have been compelled to have Icahn transmit to our vendor all electronic files of each custodian to run the search terms.  This burdensome task – involving hundreds of gigabytes of data – will require several weeks to accomplish.  However, based on what has been run so far, we already know the obvious, to wit, that many of your Icahn search terms suffer from the same infirmities noted above with regard to CVR, and, will have to be modified.

Moreover, with respect to the "CIcahn@sfire.com" email account, this is an email address never used or offered to anyone by Mr. Icahn or his assistants, and of the thousands of unsolicited emails sent to this address, neither Mr. Icahn nor any other employees who has access to these emails has ever responded to any of them. It is the functional equivalent of a "junk mail" folder. Consequently, we see no need to review and generate documents pertaining to that e-mail account according to your search terms or any other search terms.

Finally, we reiterate what is indicated above: our refusal to agree to the improper designation of Herbert Beigel as a custodian.

Herb

Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995 (office)
520-869-5836 (mobile)
520-844-6215 (efax)
hbeigel@me.com

Vincent Levy
Holwell Shuster & Goldberg LLP
750 Seventh Avenue, 26th Floor
New York, NY 10019
(646) 837-5120 (office)
(917) 669-0870 (mobile)
www.hsgllp.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received

this email in error, please notify the sender immediately and delete it from your system.

<Update-Wachtell_Search_Hit_Results.xlsx>

# Tab 11

**From:** Herbert Beigel
**To:** Vincent Levy
**Cc:** Robert Viducich
**Subject:** CVR v. Wachtell
**Date:** Wednesday, January 10, 2018 10:35:39 PM
**Attachments:** SearchHits_2018110_CVR all terms - Lipinski & Walter Results.xls
SearchHit Report Overview.docx

Vince:

As you requested, attached is a detailed chart of the hit results on your search terms for CVR and an explanation of the chart.

Herb

Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995 (office)
520-869-5836 (mobile)
520-844-6215 (efax)
hbeigel@me.com

Here's an explanation of the search hit report. BTW, because of hit overlap (the same document responding to multiple terms) none of the columns in the hit report will ever add up to the total.

**Hits**: The number of documents that contained the search term. There is no hierarchy. If the document responded to the hit, regardless of other searches, it is counted. See the example Hits. In the chart below notice that are 8 documents that contain hits but in reality only 7 unique documents responded to terms 1 - 3. This is so because document E responded to 2 terms. See, you can't add up the hits count column because of overlap.

**Related**: A related document is a document that is related to the document with the hit but does not contain the search term itself. For example, if you have an email with 3 attachments (a family) and the email contains the search term but the attachments don't, you have 1 hit with 3 related. See example Related. In the chart below notice that are 4 related documents but in reality there only 3 unique documents because document G is related to documents that responded to Terms 1 and 3. Again, you can't add up the hits count column because of overlap.

**Unique**: The number of documents that responded to the search term and *did not respond to any other terms.*

**Unique Families**: A unique family is a situation where one or more of the documents in an email and attachment family contains the search term and none of the documents in the family contain any other search terms.

|  | Term 1 | Term 2 | Term 3 |
|---|---|---|---|
| Hits (green) | 3 (A, D, E) | 3 (C, H, I) | 2 (E, F) |
| Related | 3 (B, F, G) | 0 | 1 (G) |
| Unique | 2 (A, D) | 3 (C, H, I) | 0 |
| Unique Familiy | 2 (A/B) | 3 (C, H/I ) | 0 |

| Hits | Term 1 - 3 | Term 2 - 3 | Term 3 - 2 |
|---|---|---|---|
|  | email (A) | email (A) | email (A) |
|  | attachment (B) | attachment (b) | attachment (B) |
|  | email (C ) | email (C ) | email (C ) |
|  | email (D) | email (D) | email (D) |
|  | email (E) | email (E) | email (E) |
|  | attachment (F) | attachment (F) | attachment (F) |
|  | attachment (G) | attachment (G) | attachment (G) |
|  | email (H) | email (H) | email (H) |
|  | attachment (I) | attachment (I) | attachment (I) |

| Related | Term 1 - 3 | Term 2 - 0 | Term 3 - 1 |
|---|---|---|---|
|  | email (A) | email (A) | email (A) |
|  | attachment (B) | attachment (b) | attachment (B) |
|  | email (C ) | email (C ) | email (C ) |
|  | email (D) | email (D) | email (D) |
|  | email (E) | email (E) | email (E) |
|  | attachment (F) | attachment (F) | attachment (F) |
|  | attachment (G) | attachment (G) | attachment (G) |
|  | email (H) | email (H) | email (H) |
|  | attachment (I) | attachment (I) | attachment (I) |

| Unique | Term 1 - 2 | Term 2 - 3 | Term 3 - 0 |
|---|---|---|---|
|  | email (A) | email (A) | email (A) |
|  | attachment (B) | attachment (b) | attachment (B) |
|  | email (C ) | email (C ) | email (C ) |
|  | email (D) | email (D) | email (D) |
|  | email (E) | email (E) | email (E) |
|  | attachment (F) | attachment (F) | attachment (F) |
|  | attachment (G) | attachment (G) | attachment (G) |
|  | email (H) | email (H) | email (H) |
|  | attachment (I) | attachment (I) | attachment (I) |

| Unique Family | Term 1 - 2 | Term 2 - 3 | Term 3 - 0 |
|---|---|---|---|
|  | email (A) | email (A) | email (A) |
|  | attachment (B) | attachment (b) | attachment (B) |
|  | email (C ) | email (C ) | email (C ) |
|  | email (D) | email (D) | email (D) |
|  | email (E) | email (E) | email (E) |
|  | attachment (F) | attachment (F) | attachment (F) |
|  | attachment (G) | attachment (G) | attachment (G) |
|  | email (H) | email (H) | email (H) |
|  | attachment (I) | attachment (I) | attachment (I) |

 OmniVere

Search List: REQSTD-CVR-Lipinski & Walter

| Alias | Search Term | Term Id | Full Text Hits | Docs Returned Total | Docs Returned Not Exp | Related Docs Total | Related Docs Not Exp | Total Docs Total | Total Docs Not Exp | Unique Families Total | Unique Families Not Exp | Unique Documents Total | Unique Documents Not Exp | File Size Total | File Size Not Exp | Related File Size Total | Related File Size Not Exp | Total File Size Total | Total File Size Not Exp | Emails | Attachments | Loose Files |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Full Text Contains malpractice And (Search Found in Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found in Custodian ContainsAny Lipinski, Jack;Walter, John) | 161 | 4,904 | 1,422 | 1,422 | 2,665 | 2,665 | 4,087 | 4,087 | 50 | 50 | 33 | 33 | 1.580 | 1.580 | 1.120 | 1.120 | 2.700 | 2.700 | 1,283 | 2,804 | 0 |
| | Full Text Contains Strock or ""@strock.com" And (Search Found in Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found in Custodian ContainsAny Lipinski, Jack;Walter, John) | 162 | 1,836 | 280 | 280 | 112 | 112 | 392 | 392 | 26 | 26 | 15 | 15 | 0.020 | 0.020 | 0.010 | 0.010 | 0.020 | 0.020 | 266 | 126 | 0 |
| | Full Text Contains Matelich or "gmatelich@kelso.com" And (Search Found in Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found in Custodian ContainsAny Lipinski, Jack;Walter, John) | 163 | 3,055 | 777 | 777 | 813 | 813 | 1,590 | 1,590 | 217 | 217 | 244 | 244 | 0.260 | 0.260 | 0.370 | 0.370 | 0.620 | 0.620 | 525 | 1,065 | 0 |
| | Full Text Contains Tomkins or "tomkinsme@gmail.com" And (Search Found in Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found in Custodian ContainsAny Lipinski, Jack;Walter, John) | 164 | 1,427 | 310 | 310 | 494 | 494 | 804 | 804 | 7 | 7 | 7 | 7 | 0.070 | 0.070 | 0.220 | 0.220 | 0.290 | 0.290 | 182 | 622 | 0 |
| | Full Text Contains Brady And (Search Found in Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found in Custodian ContainsAny Lipinski, Jack;Walter, John) | 165 | 2,891 | 1,297 | 1,297 | 846 | 846 | 2,143 | 2,143 | 244 | 244 | 228 | 228 | 0.290 | 0.290 | 0.120 | 0.120 | 0.410 | 0.410 | 1,240 | 903 | 0 |
| | Full Text Contains Bandy And (Search Found in Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found in Custodian ContainsAny Lipinski, Jack;Walter, John) | 166 | 419 | 384 | 384 | 177 | 177 | 561 | 561 | 0 | 0 | 0 | 0 | 0.010 | 0.010 | 0.010 | 0.010 | 0.020 | 0.020 | 384 | 177 | 0 |
| | Full Text Contains "cease and desist" And (Search Found in Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found in Custodian ContainsAny Lipinski, Jack;Walter, John) | 167 | 11,412 | 1,517 | 1,517 | 2,691 | 2,691 | 4,208 | 4,208 | 10 | 10 | 14 | 14 | 1.100 | 1.100 | 1.220 | 1.220 | 2.310 | 2.310 | 963 | 3,245 | 0 |
| | Full Text Contains "question 159.02" And (Search Found in Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found in Custodian ContainsAny Lipinski, Jack;Walter, John) | 168 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0 | 0 | 0 |
| | Full Text Contains (comp or comp* or pay or pay* or fee or fee*) w10 disclos* And (Search Found in Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found in Custodian ContainsAny Lipinski, Jack;Walter, John) | 208 | 261,960 | 35,073 | 35,073 | 30,682 | 30,682 | 65,755 | 65,755 | 11,374 | 11,374 | 10,072 | 10,072 | 22.500 | 22.500 | 5.150 | 5.150 | 27.650 | 27.650 | 26,569 | 39,186 | 0 |
| | Full Text Contains customary w20 (fee or fee* or comp or comp* or pay or pay*) And (Search Found in Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found in Custodian ContainsAny Lipinski, Jack;Walter, John) | 209 | 79,040 | 7,977 | 7,977 | 13,611 | 13,611 | 21,588 | 21,588 | 688 | 688 | 528 | 528 | 12.040 | 12.040 | 2.790 | 2.790 | 14.820 | 14.820 | 5,294 | 16,294 | 0 |
| | Full Text Contains Fields And (Search Found in Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found in Custodian ContainsAny Lipinski, Jack;Walter, John) | 210 | 16,190 | 4,770 | 4,770 | 4,706 | 4,706 | 9,476 | 9,476 | 1,087 | 1,087 | 735 | 735 | 3.130 | 3.130 | 0.630 | 0.630 | 3.760 | 3.760 | 4,217 | 5,259 | 0 |
| | Full Text Contains ""@fhq.com" or ""@friedfrank.com" And (Search Found in Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found in Custodian ContainsAny Lipinski, Jack;Walter, John) | 211 | 30,548 | 4,308 | 4,308 | 3,714 | 3,714 | 8,022 | 8,022 | 1,359 | 1,359 | 1,151 | 1,151 | 0.090 | 0.090 | 1.000 | 1.000 | 1.090 | 1.090 | 4,221 | 3,801 | 0 |
| | Full Text Contains (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS or bank or SEC) and (sett* or resol*) (Search Found in Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found in Custodian ContainsAny Lipinski, Jack;Walter, John) | 212 | 692,720 | 19,902 | 19,902 | 22,799 | 22,799 | 42,701 | 42,701 | 2,290 | 2,290 | 2,480 | 2,480 | 17.890 | 17.890 | 3.970 | 3.970 | 21.860 | 21.860 | 13,907 | 28,794 | 0 |
| | Full Text Contains guidance and (advis* or bank or bank*) and (fee or fee* or comp or comp* or pay or pay*) And (Search Found in Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found in Custodian ContainsAny Lipinski, Jack;Walter, John) | 213 | 209 | 106 | 106 | 61 | 61 | 167 | 167 | 17 | 17 | 19 | 19 | 0.010 | 0.010 | 0.000 | 0.000 | 0.010 | 0.010 | 106 | 61 | 0 |
| | Full Text Contains Wachtel or Wachtell or WL or WLRK or Brownstein or Roth or Casey or Cooper or 14d or 14d* And (Search Found in Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found in Custodian ContainsAny Lipinski, Jack;Walter, John) | 214 | 4,667,119 | 17,878 | 17,878 | 18,784 | 18,784 | 36,662 | 36,662 | 1,147 | 1,147 | 1,444 | 1,444 | 14.540 | 14.540 | 3.390 | 3.390 | 17.930 | 17.930 | 14,247 | 22,415 | 0 |
| | Full Text Contains (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS) and (ratif* or fee or fee* or comp or comp* or pay or pay* or litig* or lawsuit or suit or litigation or action or case or "engagement letter" or EL) And (Search Found in Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found in Custodian ContainsAny Lipinski, Jack;Walter, John) | 215 | 69,493 | 10,259 | 10,259 | 10,358 | 10,358 | 20,617 | 20,617 | 2,748 | 2,748 | 2,836 | 2,836 | 4.890 | 4.890 | 2.950 | 2.950 | 7.840 | 7.840 | 8,073 | 12,544 | 0 |
| | Full Text Contains Beigel or Biegel or hbeigel* or hbeige* [other than Herbert Beigel] And (Search Found in Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found in Custodian ContainsAny Lipinski, Jack;Walter, John) | 216 | 4,566,982 | 21,929 | 21,529 | 17,996 | 17,996 | 39,925 | 39,925 | 4,043 | 4,043 | 6,635 | 6,635 | 16.310 | 16.310 | 3.910 | 3.910 | 20.220 | 20.220 | 15,553 | 24,372 | 0 |
| | Full Text Contains (SEC or commission or staff) w20 (subpoena or investig* or order or guidance or Wachtel or Wachtell or WLRK or WL) And (Search Found in Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found in Custodian ContainsAny Lipinski, Jack;Walter, John) | 217 | 81,425 | 8,247 | 8,247 | 5,418 | 5,418 | 13,665 | 13,665 | 3,575 | 3,575 | 3,163 | 3,163 | 1.680 | 1.680 | 1.760 | 1.760 | 3.440 | 3.440 | 7,698 | 5,967 | 0 |
| | Full Text Contains "@sec.gov And (Search Found in Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found in Custodian ContainsAny Lipinski, Jack;Walter, John) | 218 | 61,254 | 10,083 | 10,083 | 13,747 | 13,747 | 23,830 | 23,830 | 1,425 | 1,425 | 1,072 | 1,072 | 7.450 | 7.450 | 3.730 | 3.730 | 11.180 | 11.180 | 7,631 | 16,199 | 0 |
| | Full Text Contains "Fried Frank" or FriedFrank or FF And (Search Found in Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found in Custodian ContainsAny Lipinski, Jack;Walter, John) | 219 | 5,170 | 1,318 | 1,318 | 637 | 637 | 1,955 | 1,955 | 619 | 619 | 597 | 597 | 0.030 | 0.030 | 0.120 | 0.120 | 0.150 | 0.150 | 1,309 | 646 | 0 |
| | | 220 | 34,236 | 5,978 | 5,978 | 4,694 | 4,694 | 10,672 | 10,672 | 732 | 732 | 744 | 744 | 1.410 | 1.410 | 1.110 | 1.110 | 2.520 | 2.520 | 4,696 | 5,976 | 0 |

| | All | Not Exported |
|---|---|---|
| Documents with Search Hits: | 69,951 | 69,951 |
| Related Documents: | 33,990 | 33,990 |
| Total Documents: | 103,941 | 103,941 |
| Size in GB: | 32.134 | 32.134 |

| | |
|---|---|
| Emails: | 50,196 |
| Attachments: | 53,745 |
| Loose Files: | 0 |

# Tab 12

# HOLWELL SHUSTER & GOLDBERG LLP

*750 Seventh Avenue, 26th Floor*
*New York, New York 10019*
*Tel: (646) 837-5151*
*Fax: (646) 837-5150*
*www.hsgllp.com*

*Vincent Levy*
*(646) 837-5120*
*vlevy@hsgllp.com*

January 11, 2018

Herbert Beigel, Esq.
Law Offices of Herbert Beigel
38327 South Arroyo Way
Tucson, AZ 85739

Re:    *Wachtell, Lipton, Rosen & Katz v. CVR Energy, Inc., et al.*, No. 654343/2013 (N.Y. Sup.
        Ct.) (the "State Action")
        *CVR Energy, Inc. v. Wachtell, Lipton, Rosen, & Katz, et al.*, No. 14-cv-06566 (S.D.N.Y.)
        (the "Federal Action")

Dear Herb:

I write in follow-up to our prior correspondence concerning three matters of document discovery addressed in our previous meet and confers. Please note that I will respond under separate cover to the issues raised in your January 8 email.

*First*, my January 4 letter informed you that CVR's production of documents related to the settlement of the bank action was deficient. I have not received a response. We reiterate our request for a complete production of documents related to the settlement of the bank action, including but not limited to all mediation statements; settlement demands, offers and counteroffers, and any responses thereto; term sheets; agreements in principle; and all documents and communications concerning the same, whether internal or external; as well as a log of any withheld documents. Please confirm that this production will be made by the Court-ordered deadline of January 31.

*Second*, after you committed in our meet and confer on December 18 to send us a revised version of CVR's previously provided privilege log, on December 19 you informed me that you could not provide this revised log by December 31 due to the holidays. In light of your concern about the timing, we requested that you send the revised log by January 15. In response, you said that you would do your best to send the revised log by that date. We require the opportunity for timely review of the information in the revised privilege log in advance of January 31, and we therefore reiterate our request for confirmation that you will provide the revised log by January 15.

*Finally*, in our December 18 meet and confer, and in your email of December 19, you stated that CVR will not seek as damages in this action any attorneys' fees for work performed by you or Mr. Viducich, but instead will only seek "out-of-pocket expenses" related to your work for CVR.  Please confirm that, as required, you will promptly update your Rule 26(a) disclosures to reflect this representation concerning the damages CVR seeks in this action.

If you do not intend to provide the confirmations requested above, then we request a meet and confer to address these subjects.  Please let me know any time you are available on January 12.  We reserve all our rights.

Sincerely,

/s/ Vincent Levy

Vincent Levy

# Tab 13

| | |
|---|---|
| **From:** | Herbert Beigel |
| **To:** | Vincent Levy |
| **Cc:** | Robert R. Viducich; Matthew Gurgel |
| **Subject:** | Re: CVR |
| **Date:** | Thursday, January 11, 2018 10:51:06 AM |

Vince

I see no reason to respond to your weekly self serving letters, which are not designed to accomplish anything constructive and are misguided attempts to turn discovery into a game that has no end.  This is particularly true since you once again ignore my simple questions, e.g., dates for depositions during the last 3 weeks in March that we both want to take.

If you wish to discuss any areas of concern, i can entertain you next week, though i see no need for a meet and confer until you propose acceptable search terms to replace your overbroad CVR terms which will be largely the case for Icahn as well and respond to the many other requests which we have made and you continue to ignore.  In the meantime I will continue to periodically report to you on the progress of our document production.

Herb


Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995
520-869-5836 (mobile)
520-844-6215(fax)

On Jan 11, 2018, at 8:35 AM, Vincent Levy <vlevy@hsgllp.com> wrote:


Dear Herb,

Please see the enclosed letter.

Thank you,
Vince

Vincent Levy
Holwell Shuster & Goldberg LLP
750 Seventh Avenue, 26th Floor
New York, NY 10019
(646) 837-5120 (office)
(917) 669-0870 (mobile)
www.hsgllp.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

<1-11 letter to H Beigel re document discovery.pdf>

# Tab 14

| | |
|---|---|
| **From:** | Herbert Beigel |
| **To:** | Vincent Levy |
| **Cc:** | Robert Viducich |
| **Subject:** | GS/DB settlement |
| **Date:** | Friday, January 12, 2018 12:34:22 AM |

Vince;

By the way, against my better judgment, I will explain the obvious to you, as someone once said, I forgive them for they know not what they do.

I sent you my and Rob's entire non privileged correspondence regarding the GS/DB settlement as a courtesy, although we are not custodians.

All other documents responsive to your request are captured and will be produced in due course, pursuant to your ridiculously overbroad search terms.

Simce you don't seem capable of understanding the obvious, a simple phone call would have corrected your gross misunderstanding.

So, courtesy, non required production, will cease if your response will be, as always, inane, self-serving, letters that serve no legitimate purpose.

You can look all you want for bedbugs under the mattress, but they simply don't exist.

Herb

Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995 (office)
520-869-5836 (mobile)
520-844-6215 (efax)
hbeigel@me.com

# Tab 15

| | |
|---|---|
| **From:** | Herbert Beigel |
| **To:** | Vincent Levy |
| **Cc:** | Robert Viducich |
| **Subject:** | 2014 Privilege Log |
| **Date:** | Thursday, January 11, 2018 10:02:04 PM |

Vince

It turns out that It will not be possible to provide you by January 15 with a revised version of the privilege logs that were sent to prior counsel in 2014 to which no objection was made.

I have and will continue to work on a revision in good faith, which will now require vendor assistance, as among the thousands of emails to and from me, a host of them are duplicates and unrelated to the litigation and non-responsive.

However, prior to completion of the categorical log(s) I am working on (as contemplated by the rules), you will receive a  list of the categories, albeit few in number for obvious reasons.

Herb


Herbert Beigel
Hbeigel@me.com
520-825-1995. Office
520-869-5836   Mobile

# Tab 16

# HOLWELL SHUSTER & GOLDBERG LLP

*750 Seventh Avenue, 26th Floor*
*New York, New York 10019*
*Tel: (646) 837-5151*
*Fax: (646) 837-5150*
*www.hsgllp.com*

*Vincent Levy*
*(646) 837-5120*
*vlevy@hsgllp.com*

January 12, 2018

Herbert Beigel, Esq.
Law Offices of Herbert Beigel
38327 South Arroyo Way
Tucson, AZ 85739

Re:   *Wachtell, Lipton, Rosen & Katz v. CVR Energy, Inc., et al.*, No. 654343/2013 (N.Y. Sup.
       Ct.) (the "State Action")
      *CVR Energy, Inc. v. Wachtell, Lipton, Rosen, & Katz, et al.*, No. 14-cv-06566 (S.D.N.Y.)
      (the "Federal Action")

Dear Herb:

      I write in response to your email of January 8, 2018 addressing the status of CVR's and
Icahn's document collection and review efforts.  We disagree with much of your email, which
contains numerous mischaracterizations of our prior discussions and of the nature of the search
and disclosure protocol agreed upon by the parties.  I do not undertake to address each of these
deficiencies here, but respond below to a number of the key points in your email:

      *CVR and Icahn Search and Disclosure Protocol*.  In our December 18 meet and confer,
you committed that CVR and Icahn would review the documents identified by the searches that
Wachtell Lipton proposed for the period October 25, 2013 to May 17, 2017.  The scope and
search terms for those searches were heavily negotiated and on the basis of your commitment to
honor those search terms, we did not present the Court with a dispute concerning CVR's and
Icahn's search protocol for that time period.  Moreover, your commitment to carry out that
search and disclosure protocol was also the basis for CVR to request an extension of the fact
discovery deadline in order to permit time to, among other things, produce documents by January
31, 2018 based on the agreed-upon search.  We never agreed, and do not agree, that CVR (or
Icahn) can unilaterally decline to run and review any of the agreed-upon searches on the ground
that they now deem the search to have identified too many documents.

      We also disagree that the hit results you have sent suggest that the agreed-upon search
terms are "overbroad."  CVR has sued Wachtell Lipton for malpractice and seeks tens of
millions of dollars in damages.  Parties routinely search and review hundreds of thousands of

documents in such circumstances. The search we have proposed is entirely consistent with the matters your clients have chosen to put at issue in this lawsuit.

We further disagree that the nine search strings itemized in your email (searches 1, 2, 4, 5, 10, 13, 14, 17 and 20) "were clearly not reasonably designed to capture relevant documents and need to be modified." These searches are directly relevant to the claims and defenses in this case. They concern: Wachtell Lipton and the specific attorneys involved in the CVR engagement (1); Goldman Sachs and Deutsche Bank, their respective engagement letters, and the substance and nature of the disclosures made in connection therewith (2, 4, 5, 17); the SEC investigation (10, 13 and 14); and the SEC's guidance concerning banker fee disclosures (20). Your claims that these terms are "overbroad" are therefore meritless. Indeed, it is apparent that you have undertaken nothing to substantiate your claim of overbreadth, for example by doing sample testing for responsiveness of the terms you have identified (which on December 28 you stated you would do).

Nevertheless, and solely in an effort to resolve the matter, we are willing to narrow search term 13, as well as change all of the searches of "comp*" to "compen*" and "fee*" to "fees," which affects search strings 2, 4, 5 and 20 (as numbered in your January 8 hit report). The relevant revised search strings are below:

  2. (comp or compen* or pay or pay* or fee or fees) /10 disclos*

  4. (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS) and (ratif* or fee or fees or comp or compen* or pay or pay* or litig* or lawsuit or suit or litigation or action or case or "engagement letter" or EL)

  5. customary /20 (fee or fees or comp or compen* or pay or pay*)

  13. (SEC or commission or staff or Brent) /3 Fields

  20. guidance and (advis* or bank or bank*) and (fee or fees or comp or compen* or pay or pay*)

Please confirm that you will begin reviewing immediately all of the agreed-upon searches, subject to the foregoing modifications, in order to complete disclosure by January 31.

*The Deletion of Gross's Email Files.* We are very concerned to learn, more than three years after Edmund Gross left CVR's employment, that Mr. Gross's emails have been "somehow inadvertently lost" by CVR. This news is particularly surprising because the files concern a period when CVR was prosecuting and defending multiple lawsuits and an investigation in which Mr. Gross was a key witness, and because the files therefore must have been subject to a litigation hold. Your email raises many questions regarding this serious topic. Please let us know promptly: (1) whether the retention issue concerns solely Mr. Gross's email files, or all of his electronic documents; (2) when CVR determined that it had not retained Mr. Gross's documents; (3) what specifically was involved in what you described as the "thorough search of the network" that was conducted by CVR or its representatives to come to this determination; (4) your basis for asserting that "it's likely they were somehow inadvertently lost during a

2

technological change involving CVR's computer servers," including a description of the nature and circumstances of the referenced "technological change involving CVR's computer servers"; and (5) whether CVR maintains any back-up tapes or archival systems that might contain Mr. Gross' documents and whether CVR has searched those locations.

We disagree that CVR's spoliation of evidence has not prejudiced my clients.  Mr. Gross was a key percipient witness for most of the events underlying CVR's claims, and Defendants are entitled to full discovery of his documents related to those subject matters.  Defendants reserve all rights in this regard, including to seek any and all appropriate relief for CVR's conduct.

*Progress Specifically on the Icahn Search and Disclosure Protocol*.  A month ago you agreed to run agreed-upon searches on files in the possession of Icahn, which are due to be produced, at the latest, on January 31, 2018.  Your letter appears to anticipate a delay in that production, although the reasons for that delay are all entirely foreseeable and predictable.  The schedule for document discovery in this action has already been substantially delayed by your unwillingness to respect court deadlines and your clients' undertakings.  Please understand that we expect Icahn to complete its production by January 31, 2018, and if necessary we will seek to enforce the deadlines that have been set by the Court.

As to Mr. Icahn's CIcahn@sfire.com email address, you have represented that the "email address [has] never [been] used or offered to anyone by Mr. Icahn or his assistants," and that it only contains unsolicited emails.  Please send us a hit report for Mr. Icahn's @sfire.com address so that we are in a better position to assess whether it would be appropriate to review the emails maintained in the account.

*Beigel Files*.  CVR's continued refusal to search your files for responsive documents is meritless.  As explained in my January 4, 2018 letter, courts repeatedly have held that an attorney's files are within the control of the client and are therefore the proper subject of party discovery.  You have identified no authority to the contrary.  We appear at impasse.  Absent notice from you that you have revised your position, we will take this issue up with the Court.

We reserve all our rights.


Sincerely,

/s/ Vincent Levy

Vincent Levy

# Tab 17

| **From:** | Herbert Beigel |
| **To:** | Vincent Levy |
| **Cc:** | Robert Viducich; Matthew Gurgel |
| **Subject:** | Re: CVR document discovery |
| **Date:** | Friday, January 12, 2018 8:27:15 PM |

Vince

Once again you send a missive which mischaracterizes our position, misstates the facts, and otherwise is nothing more than attempted harassment.

I told you I would be please to chat with your about any of your concerns, despite the fact that your client has made no attempt to respond to any of our requests other than to stonewall them.

For now, I have this to say:  The time period following October 25, 2013 is completely irrelevant except for two undisputed simple facts: the SEC investigation and resulting Order.  All of the alleged malpractice occurred during the first half of 2012,.  Your bald statement that what occurred from 2014-2017 is relevant is beyond ridiculous. That said, I tentatively agreed to your ridiculous time period in the spirit of cooperation, but that was my mistake because you have no capacity to be cooperative or reasonable.  As for the search terms, I invite you to convince the court why plaintiff should search through hundreds of thousands of emails that post date the alleged malpractice by as much as over 4 and a half years.

I also made it clear that our willingness to conduct a review of documents generated from the search terms depended on the number of hits.  A so-called quick peak is hardly necessary given the huge amount of documents that would be generated and, as an earlier email from you reflects (insisting on negotiating a detailed micromanaged protocol for a so-called quick peak) would accomplish nothing in the way of getting you to be reasonable, because you are constitutionally unreasonable (or you are under instructions from an unreasonable client).

I will consider your proposed revised search terms after consultation with my IT vendor and get back to you in due course. You have only yourself to blame if the January 31 date comes and goes, because, frankly, you have no reasonable need for any further production anyway, including from Mr. Gross.  Nevertheless, you will receive a substantial number of responsive, though irrelevant documents, by 1/31, so you can waste your time reviewing non relevant documents and inventing something else to complain about.

Finally, I find it noteworthy and frankly comical that you are incapable of even cooperating on dates for depositions you wish to take or even offering dates for your clients' depositions.  You are actively aggressive in seeking irrelevant discovery and ironically equally aggressive in resisting what is relevant, your clients' testimony.

In short, your tactics remind me of the tactics of…[feel free to pick the most suitable person to fill in].

You may call me anytime if you wish to discuss any matters related to the pending litigation.

Herb


Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995 (office)
520-869-5836 (mobile)
520-844-6215 (efax)
hbeigel@me.com <mailto:hbeigel@me.com>

On Jan 12, 2018, at 5:23 PM, Vincent Levy <vlevy@hsgllp.com <mailto:vlevy@hsgllp.com> > wrote:


Herb,

Please see the enclosed. Thanks.


Vincent Levy
Holwell Shuster & Goldberg LLP
750 Seventh Avenue, 26th Floor
New York, NY 10019
(646) 837-5120 (office)
(917) 669-0870 (mobile)
www.hsgllp.com <http://www.hsgllp.com/>


CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.


<Letter from V. Levy to H. Beigel.pdf>

# Tab 18

# HOLWELL SHUSTER & GOLDBERG LLP

*750 Seventh Avenue, 26th Floor*
*New York, New York 10019*
*Tel: (646) 837-5151*
*Fax: (646) 837-5150*
*www.hsgllp.com*

*Vincent Levy*
*(646) 837-5120*
*vlevy@hsgllp.com*

January 12, 2018

Herbert Beigel, Esq.
Law Offices of Herbert Beigel
38327 South Arroyo Way
Tucson, AZ 85739

Re:     *CVR Energy, Inc. v. Wachtell, Lipton, Rosen, & Katz, et al.*, No. 14-cv-06566 (S.D.N.Y.)

Dear Herb,

Enclosed are notices of depositions of you and your clients, CVR and Messrs. Schaitkin, Icahn, Walter, and Lipinski, as well as an amended notice of deposition of Fried Frank, in accordance with the schedule that has been set by the Court in this action.  As set forth in my January 5 letter, we will consider requests for reasonable adjustments to the noticed dates for witnesses you represent, but we expect depositions to proceed in an orderly fashion beginning in February, following completion of document discovery.

As to Wachtell Lipton's witnesses, Mr. Roth is available on February 15, 23, 27 or 28, and Mr. Brownstein is available on March 1, 8 or 9.  Please let us know which of these dates you would like to confirm for the relevant depositions.  We are reviewing your deposition notice served on Wachtell Lipton pursuant to Rule 30(b)(6) and will follow up separately regarding that notice.

Sincerely,

/s/ Vincent Levy

Vincent Levy

# Tab 19

| | |
|---|---|
| **From:** | Herbert Beigel |
| **To:** | Matthew Gurgel |
| **Cc:** | Robert R. Viducich; Vincent Levy |
| **Subject:** | Re: CVR |
| **Date:** | Saturday, January 13, 2018 6:29:11 PM |

Aside from being unavailable until the second week of March, I am unavailable for depositions on Mondays.  Therefore your date for March 26 is unacceptable.  Suggest a different date and I will check with Mr. Icahn,

Herb

Herbert Beigel
Hbeigel@me.com
520-825-1995. Office
520-869-5836   Mobile

On Jan 12, 2018, at 7:00 PM, Matthew Gurgel <mgurgel@hsgllp.com> wrote:

Herb and Rob,

Please see the attached letter and accompanying deposition notices and subpoenas, which are being served pursuant to our agreement to accept service via email.

Regards,
Matt

Matthew Gurgel
Holwell Shuster & Goldberg LLP
750 Seventh Avenue, 26th Floor
New York, NY 10019
(646) 837-5137 (office)
(347) 414-3076 (mobile)
www.hsgllp.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

<1-12-18 Levy Letter to H Beigel re Depositions.pdf>

<Amended Notice of 30(b)(6) Deposition to CVR.PDF>

<Amended Notice of Deposition (Beigel).pdf>

<Amended Notice of Deposition (Icahn).pdf>

<Amended Notice of Deposition (Lipinski).pdf>

<Notice of Deposition (Walter).pdf>

<Amended Notice of Subpoena and Subpoena (Schaitkin).pdf>

<Amended Notice of 30(b)(6) Subpoena to Fried Frank and Subpoena.pdf>

# Tab 20

| | |
|---|---|
| **From:** | Herbert Beigel |
| **To:** | Vincent Levy |
| **Cc:** | Robert Viducich |
| **Subject:** | Fwd: Wachtell |
| **Date:** | Tuesday, January 16, 2018 9:43:16 AM |

Vince

Below are the responses to your questions concerning the missing Gross electronic documents. I reiterate that the missing emails are of no consequence or relevance in view of my previous email to you that Gross had no non privileged communications with anyone concerning the SEC investigation.

<!--[if !supportLists]-->1.   <!--[endif]-->whether the retention issue concerns solely Mr. Gross's email files, or all of his electronic documents;

Just his e-mails, other than two small .PST exports that were found and are older than the date range requested by the search.  His documents still exist and will be reviewed to determine whether any of them relate to the SEC investigation and whether they are privileged.  There is no need to run your over broad search terms.

<!--[if !supportLists]-->2.   <!--[endif]-->when CVR determined that it had not retained Mr. Gross's documents;

CVR could not find it after a basic search on 12/19, and confirmed after searching the enterprise for it that it was indeed nowhere to be found by 12/29, after one more final look CVR closed the search for his email on 01/03.

<!--[if !supportLists]-->3.   <!--[endif]-->what specifically was involved in what you described as the "thorough search of the network" that was conducted by CVR or its representatives to come to this determination;

Mailbox lookup in Exchange
Mailbox lookup in Archive
PowerShell scripts run against every workstation and server in the enterprise looking for .PST, .XLS, .XLSX (Common formats that exported email can be found in) containing "Ned," "Gross," "Edmund," and "ESGROSS."

<!--[if !supportLists]-->4.   <!--[endif]-->your basis for asserting that "it's likely they were somehow inadvertently lost during a technological change involving CVR's computer servers," including a description of the nature and circumstances of the referenced "technological change involving CVR's computer servers"; and

IT (System Engineers specifically) are the only group of individuals that would have access to delete a mailbox. Upon review of root cause, CVR found that an IT

(System Engineer) contractor on 03/10/2016 ran the delete command on Ned's mailbox.  It appears this was due to emergency maintenance cleanup, because of exchange outages from running out of space.

<!--[if !supportLists]-->5.   <!--[endif]-->whether CVR maintains any back-up tapes or archival systems that might contain Mr. Gross documents and whether CVR has searched those locations.

Backups  are only 30 days, which is in alignment with the SOX narratives.

Herb

Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995
520-869-5836 (mobile)
520-844-6215(fax)

# Tab 21

| | |
|---|---|
| **From:** | Vincent Levy |
| **To:** | Herbert Beigel |
| **Cc:** | Robert Viducich |
| **Subject:** | RE: CVR v. Wachtell |
| **Date:** | Tuesday, January 16, 2018 6:15:00 PM |

Herb:  On December 18, you agreed that CVR and Icahn would review and disclose nonprivileged, responsive documents identified by the search protocol we sent you on December 15.  That agreement was the product of negotiations between us, entered into very late in the discovery period originally contemplated in the action, and was not qualified.  We have since, as a further accommodation to you, proposed modifications to certain of the December 15 search strings – which, to be clear, would apply to both the CVR and Icahn search strings – and believe that you should review for responsiveness all documents generated by the modified protocol.  That disclosure should take place, under the Court's order, by January 31.

We cannot tell from your emails whether your clients intend to search and produce documents in accordance with our agreement.  To ensure there is no confusion, and to identify the dispute between the parties on this matter (if any), please confirm whether your clients will review the hit results for all search strings set forth in our December 15 search protocol (as modified in my January 12 letter) and produce all responsive, non-privilege documents from those hits.  If there are any specific search strings for which, contrary to our prior agreement, your clients do not intend to review the hits and produce responsive, non-privileged documents, please identify them.

Thank you,
Vince

-----Original Message-----
From: Herbert Beigel [mailto:hbeigel@me.com]
Sent: Saturday, January 13, 2018 7:03 AM
To: Vincent Levy <vlevy@hsgllp.com>
Cc: Robert Viducich <rviducich@rrvlaw.com>
Subject: CVR v. Wachtell

Vince

I have asked my vendor to prepare a new hit report for the modified search terms in your letter, which cannot be started until Tuesday because of the holiday, as you did not bother responding to my objections until Friday night. My objections to the other listed search terms remain.

As for Mr. Icahn i reviewed  a representative sampling of emails sent to his address, none of which are relevant to the claims in the litigation.

Herb

Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995
520-869-5836 (mobile)
520-844-6215(fax)

# Tab 22

| | |
|---|---|
| **From:** | Herbert Beigel |
| **To:** | Vincent Levy |
| **Cc:** | Robert Viducich |
| **Subject:** | Re: CVR v. Wachtell |
| **Date:** | Tuesday, January 16, 2018 6:56:32 PM |

Vince:

Please be informed that the first production of documents for Lipinski per the reduced number of search terms will yield very few documents, after all.  A review of the output I've now received shows what I cautioned against: nearly all of the documents netted by your overbroad search terms and time period are "false positives," as nearly all of them are non-responsive, either documents having nothing to do with the SEC investigation or the Banks settlement, or documents that are post commencement of the Bank and Wachtell litigation and SEC investigation (which documents we objected to producing long before you were hired, and afterward -- consistent with the normal practice and your own clients' objections to CVR's document requests).

The foregoing is consistent with what you've been informed repeatedly: the fact is that the entire SEC investigation was handled by CVR's outside counsel (and I understand that you already have Fried Frank's documents, as well as mine for the time period after I took over the investigation from them). And, there are simply no written communications between CVR or Icahn and the SEC regarding the investigation.

Finally, any agreement to do review of documents was always conditioned on the hit reports and the results and my review thus far clearly indicates that responsive, relevant, non-privileged documents will at most be a tiny percentage of the total.

In short, your document requests were designed to find a non-existent needle in an enormous haystack of irrelevant documents.

I respectfully urge you to withdraw your requests entirely and in turn I will endeavor to produce relevant, responsive documents regarding the SEC investigation (already completed by Fried Frank and me) and the GS-DB settlement.  I see no reason to search for what does not exist or is otherwise irrelevant or privileged.

Herb

Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995 (office)
520-869-5836 (mobile)
520-844-6215 (efax)
hbeigel@me.com


On Jan 16, 2018, at 4:15 PM, Vincent Levy <vlevy@hsgllp.com> wrote:

Herb: On December 18, you agreed that CVR and Icahn would review and disclose nonprivileged, responsive documents identified by the search protocol we sent you on December 15. That agreement was the product of negotiations between us, entered into very late in the discovery period originally contemplated in the action, and was not qualified. We have since, as a further accommodation to you, proposed modifications to certain of the December 15 search strings - which, to be clear, would apply to both the CVR and Icahn search strings - and believe that you should review for responsiveness all documents generated by the modified protocol. That disclosure should take place, under the Court's order, by January 31.

We cannot tell from your emails whether your clients intend to search and produce documents in accordance with our agreement. To ensure there is no confusion, and to identify the dispute between the parties on this matter (if any), please confirm whether your clients will review the hit results for all search strings set forth in our December 15 search protocol (as modified in my January 12 letter) and produce all responsive, non-privilege documents from those hits. If there are any specific search strings for which, contrary to our prior agreement, your clients do not intend to review the hits and produce responsive, non-privileged documents, please identify them.

Thank you,
Vince

Vincent Levy
Holwell Shuster & Goldberg LLP
750 Seventh Avenue, 26th Floor
New York, NY 10019
(646) 837-5120 (office)
(917) 669-0870 (mobile)
www.hsgllp.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.


-----Original Message-----
From: Herbert Beigel [mailto:hbeigel@me.com]
Sent: Saturday, January 13, 2018 7:03 AM
To: Vincent Levy <vlevy@hsgllp.com>
Cc: Robert Viducich <rviducich@rrvlaw.com>
Subject: CVR v. Wachtell

Vince

I have asked my vendor to prepare a new hit report for the modified search terms

in your letter, which cannot be started until Tuesday because of the holiday, as you did not bother responding to my objections until Friday night. My objections to the other listed search terms remain.

As for Mr. Icahn i reviewed a representative sampling of emails sent to his address, none of which are relevant to the claims in the litigation.

Herb

Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995
520-869-5836 (mobile)
520-844-6215(fax)

# Tab 23

**From:**      Herbert Beigel <hbeigel@me.com>
**Sent:**      Tuesday, January 16, 2018 6:46 PM
**To:**        Levy, Vincent G. (Holwell Shuster & Goldberg LLP)
**Cc:**        Robert Viducich; Gleeson, John (Debevoise & Plimpton LLP)
**Subject:**   Re: [HBA_0005 | CVR/Wachtell]  -- Jesse Lynn -- v1 Filtered Results

Vince:

As I have previously stated I am not reviewing documents for the following search terms for CVR as reflected in the attached list.

1, 2, 4, 5, 10, 13, 14, 15, 16, 17 and 20.

Your suggested revisions only applied to: 2, 4, 5, 13, and 20.

Depending on the hit report for the revised search terms, I will decide whether the review those documents.

Thus, my current Lipinski review is limited to 3, 6-9, 18-19.

Regardless, I will be sending you another email stating our position on the document requests for the time period post October 25, 2013.

Herb


Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995 (office)
520-869-5836 (mobile)
520-844-6215 (efax)
hbeigel@me.com


On Jan 16, 2018, at 4:22 PM, Vincent Levy <vlevy@hsgllp.com> wrote:


Herb:  Thank you for sending the Icahn hit reports.  It appears that the hit reports were run prior to our January 12 letter in which we proposed certain modifications relevant to the Icahn search strings.  Please send updated hit reports reflecting these modifications.

Vincent Levy
Holwell Shuster & Goldberg LLP
750 Seventh Avenue, 26th Floor
New York, NY 10019
(646) 837-5120 (office)
(917) 669-0870 (mobile)
www.hsgllp.com
CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole

use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Herbert Beigel [mailto:hbeigel@me.com]
**Sent:** Tuesday, January 16, 2018 3:06 AM
**To:** Vincent Levy <vlevy@hsgllp.com>
**Cc:** Robert Viducich <rviducich@rrvlaw.com>; John Gleeson <jgleeson@debevoise.com>
**Subject:** Fwd: [HBA_0005 | CVR/Wachtell] -- Jesse Lynn -- v1 Filtered Results

Vince:

Below and attached is information regarding Jesse Lynn documents.  I will forward you similar information for other Icahn custodians which have been completed.  As I have already informed you, generating the documents is extremely time consuming as more than a million documents have to be sent to my vendor to run your over broad search terms and a time period, which for more than 75 percent of that period generate nothing relevant to the SEC investigation, including before May 2014 and for more than  a year after the SEC depositions of Lipinski and Gross, when nothing happened, as reflected by the emails with the SEC I previously sent to you.

Moreover, having received from Fried Frank more than 300,000 documents, most of which you already had, as they bear bates stamps from the Bank and Wachtell state action, your completely inappropriate discovery demands were, from any perspective, unreasonable and unnecessary, and has made it impossible to complete document production, even if you now substantially narrow your search terms and time period, by January 31.

Once the Icahn search hit reports are completed, I will inform you, as I did on CVR, which search term documents I will not review for production, absent an agreement on appropriate revised search terms and a substantial narrowing of the time period.

For once, you might consider cooperating in good faith, but given your past obstreperous conduct, I can only say I will  be pleasantly surprised if you do.


Herb

Herbert Beigel
38327 S. Arroyo WayTucson, AZ 85739-
520-825-1995
520-869-5836 (mobile)
520-844-6215(fax)


Begin forwarded message:

> **From:** Ryck Berube <Ryck.Berube@omnivere.com>
> **Date:** January 11, 2018 at 4:47:27 PM MST
> **To:** Herbert Beigel <hbeigel@me.com>
> **Cc:** Process PM's <processpms@omnivere.com>, Tom Tigh <tom.tigh@omnivere.com>
> **Subject: [HBA_0005 | CVR/Wachtell]  -- Jesse Lynn -- v1 Filtered Results**
>
> Hi Herb,
>
> Here are the details on the **Jesse Lynn data** that has now been ingested, de-duped and filtered as requested.

*Corresponding reports attached for your convenience.*

| | |
|---|---|
| 463K+ docs | Total documents ingested |
| **400K+ docs** | Total documents *minus* dupes/exclusions |
| 95K+ docs | Total responsive hits to REQSTD v1 Terms |

Upon review, let us know how else we can assist before our next update.

Thanks,
Ryck ~
--------

\<image001.png\>

**Ryck Berube**
**Senior Project Manager**
Office: 713.739.7883 ext.322 | Mobile: 713.498.3616
1301 Fannin | Suite 750 | Houston TX 77002

OmniVere
www.OmniVere.com

This communication contains proprietary information and may be confidential. If you are not the intended recipient, the reading, copying, disclosure or other use of the contents of this e-mail is strictly prohibited and you are instructed to please delete this e-mail immediately.

**From:** HK Driver [mailto:hkdriver@sfire.com]
**Sent:** Tuesday, January 09, 2018 12:07 PM
**To:** Ryck Berube <Ryck.Berube@omnivere.com>; Tom Tigh <tom.tigh@omnivere.com>; Process PM's <processpms@omnivere.com>
**Cc:** Herbert Beigel <hbeigel@me.com>; Dustin Goodwin <DGoodwin@ielp.com>
**Subject:** JLynn download complete

Jesse Lynn's export is complete.
Total emails: 312, 407
Total size: 28.3gb

**Jesse Lynn**

| Zip File name | MB Size | # Emails |
|---|---|---|
| ALL-Jlynn-3-1514928228793 | 388.51 | 2725 |
| ALL-Jlynn-3-1514909551902 | 477.73 | 2310 |
| ALL-Jlynn-3-1514916783199 | 478.10 | 2982 |
| ALL-Jlynn-3-1514922299652 | 388.15 | 2725 |
| ALL-Jlynn-3-1514904918229 | 481.55 | 2698 |
| ALL-Jlynn-3-1514859379366 | 483.64 | 2242 |
| ALL-Jlynn-3-1514904365344 | 481.55 | 2698 |
| ALL-Jlynn-2-1514346225455 | 483.33 | 3641 |
| ALL-Jlynn-2-1514284510137 | 477.22 | 2126 |
| ALL-Jlynn-2-1514350575182 | 190.07 | 1395 |

| | | |
|---|---|---|
| ALL-Jlynn-2-1515282140098 | 477.91 | 3485 |
| ALL-Jlynn-2-1515277855357 | 484.76 | 4332 |
| ALL-Jlynn-2-1515271777479 | 501.18 | 5054 |
| ALL-Jlynn-2-1515265884660 | 479.55 | 5345 |
| ALL-Jlynn-2-1515189225090 | 481.32 | 4541 |
| ALL-Jlynn-2-1515100947325 | 477.91 | 3028 |
| ALL-Jlynn-2-1515110218690 | 483.08 | 1722 |
| ALL-Jlynn-2-1515002678720 | 487.60 | 3842 |
| ALL-Jlynn-2-1515010793665 | 480.77 | 4593 |
| ALL-Jlynn-2-1515019646975 | 478.06 | 4088 |
| ALL-Jlynn-2-1514997482720 | 478.91 | 7274 |
| ALL-Jlynn-2-1514928889182 | 478.67 | 7285 |
| ALL-Jlynn-2-1514920763787 | 477.57 | 2096 |
| ALL-Jlynn-2-1514907810027 | 477.64 | 2646 |
| ALL-Jlynn-2-1514915966615 | 478.56 | 7266 |
| ALL-Jlynn-2-1514850566335 | 528.46 | 2713 |
| ALL-Jlynn-2-1514904107497 | 480.87 | 2563 |
| ALL-Jlynn-2-1514859097209 | 479.35 | 1063 |
| ALL-Jlynn-2-1514687932685 | 478.42 | 2938 |
| ALL-Jlynn-2-1514826439183 | 481.11 | 7868 |
| ALL-Jlynn-2-1514665950204 | 477.76 | 2296 |
| ALL-Jlynn-1-1514916163929 | 480.00 | 14343 |
| ALL-Jlynn-2-1514679910178 | 482.76 | 3728 |
| ALL-Jlynn-1-1514930233907 | 456.70 | 17405 |
| ALL-Jlynn-1-1514903678895 | 479.93 | 12663 |
| ALL-Jlynn-1-1514850188236 | 495.79 | 13138 |
| ALL-Jlynn-1-1514826175859 | 479.14 | 9985 |
| ALL-Jlynn-0-1514607805258 | 486.00 | 3851 |
| ALL-Jlynn-1-1514667457097 | 480.17 | 10580 |
| ALL-Jlynn-0-1514652387973 | 412.42 | 7009 |
| ALL-Jlynn-0-1514581461896 | 480.03 | 5724 |
| ALL-Jlynn-0-1514603832238 | 478.47 | 7129 |
| ALL-Jlynn-0-1514587195408 | 478.14 | 5513 |
| ALL-Jlynn-0-1514575814489 | 478.26 | 4731 |
| ALL-Jlynn-0-1514570858187 | 478.41 | 6403 |
| ALL-Jlynn-0-1514565045302 | 480.80 | 6158 |
| ALL-Jlynn-0-1514496084923 | 482.13 | 6523 |
| ALL-Jlynn-0-1514559409583 | 478.68 | 4811 |
| ALL-Jlynn-0-1514489966316 | 478.69 | 5055 |
| ALL-Jlynn-0-1514473339682 | 479.67 | 4565 |
| ALL-Jlynn-0-1514485549024 | 480.52 | 4977 |
| AALL-Jlynn-0-1514414093758 | 478.27 | 4645 |
| ALL-Jlynn-0-1514465039613 | 478.15 | 2512 |

| | | |
|---|---|---|
| ALL-Jlynn-0-1514404985160 | 477.98 | 3403 |
| ALL-Jlynn-0-1514409503790 | 477.93 | 5361 |
| ALL-Jlynn-0-1514425588836 | 478.96 | 4656 |
| ALL-Jlynn-0-1514430222294 | 477.84 | 3873 |
| ALL-Jlynn-1-1514658375234 | 480.06 | 6217 |
| ALL-Jlynn-1-1514679639511 | 480.73 | 7930 |
| ALL-Jlynn-1-1514687554374 | 479.27 | 7939 |
| | **28315.21** | **312407** |

****************

This message and any attachments may contain information that is confidential, proprietary or protected by privilege from disclosure. If you are not an intended recipient, please notify the sender and delete the message and any attachments without reading, printing, copying, forwarding or saving them. Thank you in advance for your cooperation and assistance.

# Tab 24

| | |
|---|---|
| **From:** | Herbert Beigel |
| **To:** | Vincent Levy |
| **Cc:** | Robert Viducich; John Gleeson |
| **Subject:** | Re: [HBA_0005 | CVR/Wachtell] -- Jesse Lynn -- v1 Filtered Results |
| **Date:** | Tuesday, January 16, 2018 8:39:56 PM |

Vince:

Although your revisions do not solve the fatal underlying flaw in your document requests, as I have explained, I will review the documents generated by the following search terms:

2-4, 5-9,11-12, 13,18-20

As I previous wrote you, your revisions are highly unlikely to generate responsive, relevant, and non-privileged documents.

By week's end, I expect to finish my review of Lipinski and Walter, which I am confident will produce little or nothing to be delivered to you.

By the way I previously offered to discuss with you the wasteful and inappropriate document requests.  If you want to call such a discussion a meet and confer, I won't quibble about semantics.  So, it's up to you to call me.

In have no confidence we will reach an agreement, but I guess hope springs eternal.

I can assure you of one thing, however.  However broad your search terms, you will receive production of a very few documents, because:

1.  No one communicated with the SEC but Fried Frank lawyers and me.
2.  If there were written communications regarding the banks settlement you will receive those.

Otherwise, everything else is either non responsive, irrelevant, or privilege protected from disclosure.

The bal is in your court.

Herb

Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995 (office)
520-869-5836 (mobile)
520-844-6215 (efax)
hbeigel@me.com


On Jan 16, 2018, at 4:45 PM, Herbert Beigel <hbeigel@me.com> wrote:

Vince:

As I have previously stated I am not reviewing documents for the following search terms for CVR as reflected in the attached list.

1, 2, 4, 5, 10, 13, 14, 15, 16, 17 and 20.

Your suggested revisions only applied to: 2, 4, 5, 13, and 20.

Depending on the hit report for the revised search terms, I will decide whether the review those documents.

Thus, my current Lipinski review is limited to 3, 6-9, 18-19.

Regardless, I will be sending you another email stating our position on the document requests for the time period post October 25, 2013.

Herb


Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995 (office)
520-869-5836 (mobile)
520-844-6215 (efax)
hbeigel@me.com


> On Jan 16, 2018, at 4:22 PM, Vincent Levy <vlevy@hsgllp.com> wrote:


> Herb:  Thank you for sending the Icahn hit reports.  It appears that the hit reports were run prior to our January 12 letter in which we proposed certain modifications relevant to the Icahn search strings.  Please send updated hit reports reflecting these modifications.


> Vincent Levy
> Holwell Shuster & Goldberg LLP
> 750 Seventh Avenue, 26th Floor
> New York, NY 10019
> (646) 837-5120 (office)
> (917) 669-0870 (mobile)

www.hsgllp.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** Herbert Beigel [mailto:hbeigel@me.com]
**Sent:** Tuesday, January 16, 2018 3:06 AM
**To:** Vincent Levy <vlevy@hsgllp.com>
**Cc:** Robert Viducich <rviducich@rrvlaw.com>; John Gleeson <jgleeson@debevoise.com>
**Subject:** Fwd: [HBA_0005 | CVR/Wachtell] -- Jesse Lynn -- v1 Filtered Results

Vince:

Below and attached is information regarding Jesse Lynn documents.  I will forward you similar information for other Icahn custodians which have been completed.  As I have already informed you, generating the documents is extremely time consuming as more than a million documents have to be sent to my vendor to run your over broad search terms and a time period, which for more than 75 percent of that period generate nothing relevant to the SEC investigation, including before May 2014 and for more  a year after the SEC depositions of Lipinski and Gross, when nothing happened, as reflected by the emails with the SEC I previously sent to you.

Moreover, having received from Fried Frank more than 300,000 documents, most of which you already had, as they bear bates stamps from the Bank and Wachtell state action, your completely inappropriate discovery demands were, from any perspective, unreasonable and unnecessary, and has made it impossible to complete document production, even if you now substantially narrow your search terms and time period, by January 31.

Once the Icahn search hit reports are completed, I will inform you, as I did on CVR, which search term documents I will not review for production, absent an agreement on appropriate revised search terms and a substantial narrowing of the time period.

For once, you might consider cooperating in good faith, but given your past obstreperous conduct, I can only say I will  be pleasantly surprised if you do.

Herb

Herbert Beigel
38327 S. Arroyo WayTucson, AZ 85739-
520-825-1995
520-869-5836 (mobile)
520-844-6215(fax)

Begin forwarded message:

> **From:** Ryck Berube <Ryck.Berube@omnivere.com>
> **Date:** January 11, 2018 at 4:47:27 PM MST
> **To:** Herbert Beigel <hbeigel@me.com>
> **Cc:** Process PM's <processpms@omnivere.com>, Tom Tigh <tom.tigh@omnivere.com>
> **Subject: [HBA_0005 | CVR/Wachtell]  -- Jesse Lynn -- v1 Filtered Results**
>
> Hi Herb,
>
> Here are the details on the **Jesse Lynn data** that has now been ingested, de-duped and filtered as requested.
>
> *Corresponding reports attached for your convenience.*
>
> 463K+ docs        Total documents ingested
> **400K+ docs**        Total documents *minus* dupes/exclusions
>
> **95K+ docs**        Total responsive hits to REQSTD v1 Terms
>
> Upon review, let us know how else we can assist before our next update.
>
> Thanks,
> Ryck ~
> --------



&lt;image001.png&gt;

**Ryck Berube**
**Senior Project Manager**
Office: 713.739.7883 ext.322 | Mobile: 713.498.3616
1301 Fannin | Suite 750 | Houston TX 77002

OmniVere
www.OmniVere.com

This communication contains proprietary information and may be confidential. If you are not the intended recipient, the

reading, copying, disclosure or other use of the contents of this e-mail is strictly prohibited
and you are instructed to
please delete this e-mail immediately.

---

**From:** HK Driver [mailto:hkdriver@sfire.com]
**Sent:** Tuesday, January 09, 2018 12:07 PM
**To:** Ryck Berube <Ryck.Berube@omnivere.com>; Tom Tigh
<tom.tigh@omnivere.com>; Process PM's
<processpms@omnivere.com>
**Cc:** Herbert Beigel <hbeigel@me.com>; Dustin Goodwin
<DGoodwin@ielp.com>
**Subject:** JLynn download complete

Jesse Lynn's export is complete.
Total emails: 312, 407
Total size: 28.3gb

### Jesse Lynn

| Zip File name | MB Size | # Emails |
|---|---|---|
| ALL-Jlynn-3-1514928228793 | 388.51 | 2725 |
| ALL-Jlynn-3-1514909551902 | 477.73 | 2310 |
| ALL-Jlynn-3-1514916783199 | 478.10 | 2982 |
| ALL-Jlynn-3-1514922299652 | 388.15 | 2725 |
| ALL-Jlynn-3-1514904918229 | 481.55 | 2698 |
| ALL-Jlynn-3-1514859379366 | 483.64 | 2242 |
| ALL-Jlynn-3-1514904365344 | 481.55 | 2698 |
| ALL-Jlynn-2-1514346225455 | 483.33 | 3641 |
| ALL-Jlynn-2-1514284510137 | 477.22 | 2126 |
| ALL-Jlynn-2-1514350575182 | 190.07 | 1395 |
| ALL-Jlynn-2-1515282140098 | 477.91 | 3485 |
| ALL-Jlynn-2-1515277855357 | 484.76 | 4332 |
| ALL-Jlynn-2-1515271777479 | 501.18 | 5054 |
| ALL-Jlynn-2-1515265884660 | 479.55 | 5345 |
| ALL-Jlynn-2-1515189225090 | 481.32 | 4541 |
| ALL-Jlynn-2-1515100947325 | 477.91 | 3028 |
| ALL-Jlynn-2-1515110218690 | 483.08 | 1722 |
| ALL-Jlynn-2-1515002678720 | 487.60 | 3842 |
| ALL-Jlynn-2-1515010793665 | 480.77 | 4593 |
| ALL-Jlynn-2-1515019646975 | 478.06 | 4088 |
| ALL-Jlynn-2-1514997482720 | 478.91 | 7274 |
| ALL-Jlynn-2-1514928889182 | 478.67 | 7285 |
| ALL-Jlynn-2-1514920763787 | 477.57 | 2096 |
| ALL-Jlynn-2-1514907810027 | 477.64 | 2646 |
| ALL-Jlynn-2-1514915966615 | 478.56 | 7266 |
| ALL-Jlynn-2-1514850566335 | 528.46 | 2713 |

| | | |
|---|---|---|
| ALL-Jlynn-2-1514904107497 | 480.87 | 2563 |
| ALL-Jlynn-2-1514859097209 | 479.35 | 1063 |
| ALL-Jlynn-2-1514687932685 | 478.42 | 2938 |
| ALL-Jlynn-2-1514826439183 | 481.11 | 7868 |
| ALL-Jlynn-2-1514665950204 | 477.76 | 2296 |
| ALL-Jlynn-1-1514916163929 | 480.00 | 14343 |
| ALL-Jlynn-2-1514679910178 | 482.76 | 3728 |
| ALL-Jlynn-1-1514930233907 | 456.70 | 17405 |
| ALL-Jlynn-1-1514903678895 | 479.93 | 12663 |
| ALL-Jlynn-1-1514850188236 | 495.79 | 13138 |
| ALL-Jlynn-1-1514826175859 | 479.14 | 9985 |
| ALL-Jlynn-0-1514607805258 | 486.00 | 3851 |
| ALL-Jlynn-1-1514667457097 | 480.17 | 10580 |
| ALL-Jlynn-0-1514652387973 | 412.42 | 7009 |
| ALL-Jlynn-0-1514581461896 | 480.03 | 5724 |
| ALL-Jlynn-0-1514603832238 | 478.47 | 7129 |
| ALL-Jlynn-0-1514587195408 | 478.14 | 5513 |
| ALL-Jlynn-0-1514575814489 | 478.26 | 4731 |
| ALL-Jlynn-0-1514570858187 | 478.41 | 6403 |
| ALL-Jlynn-0-1514565045302 | 480.80 | 6158 |
| ALL-Jlynn-0-1514496084923 | 482.13 | 6523 |
| ALL-Jlynn-0-1514559409583 | 478.68 | 4811 |
| ALL-Jlynn-0-1514489966316 | 478.69 | 5055 |
| ALL-Jlynn-0-1514473339682 | 479.67 | 4565 |
| ALL-Jlynn-0-1514485549024 | 480.52 | 4977 |
| AALL-Jlynn-0-1514414093758 | 478.27 | 4645 |
| ALL-Jlynn-0-1514465039613 | 478.15 | 2512 |
| ALL-Jlynn-0-1514404985160 | 477.98 | 3403 |
| ALL-Jlynn-0-1514409503790 | 477.93 | 5361 |
| ALL-Jlynn-0-1514425588836 | 478.96 | 4656 |
| ALL-Jlynn-0-1514430222294 | 477.84 | 3873 |
| ALL-Jlynn-1-1514658375234 | 480.06 | 6217 |
| ALL-Jlynn-1-1514679639511 | 480.73 | 7930 |
| ALL-Jlynn-1-1514687554374 | 479.27 | 7939 |
| | **28315.21** | **312407** |

****************
This message and any attachments may contain information that is confidential, proprietary or protected by privilege from disclosure. If you are not an intended recipient, please notify the sender and delete the message and any attachments without

**reading, printing, copying, forwarding or saving them. Thank you in advance for your cooperation and assistance.**

# Tab 25

| | |
|---|---|
| **From:** | Herbert Beigel |
| **To:** | Vincent Levy |
| **Subject:** | Fwd: [HBA_0005 \| CVR/Wachtell] --CVR Docs/Lipinski Results -- COMPLETE |
| **Date:** | Tuesday, January 16, 2018 8:56:26 PM |
| **Attachments:** | image002.png |

And the results what I did living'

Forecl0xure

Vince


Although your revisions do little to resolve the underlying problem with your document requests and search terms, I will review Lipinski and Walter documents for the following search terms:

2,4,5 6-9,13,


Herb,

These are from the request searchable PDFs for the search terms **except** for  1,, 10,, 14, 15, 16, 17

The updated hit report for all new terms received over the weekend will be provided sometime this afternoon but this delivery is NOT from those terms.

Ryck ~



**Ryck Berube**
**Senior Project Manager**
Office: 713.739.7883 ext.322
| Mobile: 713.498.3616
1301 Fannin | Suite 750 |
Houston TX 77002

OmniVere
www.OmniVere.com

This communication contains proprietary information and may be confidential. If you are not the intended recipient, the reading, copying, disclosure or other use of the contents of this e-mail is strictly prohibited and you are instructed to please delete this e-mail immediately.

**From:** Herbert Beigel [mailto:hbeigel@me.com]
**Sent:** Tuesday, January 16, 2018 12:15 PM
**To:** Ryck Berube <Ryck.Berube@omnivere.com>
**Cc:** Process PM's <processpms@omnivere.com>; Tom Tigh <tom.tigh@omnivere.com>
**Subject:** Re: [HBA_0005 | CVR/Wachtell] --CVR Docs/Lipinski Results -- COMPLETE

I assume this download are only PDFs of the reduced number of search terms I

sent you, right?

Herb

Herbert Beigel
Hbeigel@me.com
520-825-1995. Office
520-869-5836   Mobile


On Jan 16, 2018, at 11:03 AM, Ryck Berube <Ryck.Berube@omnivere.com>
wrote:

Hi Herb,

The volume containing the searchable PDFs for the *REQSTD Lipinski Term
Results* is now available at the following location:

**Sharefile Link**: https://omniveredata.sharefile.com/d-
s49b031301864554a  [**LipinskiResults.zip**] ~ 18.3GB compressed

**Delivery Summary**:

1,304 PDFs

*We continue to work on the Walter searchable PDF results and will provide
an update once complete.*

**Also, we are working on the new CVR terms (v02) and will provide the
new report once available later today.**

Upon review, let us know if there is anything additional we can do to
assist before our next update.

Thanks,
Ryck ~
----------

&lt;image002.png&gt;

**Ryck Berube**
**Senior Project Manager**
Office: 713.739.7883 ext.322 | Mobile: 713.498.3616
1301 Fannin | Suite 750 | Houston TX 77002

OmniVere
www.OmniVere.com

This communication contains proprietary information and may be confidential. If you are not the intended recipient, the
reading, copying, disclosure or other use of the contents of this e-mail is strictly prohibited and you are instructed to
please delete this e-mail immediately.

**From:** Herbert Beigel [mailto:hbeigel@me.com]
**Sent:** Monday, January 08, 2018 5:28 PM
**To:** Ryck Berube <Ryck.Berube@omnivere.com>
**Subject:** CVR documents

Ryck

For Lipinski and Walter, please generate searchable pdfs for the
search terms except for  1, 2, 4, 5, 10, 13, 14, 15, 16, 17 and 20.

Call me with any questions.

Herb
Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995 (office)
520-869-5836 (mobile)
520-844-6215 (efax)
hbeigel@me.com

# Tab 26

| | |
|---|---|
| **From:** | Herbert Beigel |
| **To:** | Vincent Levy |
| **Cc:** | Robert Viducich |
| **Subject:** | Fwd: [HBA_0005 | CVR/Wachtell] --CVR/Lipinski & Walter -- updated v02 Filtered Results |
| **Date:** | Tuesday, January 16, 2018 9:34:02 PM |
| **Attachments:** | image002.png |
| | SearchHits_2018116_CVR v02 Lipinski Results.xls |
| | SearchHits_2018116_CVR v02 Walter Results.xls |

See attached

Despite your best (?) efforts, unsuccessful, largely because you are obsessed with trying to gather irrelevant documents.

I suggest you call it quits or write the Judge why you need irrelevant documents.

Herb

Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995 (office)
520-869-5836 (mobile)
520-844-6215 (efax)
hbeigel@me.com

> Begin forwarded message:
>
> **From:** Ryck Berube <Ryck.Berube@omnivere.com>
> **Subject: [HBA_0005 | CVR/Wachtell] --CVR/Lipinski & Walter -- updated v02 Filtered Results**
> **Date:** January 16, 2018 at 7:21:26 PM MST
> **To:** Herbert Beigel <hbeigel@me.com>
> **Cc:** Robert Viducich <rviducich@rrvlaw.com>, Process PM's <processpms@omnivere.com>
>
> Herb,
>
> Here are the *updated* details on the **Lipinski & Walter data** that has now been filtered using only the edited terms.
>
> *Corresponding reports attached for your convenience.*
>
> **226K+ docs**          Total documents **minus** exclusions
>
> **37K+ docs**          Total responsive docs to **Lipinski v02 Terms**
> **36K+ docs**          Total responsive docs to **Walter v02 Terms**
>
> Upon review, let us know how else we can assist before our next update.

Thanks,
Ryck ~
--------



**Ryck Berube**
**Senior Project Manager**
Office: 713.739.7883 ext.322 | Mobile: 713.498.3616
1301 Fannin | Suite 750 | Houston TX 77002

OmniVere
www.OmniVere.com

This communication contains proprietary information and may be confidential. If you are not the intended recipient, the
reading, copying, disclosure or other use of the contents of this e-mail is strictly prohibited and you are instructed to
please delete this e-mail immediately.

---

**From:** Herbert Beigel [mailto:hbeigel@me.com]
**Sent:** Tuesday, January 16, 2018 7:13 PM
**To:** Ryck Berube <Ryck.Berube@omnivere.com>
**Cc:** Robert Viducich <rviducich@rrvlaw.com>; Process PM's
<processpms@omnivere.com>
**Subject:** Re: [HBA_0005 | CVR/Wachtell] --CVR/Lipinski & Walter -- v02 Filtered Results

Ryck

It seems that the charts you sent me have more than the revised search terms on it.
Am I right about that?

If so, and regardless, can you used the revised search terms only to generate
another folder for each of Lipinski and Walter as to this revised search terms?

Herb

Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995 (office)
520-869-5836 (mobile)
520-844-6215 (efax)
hbeigel@me.com


> On Jan 16, 2018, at 5:29 PM, Ryck Berube
> <Ryck.Berube@omnivere.com> wrote:
>
> Herb,

Here are the details on the **Lipinski & Walter data** that has now been filtered using the revised terms received.

*Corresponding reports attached for your convenience.*

**226K+ docs**      Total documents *minus* exclusions

**46K+ docs**      Total responsive hits to **Lipinski v02 Terms**
**57K+ docs**      Total responsive hits to **Walter v02 Terms**

Upon review, let us know how else we can assist before our next update.

Thanks,
Ryck ~
--------

**Ryck Berube**
**Senior Project Manager**
Office: 713.739.7883 ext.322 | Mobile: 713.498.3616
1301 Fannin | Suite 750 | Houston TX 77002

OmniVere
www.OmniVere.com

This communication contains proprietary information and may be confidential. If you are not the intended recipient, the
reading, copying, disclosure or other use of the contents of this e-mail is strictly prohibited and you are instructed to
please delete this e-mail immediately.

---

**From:** Herbert Beigel [mailto:hbeigel@me.com]
**Sent:** Tuesday, January 16, 2018 4:47 PM
**To:** Ryck Berube <Ryck.Berube@omnivere.com>
**Cc:** Robert Viducich <rviducich@rrvlaw.com>
**Subject:** Re: CVR document discovery

Ryck

Here re the revised search terms from the letter:

2. (comp or compen* or pay or pay* or fee or fees) /10 disclos*
4. (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or
GS) and (ratif* or fee or fees or comp or compen* or pay or pay* or litig* or lawsuit
or suit or litigation or action or case or "engagement letter" or EL)
5. customary /20 (fee or fees or comp or compen* or pay or pay*)
13. (SEC or commission or staff or Brent) /3 Fields
20. guidance and (advis* or bank or bank*) and (fee or fees or comp or compen* or pay
or pay*)

Herb

Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995 (office)
520-869-5836 (mobile)
520-844-6215 (efax)
hbeigel@me.com

---

**From:** Herbert Beigel [mailto:hbeigel@me.com]
**Sent:** Saturday, January 13, 2018 6:07 AM
**To:** Ryck Berube <Ryck.Berube@omnivere.com>
**Cc:** Robert Viducich <rviducich@rrvlaw.com>
**Subject:** Fwd: CVR document discovery

Ryck

Please run the modified search terms contained in the attached letter and send me separate hit reports for Lipinski and Walter for those modified terms.

Herb

Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995
520-869-5836 (mobile)
520-844-6215(fax)

Begin forwarded message:

> **From:** Vincent Levy <vlevy@hsgllp.com>
> **Date:** January 12, 2018 at 5:23:24 PM MST
> **To:** "hbeigel@me.com"
> <hbeigel@me.com>,
> "rviducich@rrvlaw.com"
> <rviducich@rrvlaw.com>
> **Cc:** Matthew Gurgel

<mgurgel@hsgllp.com>
**Subject: CVR document discovery**


Herb,

Please see the enclosed. Thanks.

Vincent Levy

Holwell Shuster & Goldberg LLP

750 Seventh Avenue, 26th Floor

New York, NY 10019

(646) 837-5120 (office)

(917) 669-0870 (mobile)

www.hsgllp.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.


<SearchHits_2018116_CVR v02 Lipinski Results.xls>
<SearchHits_2018116_CVR v02 Walter Results.xls>



Search List: REQSTD-CVR-v02-Lipinski

| CVR ID # | Search Term | Term Id | Full Text Hits | Docs Returned Total | Not Exp | Related Docs Total | Not Exp | Total Docs Total | Not Exp | Unique Families Total | Not Exp | Unique Documents Total | Not Exp | File Size Total | Not Exp | Related File Size Total | Not Exp | Total File Size Total | Not Exp | Emails | Attachments | Loose Files |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | Full Text Contains (comp or compen* or pay or pay* or fee or fees) w/10 disclos* And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Lipinski, Jack) | 270 | 28,626 | 7,617 | 7,039 | 9,368 | 6,531 | 16,985 | 13,570 | 2,372 | 2,319 | 2,371 | 2,204 | 6.440 | 4.850 | 2.700 | 1.460 | 9.140 | 6.310 | 6,177 | 10,808 | 0 |
| 4 | Full Text Contains (Deut* or Duet* or Deuch* or Dueche or Duesche or DB or Goldman or GS) and (ratif* or fee or fees or comp or compen* or pay or pay* or litig* or lawsuit or suit or litigation or action or case or "engagement letter" or EL) And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Lipinski, Jack) | 291 | 1,239,451 | 12,519 | 11,753 | 11,663 | 8,812 | 24,182 | 20,565 | 9,498 | 9,295 | 7,607 | 7,310 | 11.660 | 9.660 | 2.280 | 1.340 | 13.930 | 11.000 | 9,262 | 14,920 | 0 |
| 5 | Full Text Contains customary w/20 (fee or fees or comp or compen* or pay or pay*) And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Lipinski, Jack) | 272 | 21,617 | 2,596 | 2,192 | 7,042 | 4,313 | 9,638 | 6,505 | 675 | 667 | 261 | 258 | 6.200 | 4.490 | 1.630 | 0.840 | 7.830 | 5.340 | 1,811 | 7,827 | 0 |
| 13 | Full Text Contains (SEC or commission or staff or Brent) w/3 Fields And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Lipinski, Jack) | 273 | 115 | 42 | 7 | 77 | 21 | 119 | 28 | 10 | 10 | 6 | 6 | 0.010 | 0.000 | 0.010 | 0.000 | 0.010 | 0.010 | 42 | 77 | 0 |
| 20 | Full Text Contains guidance and (advis* or bank or bank*) and (fee or fees or comp or compen* or pay or pay*) And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Lipinski, Jack) | 303 | 854,775 | 11,342 | 10,618 | 11,667 | 8,853 | 23,009 | 19,471 | 5,225 | 5,006 | 4,232 | 4,032 | 9.320 | 7.040 | 2.250 | 1.500 | 11.570 | 8.540 | 9,595 | 13,414 | 0 |

| | All | Not Exported |
|---|---|---|
| Documents with Search Hits: | 22,491 | 21,168 |
| Related Documents: | 15,442 | 12,735 |
| Total Documents: | 37,933 | 33,903 |
| Size in GB: | 18.094 | 14.919 |

| | |
|---|---|
| Emails: | 16,768 |
| Attachments: | 21,165 |
| Loose Files: | 0 |

 OmniVere

Search List: REQSTD-CVR-v02-Walter

| CVR ID # | Search Term | Term Id | Full Text Hits | Docs Returned | | Related Docs | | Total Docs | | Unique Families | | Unique Documents | | File Size | | Related File Size | | Total File Size | | Total Docs Breakdown by Type | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Total | Not Exp | Total | Not Exp | Total | Not Exp | Total | Not Exp | Total | Not Exp | Total | Not Exp | Total | Not Exp | Total | Not Exp | Emails | Attachments | Loose Files |
| 2 | Full Text Contains (comp or compen* or pay or pay* or fee or fees) w/10 disclos*) And (Search Found In Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found In Custodian ContainsAny Walter, John) | 283 | 37,284 | 7,564 | 7,130 | 11,691 | 8,989 | 19,255 | 16,119 | 3,995 | 3,963 | 2,898 | 2,769 | 7.910 | 6.590 | 3.340 | 2.140 | 11.250 | 8.730 | 5,295 | 13,960 | 0 |
| 4 | Full Text Contains (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS) and (ratif* or fee or fees or comp or compen* or pay or pay* or litig* or lawsuit or suit or litigation or action or case or "engagement letter" or EL) And (Search Found In Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found In Custodian ContainsAny Walter, John) | 290 | 1,673,308 | 8,659 | 8,154 | 13,251 | 10,615 | 21,910 | 18,769 | 5,983 | 5,948 | 3,815 | 3,675 | 9.180 | 7.520 | 3.230 | 2.350 | 12.400 | 9.870 | 5,995 | 15,915 | 0 |
| 5 | Full Text Contains customary w/20 (fee or fees or comp or compen* or pay or pay*) And (Search Found In Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found In Custodian ContainsAny Walter, John) | 285 | 52,517 | 5,802 | 5,445 | 10,965 | 8,336 | 16,767 | 13,781 | 1,394 | 1,394 | 683 | 683 | 9.470 | 7.990 | 2.270 | 1.500 | 11.740 | 9.490 | 3,886 | 12,881 | 0 |
| 13 | Full Text Contains (SEC or commission or staff or Brent) w/3 Fields And (Search Found In Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found In Custodian ContainsAny Walter, John) | 286 | 397 | 137 | 121 | 201 | 175 | 338 | 296 | 4 | 4 | 2 | 2 | 0.010 | 0.010 | 0.010 | 0.010 | 0.020 | 0.020 | 105 | 233 | 0 |
| 20 | Full Text Contains guidance and (advis* or bank or bank*) and (fee or fees or comp or compen* or pay or pay*) And (Search Found In Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found In Custodian ContainsAny Walter, John) | 304 | 1,673,751 | 7,798 | 7,252 | 13,139 | 10,513 | 20,937 | 17,765 | 4,040 | 3,906 | 2,203 | 2,096 | 10.640 | 8.730 | 2.370 | 1.670 | 13.010 | 10.390 | 5,176 | 15,761 | 0 |

| | All | Not Exported |
|---|---|---|
| Documents with Search Hits: | 16,859 | 15,976 |
| Related Documents: | 19,324 | 16,846 |
| Total Documents: | 36,183 | 32,822 |
| Size in GB: | 17.198 | 14.497 |

| | |
|---|---|
| Emails: | 11,080 |
| Attachments: | 25,103 |
| Loose Files: | 0 |

# Tab 27

| | |
|---|---|
| **From:** | Vincent Levy |
| **To:** | Herbert Beigel |
| **Cc:** | Robert Viducich |
| **Subject:** | RE: search terms.docx-Wachtell project |
| **Date:** | Wednesday, January 17, 2018 1:56:00 PM |
| **Attachments:** | Icahn search terms (2).docx |

Herb:  As noted in my January 12 letter, we are willing to change all searches of "comp*" to "compen*" and "fee*" to fees, and to narrow the "Fields" term to "(SEC or commission or staff or Brent) /3 Fields," in all relevant search strings.  These modifications apply equally to the Icahn search terms as to the CVR terms.  The foregoing modifications result in the attached revised search strings for the Icahn custodians for the period October 25, 2013 to May 15, 2017.

---

**From:** Herbert Beigel [mailto:hbeigel@me.com]
**Sent:** Wednesday, January 17, 2018 10:49 AM
**To:** Vincent Levy <vlevy@hsgllp.com>
**Cc:** Robert Viducich <rviducich@rrvlaw.com>
**Subject:** Fwd: search terms.docx-Wachtell project

Vince

Please send me an Icahn updated list of search terms with your modifications numbered 1 et seq so I can run new hit reports.

Herb

Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995
520-869-5836 (mobile)
520-844-6215(fax)
Begin forwarded message:

> **From:** Herbert Beigel <hbeigel@me.com>
> **Date:** January 3, 2018 at 7:28:31 AM MST
> **To:** Ryck Berube <Ryck.Berube@omnivere.com>
> **Cc:** Beigel Herbert <hbeigel@me.com>
> **Subject: search terms.docx-Wachtell project**

Ryck

See attached for our discussion today.  What time will you call me?

Herb


Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995
520-869-5836 (mobile)
520-844-6215(fax)

For the period October 25, 2013 to May 15, 2017 (90 days from the date of the Cease and Desist Order in the SEC investigation), Icahn will undertake the below additional search:

<u>Custodians</u>: Carl Icahn,[1] Keith Schaitkin, Jesse Lynn, Vincent Intrieri, Dan Ninivaggi

1.  (comp or compen* or pay or pay* or fee or fees) /10 disclos*

2.  (Wachtel or Wachtell or WL or WLRK or Brownstein or Roth or Casey or Cooper) and (CVR or lawsuit or suit or litigation or action or case or bet or ratif*)

3.  malpractice

4.  (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS) and (CVR or fee or fees or comp or compen* or pay or pay* or litig* or lawsuit or suit or litigation or action or case or "engagement letter" or EL or ratif*)

5.  customary /20 (fee or fees or comp or compen* or pay or pay*)

6.  Beigel or Biegel or hbeigel*

7.  Stroock or *@stroock.com

8.  Matelich or gmatelich@kelso.com

9.  Tomkins or tomkinsme@gmail.com

10. (SEC or commission or staff) /20 (CVR or subpoena or investig* or order or guidance or Wachtel or Wachtell or WLRK or WL)

11. Brady

12. Bandy

13. (SEC or commission or staff or Brent) /3 Fields

14. CVR and *@sec.gov

15. "Fried Frank" or friedfrank or FF

16. *@ffhsj.com or *@friedfrank.com

17. (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS or bank or SEC) and (settl* or resolv*)

18. "cease and desist"

19. CD&I or "compliance and disclosure interpretations"

20. guidance and (advis* or bank or bank*) and (fee or fees or comp or compen* or pay or pay*)

21. "question 159.02"

22. 12323

23. 80039

---

[1] Includes all other email accounts used by Mr. Icahn, including the account of Gail Golden, Susan Gordon, and Susan Zippo.

# Tab 28

| | |
|---|---|
| **From:** | Herbert Beigel |
| **To:** | Vincent Levy |
| **Cc:** | Robert Viducich; Gleeson, John |
| **Subject:** | Re: [HBA_0005 | CVR/Wachtell] --CVR/Lipinski & Walter -- updated v02 Filtered Results-Clarification |
| **Date:** | Wednesday, January 17, 2018 9:42:49 PM |

Vince

I have set my own search terms regarding the Banks settlement and will send you responsive documents in the next few days.

I further anticipate completing production of responsive, relevant, non privileged documents by 1/31 for the relevant periods (however brief) since October 2013.  As I previously informed you, there are no additional documents to produce regarding the SEC investigation, as no one had written contact with the SEC other than yours truly and Fried Frank.  Similarly, you have all my communications (and Rob's) with opposing counsel regarding the Banks settlement.

As for your overbroad search terms and time period, I will be sending you hit reports in the next few days incorporating your revised search terms, which will clearly demonstrate their inappropriateness.  You can expect that once you receive the banks settlement documents, my clients' production will be complete, except for a possible smattering of a few documents that I find in my daily searches that are arguably responsive and which I will produce..

Please respond to my request for deposition dates in March of the witnesses I want to depose, as well as the two Debovoise lawyers.,  Your various notices of depositions of mu clients with arbitrary dates in February are unacceptable, other than Lipinski, whose date in March I agreed to.  Please confirm his date as I wrote you.

While you have no reluctance to pepper me with your unreasonable demands, you apparently have difficulty responding to my requests.

I offered you the opportunity to call me with any discovery concerns which you want to discuss, but you have neither done so, nor suggested a date and time for any such discussion.  Failing hearing from you by Friday, I consider our obligation to meet and confer to have been satisfied.

Otherwise, you have stonewalled our legitimate discovery requests and have consistently refused to discuss your refusal to produce any of the requested documents, with no reasonable explanation for your refusal.  Failing some good faith attempt at cooperation  on your part, we will consider bring your lack of cooperation to the attention of the Court. Indeed, it is ironic that you have demanded production of categories of documents that you refuse to produce, e.g,. non privileged communications with the SEC, which is easily but unfortunately remedied by subpoenaing Debovoise, an inconvenience I would have preferred to avoid, but given your over the top harassment of Fried Frank at outrageous time and expense, the course forward is obvious.

Someone once said, "When one has no defense, he indiscriminately attacks, much to his unending doom."

Herb

Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995 (office)
520-869-5836 (mobile)
520-844-6215 (efax)
hbeigel@me.com


On Jan 17, 2018, at 6:21 AM, Herbert Beigel <hbeigel@me.com> wrote:

Vince

Having reviewed the attached hit reports, I will review the documents generated only for #13, as your other revisions accomplished nothing to cure the problems with your document request.

As far as Icahn documents are concerned, when all hit reports are done, I will let you know which documents I will review.

Finally, please send revised search terms designed to capture documents related only to the Bank settlement. If you refuse, I will devise search terms on that subject and send you responsive, non privileged documents, if any, for the custodians.

Herb

Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995
520-869-5836 (mobile)
520-844-6215(fax)

Begin forwarded message:


> **From:** Ryck Berube <Ryck.Berube@omnivere.com>
> **Date:** January 16, 2018 at 7:21:26 PM MST
> **To:** Herbert Beigel <hbeigel@me.com>
> **Cc:** Robert Viducich <rviducich@rrvlaw.com>, Process PM's <processpms@omnivere.com>
> **Subject: [HBA_0005 | CVR/Wachtell]  --CVR/Lipinski & Walter  -- updated v02 Filtered Results**
>
>
> Herb,
>
> Here are the *updated* details on the **Lipinski & Walter data** that has now been filtered using only the edited terms.
>
> *Corresponding reports attached for your convenience.*

**226K+ docs**     Total documents *minus* exclusions

**37K+ docs**     Total responsive docs to **Lipinski v02 Terms**
**36K+ docs**     Total responsive docs to **Walter v02 Terms**

Upon review, let us know how else we can assist before our next update.

Thanks,
Ryck ~
--------

**Ryck Berube**
**Senior Project Manager**
Office: 713.739.7883 ext.322 | Mobile: 713.498.3616
1301 Fannin | Suite 750 | Houston TX 77002

OmniVere
www.OmniVere.com

This communication contains proprietary information and may be confidential. If you are not the intended recipient, the
reading, copying, disclosure or other use of the contents of this e-mail is strictly prohibited and you are instructed to
please delete this e-mail immediately.

---

**From:** This communication contains proprietary information and may be confidential. If you are not the
intended recipient, the

reading, copying, disclosure or other use of the contents of this e-mail is strictly prohibited
and you are instructed to
please delete this e-mail immediately.

---

**From:** Herbert Beigel [mailto:hbeigel@me.com]
**Sent:** Tuesday, January 16, 2018 4:47 PM
**To:** Ryck Berube <Ryck.Berube@omnivere.com>
**Cc:** Robert Viducich <rviducich@rrvlaw.com>
**Subject:** Re: CVR document discovery

Ryck

Here re the revised search terms from the letter:

2. (comp or compen* or pay or pay* or fee or fees) /10
disclos*
4. (Deut* or Duet* or Deuch* or Duech* or Deusche or
Duesche or DB or Goldman or
GS) and (ratif* or fee or fees or comp or compen* or pay
or pay* or litig* or lawsuit
or suit or litigation or action or case or "engagement
letter" or EL)

5. customary /20 (fee or fees or comp or compen* or pay
or pay*)
13. (SEC or commission or staff or Brent) /3 Fields
20. guidance and (advis* or bank or bank*) and (fee or
fees or comp or compen* or pay
or pay*)

Herb

Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995 (office)
520-869-5836 (mobile)
520-844-6215 (efax)
hbeigel@me.com

---

**From:** Herbert Beigel
[mailto:hbeigel@me.com]
**Sent:** Saturday, January 13, 2018 6:07 AM
**To:** Ryck Berube
<Ryck.Berube@omnivere.com>
**Cc:** Robert Viducich <rviducich@rrvlaw.com>
**Subject:** Fwd: CVR document discovery

Ryck

Please run the modified search terms
contained in the attached letter and send me
separate hit reports for Lipinski and Walter
for those modified terms.

Herb

Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995
520-869-5836 (mobile)
520-844-6215(fax)

Begin forwarded message:

**From:** Vincent Levy
<vlevy@hsgllp.com>
**Date:** January 12, 2018 at
5:23:24 PM MST
**To:** "hbeigel@me.com"
<hbeigel@me.com>,
"rviducich@rrvlaw.com"
<rviducich@rrvlaw.com>
**Cc:** Matthew Gurgel
<mgurgel@hsgllp.com>
**Subject: CVR document
discovery**

Herb,

Please see the enclosed. Thanks.
Vincent Levy
Holwell Shuster & Goldberg LLP
750 Seventh Avenue, 26th Floor
New York, NY 10019
(646) 837-5120 (office)
(917) 669-0870 (mobile)
www.hsgllp.com
CONFIDENTIALITY WARNING: This
email may contain privileged or
confidential information and is for
the sole use of the intended
recipient(s). Any unauthorized use
or disclosure of this
communication is prohibited. If
you believe that you have
received this email in error, please
notify the sender immediately and
delete it from your system.

<SearchHits_2018116_CVR v02 Lipinski Results.xls>
<SearchHits_2018116_CVR v02 Walter Results.xls>

<SearchHits_2018116_CVR v02 Lipinski Results.xls>

<SearchHits_2018116_CVR v02 Walter Results.xls>

# Tab 29

HOLWELL SHUSTER & GOLDBERG LLP

*750 Seventh Avenue, 26th Floor*
*New York, New York 10019*
*Tel: (646) 837-5151*
*Fax: (646) 837-5150*
*www.hsgllp.com*

*Vincent Levy*
*(646) 837-5120*
*vlevy@hsgllp.com*

January 18, 2018

Herbert Beigel, Esq.
Law Offices of Herbert Beigel
38327 South Arroyo Way
Tucson, AZ 85739

Re:     *CVR Energy, Inc. v. Wachtell, Lipton, Rosen, & Katz, et al.*, No. 14-cv-06566 (S.D.N.Y.)

Dear Herb,

I write to address your January 11 email regarding the disclosure of documents relating to the bank settlements as well as the status of your revised privilege log.

(1)     Your January 11 email states: "I sent you my and Rob's entire non privileged correspondence regarding the GS/DB settlement."  As I have previously noted, the earliest email you disclosed from such correspondence, dated October 2, 1015, enclosed a draft settlement agreement dated October 1.  This suggests that counsel to the parties in the bank action exchanged no written communications prior to the transmittal of a draft settlement agreement. This seems improbable.

If there are additional responsive, non-privileged documents in your or Rob's files that preceded that October 2 email, please disclose them promptly.  Otherwise, we request that you: (1) please confirm that prior to October 2, 2015, neither you nor Rob had any written correspondence, or have any documents reflecting correspondence, with the banks or their representatives relating to a settlement of the bank actions; and (2) please let us know what steps you took — including any searches of your respective emails — to confirm that no such earlier documents exist.  To the extent you withheld documents related to this subject based on an assertion of privilege, please confirm that you are preparing an appropriate log of such withheld documents and state when we can expect to receive it.

(2)     On December 18 you agreed that you would provide a revised privilege log and committed to do your best to complete the revised log by January 15.  But on January 11, you informed us that you would not send the revised log by January 15; that you now require "vendor

assistance, as among the thousands of emails" at issue are duplicates and nonresponsive documents; and that in the first instance you will be sending us only "a list of the categories," rather than an actual log, without committing to any time frame by which an actual log would be produced.

Sending "a list of the categories" to be used in a privilege log does not satisfy the requirements of the local rules.  Moreover, we do not understand why — weeks after your December 18 agreement to resolve our dispute by revising the privilege log — you are only now commencing whatever vendor assistance you are saying is necessary to prepare a log consistent with the local rules.  While we have accommodated your repeated delays to date, we believe we must receive the log with adequate time for a meaningful opportunity to review the materials being withheld.  Accordingly, please confirm, one way or another, whether you will send a complete revised privilege log, prepared in accordance with local rules, by January 31.  We will interpret your failure to provide a clear response as confirmation that you do not intend to satisfy the rules by January 31.

Sincerely,

/s/ Vincent Levy

Vincent Levy

# Tab 30

| | |
|---|---|
| **From:** | Herbert Beigel |
| **To:** | Vincent Levy |
| **Cc:** | Robert Viducich; Matthew Gurgel |
| **Subject:** | Re: |
| **Date:** | Thursday, January 18, 2018 11:53:16 PM |

Vince

Another letter, more nonsense.

I am telling you for the last time, you have the complete correspondence between Rob and me with GS/DB's attorney regarding that settlement. That your find it improbable that there is no more represents your lack of understanding about the reality of that kind of settlement negotiation which is exclusively verbal and between the parties.

We are not providing you with a revised privilege log previously submitted to Jim Sottile,. because no log was required in the first place.  Similarly, we are not providing you with a privilege log regarding the few documents/communications by the custodians regarding the GS/DB settlement, if any, which remains to be seen, because that is also not required.  Indeed, I rather doubt that there are any internal written communications  by the custodians regarding the GS/DB settlement, but once I receive the hit reports for the limited period of time preceding that settlement, I will advise you of the results.

Overall, your letter was once again completely self serving and unnecessary, and as we have a call tomorrow, I will listen to your concerns and respond appropriately during the call.  I can't stop you from writing letters, but those letters accomplish nothing other than increased billing to your client.

Herb.

Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995 (office)
520-869-5836 (mobile)
520-844-6215 (efax)
hbeigel@me.com


> On Jan 18, 2018, at 8:46 PM, Vincent Levy <vlevy@hsgllp.com> wrote:


> Herb, Rob,

> Please see the enclosed.  Thanks,

> Vince

> Vincent Levy

Holwell Shuster & Goldberg LLP
750 Seventh Avenue, 26th Floor
New York, NY 10019
(646) 837-5120 (office)
(917) 669-0870 (mobile)
www.hsgllp.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

<1-18-18 Levy Letter to H Beigel re Bank Docs_Priv Log.pdf>

# Tab 31

# HOLWELL SHUSTER & GOLDBERG LLP

*750 Seventh Avenue, 26ᵗʰ Floor*
*New York, New York 10019*
*Tel: (646) 837-5151*
*Fax: (646) 837-5150*
*www.hsgllp.com*

*Vincent Levy*
*(646) 837-5120*
*vlevy@hsgllp.com*

January 18, 2018

Herbert Beigel, Esq.
Law Offices of Herbert Beigel
38327 South Arroyo Way
Tucson, AZ 85739

Re:     *CVR Energy, Inc. v. Wachtell, Lipton, Rosen, & Katz, et al.*, No. 14-cv-06566 (S.D.N.Y.)

Dear Herb,

You have indicated that you do not intend to carry out the search and disclosure protocol to which you agreed on December 18, 2017 for CVR and Icahn.  By email to you on Tuesday, we asked you to specify which of the previously agreed-upon searches for CVR and Icahn you do plan to run and review for responsive, non-privileged documents, and to specify which you do not plan to run and review.  In response, you have sent a barrage of emails with one-off and often incomprehensible utterances regarding your search and review process.  Whether by design or accident, you have left us to guess what you actually intend to do.

Set forth below is our effort to decipher your positions from your emails.

*Search period.*  We understand that CVR and Icahn now propose to search documents from the period October 25, 2013 through May 15, 2017.

*Custodians.*  We understand that CVR now proposes to run searches of the emails of Jack Lipinski and John Walter; that CVR did not retain Edmund Gross's emails for the relevant period and therefore will not produce additional documents from his files; and that CVR does not agree to search the files of Herbert Beigel.  We understand that Icahn now proposes to search the emails of Carl Icahn (including Gail Golden, Susan Gordon, and Susan Zippo), Keith Schaitkin, Jesse Lynn, Vincent Intrieri, and Dan Ninivaggi.

*Search Terms.*  Appended hereto are the search terms that we proposed on December 15, 2017, as modified by our January 12 letter, for CVR and Icahn, respectively.  We understand that CVR has agreed to review the hit results for the search strings numbered 3, 6-9, 11-13, 18-19, 21-23, but now, notwithstanding our December 18 agreement, CVR now refuses to review the

hit results for any other search strings.  We also understand that you are waiting on additional hit reports for the Icahn custodians to tell us what search hits you will and will not be reviewing. You also claim to "have set [your] own search terms regarding the Banks settlement," but you have not revealed the search terms themselves nor the custodians or time period you are using.

*Scope*.  Among the documents that are identified by the search terms, it remains unclear to us which categories of documents you agree to produce, or log, and for what time frames.  It is our understanding that CVR and Icahn agree to produce as responsive, or log if privileged, documents relating to (i) the SEC investigation or (ii) the settlement of the bank actions, but please confirm that this is the case, and that such categories of documents will be produced for the entire search period set forth above.  We understand that, with the exception of documents responsive to the foregoing categories, CVR and Icahn now refuse to produce or log any other documents responsive to Defendants' requests for production based on an objection to producing any such material created after October 24, 2013, the date of the filing of CVR's federal lawsuit.

We ask that you confirm, in a single correspondence, whether the foregoing understanding of your positions is correct and, if not, that you identify with specificity any element of our understanding set forth above that is incorrect.  We also request a meet and confer with you to discuss these matters on Friday, January 19, and we propose the time of 4pm Eastern for this discussion.

Sincerely,


/s/ Vincent Levy

Vincent Levy

2

## CVR Search Terms

1.  Wachtel or Wachtell or WL or WLRK or Brownstein or Roth or Casey or Cooper 14d or 14d*

2.  (comp or compen* or pay or pay* or fee or fees) /10 disclos*

3.  malpractice

4.  (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS) and (ratif* or fee or fees or comp or compen* or pay or pay* or litig* or lawsuit or suit or litigation or action or case or "engagement letter" or EL)

5.  customary /20 (fee or fees or comp or compen* or pay or pay*)

6.  Beigel or Biegel or hbeigel*

7.  Stroock or *@stroock.com

8.  Matelich or gmatelich@kelso.com

9.  Tomkins or tomkinsme@gmail.com

10. (SEC or commission or staff) /20 (subpoena or investig* or order or guidance or Wachtel or Wachtell or WLRK or WL)

11. Brady

12. Bandy

13. (SEC or commission or staff or Brent) /3 Fields

14. *@sec.gov

15. "Fried Frank" or FriedFrank or FF

16. *@ffhsj.com or *@friedfrank.com

17. (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS or bank or SEC) and (settl* or resolv*)

18. "cease and desist"

19. CD&I or "compliance and disclosure interpretations"

20. guidance and (advis* or bank or bank*) and (fee or fees or comp or compen* or pay or pay*)

21. "question 159.02"

22. 12323

23. 80039

### Icahn Search Terms

1.  (comp or compen* or pay or pay* or fee or fees) /10 disclos*

2.  (Wachtel or Wachtell or WL or WLRK or Brownstein or Roth or Casey or Cooper) and (CVR or lawsuit or suit or litigation or action or case or bet or ratif*)

3.  malpractice

4.  (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS) and (CVR or fee or fees or comp or compen* or pay or pay* or litig* or lawsuit or suit or litigation or action or case or "engagement letter" or EL or ratif*)

5.  customary /20 (fee or fees or comp or compen* or pay or pay*)

6.  Beigel or Biegel or hbeigel*

7.  Stroock or *@stroock.com

8.  Matelich or gmatelich@kelso.com

9.  Tomkins or tomkinsme@gmail.com

10. (SEC or commission or staff) /20 (CVR or subpoena or investig* or order or guidance or Wachtel or Wachtell or WLRK or WL)

11. Brady

12. Bandy

13. (SEC or commission or staff or Brent) /3 Fields

14. CVR and *@sec.gov

15. "Fried Frank" or friedfrank or FF

16. *@ffhsj.com or *@friedfrank.com

17. (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS or bank or SEC) and (settl* or resolv*)

18. "cease and desist"

19. CD&I or "compliance and disclosure interpretations"

20. guidance and (advis* or bank or bank*) and (fee or fees or comp or compen* or pay or pay*)

21. "question 159.02"

22. 12323

23. 80039

# Tab 32

# HOLWELL SHUSTER & GOLDBERG LLP

*750 Seventh Avenue, 26th Floor*
*New York, New York 10019*
*Tel: (646) 837-5151*
*Fax: (646) 837-5150*
*www.hsgllp.com*

*Vincent Levy*
*(646) 837-5120*
*vlevy@hsgllp.com*

January 24, 2018

Herbert Beigel, Esq.
Law Offices of Herbert Beigel
38327 South Arroyo Way
Tucson, AZ 85739

Re:  *CVR Energy, Inc. v. Wachtell, Lipton, Rosen, & Katz, et al.*, No. 14-cv-06566 (S.D.N.Y.)
     *Wachtell, Lipton, Rosen & Katz v. CVR Energy, Inc., et al.*, No. 654343/2013 (N.Y. Sup. Ct.)

Dear Herb,

I write in response to your various emails regarding deposition scheduling.  We believe that your position on depositions is unreasonable.  We do not agree that you are entitled to eliminate more than half of the court-ordered fact deposition period by your unilateral say-so. Nor do we agree that all depositions in the coordinated actions should be squeezed into 16 business days that you self-selected, apparently on the basis of nothing more than your personal convenience, without regard to the sensible or required order of testimony, or the convenience of witnesses, or the convenience of other counsel, or our intention (permitted under the scheduling order) to compile an evidentiary record in an orderly sequence.

While we will not agree to your unreasonable position, it is not our intention to create scheduling conflicts.  We will not oppose your request for an extension of the fact discovery period to account for the five weeks you have placed off-limits for depositions, provided that you afford us the opportunity to review and approve in advance any proposed extension to the ordered schedule before it is submitted to any court.  If you do not seek and obtain such relief, we expect depositions in both actions to take place in an orderly fashion from mid-February through the end of fact discovery, consistent with the overall schedule in place.

Sincerely,

/s/ Vincent Levy

Vincent Levy

# Tab 33

**From:**    Herbert Beigel
**To:**    Vincent Levy
**Cc:**    Robert Viducich
**Subject:**    Hit reports
**Date:**    Wednesday, January 24, 2018 5:31:07 PM
**Attachments:**    SearchHits_20180123_Icahn Terms v2 Consolidated Results.xls
    SearchHits_20180123_Icahn Terms v2 Golden Results.xls
    SearchHits_20180123_Icahn Terms v2 Gordon Results.xls
    SearchHits_20180123_Icahn Terms v2 Intrieri Results.xls
    SearchHits_20180123_Icahn Terms v2 Lynn Results.xls
    SearchHits_20180123_Icahn Terms v2 Ninivaggi Results.xls
    SearchHits_20180123_Icahn Terms v2 Shaitkin Results.xls
    SearchHits_20180123_Icahn Terms v2 Zippo Results.xls

Vince

Please find attached the hit reports for Icahn custodians other than CIcahn@…

Herb

Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995 (office)
520-869-5836 (mobile)
520-844-6215 (efax)
hbeigel@me.com

 OmniVere

Search List: REQSTD-Icahn-v2-Terms-Consolidated

| Icahn Term ID | Search Term | Term Id | Full Text Hits | Docs Returned Total | Docs Returned Not Exp | Related Docs Total | Related Docs Not Exp | Total Docs Total | Total Docs Not Exp | Unique Families Total | Unique Families Not Exp | Unique Documents Total | Unique Documents Not Exp | File Size Total | File Size Not Exp | Related File Size Total | Related File Size Not Exp | Total File Size Total | Total File Size Not Exp | Total Docs Breakdown by Type Emails | Total Docs Breakdown by Type Attachments | Total Docs Breakdown by Type Loose Files |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Full Text Contains (comp or compen* or pay or pay* or fee or fees) w/10 disclos* And (Search Found In Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found In Custodian Contains Any Golden, Gail.Gordon, Susan.Intrieri, Vincent.Lynn, Jesse.Ninivaggi, Dan.Schaitkin, Keith.Zippo, Sue) | 328 | 50,672 | 11,831 | 11,368 | 19,871 | 19,195 | 31,702 | 30,563 | 4,529 | 4,326 | 3,087 | 2,911 | 7.800 | 7.550 | 3.810 | 3.690 | 11.610 | 11.240 | 10,045 | 21,657 | 0 |
| 2 | Full Text Contains (Wachtel or Wachtell or WL or WLRK or Brownstein or Roth or Casey or Cooper) and (CVR or lawsuit or suit or litigation or action or case or bet or ratif*) And (Search Found In Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found In Custodian Contains Any Golden, Gail.Gordon, Susan.Intrieri, Vincent.Lynn, Jesse.Ninivaggi, Dan.Schaitkin, Keith.Zippo, Sue) Full Text Contains malpractice And (Search Found In Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found In Custodian Contains Any Golden, Gail.Gordon, Susan.Intrieri, Vincent.Lynn, Jesse.Ninivaggi, Dan.Schaitkin, Keith.Zippo, Sue) | 310 | 445,066 | 16,148 | 15,968 | 16,334 | 16,056 | 32,482 | 32,024 | 9,597 | 9,481 | 7,354 | 7,268 | 6.820 | 6.690 | 2.950 | 2.880 | 9.770 | 9.580 | 14,190 | 18,292 | 0 |
| 3 | Full Text Contains (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS) and (CVR or fee or fees or comp or compen* or pay or pay* or litig* or lawsuit or suit or litigation or action or case or "engagement letter" or EL or ratif*) And (Search Found In Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found In Custodian Contains Any Golden, Gail.Gordon, Susan.Intrieri, Vincent.Lynn, Jesse.Ninivaggi, Dan.Schaitkin, Keith.Zippo, Sue) | 311 | 5,704 | 2,131 | 2,038 | 3,164 | 3,089 | 5,295 | 5,127 | 1,086 | 1,056 | 608 | 578 | 1.140 | 1.060 | 1.170 | 1.160 | 2.310 | 2.220 | 1,967 | 3,328 | 0 |
| 4 | Full Text Contains customary w/20 (fee or fees or comp or compen* or pay or pay*) And (Search Found In Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found In Custodian Contains Any Golden, Gail.Gordon, Susan.Intrieri, Vincent.Lynn, Jesse.Ninivaggi, Dan.Schaitkin, Keith.Zippo, Sue) | 332 | 2,546,125 | 48,133 | 47,298 | 48,022 | 47,064 | 96,155 | 94,362 | 31,208 | 30,632 | 19,392 | 18,987 | 16.110 | 15.680 | 9.130 | 8.940 | 25.230 | 24.620 | 41,158 | 54,997 | 0 |
| 5 | Full Text Contains Beigel or Biegel or hbeigel* And (Search Found In Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found In Custodian Contains Any Golden, Gail.Gordon, Susan.Intrieri, Vincent.Lynn, Jesse.Ninivaggi, Dan.Schaitkin, Keith.Zippo, Sue) | 329 | 41,181 | 5,938 | 5,545 | 11,572 | 10,978 | 17,510 | 16,523 | 2,160 | 1,995 | 1,400 | 1,296 | 5.760 | 5.470 | 2.050 | 2.000 | 7.810 | 7.470 | 4,363 | 13,147 | 0 |
| 6 | Full Text Contains Stroock or "*@stroock.com" And (Search Found In Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found In Custodian Contains Any Golden, Gail.Gordon, Susan.Intrieri, Vincent.Lynn, Jesse.Ninivaggi, Dan.Schaitkin, Keith.Zippo, Sue) | 312 | 145,110 | 19,144 | 19,140 | 9,450 | 9,449 | 28,594 | 28,589 | 18,471 | 18,468 | 14,990 | 14,986 | 1.900 | 1.900 | 2.360 | 2.360 | 4.260 | 4.260 | 17,491 | 11,103 | 0 |
| 7 | Full Text Contains Matelich or "gmatelich@kelso.com" And (Search Found In Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found In Custodian Contains Any Golden, Gail.Gordon, Susan.Intrieri, Vincent.Lynn, Jesse.Ninivaggi, Dan.Schaitkin, Keith.Zippo, Sue) | 313 | 33,520 | 2,839 | 2,835 | 1,965 | 1,960 | 4,804 | 4,795 | 1,514 | 1,512 | 946 | 943 | 1.160 | 1.160 | 0.170 | 0.160 | 1.330 | 1.320 | 1,977 | 2,827 | 0 |
| 8 | Full Text Contains Tomkins or "tomkinsmd@gmail.com" And (Search Found In Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found In Custodian Contains Any Golden, Gail.Gordon, Susan.Intrieri, Vincent.Lynn, Jesse.Ninivaggi, Dan.Schaitkin, Keith.Zippo, Sue) | 314 | 2,507 | 1,527 | 1,526 | 957 | 955 | 2,484 | 2,481 | 61 | 61 | 42 | 42 | 1.080 | 1.080 | 0.050 | 0.050 | 1.130 | 1.130 | 828 | 1,656 | 0 |
| 9 | Full Text Contains (SEC or commission or staff) w/20 (CVR or subpoena or investig* or order or guidance or Wachtel or Wachtell or WLRK or WL) And (Search Found In Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found In Custodian Contains Any Golden, Gail.Gordon, Susan.Intrieri, Vincent.Lynn, Jesse.Ninivaggi, Dan.Schaitkin, Keith.Zippo, Sue) | 315 | 355 | 179 | 144 | 289 | 244 | 468 | 388 | 139 | 75 | 93 | 64 | 0.100 | 0.060 | 0.060 | 0.050 | 0.180 | 0.160 | 166 | 302 | 0 |
| 10 | Full Text Contains Brady And (Search Found In Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found In Custodian Contains Any Golden, Gail.Gordon, Susan.Intrieri, Vincent.Lynn, Jesse.Ninivaggi, Dan.Schaitkin, Keith.Zippo, Sue) | 316 | 98,748 | 17,411 | 16,948 | 23,641 | 22,916 | 41,052 | 39,864 | 9,338 | 9,113 | 5,541 | 5,395 | 8.880 | 8.600 | 4.440 | 4.300 | 13.330 | 12.900 | 14,588 | 26,464 | 0 |
| 11 | Full Text Contains Bandy And (Search Found In Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found In Custodian Contains Any Golden, Gail.Gordon, Susan.Intrieri, Vincent.Lynn, Jesse.Ninivaggi, Dan.Schaitkin, Keith.Zippo, Sue) | 317 | 9,213 | 3,900 | 3,844 | 4,479 | 4,459 | 8,379 | 8,303 | 3,084 | 3,031 | 1,849 | 1,802 | 1.370 | 1.360 | 1.200 | 1.190 | 2.560 | 2.550 | 3,390 | 4,989 | 0 |
| 12 | Full Text Contains (SEC or commission or staff or Brent) w/3 Fields And (Search Found In Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found In Custodian Contains Any Golden, Gail.Gordon, Susan.Intrieri, Vincent.Lynn, Jesse.Ninivaggi, Dan.Schaitkin, Keith.Zippo, Sue) | 318 | 226 | 137 | 137 | 106 | 106 | 243 | 243 | 23 | 23 | 22 | 22 | 0.030 | 0.030 | 0.010 | 0.010 | 0.040 | 0.040 | 128 | 115 | 0 |
| 13 | Full Text Contains CVR and "*@sec.gov" And (Search Found In Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found In Custodian Contains Any Golden, Gail.Gordon, Susan.Intrieri, Vincent.Lynn, Jesse.Ninivaggi, Dan.Schaitkin, Keith.Zippo, Sue) | 330 | 148 | 58 | 58 | 145 | 145 | 203 | 203 | 6 | 6 | 8 | 8 | 0.000 | 0.080 | 0.030 | 0.030 | 0.110 | 0.110 | 50 | 153 | 0 |
| 14 | Full Text Contains "Fried Frank" or FriedFrank or FF And (Search Found In Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found In Custodian Contains Any Golden, Gail.Gordon, Susan.Intrieri, Vincent.Lynn, Jesse.Ninivaggi, Dan.Schaitkin, Keith.Zippo, Sue) | 319 | 1,176 | 123 | 123 | 114 | 114 | 237 | 237 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.020 | 0.020 | 0.030 | 0.030 | 123 | 114 | 0 |
| 15 | Full Text Contains "*@ffhsj.com" or "*@friedfrank.com" And (Search Found In Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found In Custodian Contains Any Golden, Gail.Gordon, Susan.Intrieri, Vincent.Lynn, Jesse.Ninivaggi, Dan.Schaitkin, Keith.Zippo, Sue) | 327 | 83,222 | 8,349 | 8,060 | 9,208 | 8,834 | 17,557 | 16,894 | 7,207 | 7,071 | 4,257 | 4,140 | 3.820 | 3.700 | 1.570 | 1.480 | 5.390 | 5.180 | 7,107 | 10,450 | 0 |
| 16 | Full Text Contains "*@ffhsj.com" or "*@friedfrank.com" And (Search Found In Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Found In Custodian Contains Any Golden, Gail.Gordon, Susan.Intrieri, Vincent.Lynn, Jesse.Ninivaggi, Dan.Schaitkin, Keith.Zippo, Sue) | 320 | 12,544 | 1,365 | 1,313 | 1,940 | 1,832 | 3,305 | 3,145 | 261 | 247 | 203 | 193 | 0.330 | 0.330 | 0.530 | 0.520 | 0.850 | 0.840 | 1,340 | 1,965 | 0 |

**Search List: REQSTD-Icahn-v2-Terms-Consolidated**

| Icahn Term ID | Search Term | Term Id | Full Text Hits | Docs Returned Total | Docs Returned Not Exp | Related Docs Total | Related Docs Not Exp | Total Docs Total | Total Docs Not Exp | Unique Families Total | Unique Families Not Exp | Unique Documents Total | Unique Documents Not Exp | File Size Total | File Size Not Exp | Related File Size Total | Related File Size Not Exp | Total File Size Total | Total File Size Not Exp | Emails | Attachments | Loose Files |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 17 | Full Text Contains (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS or bank or SEC) and (settl* or resolv*) And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Golden, Gail;Gordon, Susan;Intrieri, Vincent;Lynn, Jesse;Ninivaggi, Dan;Schaltkin, Keith;Zippo, Sue) | 321 | 1,285,610 | 45,532 | 44,426 | 58,391 | 56,907 | 103,923 | 101,333 | 25,963 | 25,335 | 15,625 | 15,226 | 21.810 | 21.130 | 7.290 | 7.080 | 29.100 | 28.200 | 37,504 | 66,419 | 0 |
| 18 | Full Text Contains "cease and desist" And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Golden, Gail;Gordon, Susan;Intrieri, Vincent;Lynn, Jesse;Ninivaggi, Dan;Schaltkin, Keith;Zippo, Sue) | 322 | 6,576 | 1,433 | 1,402 | 2,199 | 2,155 | 3,632 | 3,557 | 215 | 212 | 183 | 179 | 0.790 | 0.780 | 0.410 | 0.410 | 1.200 | 1.190 | 1,147 | 2,485 | 0 |
| 19 | Full Text Contains "CD&I" or "compliance and disclosure interpretations" And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Golden, Gail;Gordon, Susan;Intrieri, Vincent;Lynn, Jesse;Ninivaggi, Dan;Schaltkin, Keith;Zippo, Sue) | 323 | 544 | 109 | 100 | 50 | 49 | 159 | 149 | 40 | 37 | 30 | 28 | 0.050 | 0.050 | 0.020 | 0.020 | 0.070 | 0.070 | 109 | 50 | 0 |
| 20 | Full Text Contains guidance and (advis* or bank or bank*) and (fee or fees or comp or compen* or pay or pay*) And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Golden, Gail;Gordon, Susan;Intrieri, Vincent;Lynn, Jesse;Ninivaggi, Dan;Schaltkin, Keith;Zippo, Sue) | 331 | 2,924,606 | 53,301 | 52,463 | 65,018 | 64,111 | 118,319 | 116,574 | 43,019 | 42,538 | 22,498 | 22,208 | 19.940 | 19.460 | 5.620 | 5.490 | 25.560 | 24.950 | 45,391 | 72,928 | 0 |
| 21 | Full Text Contains "question 159.02" And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Golden, Gail;Gordon, Susan;Intrieri, Vincent;Lynn, Jesse;Ninivaggi, Dan;Schaltkin, Keith;Zippo, Sue) | 324 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0 | 0 | 0 |
| 22 | Full Text Contains 12323 And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Golden, Gail;Gordon, Susan;Intrieri, Vincent;Lynn, Jesse;Ninivaggi, Dan;Schaltkin, Keith;Zippo, Sue) | 325 | 610 | 102 | 102 | 125 | 125 | 227 | 227 | 39 | 39 | 15 | 15 | 0.040 | 0.040 | 0.060 | 0.060 | 0.110 | 0.110 | 79 | 148 | 0 |
| 23 | Full Text Contains 80039 And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Golden, Gail;Gordon, Susan;Intrieri, Vincent;Lynn, Jesse;Ninivaggi, Dan;Schaltkin, Keith;Zippo, Sue) | 326 | 30 | 25 | 25 | 16 | 16 | 41 | 41 | 0 | 0 | 0 | 0 | 0.020 | 0.020 | 0.000 | 0.000 | 0.020 | 0.020 | 22 | 19 | 0 |

|  | All | Not Exported |
|---|---|---|
| Documents with Search Hits: | 149,804 | 146,843 |
| Related Documents: | 129,543 | 127,223 |
| Total Documents: | 279,347 | 274,066 |
| Size in GB: | 54.116 | 52.724 |

| Emails: | 127,043 |
|---|---|
| Attachments: | 152,304 |
| Loose Files: | 0 |



**OmniVere**

Search List: REQSTD-Icahn-v2-Terms-Golden

| Icahn Term ID | Search Term | Term Id | Full Text Hits | Docs Returned Total | Docs Returned Not Exp | Related Docs Total | Related Docs Not Exp | Total Docs Total | Total Docs Not Exp | Unique Families Total | Unique Families Not Exp | Unique Documents Total | Unique Documents Not Exp | File Size Total | File Size Not Exp | Related File Size Total | Related File Size Not Exp | Total File Size Total | Total File Size Not Exp | Emails | Attachments | Loose Files |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Full Text Contains (comp or compen* or pay or pay* or fee or fees) w/10 disclos* And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Golden, Gal) | 501 | 1,652 | 747 | 747 | 194 | 194 | 941 | 941 | 691 | 691 | 623 | 623 | 0.070 | 0.070 | 0.010 | 0.010 | 0.080 | 0.080 | 737 | 204 | 0 |
| 2 | Full Text Contains (Wachtel or Wachtell or WL or WLRK or Brownstein or Roth or Casey or Cooper) and (CVR or lawsuit or suit or litigation or action or case or bet or ratif*) And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Golden, Gal) | 483 | 57,661 | 1,664 | 1,664 | 1,005 | 1,005 | 2,669 | 2,669 | 860 | 860 | 581 | 581 | 0.630 | 0.630 | 0.070 | 0.070 | 0.700 | 0.700 | 1,291 | 1,378 | 0 |
| 3 | Full Text Contains malpractice And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Golden, Gal) | 484 | 152 | 80 | 80 | 230 | 230 | 310 | 310 | 174 | 174 | 51 | 51 | 0.010 | 0.010 | 0.000 | 0.000 | 0.010 | 0.010 | 79 | 231 | 0 |
| 4 | Full Text Contains (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS) and (CVR or fee or fees or comp or compen* or pay or pay* or litig* or lawsuit or suit or litigation or action or case or "engagement letter" or EL or ratif*) And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Golden, Gal) | 505 | 116,445 | 2,200 | 2,200 | 1,519 | 1,519 | 3,719 | 3,719 | 1,402 | 1,402 | 881 | 881 | 0.810 | 0.810 | 0.100 | 0.100 | 0.910 | 0.910 | 1,752 | 1,967 | 0 |
| 5 | Full Text Contains customary w/20 (fee or fees or comp or compen* or pay or pay*) And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Golden, Gal) | 502 | 446 | 51 | 51 | 108 | 108 | 159 | 159 | 39 | 39 | 13 | 13 | 0.030 | 0.030 | 0.000 | 0.000 | 0.030 | 0.030 | 42 | 117 | 0 |
| 6 | Full Text Contains Beigel or Biegel or hbeigel* And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Golden, Gal) | 485 | 3,464 | 978 | 978 | 576 | 576 | 1,554 | 1,554 | 228 | 228 | 204 | 204 | 0.510 | 0.510 | 0.060 | 0.060 | 0.570 | 0.570 | 607 | 947 | 0 |
| 7 | Full Text Contains Stroock or "*@stroock.com" And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Golden, Gal) | 486 | 10,533 | 690 | 690 | 324 | 324 | 1,014 | 1,014 | 5 | 5 | 3 | 3 | 0.470 | 0.470 | 0.000 | 0.000 | 0.470 | 0.470 | 326 | 688 | 0 |
| 8 | Full Text Contains Matelich or "gmatelich@kelso.com" And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Golden, Gal) | 487 | 1,111 | 740 | 740 | 370 | 370 | 1,110 | 1,110 | 3 | 3 | 4 | 4 | 0.500 | 0.500 | 0.000 | 0.000 | 0.500 | 0.500 | 375 | 735 | 0 |
| 9 | Full Text Contains Tomkins or "tomkinsme@gmail.com" And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Golden, Gal) | 488 | 3 | 3 | 3 | 0 | 0 | 3 | 3 | 3 | 3 | 3 | 3 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 3 | 0 | 0 |
| 10 | Full Text Contains (SEC or commission or staff) w/20 (order or subpoena or investig* or order or guidance or Wachtel or Wachtell or WLRK or WL) And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Golden, Gal) | 489 | 1,771 | 531 | 531 | 580 | 580 | 1,111 | 1,111 | 475 | 475 | 280 | 280 | 0.120 | 0.120 | 0.100 | 0.100 | 0.220 | 0.220 | 482 | 629 | 0 |
| 11 | Full Text Contains Brady And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Golden, Gal) | 490 | 1,673 | 753 | 753 | 871 | 871 | 1,624 | 1,624 | 411 | 411 | 195 | 195 | 0.370 | 0.370 | 0.080 | 0.080 | 0.440 | 0.440 | 570 | 1,054 | 0 |
| 12 | Full Text Contains Bandy And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Golden, Gal) | 491 | 12 | 2 | 2 | 0 | 0 | 2 | 2 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 2 | 0 | 0 |
| 13 | Full Text Contains (SEC or commission or staff or Brent) w/3 Fields And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Golden, Gal) | 503 | 4 | 2 | 2 | 0 | 0 | 2 | 2 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 2 | 0 | 0 |
| 14 | Full Text Contains CVR and "*@sec.gov" And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Golden, Gal) | 492 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0 | 0 | 0 |
| 15 | Full Text Contains "Fried Frank" or FriedFrank or FF And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Golden, Gal) | 500 | 5,295 | 1,760 | 1,760 | 335 | 335 | 2,095 | 2,095 | 1,258 | 1,258 | 1,165 | 1,165 | 0.480 | 0.480 | 0.040 | 0.040 | 0.510 | 0.510 | 1,392 | 703 | 0 |
| 16 | Full Text Contains "@ffhsj.com" or "*@friedfrank.com" And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Golden, Gal) | 493 | 362 | 181 | 181 | 541 | 541 | 722 | 722 | 0 | 0 | 0 | 0 | 0.160 | 0.160 | 0.180 | 0.180 | 0.340 | 0.340 | 181 | 541 | 0 |
| 17 | Full Text Contains (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS or bank or SEC) and (settl* or resolv*) And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Golden, Gal) | 494 | 12,575 | 1,128 | 1,128 | 1,047 | 1,047 | 2,175 | 2,175 | 928 | 928 | 607 | 607 | 0.300 | 0.300 | 0.100 | 0.100 | 0.400 | 0.400 | 1,089 | 1,086 | 0 |
| 18 | Full Text Contains "cease and desist" And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Golden, Gal) | 495 | 108 | 27 | 27 | 26 | 26 | 53 | 53 | 15 | 15 | 14 | 14 | 0.010 | 0.010 | 0.000 | 0.000 | 0.010 | 0.010 | 26 | 27 | 0 |
| 19 | Full Text Contains "CD&I" or "compliance and disclosure interpretations" And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Golden, Gal) | 496 | 4 | 1 | 1 | 0 | 0 | 1 | 1 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 1 | 0 | 0 |
| 20 | Full Text Contains guidance and (advis* or bank or bank*) and (fee or fees or comp or compen* or pay or pay*) And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Golden, Gal) | 504 | 92,886 | 873 | 873 | 1,671 | 1,671 | 2,544 | 2,544 | 835 | 835 | 251 | 251 | 0.480 | 0.480 | 0.150 | 0.150 | 0.640 | 0.640 | 644 | 1,900 | 0 |
| 21 | Full Text Contains "question 159.02" And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Golden, Gal) | 497 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0 | 0 | 0 |
| 22 | Full Text Contains 12323 And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Golden, Gal) | 498 | 1 | 1 | 1 | 1 | 1 | 2 | 2 | 1 | 1 | 1 | 1 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 1 | 1 | 0 |
| 23 | Full Text Contains 80039 And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Golden, Gal) | | | 1 | 1 | 0 | 0 | 1 | 1 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 1 | 0 | 0 |

|  | All | Not Exported |
|---|---|---|
| Documents with Search Hits: | 6,589 | 6,589 |
| Related Documents: | 4,184 | 4,184 |
| Total Documents: | 10,773 | 10,773 |
| Size in GB: | 1.592 | 1.592 |
| Emails: | 6,029 | |
| Attachments: | 4,744 | |
| Loose Files: | 0 | |

 OmniVere

**Search List: REQSTD-Icahn-v2-Terms-SGordon**

| Icahn Term ID | Search Term | Term ID | Full Text Hits | Docs Returned Total | Docs Returned Not Exp | Related Docs Total | Related Docs Not Exp | Total Docs Total | Total Docs Not Exp | Unique Families Total | Unique Families Not Exp | Unique Documents Total | Unique Documents Not Exp | File Size Total | File Size Not Exp | Related File Size Total | Related File Size Not Exp | Total File Size Total | Total File Size Not Exp | Emails | Attachments | Loose Files |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Full Text Contains (comp or compen* or pay or pay* or fee or fees) w/10 disclos* And (Search Term Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Gordon, Susan) | 430 | 3,646 | 930 | 930 | 3,123 | 3,123 | 4,053 | 4,053 | 836 | 836 | 311 | 311 | 0.470 | 0.470 | 1.250 | 1.250 | 1.720 | 1.720 | 830 | 3,223 | 0 |
| 2 | Full Text Contains (Wachtel or Wachtell or WL or WLRK or Brownstein or Roth or Casey or Cooper) and (CVR or lawsuit or suit or litigation or action or case or bet or ratif*) And (Search Term Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Gordon, Susan) | 412 | 95,151 | 2,321 | 2,321 | 2,187 | 2,187 | 4,508 | 4,508 | 1,098 | 1,098 | 679 | 679 | 1.590 | 1.590 | 0.550 | 0.550 | 2.140 | 2.140 | 1,911 | 2,597 | 0 |
| 3 | Full Text Contains malpractice And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Gordon, Susan) | 413 | 847 | 453 | 453 | 928 | 928 | 1,381 | 1,381 | 332 | 332 | 72 | 72 | 0.090 | 0.090 | 0.670 | 0.670 | 0.760 | 0.760 | 449 | 932 | 0 |
| 4 | Full Text Contains (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS) and (CVR or fee or fees or comp or compen* or pay or pay* or litig* or lawsuit or suit or litigation or action or case or "engagement letter" or EL or ratif*) And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Gordon, Susan) | 434 | 274,897 | 6,934 | 6,934 | 11,388 | 11,388 | 18,322 | 18,322 | 8,237 | 8,237 | 3,146 | 3,146 | 2.720 | 2.720 | 5.350 | 5.350 | 8.070 | 8.070 | 6,124 | 12,198 | 0 |
| 5 | Full Text Contains customary w/20 (fee or fees or comp or compen* or pay or pay*) And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Gordon, Susan) | 431 | 1,003 | 159 | 159 | 360 | 360 | 519 | 519 | 33 | 33 | 27 | 27 | 0.110 | 0.110 | 0.080 | 0.080 | 0.180 | 0.180 | 134 | 385 | 0 |
| 6 | Full Text Contains Beigel or Biegel or hbeigel* And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Gordon, Susan) | 414 | 7,377 | 1,740 | 1,740 | 664 | 664 | 2,404 | 2,404 | 1,142 | 1,142 | 936 | 936 | 0.490 | 0.490 | 0.030 | 0.030 | 0.510 | 0.510 | 1,418 | 986 | 0 |
| 7 | Full Text Contains Stroock or "*@stroock.com" And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Gordon, Susan) | 415 | 9,217 | 691 | 691 | 373 | 373 | 1,064 | 1,064 | 133 | 133 | 79 | 79 | 0.430 | 0.430 | 0.000 | 0.000 | 0.430 | 0.430 | 387 | 677 | 0 |
| 8 | Full Text Contains Matelich or "gmatelich@kelso.com" And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Gordon, Susan) | 416 | 1,075 | 678 | 678 | 363 | 363 | 1,041 | 1,041 | 54 | 54 | 34 | 34 | 0.450 | 0.450 | 0.000 | 0.000 | 0.450 | 0.450 | 379 | 662 | 0 |
| 9 | Full Text Contains Tomkins or "tomkinsme@gmail.com" And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Gordon, Susan) | 417 | 12 | 8 | 8 | 2 | 2 | 10 | 10 | 5 | 5 | 4 | 4 | 0.010 | 0.010 | 0.000 | 0.000 | 0.010 | 0.010 | 8 | 2 | 0 |
| 10 | Full Text Contains (SEC or commission or staff) w/20 (CVR or subpoena or investig* or order or guidance or Wachtel or Wachtell or WLRK or WL) And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Gordon, Susan) | 418 | 6,025 | 1,632 | 1,632 | 4,756 | 4,756 | 6,388 | 6,388 | 2,410 | 2,410 | 694 | 694 | 0.600 | 0.600 | 1.730 | 1.730 | 2.330 | 2.330 | 1,482 | 4,906 | 0 |
| 11 | Full Text Contains Brady And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Gordon, Susan) | 419 | 2,908 | 1,103 | 1,103 | 1,484 | 1,484 | 2,587 | 2,587 | 1,089 | 1,089 | 467 | 467 | 0.420 | 0.420 | 0.640 | 0.640 | 1.050 | 1.050 | 930 | 1,657 | 0 |
| 12 | Full Text Contains Bandy And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Gordon, Susan) | 420 | 9 | 9 | 9 | 3 | 3 | 12 | 12 | 7 | 7 | 7 | 7 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 9 | 3 | 0 |
| 13 | Full Text Contains (SEC or commission or staff or Brent) w/3 Fields And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Gordon, Susan) | 432 | 11 | 5 | 5 | 4 | 4 | 9 | 9 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 5 | 4 | 0 |
| 14 | Full Text Contains CVR and "*@sec.gov" And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Gordon, Susan) | 421 | 28 | 2 | 2 | 8 | 8 | 10 | 10 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 2 | 8 | 0 |
| 15 | Full Text Contains "Fried Frank" or FriedFrank or FF And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Gordon, Susan) | 429 | 13,592 | 1,762 | 1,762 | 1,609 | 1,609 | 3,371 | 3,371 | 1,954 | 1,954 | 853 | 853 | 0.930 | 0.930 | 0.150 | 0.150 | 1.080 | 1.080 | 1,428 | 1,943 | 0 |
| 16 | Full Text Contains "*@ffhsj.com" or "*@friedfrank.com" And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Gordon, Susan) | 422 | 2,920 | 318 | 318 | 444 | 444 | 762 | 762 | 9 | 9 | 9 | 9 | 0.130 | 0.130 | 0.140 | 0.140 | 0.280 | 0.280 | 318 | 444 | 0 |
| 17 | Full Text Contains (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS or bank or SEC) and (sett* or resolv*) And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Gordon, Susan) | 423 | 83,453 | 4,553 | 4,553 | 7,656 | 7,656 | 12,209 | 12,209 | 3,530 | 3,530 | 1,740 | 1,740 | 2.320 | 2.320 | 2.540 | 2.540 | 4.870 | 4.870 | 4,157 | 8,052 | 0 |
| 18 | Full Text Contains "cease and desist" And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Gordon, Susan) | 424 | 450 | 92 | 92 | 158 | 158 | 250 | 250 | 35 | 35 | 25 | 25 | 0.060 | 0.060 | 0.090 | 0.090 | 0.150 | 0.150 | 90 | 160 | 0 |
| 19 | Full Text Contains "CD&I" or "compliance and disclosure interpretations" And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Gordon, Susan) | 425 | 32 | 6 | 6 | 0 | 0 | 6 | 6 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 6 | 0 | 0 |
| 20 | Full Text Contains guidance and (advis* or bank or bank*) and (fee or fees or comp or compen* or pay or pay*) And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Gordon, Susan) | 433 | 243,821 | 5,421 | 5,421 | 9,177 | 9,177 | 14,598 | 14,598 | 6,281 | 6,281 | 2,949 | 2,949 | 2.140 | 2.140 | 1.690 | 1.690 | 3.830 | 3.830 | 4,135 | 10,463 | 0 |
| 21 | Full Text Contains "question 159.02" And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Gordon, Susan) | 426 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0 | 0 | 0 |
| 22 | Full Text Contains 12323 And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Gordon, Susan) | 427 | 1 | 1 | 1 | 0 | 0 | 1 | 1 | 1 | 1 | 1 | 1 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 1 | 0 | 0 |
| 23 | Full Text Contains 80039 And (Search FoundIn Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search FoundIn Custodian ContainsAny Gordon, Susan) | 428 | 4 | 3 | 3 | 3 | 3 | 6 | 6 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 2 | 1 | 0 |

|  | All | Not Exported |
|---|---|---|
| Documents with Search Hits: | 17,548 | 17,548 |
| Related Documents: | 26,001 | 26,001 |
| Total Documents: | 43,549 | 43,549 |
| Size in GB: | 13,874 | 13,874 |

| | |
|---|---|
| Emails: | 15,273 |
| Attachments: | 28,276 |
| Loose Files: | 0 |

 OmniVere

Search List: REQSTD-Icahn-v2-Terms-Intrieri

| Icahn Term ID | Search Term | Term Id | Full Full Text Hits | Docs Returned Total | Docs Returned Not Exp | Related Docs Total | Related Docs Not Exp | Total Docs Total | Total Docs Not Exp | Unique Families Total | Unique Families Not Exp | Unique Documents Total | Unique Documents Not Exp | File Size Total | File Size Not Exp | Related File Size Total | Related File Size Not Exp | Total File Size Total | Total File Size Not Exp | Emails | Attachments | Loose Files |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Full Text Contains (comp or compen* or pay or pay* or fee or fees) w/10 disclos* And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Intrieri, Vincent) | 476 | 10,659 | 3,825 | 3,825 | 5,416 | 5,416 | 9,241 | 9,241 | 867 | 867 | 640 | 640 | 2.490 | 2.490 | 0.550 | 0.550 | 3.040 | 3.040 | 3,521 | 5,720 | 0 |
| 2 | Full Text Contains (Wachtel or Wachtell or WL or WLRK or Brownstein or Roth or Casey or Cooper) and (CVR or lawsuit or suit or litigation or action or case or be or ratt*) And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Intrieri, Vincent) | 458 | 29,870 | 2,973 | 2,973 | 4,996 | 4,996 | 7,969 | 7,969 | 1,572 | 1,572 | 1,219 | 1,219 | 1.360 | 1.360 | 0.610 | 0.610 | 1.970 | 1.970 | 2,666 | 5,303 | 0 |
| 3 | Full Text Contains malpractice And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Intrieri, Vincent) | 459 | 300 | 187 | 187 | 260 | 260 | 447 | 447 | 64 | 64 | 60 | 60 | 0.110 | 0.110 | 0.030 | 0.030 | 0.140 | 0.140 | 168 | 279 | 0 |
| 4 | Full Text Contains (Dea* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS) and (CVR or fee or fees or comp or compen* or pay or pay* or litig* or lawsuit or suit or litigation or action or case or "engagement letter" or EL or ratt*) And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Intrieri, Vincent) | 480 | 557,569 | 27,028 | 27,028 | 20,924 | 20,924 | 47,952 | 47,952 | 15,302 | 15,302 | 10,672 | 10,672 | 6.040 | 6.040 | 1.330 | 1.330 | 7.370 | 7.370 | 23,218 | 24,734 | 0 |
| 5 | Full Text Contains customary w/20 (fee or fees or comp or compen* or pay or pay*) And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Intrieri, Vincent) | 477 | 3,932 | 791 | 791 | 996 | 996 | 1,787 | 1,787 | 207 | 207 | 191 | 191 | 0.870 | 0.870 | 0.140 | 0.140 | 1.010 | 1.010 | 683 | 1,104 | 0 |
| 6 | Full Text Contains Illegal or Illegal or !delegit* And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Intrieri, Vincent) | 460 | 668 | 82 | 82 | 33 | 33 | 115 | 115 | 80 | 80 | 69 | 69 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 74 | 41 | 0 |
| 7 | Full Text Contains Stroock or "*@stroock.com" And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Intrieri, Vincent) | 461 | 4,383 | 521 | 521 | 340 | 340 | 861 | 861 | 604 | 604 | 421 | 421 | 0.060 | 0.060 | 0.040 | 0.040 | 0.100 | 0.100 | 411 | 450 | 0 |
| 8 | Full Text Contains Matelich or "gmatelich@kelso.com" And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Intrieri, Vincent) | 462 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0 | 0 | 0 |
| 9 | Full Text Contains Tomkins or "tomkinsme@gmail.com" And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Intrieri, Vincent) | 463 | 80 | 58 | 58 | 49 | 49 | 107 | 107 | 35 | 35 | 25 | 25 | 0.020 | 0.020 | 0.000 | 0.000 | 0.020 | 0.020 | 55 | 52 | 0 |
| 10 | Full Text Contains (SEC or commission or staff) w/20 (CVR or subpoena or investig* or order or guidance or Wachtel or Wachtell or WLRK or WL) And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Intrieri, Vincent) | 464 | 15,320 | 4,414 | 4,414 | 4,350 | 4,350 | 8,764 | 8,764 | 1,085 | 1,085 | 895 | 895 | 1.930 | 1.930 | 0.460 | 0.460 | 2.390 | 2.390 | 3,848 | 4,916 | 0 |
| 11 | Full Text Contains Brady And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Intrieri, Vincent) | 465 | 1,506 | 796 | 796 | 998 | 998 | 1,794 | 1,794 | 716 | 716 | 515 | 515 | 0.260 | 0.260 | 0.220 | 0.220 | 0.480 | 0.480 | 688 | 1,106 | 0 |
| 12 | Full Text Contains Bandy And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Intrieri, Vincent) | 466 | 90 | 26 | 26 | 35 | 35 | 61 | 61 | 12 | 12 | 12 | 12 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 17 | 44 | 0 |
| 13 | Full Text Contains (SEC or commission or staff or Brent) w/3 Fields And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Intrieri, Vincent) | 478 | 12 | 6 | 6 | 7 | 7 | 13 | 13 | 0 | 0 | 1 | 1 | 0.010 | 0.010 | 0.000 | 0.000 | 0.010 | 0.010 | 5 | 8 | 0 |
| 14 | Full Text Contains CVR and "*@sec.gov" And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Intrieri, Vincent) | 467 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0 | 0 | 0 |
| 15 | Full Text Contains "Fried Frank" or FriedFrank or FF And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Intrieri, Vincent) | 475 | 49,669 | 830 | 830 | 2,443 | 2,443 | 3,273 | 3,273 | 1,698 | 1,698 | 380 | 380 | 0.610 | 0.610 | 0.240 | 0.240 | 0.850 | 0.850 | 731 | 2,542 | 0 |
| 16 | Full Text Contains "*@ffhg.com" or "*@friedfrank.com" And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Intrieri, Vincent) | 468 | 24 | 7 | 7 | 7 | 7 | 14 | 14 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 7 | 7 | 0 |
| 17 | Full Text Contains (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS or bank or SEC) and (settl* or resolv*) And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Intrieri, Vincent) | 469 | 381,661 | 18,515 | 18,515 | 20,005 | 20,005 | 38,520 | 38,520 | 7,015 | 7,015 | 4,903 | 4,903 | 6.710 | 6.710 | 1.220 | 1.220 | 7.930 | 7.930 | 15,932 | 22,588 | 0 |
| 18 | Full Text Contains "cease and desist" And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Intrieri, Vincent) | 470 | 612 | 159 | 159 | 205 | 205 | 364 | 364 | 48 | 48 | 36 | 36 | 0.070 | 0.070 | 0.030 | 0.030 | 0.100 | 0.100 | 131 | 233 | 0 |
| 19 | Full Text Contains "CD&I" or "compliance and disclosure interpretations" And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Intrieri, Vincent) | 471 | 40 | 5 | 5 | 10 | 10 | 3 | 3 | 2 | 2 | 0 | 0 | 0.020 | 0.020 | 0.040 | 0.040 | 0.040 | 0.040 | 5 | 5 | 0 |
| 20 | Full Text Contains guidance and (advis* or bank or bank*) and (fee or fees or comp or compen* or pay or pay*) And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Intrieri, Vincent) | 479 | 1,291,144 | 38,612 | 38,612 | 40,575 | 40,575 | 79,187 | 79,187 | 32,871 | 32,871 | 17,438 | 17,438 | 10.190 | 10.190 | 1.740 | 1.740 | 11.920 | 11.920 | 34,271 | 44,916 | 0 |
| 21 | Full Text Contains "question 159.02" And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Intrieri, Vincent) | 472 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0 | 0 | 0 |
| 22 | Full Text Contains 12323 And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Intrieri, Vincent) | 473 | 11 | 9 | 9 | 10 | 10 | 19 | 19 | 3 | 3 | 3 | 3 | 0.020 | 0.020 | 0.000 | 0.000 | 0.020 | 0.020 | 9 | 10 | 0 |
| 23 | Full Text Contains 80039 And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Intrieri, Vincent) | 474 | 3 | 1 | 1 | 3 | 3 | 4 | 4 | 0 | 0 | 0 | 0 | 0.020 | 0.020 | 0.000 | 0.000 | 0.020 | 0.020 | 2 | 2 | 0 |

| | All | Not Exported |
|---|---|---|
| Documents with Search Hits: | 62,549 | 62,549 |
| Related Documents: | 53,521 | 53,521 |
| Total Documents: | 116,070 | 116,070 |
| Size in GB: | 16.320 | 16.320 |

| | |
|---|---|
| Emails: | 54,399 |
| Attachments: | 61,671 |
| Loose Files: | 0 |



Search List: REQSTD-Icahn-v2-Terms-Lynn

| Icahn Term ID | Search Term | Term Id | Full Text Hits | Docs Returned Total | Docs Returned Not Exp | Related Docs Total | Related Docs Not Exp | Total Docs Total | Total Docs Not Exp | Unique Families Total | Unique Families Not Exp | Unique Documents Total | Unique Documents Not Exp | File Size Total | File Size Not Exp | Related File Size Total | Related File Size Not Exp | Total File Size Total | Total File Size Not Exp | Emails | Attachments | Loose Files |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Full Text Contains (comp or comperr* or pay or pay* or fee or fees) w/10 dlocks* And (Search Foundin Combined Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Lynn, Jesse) | 403 | 28,101 | 4,627 | 4,627 | 8,302 | 8,302 | 12,929 | 12,929 | 1,444 | 1,444 | 954 | 954 | 3.950 | 3.950 | 1.550 | 1.550 | 5.500 | 5.500 | 3,809 | 9,120 | |
| 2 | Full Text Contains (Wachtel or Wachtell or WL or WLRK or Brownstein or Roth or Casey or Cooper) and (CVR or lawsuit or suit or litigation or action or case or bet or ratt*) And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Lynn, Jesse) | 223 | 206,550 | 7,249 | 7,249 | 6,139 | 6,139 | 13,388 | 13,388 | 5,005 | 5,005 | 4,004 | 4,004 | 2.480 | 2.480 | 1.360 | 1.360 | 3.840 | 3.840 | 6,664 | 6,724 | |
| 3 | Full Text Contains malpractice And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Lynn, Jesse) | 224 | 3,108 | 950 | 950 | 1,265 | 1,265 | 2,215 | 2,215 | 353 | 353 | 286 | 286 | 0.640 | 0.640 | 0.360 | 0.360 | 1.000 | 1.000 | 881 | 1,334 | |
| 4 | Full Text Contains (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS) and (CVR or fee or fees or comp or comperr* or pay or pay* or litig* or lawsuit or suit or litigation or action or case or "engagement letter" or EL or ratt*) And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Lynn, Jesse) | 407 | 1,252,280 | 8,841 | 8,841 | 10,272 | 10,272 | 19,113 | 19,113 | 4,661 | 4,661 | 3,281 | 3,281 | 5.030 | 5.030 | 1.700 | 1.700 | 6.720 | 6.720 | 7,509 | 11,604 | |
| 5 | Full Text Contains customary w/20 (fee or fees or comp or comperr* or pay or pay*) And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Lynn, Jesse) | 404 | 25,796 | 3,501 | 3,501 | 6,994 | 6,994 | 10,495 | 10,495 | 1,075 | 1,075 | 724 | 724 | 3.500 | 3.500 | 1.250 | 1.250 | 4.750 | 4.750 | 2,567 | 7,928 | |
| 6 | Full Text Contains Biegel or Biegel or hbeige* And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Lynn, Jesse) | 231 | 105,512 | 12,908 | 12,908 | 6,884 | 6,884 | 19,792 | 19,792 | 13,873 | 13,873 | 11,029 | 11,029 | 0.700 | 0.700 | 1.900 | 1.900 | 2.600 | 2.600 | 12,243 | 7,549 | |
| 7 | Full Text Contains Stroock or "*@stroock.com" And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Lynn, Jesse) | 228 | 6,948 | 739 | 739 | 772 | 772 | 1,511 | 1,511 | 606 | 606 | 340 | 340 | 0.120 | 0.120 | 0.090 | 0.090 | 0.210 | 0.210 | 690 | 821 | |
| 8 | Full Text Contains Matelich or "jmatelich@belw.com" And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Lynn, Jesse) | 229 | 117 | 42 | 42 | 137 | 137 | 179 | 179 | 3 | 3 | 3 | 3 | 0.050 | 0.050 | 0.040 | 0.040 | 0.100 | 0.100 | 48 | 131 | |
| 9 | Full Text Contains Tomkins or "tomkinsme@gmail.com" And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Lynn, Jesse) | 230 | 117 | 30 | 30 | 127 | 127 | 157 | 157 | 5 | 5 | 5 | 5 | 0.050 | 0.050 | 0.040 | 0.040 | 0.100 | 0.100 | 26 | 131 | |
| 10 | Full Text Contains (SEC or commission or staff) w/20 (CVR or subpoena or investig* or order or guidance or Wachtel or Wachtell or WLRK or WL) And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Lynn, Jesse) | 231 | 59,858 | 8,214 | 8,214 | 9,866 | 9,866 | 18,080 | 18,080 | 3,894 | 3,894 | 2,789 | 2,789 | 4.910 | 4.910 | 1.550 | 1.550 | 6.470 | 6.470 | 6,834 | 11,246 | |
| 11 | Full Text Contains Brady And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Lynn, Jesse) | 232 | 2,308 | 853 | 853 | 842 | 842 | 1,695 | 1,695 | 530 | 530 | 404 | 404 | 0.240 | 0.240 | 0.240 | 0.240 | 0.480 | 0.480 | 828 | 867 | |
| 12 | Full Text Contains (SEC or commission or staff or Brent) w/3 Fields And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Lynn, Jesse) | 233 | 104 | 92 | 92 | 57 | 57 | 149 | 149 | 5 | 5 | 4 | 4 | 0.000 | 0.000 | 0.010 | 0.010 | 0.010 | 0.010 | 92 | 57 | |
| 13 | Full Text Contains CVR and "*@sec.gov" And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Lynn, Jesse) | 405 | 114 | 42 | 42 | 131 | 131 | 173 | 173 | 4 | 4 | 5 | 5 | 0.070 | 0.070 | 0.030 | 0.030 | 0.100 | 0.100 | 35 | 138 | |
| 14 | Full Text Contains "Fried Frank" or FriedFrank or FF And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Lynn, Jesse) | 236 | 1,131 | 119 | 119 | 103 | 103 | 222 | 222 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.020 | 0.020 | 0.020 | 0.020 | 119 | 103 | |
| 15 | Full Text Contains "*@ffhq.com" or "*@friedfrank.com" And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Lynn, Jesse) | 402 | 9,664 | 2,307 | 2,307 | 3,595 | 3,595 | 5,902 | 5,902 | 1,033 | 1,033 | 693 | 693 | 1.280 | 1.280 | 0.770 | 0.770 | 2.060 | 2.060 | 2,009 | 3,893 | |
| 16 | Full Text Contains "*@sec.gov" And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Lynn, Jesse) | 237 | 8,226 | 691 | 691 | 695 | 695 | 1,386 | 1,386 | 213 | 213 | 150 | 150 | 0.020 | 0.020 | 0.170 | 0.170 | 0.190 | 0.190 | 675 | 711 | |
| 17 | Full Text Contains (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS or bank or SEC) and (sett* or resolv*) And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Lynn, Jesse) | 238 | 522,300 | 16,580 | 16,580 | 22,188 | 22,188 | 38,768 | 38,768 | 11,618 | 11,618 | 6,600 | 6,600 | 9.560 | 9.560 | 2.540 | 2.540 | 12.100 | 12.100 | 12,710 | 26,058 | |
| 18 | Full Text Contains "cease and desist" And (Search Foundin Combined Date (Email Sent/File Modified) And (Search Foundin Custodian ContainsAny Lynn, Jesse) | 239 | 4,563 | 942 | 942 | 1,478 | 1,478 | 2,420 | 2,420 | 102 | 102 | 77 | 77 | 0.580 | 0.580 | 0.260 | 0.260 | 0.840 | 0.840 | 719 | 1,701 | |
| 19 | Full Text Contains "CD&I" or "compliance and disclosure interpretations" And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Lynn, Jesse) | 240 | 312 | 71 | 71 | 40 | 40 | 111 | 111 | 30 | 30 | 22 | 22 | 0.000 | 0.000 | 0.030 | 0.030 | 0.030 | 0.030 | 71 | 40 | |
| 20 | Full Text Contains guidance and (advis* or bank or bank*) and (fee or fees or comp or comperr* or pay or pay*) And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Lynn, Jesse) | 406 | 1,032,010 | 6,421 | 6,421 | 9,884 | 9,884 | 16,305 | 16,305 | 2,889 | 2,889 | 1,754 | 1,754 | 5.630 | 5.630 | 1.370 | 1.370 | 7.000 | 7.000 | 4,913 | 11,392 | |
| 21 | Full Text Contains "question 159.02" And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Lynn, Jesse) | 242 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0 | 0 | |
| 22 | Full Text Contains 1Z323 And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Lynn, Jesse) | 243 | 579 | 81 | 81 | 108 | 108 | 189 | 189 | 24 | 24 | 6 | 6 | 0.020 | 0.020 | 0.060 | 0.060 | 0.080 | 0.080 | 60 | 129 | |
| 23 | Full Text Contains 80039 And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Lynn, Jesse) | 244 | 20 | 17 | 17 | 10 | 10 | 27 | 27 | 6 | 6 | 5 | 5 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 16 | 11 | |

| | All | Not Exported |
|---|---|---|
| Documents with Search Hits: | 47,618 | 47,618 |
| Related Documents: | 35,041 | 35,041 |
| Total Documents: | 82,659 | 82,659 |
| Size in GB: | 18.601 | 18.601 |
| | | |
| Emails: | 38,916 | |
| Attachments: | 43,743 | |
| Loose Files: | 0 | |

 OmniVere

Search List: REQSTD-Icahn-v2-Terms-Ninivaggi

| Icahn Term ID | Search Term | Term Id | Full Text Hits | Docs Returned Total | Docs Returned Not Exp | Related Docs Total | Related Docs Not Exp | Total Docs Total | Total Docs Not Exp | Unique Families Total | Unique Families Not Exp | Unique Documents Total | Unique Documents Not Exp | File Size Total | File Size Not Exp | Related File Size Total | Related File Size Not Exp | Total File Size Total | Total File Size Not Exp | Total Docs Breakdown by Type Emails | Attachments | Loose Files |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Full Text Contains (comp or compen* or pay or pay* or fee or fees) w/10 doctor* And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Ninivaggi, Dan) | 397 | 1,587 | 463 | 0 | 676 | 0 | 1,139 | 0 | 203 | 0 | 176 | 0 | 0.250 | 0.000 | 0.130 | 0.000 | 0.380 | 0.000 | 356 | 783 | 0 |
| 2 | Full Text Contains (Wachtel or Wachtell or WL or WLRK or Brownstein or Roth or Casey or Cooper) and (CVR or lawsuit or suit or litigation or action or case or bet or rat#*) And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Ninivaggi, Dan) | 379 | 5,668 | 180 | 0 | 278 | 0 | 458 | 0 | 116 | 0 | 86 | 0 | 0.120 | 0.000 | 0.070 | 0.000 | 0.190 | 0.000 | 153 | 305 | 0 |
| 3 | Full Text Contains malpractice And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Ninivaggi, Dan) | 380 | 129 | 93 | 0 | 75 | 0 | 168 | 0 | 30 | 0 | 30 | 0 | 0.080 | 0.000 | 0.010 | 0.000 | 0.090 | 0.000 | 73 | 95 | 0 |
| 4 | Full Text Contains (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS) and (CVR or fee or fees or comp or compen* or pay or litig* or lawsuit or suit or litigation or action or case or "engagement letter" or EL or rat#*) And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Ninivaggi, Dan) | 401 | 100,118 | 835 | 0 | 958 | 0 | 1,793 | 0 | 576 | 0 | 405 | 0 | 0.430 | 0.000 | 0.190 | 0.000 | 0.620 | 0.000 | 603 | 1,190 | 0 |
| 5 | Full Text Contains customary w/20 (fee or fees or comp or compen* or pay or pay*) And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Ninivaggi, Dan) | 398 | 3,214 | 393 | 0 | 594 | 0 | 987 | 0 | 165 | 0 | 104 | 0 | 0.290 | 0.000 | 0.050 | 0.000 | 0.340 | 0.000 | 234 | 753 | 0 |
| 6 | Full Text Contains Beigel or Biegel or hbeigel* And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Ninivaggi, Dan) | 381 | 13 | 4 | 0 | 1 | 0 | 5 | 0 | 3 | 0 | 4 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 4 | 1 | 0 |
| 7 | Full Text Contains Stroock or "*@stroock.com" And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Ninivaggi, Dan) | 382 | 20 | 4 | 0 | 5 | 0 | 9 | 0 | 2 | 0 | 3 | 0 | 0.000 | 0.000 | 0.010 | 0.000 | 0.010 | 0.000 | 4 | 5 | 0 |
| 8 | Full Text Contains Matelich or "gmatelich@keko.com" And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Ninivaggi, Dan) | 383 | 6 | 1 | 0 | 2 | 0 | 3 | 0 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 1 | 2 | 0 |
| 9 | Full Text Contains Tomkins or "tomkinsme@gmail.com" And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Ninivaggi, Dan) | 384 | 88 | 35 | 0 | 45 | 0 | 80 | 0 | 64 | 0 | 29 | 0 | 0.020 | 0.000 | 0.000 | 0.000 | 0.020 | 0.000 | 33 | 47 | 0 |
| 10 | Full Text Contains (SEC or commission or staff) w/20 (CVR or subpoena or investig* or order or guidance or Wachtel or Wachtell or WLRK or WL) And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Ninivaggi, Dan) | 385 | 3,071 | 463 | 0 | 725 | 0 | 1,188 | 0 | 225 | 0 | 146 | 0 | 0.290 | 0.000 | 0.140 | 0.000 | 0.430 | 0.000 | 362 | 826 | 0 |
| 11 | Full Text Contains Brady And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Ninivaggi, Dan) | 386 | 75 | 56 | 0 | 20 | 0 | 76 | 0 | 53 | 0 | 47 | 0 | 0.010 | 0.000 | 0.000 | 0.000 | 0.010 | 0.000 | 52 | 24 | 0 |
| 12 | Full Text Contains Bandy And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Ninivaggi, Dan) | 387 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0 | 0 | 0 |
| 13 | Full Text Contains (SEC or commission or staff or Brem) w/3 Fields And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Ninivaggi, Dan) | 399 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0 | 0 | 0 |
| 14 | Full Text Contains CVR and "*@sec.gov" And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Ninivaggi, Dan) | 388 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0 | 0 | 0 |
| 15 | Full Text Contains "Fried Frank" or FriedFrank or FF And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Ninivaggi, Dan) | 396 | 564 | 289 | 0 | 374 | 0 | 663 | 0 | 136 | 0 | 117 | 0 | 0.120 | 0.000 | 0.090 | 0.000 | 0.210 | 0.000 | 229 | 434 | 0 |
| 16 | Full Text Contains "*@ffhsj.com" or "*@friedfrank.com" And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Ninivaggi, Dan) | 389 | 324 | 52 | 0 | 108 | 0 | 160 | 0 | 14 | 0 | 10 | 0 | 0.000 | 0.000 | 0.010 | 0.000 | 0.010 | 0.000 | 50 | 110 | 0 |
| 17 | Full Text Contains (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS or bank or SEC) and (sett#* or resolv*) And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Ninivaggi, Dan) | 390 | 32,431 | 1,106 | 0 | 1,484 | 0 | 2,590 | 0 | 628 | 0 | 399 | 0 | 0.680 | 0.000 | 0.220 | 0.000 | 0.900 | 0.000 | 817 | 1,773 | 0 |
| 18 | Full Text Contains "cease and desist" And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Ninivaggi, Dan) | 391 | 129 | 31 | 0 | 44 | 0 | 75 | 0 | 3 | 0 | 4 | 0 | 0.010 | 0.000 | 0.000 | 0.000 | 0.010 | 0.000 | 26 | 49 | 0 |
| 19 | Full Text Contains "CD&I" or "compliance and disclosure interpretations" And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Ninivaggi, Dan) | 392 | 40 | 9 | 0 | 1 | 0 | 10 | 0 | 3 | 0 | 2 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 9 | 1 | 0 |
| 20 | Full Text Contains guidance and (advis* or bank or bank*) and (fee or fees or comp or compen* or pay or pay*) And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Ninivaggi, Dan) | 400 | 60,405 | 838 | 0 | 907 | 0 | 1,745 | 0 | 481 | 0 | 290 | 0 | 0.480 | 0.000 | 0.130 | 0.000 | 0.610 | 0.000 | 598 | 1,147 | 0 |
| 21 | Full Text Contains "question 159.02" And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Ninivaggi, Dan) | 393 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0 | 0 | 0 |
| 22 | Full Text Contains 12323 And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Ninivaggi, Dan) | 394 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0 | 0 | 0 |
| 23 | Full Text Contains 80039 And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Ninivaggi, Dan) | 395 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0 | 0 | 0 |

| | All | Not Exported |
|---|---|---|
| Documents with Search Hits: | 2,961 | 0 |
| Related Documents: | 2,320 | 0 |
| Total Documents: | 5,281 | 0 |
| Size in GB: | 1.360 | 0.000 |

| | |
|---|---|
| Emails: | 2,121 |
| Attachments: | 3,160 |
| Loose Files: | 0 |


OmniVere

Search List: REQSTD-Icahn-v2-Terms-Schaltkin

| Icahn Term ID | Search Term | Term Id | Full Text Hits | Docs Returned Total | Docs Returned Not Exp | Related Docs Total | Related Docs Not Exp | Total Docs Total | Total Docs Not Exp | Unique Families Total | Unique Families Not Exp | Unique Documents Total | Unique Documents Not Exp | File Size Total | File Size Not Exp | Related File Size Total | Related File Size Not Exp | Total File Size Total | Total File Size Not Exp | Emails | Attachments | Loose Files |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Full Text Contains (comp or compen* or pay or pay* or fee or fees) w/10 disclos* And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Schaltkin, Keith) | 351 | 5,125 | 1,288 | 1,288 | 2,248 | 2,248 | 3,536 | 3,536 | 445 | 445 | 347 | 347 | 0.660 | 0.660 | 0.350 | 0.350 | 1.010 | 1.010 | 834 | 2,702 | 0 |
| 2 | Full Text Contains (Wachtel or Wachtell or WL or WLRK or Brownstein or Roth or Casey or Cooper) and (CVR or lawsuit or suit or litigation or action or case or bet or ratif*) And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Schaltkin, Keith) | 333 | 46,260 | 1,465 | 1,465 | 1,554 | 1,554 | 3,019 | 3,019 | 685 | 685 | 567 | 567 | 0.590 | 0.590 | 0.280 | 0.280 | 0.870 | 0.870 | 1,231 | 1,788 | 0 |
| 3 | Full Text Contains malpractice And (Search Sent/File Modified) Between (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Schaltkin, Keith) | 334 | 1,179 | 366 | 366 | 407 | 407 | 773 | 773 | 121 | 121 | 101 | 101 | 0.220 | 0.220 | 0.090 | 0.090 | 0.310 | 0.310 | 314 | 459 | 0 |
| 4 | Full Text Contains (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS) and (CVR or fee or fees or comp or compen* or pay or pay* or litig* or lawsuit or suit or litigation or action or case or "engagement letter" or EL or ratif*) And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Schaltkin, Keith) | 355 | 259,899 | 1,872 | 1,872 | 3,087 | 3,087 | 4,959 | 4,959 | 787 | 787 | 637 | 637 | 1.170 | 1.170 | 0.470 | 0.470 | 1.650 | 1.650 | 1,448 | 3,511 | 0 |
| 5 | Full Text Contains customary w/20 (fee or fees or comp or compen* or pay or pay*) And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Schaltkin, Keith) | 352 | 7,165 | 1,071 | 1,071 | 2,556 | 2,556 | 3,627 | 3,627 | 610 | 610 | 331 | 331 | 0.990 | 0.990 | 0.530 | 0.530 | 1.520 | 1.520 | 721 | 2,906 | 0 |
| 6 | Full Text Contains Biegel or Biegel or hbeigal* And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Schaltkin, Keith) | 335 | 27,015 | 3,017 | 3,017 | 1,168 | 1,168 | 4,185 | 4,185 | 2,734 | 2,734 | 2,422 | 2,422 | 0.170 | 0.170 | 0.360 | 0.360 | 0.530 | 0.530 | 2,755 | 1,430 | 0 |
| 7 | Full Text Contains Stroock or "*@stroock.com" And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Schaltkin, Keith) | 336 | 1,500 | 99 | 99 | 71 | 71 | 170 | 170 | 74 | 74 | 57 | 57 | 0.050 | 0.050 | 0.030 | 0.030 | 0.080 | 0.080 | 93 | 77 | 0 |
| 8 | Full Text Contains Matelich or "gmatelich@kelso.com" And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Schaltkin, Keith) | 337 | 57 | 17 | 17 | 58 | 58 | 75 | 75 | 0 | 0 | 0 | 0 | 0.030 | 0.030 | 0.010 | 0.010 | 0.040 | 0.040 | 10 | 65 | 0 |
| 9 | Full Text Contains Tomkins or "tomkinsne@gmail.com" And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Schaltkin, Keith) | 338 | 25 | 17 | 17 | 66 | 66 | 83 | 83 | 1 | 1 | 1 | 1 | 0.030 | 0.030 | 0.010 | 0.010 | 0.040 | 0.040 | 13 | 70 | 0 |
| 10 | Full Text Contains (SEC or commission or staff) w/20 (CVR or subpoena or investig* or order or guidance or Wachtel or Wachtell or WLRK or WL) And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Schaltkin, Keith) | 339 | 12,104 | 1,967 | 1,967 | 2,986 | 2,986 | 4,953 | 4,953 | 993 | 993 | 601 | 601 | 1.000 | 1.000 | 0.460 | 0.460 | 1.460 | 1.460 | 1,392 | 3,561 | 0 |
| 11 | Full Text Contains Brady And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Schaltkin, Keith) | 340 | 236 | 121 | 121 | 82 | 82 | 203 | 203 | 49 | 49 | 52 | 52 | 0.030 | 0.030 | 0.020 | 0.020 | 0.050 | 0.050 | 112 | 91 | 0 |
| 12 | Full Text Contains Bandy And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Schaltkin, Keith) | 341 | 10 | 8 | 8 | 8 | 8 | 16 | 16 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 8 | 8 | 0 |
| 13 | Full Text Contains (SEC or commission or staff or Brent) w/3 Fields And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Schaltkin, Keith) | 353 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0 | 0 | 0 |
| 14 | Full Text Contains CVR and "*@sec.gov" And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Schaltkin, Keith) | 342 | 3 | 1 | 1 | 0 | 0 | 1 | 1 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 1 | 0 | 0 |
| 15 | Full Text Contains "Fried Frank" or FriedFrank or FF And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Schaltkin, Keith) | 350 | 1,015 | 459 | 459 | 835 | 835 | 1,294 | 1,294 | 195 | 195 | 141 | 141 | 0.330 | 0.330 | 0.290 | 0.290 | 0.620 | 0.620 | 389 | 905 | 0 |
| 16 | Full Text Contains "*@ffhq.com" or "*@friedfrank.com" And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Schaltkin, Keith) | 343 | 666 | 105 | 105 | 113 | 113 | 218 | 218 | 25 | 25 | 25 | 25 | 0.000 | 0.000 | 0.010 | 0.010 | 0.020 | 0.020 | 98 | 120 | 0 |
| 17 | Full Text Contains (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS or bank or SEC) and (settl* or resolv*) And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Schaltkin, Keith) | 344 | 276,663 | 3,650 | 3,650 | 5,918 | 5,918 | 9,568 | 9,568 | 2,407 | 2,407 | 1,421 | 1,421 | 2.380 | 2.380 | 0.690 | 0.690 | 3.080 | 3.080 | 2,682 | 6,886 | 0 |
| 18 | Full Text Contains "cease and desist" And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Schaltkin, Keith) | 345 | 726 | 183 | 183 | 286 | 286 | 469 | 469 | 18 | 18 | 28 | 28 | 0.060 | 0.060 | 0.060 | 0.060 | 0.110 | 0.110 | 154 | 315 | 0 |
| 19 | Full Text Contains "CD&I" or "compliance and disclosure interpretations" And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Schaltkin, Keith) | 346 | 116 | 17 | 17 | 4 | 4 | 21 | 21 | 4 | 4 | 4 | 4 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 17 | 4 | 0 |
| 20 | Full Text Contains guidance and (advis* or bank or bank*) and (fee or fees or comp or compen* or pay or pay*) And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Schaltkin, Keith) | 354 | 233,841 | 1,803 | 1,803 | 3,074 | 3,074 | 4,877 | 4,877 | 941 | 941 | 496 | 496 | 1.230 | 1.230 | 0.570 | 0.570 | 1.800 | 1.800 | 1,125 | 3,752 | 0 |
| 21 | Full Text Contains "question 159.02" And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Schaltkin, Keith) | 347 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0 | 0 | 0 |
| 22 | Full Text Contains 12323 And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Schaltkin, Keith) | 348 | 12 | 6 | 6 | 1 | 1 | 7 | 7 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 4 | 3 | 0 |
| 23 | Full Text Contains 80039 And (Search Foundin Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundin Custodian ContainsAny Schaltkin, Keith) | 349 | | | | | | | | | | | | | | | | | | | | |

| | All | Not Exported |
|---|---|---|
| Documents with Search Hits: | 10,850 | 10,850 |
| Related Documents: | 8,476 | 8,476 |
| Total Docs: | 19,326 | 19,326 |
| Size in GB: | 4.469 | 4.469 |

| | |
|---|---|
| Emails: | 8,140 |
| Attachments: | 11,186 |
| Loose Files: | 0 |

 OmniVere

Search List: REQSTD-Icahn-v2-Terms-Zippo

| Icahn Term ID | Search Term | Term Id | Full Text Hits | Docs Returned Total | Docs Returned Not Exp | Related Docs Total | Related Docs Not Exp | Total Docs Total | Total Docs Not Exp | Unique Families Total | Unique Families Not Exp | Unique Documents Total | Unique Documents Not Exp | File Size Total | File Size Not Exp | Related File Size Total | Related File Size Not Exp | Total File Size Total | Total File Size Not Exp | Emails | Attachments | Loose Files |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Full Text Contains (comp or compen* or pay or pay* or fee or fees) w/10 disclo* And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Zppo, Sue) | 453 | 408 | 115 | 115 | 171 | 171 | 286 | 286 | 73 | 73 | 55 | 55 | 0.070 | 0.070 | 0.020 | 0.020 | 0.100 | 0.100 | 103 | 183 | 0 |
| 2 | Full Text Contains (Wachtel or Wachtell or WL or WLRK or Brownstein or Roth or Casey or Cooper) and (CVR or lawsuit or suit or litigation or action or case or bet or natif*) And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Zppo, Sue) | 435 | 8,738 | 465 | 465 | 387 | 387 | 852 | 852 | 322 | 322 | 256 | 256 | 0.210 | 0.210 | 0.030 | 0.030 | 0.240 | 0.240 | 413 | 439 | 0 |
| 3 | Full Text Contains malpractice And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Zppo, Sue) | 436 | 32 | 19 | 19 | 27 | 27 | 46 | 46 | 13 | 13 | 10 | 10 | 0.010 | 0.010 | 0.000 | 0.000 | 0.010 | 0.010 | 19 | 27 | 0 |
| 4 | Full Text Contains (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS) and (CVR or fee or fees or comp or compen* or pay or pay* or litig* or lawsuit or suit or litigation or action or case or "engagement letter" or EL or natif*) And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Zppo, Sue) | 457 | 20,274 | 1,053 | 1,053 | 847 | 847 | 1,900 | 1,900 | 847 | 847 | 630 | 630 | 0.280 | 0.280 | 0.050 | 0.050 | 0.330 | 0.330 | 976 | 924 | 0 |
| 5 | Full Text Contains customary w/20 (fee or fees or comp or compen* or pay or pay*) And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Zppo, Sue) | 454 | 90 | 25 | 25 | 44 | 44 | 69 | 69 | 35 | 35 | 14 | 14 | 0.010 | 0.010 | 0.000 | 0.000 | 0.010 | 0.010 | 24 | 45 | 0 |
| 6 | Full Text Contains Beigel or Biegel or hbeigel* And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Zppo, Sue) | 437 | 1,186 | 462 | 462 | 145 | 145 | 607 | 607 | 432 | 432 | 339 | 339 | 0.060 | 0.060 | 0.000 | 0.000 | 0.070 | 0.070 | 421 | 186 | 0 |
| 7 | Full Text Contains Stroock or "*@stroock.com" And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Zppo, Sue) | 438 | 1,467 | 128 | 128 | 96 | 96 | 224 | 224 | 95 | 95 | 46 | 46 | 0.050 | 0.050 | 0.000 | 0.000 | 0.060 | 0.060 | 83 | 141 | 0 |
| 8 | Full Text Contains Malelch or "gmalelich@tekho.com" And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Zppo, Sue) | 439 | 118 | 78 | 78 | 40 | 40 | 118 | 118 | 1 | 1 | 1 | 1 | 0.050 | 0.050 | 0.000 | 0.000 | 0.050 | 0.050 | 40 | 78 | 0 |
| 9 | Full Text Contains Tomkins or "tomkinsme@gmail.com" And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Zppo, Sue) | 440 | 30 | 28 | 28 | 0 | 0 | 28 | 28 | 26 | 26 | 26 | 26 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 28 | 0 | 0 |
| 10 | Full Text Contains (SEC or commission or staff) w/20 (CVR or subpoena or investig* or order or guidance or Wachtel or Wachtell or WLRK or WL) And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Zppo, Sue) | 441 | 1,243 | 376 | 376 | 603 | 603 | 979 | 979 | 323 | 323 | 195 | 195 | 0.120 | 0.120 | 0.060 | 0.060 | 0.180 | 0.180 | 345 | 634 | 0 |
| 11 | Full Text Contains Brady And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Zppo, Sue) | 442 | 592 | 254 | 254 | 225 | 225 | 479 | 479 | 241 | 241 | 172 | 172 | 0.060 | 0.060 | 0.010 | 0.010 | 0.080 | 0.080 | 235 | 244 | 0 |
| 12 | Full Text Contains Bandy And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Zppo, Sue) | 443 | 3 | 2 | 2 | 3 | 3 | 5 | 5 | 1 | 1 | 1 | 1 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 2 | 3 | 0 |
| 13 | Full Text Contains (SEC or commission or staff or Brent) w/3 Fields And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Zppo, Sue) | 455 | 7 | 3 | 3 | 3 | 3 | 6 | 6 | 2 | 2 | 2 | 2 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 3 | 3 | 0 |
| 14 | Full Text Contains CVR and "*@sec.gov" And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Zppo, Sue) | 444 | 14 | 1 | 1 | 3 | 3 | 4 | 4 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 1 | 3 | 0 |
| 15 | Full Text Contains "Fred Frank" or FriedFrank or FF And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Zppo, Sue) | 452 | 3,617 | 1,004 | 1,004 | 98 | 98 | 1,102 | 1,102 | 947 | 947 | 917 | 917 | 0.100 | 0.100 | 0.000 | 0.000 | 0.110 | 0.110 | 966 | 136 | 0 |
| 16 | Full Text Contains "*@ffhq.com" or "*@friedfrank.com" And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Zppo, Sue) | 445 | 40 | 20 | 20 | 58 | 58 | 78 | 78 | 0 | 0 | 0 | 0 | 0.020 | 0.020 | 0.020 | 0.020 | 0.040 | 0.040 | 20 | 58 | 0 |
| 17 | Full Text Contains (Deut* or Duet* or Deuch* or Duech* or Deusche or Duesche or DB or Goldman or GS or bank or SEC) and (settl* or resolv*) And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Zppo, Sue) | 446 | 9,430 | 767 | 767 | 1,402 | 1,402 | 2,169 | 2,169 | 800 | 800 | 356 | 356 | 0.240 | 0.240 | 0.090 | 0.090 | 0.330 | 0.330 | 738 | 1,431 | 0 |
| 18 | Full Text Contains "cease and desist" And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Zppo, Sue) | 447 | 63 | 14 | 14 | 16 | 16 | 30 | 30 | 5 | 5 | 5 | 5 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 14 | 16 | 0 |
| 19 | Full Text Contains "CD&I" or "compliance and disclosure interpretations" And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Zppo, Sue) | 448 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0 | 0 | 0 |
| 20 | Full Text Contains guidance and (advis* or bank or bank*) and (fee or fees or comp or compen* or pay or pay*) And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Zppo, Sue) | 456 | 29,192 | 706 | 706 | 1,645 | 1,645 | 2,351 | 2,351 | 812 | 812 | 295 | 295 | 0.250 | 0.250 | 0.080 | 0.080 | 0.330 | 0.330 | 663 | 1,688 | 0 |
| 21 | Full Text Contains "question 159.02" And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Zppo, Sue) | 449 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0 | 0 | 0 |
| 22 | Full Text Contains 12323 And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Zppo, Sue) | 450 | 6 | 4 | 4 | 5 | 5 | 9 | 9 | 9 | 9 | 4 | 4 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 4 | 5 | 0 |
| 23 | Full Text Contains 80039 And (Search Foundln Combined Date (Email Sent/File Modified) Between 10/25/2013 and 05/15/2017) And (Search Foundln Custodian ContainsAny Zppo, Sue) | 451 | 4 | 3 | 3 | 2 | 2 | 5 | 5 | 0 | 0 | 0 | 0 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 2 | 3 | 0 |

| | All | Not Exported |
|---|---|---|
| Documents with Search Hits: | 4,100 | 4,100 |
| Related Documents: | 3,169 | 3,169 |
| Total Documents: | 7,269 | 7,269 |
| Size in GB: | 0.824 | 0.824 |

| | |
|---|---|
| Emails: | 3,922 |
| Attachments: | 3,347 |
| Loose Files: | 0 |

# Tab 34

**From:**            Vincent Levy <vlevy@hsgllp.com>
**Sent:**            Wednesday, January 31, 2018 6:08 PM
**To:**              Herbert Beigel
**Cc:**              Robert Viducich; Shuster, Michael S. (Holwell Shuster & Goldberg LLP); Gleeson, John
                     (Debevoise & Plimpton LLP)
**Subject:**         RE: Deposition schedule

Herb,

We wrote you on January 24 with our position on deposition scheduling.  We would like to understand your response below.  We are available this Friday, February 2 for a meet and confer to try to make progress on this. Are you available at 11am?

Thanks,
Vince

**From:** Herbert Beigel [mailto:hbeigel@me.com]
**Sent:** Wednesday, January 31, 2018 5:26 PM
**To:** Vincent Levy <vlevy@hsgllp.com>
**Cc:** Robert Viducich <rviducich@rrvlaw.com>; Michael Shuster <mshuster@hsgllp.com>; Gleeson, John <jgleeson@debevoise.com>
**Subject:** Deposition schedule

Vince

Walter is available in KC for his deposition March 21, 22, 28, 29.

Schaitkin is available in NY on March 23.

I am not available on March 19, but am available on March 20 or 21, subject to your agreement not to use the deposition in support of any motion to disqualify as I am not a fact witness and am not testifying at trial, and your agreement to inform me of the subject matters of the deposition in advance and my agreement that the subject matters are appropriate for examination.

It is also imperative that you provide me with dates after March 7 for Savitt, Brownstein, and Roth, which you have repeatedly refused to do.

Finally, you have failed to confirm Icahn and Lipinski depositions.

I look forward (hope springs eternal, according some folks, but very few lawyers, including yours truly) to a cooperative prompt response.

Herb


Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995 (office)
520-869-5836 (mobile)
520-844-6215 (efax)
hbeigel@me.com

# Tab 35

| | |
|---|---|
| **From:** | Herbert Beigel |
| **To:** | Vincent Levy |
| **Cc:** | Robert Viducich; Michael Shuster; Gleeson, John; Matthew Gurgel |
| **Subject:** | Re: Deposition schedule |
| **Date:** | Wednesday, January 31, 2018 6:24:57 PM |

ok, another waste of time, so be it; you're like an elderly aunt or uncle (or young opposing counsel) who can never be convinced of anything, no matter how sensible.

Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995 (office)
520-869-5836 (mobile)
520-844-6215 (efax)
hbeigel@me.com

> On Jan 31, 2018, at 4:22 PM, Vincent Levy <vlevy@hsgllp.com> wrote:
>
> We'll send a dial-in.
>
> **From:** Herbert Beigel [mailto:hbeigel@me.com]
> **Sent:** Wednesday, January 31, 2018 6:13 PM
> **To:** Vincent Levy <vlevy@hsgllp.com>
> **Cc:** Robert Viducich <rviducich@rrvlaw.com>; Michael Shuster <mshuster@hsgllp.com>; Gleeson, John <jgleeson@debevoise.com>
> **Subject:** Re: Deposition schedule
>
> Yes, but I don't understand what there is to meet and confer. Scheduling depositions is a no brainer, as evidenced by your partner scheduling a deposition willy nilly without even consulting me and then ironically agreeing to to do the deposition at Matelich's office, while you persist in agreeing to reasonable dates for my clients.
>
> So, I will talk to you on Friday but for once, why don't your put up or just shut up.
>
> You must be operating under the illusion that you can do what you want, including smirking at Judges, I feel sorry for you. What a waste of an estimable pedigree.
>
> Herb
>
> Herbert Beigel
> 38327 S. Arroyo Way
> Tucson, AZ 85739
> 520-825-1995 (office)
> 520-869-5836 (mobile)
> 520-844-6215 (efax)
> hbeigel@me.com

On Jan 31, 2018, at 4:08 PM, Vincent Levy <vlevy@hsgllp.com> wrote:


Herb,

We wrote you on January 24 with our position on deposition scheduling. We would like to understand your response below.  We are available this Friday, February 2 for a meet and confer to try to make progress on this. Are you available at 11am?

Thanks,
Vince


Vincent Levy
Holwell Shuster & Goldberg LLP
750 Seventh Avenue, 26th Floor
New York, NY 10019
(646) 837-5120 (office)
(917) 669-0870 (mobile)
www.hsgllp.com
CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Herbert Beigel [mailto:hbeigel@me.com]
**Sent:** Wednesday, January 31, 2018 5:26 PM
**To:** Vincent Levy <vlevy@hsgllp.com>
**Cc:** Robert Viducich <rviducich@rrvlaw.com>; Michael Shuster <mshuster@hsgllp.com>; Gleeson, John <jgleeson@debevoise.com>
**Subject:** Deposition schedule

Vince

Walter is available in KC for his deposition March 21, 22, 28, 29.

Schaitkin is available in NY on March 23.

I am not available on March 19, but am available on March 20 or 21, subject to your agreement not to use the deposition in support of any motion to disqualify as I am not a fact witness and am not testifying at

trial, and your agreement to inform me of the subject matters of the deposition in advance and my agreement that the subject matters are appropriate for examination.

It is also imperative that you provide me with dates after March 7 for Savitt, Brownstein, and Roth, which you have repeatedly refused to do.

Finally, you have failed to confirm Icahn and Lipinski depositions.

I look forward (hope springs eternal, according some folks, but very few lawyers, including yours truly) to a cooperative prompt response.

Herb


Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995 (office)
520-869-5836 (mobile)
520-844-6215 (efax)
hbeigel@me.com

# Tab 36

| | |
|---|---|
| **From:** | Vincent Levy |
| **To:** | Herbert Beigel |
| **Cc:** | Robert Viducich |
| **Subject:** | RE: Depositions |
| **Date:** | Thursday, February 8, 2018 11:55:08 PM |

Herb:

As you know, the deposition schedule remains subject to adjustment in light of outstanding scheduling and document discovery matters. Subject to those issues, we can confirm the Matelich deposition for 10:00 a.m. on March 16 at Kelso's offices in New York, and the Lipinski deposition for 9:00 a.m. on March 22 at Holwell Shuster's offices in New York, but the Brownstein and Icahn depositions will have to take place later, assuming the schedule is extended. As to the remainder of the deposition schedule, we do not think it makes sense to confirm specific dates now given the outstanding discovery and scheduling matters, but we will be prepared to discuss deposition scheduling promptly once those matters are resolved.

Thanks

**From:** Herbert Beigel [mailto:hbeigel@me.com]
**Sent:** Thursday, February 8, 2018 1:12 AM
**To:** Vincent Levy <vlevy@hsgllp.com>
**Cc:** Robert Viducich <rviducich@rrvlaw.com>
**Subject:** Re: Depositions

Vince

I would appreciate a response to my email below.

Herb

Herbert Beigel
Hbeigel@me.com
520-825-1995. Office
520-869-5836   Mobile

On Feb 2, 2018, at 5:27 PM, Herbert Beigel <hbeigel@me.com> wrote:

> Vince
>
> Regardless of your request to extend fact discovery until 4/30, please send me confirmation of the dates,times, and locations for:
>
> 1.  Icahn (3-26)

2. Lipinski (3-22)
3. Brownstein (3-8)
4. Matelich (3-16)

Also, I suggested dates for

1. Walter (March 21, 22, 28 or 29)
2. Schaitkin (March 23)
3. Beigel (March 19 or 20)

Please respond with dates from the ones I gave you or some other dates.

Please also suggest dates for:

1. Savett
2. Roth
3. Fred Frank
4. Debovoise 30b6

Finally, you indicated you may wish to take additional depositions.  Please identify the deponents.

Herb

Herbert Beigel
38327 S. Arroyo Way
Tucson, AZ 85739
520-825-1995 (office)
520-869-5836 (mobile)
520-844-6215 (efax)
hbeigel@me.com

# Deposition Notices

# Tab 1

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CVR ENERGY, INC., | |
| Plaintiff, | |
| v. | No. 14-cv-06566 (RJS) |
| WACHTELL, LIPTON, ROSEN & KATZ, et al., | |
| Defendants. | |

## <u>AMENDED NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)</u>

Please take notice that, pursuant to Rules 26 and 30 of the Federal Rules of Civil

Procedure and Local Civil Rule 26.3 of the United States District Court for the Southern District

of New York, defendant Wachtell, Lipton, Rosen & Katz, through its undersigned counsel, will

take a deposition of plaintiff CVR Energy, Inc. in the above-referenced action at the offices of

Holwell Shuster & Goldberg LLP, 750 Seventh Avenue, 26th Floor, New York, NY 10019 on

February 12, 2018 at 9:00 a.m. or at such other time and place as may be mutually agreed by the

parties or ordered by the Court.

Defendants will take this deposition upon oral examination of one or more officers,

directors, managers, or other persons plaintiff designates, pursuant to Federal Rule of Civil

Procedure 30(b)(6), as knowledgeable about the subject matters listed in the attached Exhibit A.

The deposition will be taken before a notary public or other officer authorized to administer

oaths under law and will be recorded by video, audio, and/or stenographic means.

Please take further notice that the deposition will continue day to day until completed.

Dated: January 12, 2018
      New York, New York

 

HOLWELL SHUSTER & GOLDBERG LLP

By: _/s/ Vincent Levy_____
Michael S. Shuster
 *mshuster@hsgllp.com*
Vincent Levy
 *vlevy@hsgllp.com*
Matthew Gurgel
 *mgurgel@hsgllp.com*
750 Seventh Avenue, 26th Floor
New York, New York 10023
(646) 837-5151

DEBEVOISE & PLIMPTON LLP

John Gleeson
 *jgleeson@debevoise.com*
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Attorneys for Defendants*

**EXHIBIT A**
**SUBJECTS OF EXAMINATION**

**Topic No. 1**

All communications between the U.S. Securities and Exchange Commission (or "SEC") and CVR Energy, Inc. ("CVR"), including CVR's counsel or anyone else acting on its behalf, relating to CVR's securities filings on Schedule 14D-9 made between February 17, 2012 and May 3, 2012, or Wachtell Lipton's representation of CVR, or the guidance issued by the SEC on November 18, 2016 regarding Section 14(d) of the Securities Exchange Act of 1934 in response to "Tender Offers and Schedules" Compliance & Disclosure Interpretation Question 159.02.  For the avoidance of doubt, this topic includes the number of such communications, the identity of the particular persons who were party to such communications, the dates of such communications, and the contents of such communications.

**Topic No. 2**

All communications known to CVR between the U.S. Securities and Exchange Commission (or "SEC") and Carl C. Icahn, Icahn Enterprises L.P. or Icahn Enterprises Holdings L.P., including their counsel or anyone else acting on their behalf, relating to CVR's securities filings on Schedule 14D-9 made between February 17, 2012 and May 3, 2012, or Wachtell Lipton's representation of CVR, or the guidance issued by the SEC on November 18, 2016 regarding Section 14(d) of the Securities Exchange Act of 1934 in response to "Tender Offers and Schedules" Compliance & Disclosure Interpretation Question 159.02.  For the avoidance of doubt, this topic includes the number of such communications, the identity of the particular persons who were party to such communications, the dates of such communications, and the contents of such communications.

**Topic No. 3**

An identification and description of the actions constituting the "remedial acts promptly undertaken by Respondent [CVR] and its extensive cooperation afforded the Commission staff" referred to in SEC Exchange Act of 1934 Release No. 80039 dated February 14, 2017.

**Topic No. 4**

The review and approval process that CVR applied to its settlement of the SEC's investigation into the propriety of its securities filings on Schedule 14D-9 made between February 17, 2012 and May 3, 2012, including the identities of any persons who considered or approved draft or final settlement offers or agreements, and any meetings at which draft or final settlement offers or agreements were considered or approved.

**Topic No. 5**

All communications between Fried Frank and CVR, including CVR's other counsel or anyone else acting on its behalf, regarding the fees or costs Fried Frank billed or intended to bill CVR for its representation of CVR in the SEC investigation into the propriety of CVR's securities filings on Schedule 14D-9 made between February 17, 2012 and May 3, 2012.  For the avoidance of doubt, this topic includes the number of such communications, the identity of the particular persons who were party to such communications, the dates of such communications, and the contents of such communications.

**Topic No. 6**

Non-privileged information concerning the events and circumstances that resulted in (i the engagement of Fried Frank to represent CVR in connection with SEC investigation into the propriety of CVR's securities filings on Schedule 14D-9 made between February 17, 2012 and May 3, 2012, (ii Fried Frank's ceasing to perform any work or otherwise represent CVR in connection with the SEC investigation, and (iii the engagement of Herbert Beigel to represent CVR in connection with the SEC investigation.

**Topic No. 7**

All communications between CVR, including CVR's counsel or anyone else acting on its behalf, and Goldman Sachs or Deutsche Bank relating to the potential or completed settlement of *Goldman, Sachs & Co.* v. *CVR Energy, Inc.*, Index No. 652149/2012 (Sup. Ct. N.Y. and *Deutsche Bank Securities Inc.* v. *CVR Energy Inc.*, Index No. 652800/2012 (Sup. Ct. N.Y..  For the avoidance of doubt, this topic includes the number of such communications, the identity of the particular persons who were party to such communications, the dates of such communications, and the contents of such communications.

**Topic No. 8**

The review and approval process that CVR applied to its settlement of *Goldman, Sachs & Co.* v. *CVR Energy, Inc.*, Index No. 652149/2012 (Sup. Ct. N.Y. and *Deutsche Bank Securities, Inc.* v. *CVR Energy, Inc.*, Index No. 652800/2012 (Sup. Ct. N.Y., including the identities of any persons who considered or approved draft or final settlement offers or agreements, and any meetings at which draft or final settlement offers or agreements were considered or approved.

**Topic No. 9**

All communications between the Law Offices of Robert R. Viducich and CVR, including CVR's other counsel or anyone else acting on its behalf, regarding the expenses that the Law Offices of Robert R. Viducich have billed or intend to bill CVR or anyone else related to its

representation of CVR. For the avoidance of doubt, this topic includes the number of such communications, the identity of the particular persons who were party to such communications, the dates of such communications, and the contents of such communications.

## Topic No. 10

All communications between the Law Offices of Herbert Beigel and Icahn or CVR, including CVR's other counsel or anyone else acting on its behalf, regarding the expenses that the Law Offices of Herbert Beigel have billed or intend to bill CVR or anyone else regarding its representation of CVR. For the avoidance of doubt, this topic includes the number of such communications, the identity of the particular persons who were party to such communications, the dates of such communications, and the contents of such communications.

## Topic No. 11

All communications between CVR and Wachtell, Lipton, Rosen & Katz, including all communications that allegedly reflected or contained negligent or improper advice, or that CVR otherwise claims support its claims in this action.

## Topic No. 12

Any policies and procedures regarding the retention, preservation, or destruction of documents or data, including policies and procedures regarding litigation or legal holds, in place from January 1, 2012 until the present, including for the electronic and hard copy files of those persons who leave the employment of CVR.

## Topic No. 13

All efforts taken to retain, preserve, or destroy the custodial documents or data of Edmund Gross, from January 1, 2012 until the present, including following the termination of his employment with CVR, and the events and circumstances concerning the destruction or lack of retention of Edmund Gross' emails and attachments following the termination of his employment with CVR, including:

a. The reasons why Mr. Gross' emails were destroyed or otherwise not retained following the termination of his employment with CVR;

b. The date CVR learned that Mr. Gross' emails were destroyed or otherwise not retained following the termination of his employment with CVR;

c. The efforts undertaken to locate Mr. Gross' emails;

    d.   A detailed description of the locations and systems considered as potential repositories of Mr. Gross' emails;

    e.   A detailed description of the known locations not considered as potential repositories of Mr. Gross' emails, and an explanation of the reason why such locations were not considered; and

    f.   The locations ultimately determined potentially likely to contain Mr. Gross' emails, if any, the method used to make that determination, and the persons involved in making that determination.

## Topic No. 14

All litigation holds, legal holds, or any kind of document, data, or evidentiary preservation notice, request, or order issued by CVR, including anyone acting on its behalf, relating to this action or to *Wachtell, Lipton, Rosen & Katz* v. *CVR Energy, Inc. et al.*, Index No. 654343/2013 (Sup. Ct. N.Y.), including the date on which such notices, requests, orders were issued, the identity of the persons who authored and issued them, the identity of the persons to whom they were addressed and sent and any others who may have received them, and what actions, if any, recipients were directed to take in response to their issuance.

## Topic No. 15

All procedures implemented or actions taken resulting from the notices, requests, or orders that were issued by CVR, including anyone acting on its behalf, relating to this action or to *Wachtell, Lipton, Rosen & Katz v. CVR Energy, Inc. et al.*, Index No. 654343/2013, including the dates on which such procedures were implemented or actions were taken, and the identity of the persons involved.

## Topic No. 16

Any efforts to identify and locate documents or ESI responsive to Defendant Wachtell Lipton's First Request for Production and Inspection of Documents to CVR, dated October 4, 2017, including:

    a.   a detailed description of the physical or electronic locations and systems considered as potential repositories of responsive information;

    b.   a detailed description of the known physical or electronic locations not considered as potential repositories of responsive information, and an explanation of the reason why such locations were not considered;

    c.   a list of the custodians considered as having potentially responsive information;

d.  the physical or electronic locations ultimately determined likely to contain responsive information, if any, and the method used to make that determination;

e.  the identity of the persons involved in making determinations regarding the custodians considered and the locations determined to contain responsive information;

f.  the methods used to determine whether the locations deemed likely to contain responsive information did in fact contain responsive information, including the rationale for using those methods; and

g.  the identity of the persons involved in choosing and implementing those methods.

# Tab 2

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

CVR ENERGY, INC.,

                    Plaintiff,

       v.

WACHTELL, LIPTON, ROSEN & KATZ, et al.,

                    Defendants.

No. 14-cv-6566 (RJS)

**AMENDED**
**NOTICE OF DEPOSITION**

      Please take notice that Wachtell, Lipton, Rosen & Katz, through its counsel, will take a deposition of John Lipinski at the offices of Holwell Shuster & Goldberg LLP, 750 Seventh Avenue, 26th Floor, New York, NY 10019 on March 22, 2018 at 9:00 a.m. or at such other time and place as may be mutually agreed by the parties or ordered by the Court.  The deposition will be taken before a notary public or other officer authorized to administer oaths under law and will be recorded by video, audio, and/or stenographic means.  The deposition will continue day to day until completed.

Dated: January 12, 2018
      New York, New York

 

HOLWELL SHUSTER & GOLDBERG LLP

By: /s/ Vincent Levy
Michael S. Shuster
  *mshuster@hsgllp.com*
Vincent Levy
  *vlevy@hsgllp.com*
Matthew Gurgel
  *mgurgel@hsgllp.com*
750 Seventh Avenue, 26th Floor
New York, New York 10023


DEBEVOISE & PLIMPTON LLP

John Gleeson
  *jgleeson@debevoise.com*
919 Third Avenue
New York, New York 10022

*Attorneys for Wachtell, Lipton*

# Tab 3

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

CVR ENERGY, INC.,

                Plaintiff,

      v.

WACHTELL, LIPTON, ROSEN & KATZ, et al.,

                Defendants.

No. 14-cv-06566 (RJS)

**NOTICE OF SUBPOENA AD TESTIFICANDUM TO**
**EDMUND GROSS**

Please take notice that, pursuant to Federal Rules of Civil Procedure 30 and 45, Defendant Wachtell, Lipton, Rosen & Katz will cause the subpoena attached hereto to be served on Edmund Gross on December 19, 2017, commanding him to appear at the time, date and place set forth in the subpoena to testify at a deposition to be taken in this civil action.

Dated: November 20, 2017
New York, New York

HOLWELL SHUSTER & GOLDBERG LLP

By:  ___/s/ Michael S. Shuster_____
Michael S. Shuster
  *mshuster@hsgllp.com*
Vincent Levy
  *vlevy@hsgllp.com*
Benjamin F. Heidlage
  *bheidlage@hsgllp.com*
750 Seventh Avenue, 26th Floor
New York, New York 10023
(646) 837-5151

DEBEVOISE & PLIMPTON LLP

John Gleeson
  *jgleeson@debevoise.com*
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Attorneys for Defendants*

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Southern District of New York

| | |
|---|---|
| CVR Energy, Inc., | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   14-cv-06566 (RJS) |
| Wachtell, Lipton, Rosen & Katz, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                               Edmund Gross

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Berkowitz Oliver LLP, 2600 Grand Blvd., Suite 1200, Kansas City, MO 64108 | Date and Time:                12/19/2017 9:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographer and videographer

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/21/2017

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Benjamin Heidlage |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Wachtell, Lipton, Rosen & Katz, LLP                                                  , who issues or requests this subpoena, are:

Benjamin Heidlage,Esq., Holwell Shuster & Goldberg LLP, 750 7th Ave, New York, New York, 10019
bheidlage@hsgllp.com, (646) 837-5124

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   14-cv-06566 (RJS)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Tab 4

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CVR ENERGY, INC., | |
| Plaintiff, | |
| v. | No. 14-cv-6566 (RJS) |
| WACHTELL, LIPTON, ROSEN & KATZ, et al., | **NOTICE OF DEPOSITION** |
| Defendants. | |

Please take notice that Wachtell, Lipton, Rosen & Katz, through its counsel, will take a deposition of John Walter at the offices of Holwell Shuster & Goldberg LLP, 750 Seventh Avenue, 26th Floor, New York, NY 10019 on February 16, 2018 at 9:00 a.m. or at such other time and place as may be mutually agreed by the parties or ordered by the Court.  The deposition will be taken before a notary public or other officer authorized to administer oaths under law and will be recorded by video, audio, and/or stenographic means.  The deposition will continue day to day until completed.

Dated: January 12, 2018
     New York, New York

HOLWELL SHUSTER & GOLDBERG LLP

By: /s/ Vincent Levy
Michael S. Shuster
  *mshuster@hsgllp.com*
Vincent Levy
  *vlevy@hsgllp.com*
Matthew Gurgel
  *mgurgel@hsgllp.com*
750 Seventh Avenue, 26th Floor
New York, New York 10023


DEBEVOISE & PLIMPTON LLP

John Gleeson
  *jgleeson@debevoise.com*
919 Third Avenue
New York, New York 10022

*Attorneys for Wachtell, Lipton*

# Tab 5

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CVR ENERGY, INC., | |
| Plaintiff, | |
| v. | No. 14-cv-6566 (RJS) |
| WACHTELL, LIPTON, ROSEN & KATZ, et al., | **AMENDED** <br> **NOTICE OF DEPOSITION** |
| Defendants. | |

     Please take notice that Wachtell, Lipton, Rosen & Katz, through its counsel, will take a deposition of Carl Icahn at the offices of Holwell Shuster & Goldberg LLP, 750 Seventh Avenue, 26th Floor, New York, NY 10019 on March 26, 2018 at 9:00 a.m. or at such other time and place as may be mutually agreed by the parties or ordered by the Court. The deposition will be taken before a notary public or other officer authorized to administer oaths under law and will be recorded by video, audio, and/or stenographic means. The deposition will continue day to day until completed.

Dated: January 12, 2018
   New York, New York

                              HOLWELL SHUSTER & GOLDBERG LLP

                              By: /s/ Vincent Levy
                              Michael S. Shuster
                                *mshuster@hsgllp.com*
                              Vincent Levy
                                *vlevy@hsgllp.com*
                              Matthew Gurgel
                                *mgurgel@hsgllp.com*
                              750 Seventh Avenue, 26th Floor
                              New York, New York 10023

                              DEBEVOISE & PLIMPTON LLP

                              John Gleeson
                                *jgleeson@debevoise.com*
                              919 Third Avenue
                              New York, New York 10022

                              *Attorneys for Wachtell, Lipton*

# Tab 6

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

CVR ENERGY, INC.,

                Plaintiff,

      v.

WACHTELL, LIPTON, ROSEN & KATZ, et al.,

                Defendants.

No. 14-cv-6566 (RJS)

## AMENDED NOTICE OF SUBPOENA AD TESTIFICANDUM TO KEITH SCHAITKIN

Please take notice that pursuant to Federal Rules of Civil Procedure 30 and 45, Wachtell, Lipton, Rosen & Katz, through its undersigned counsel, will cause the subpoena attached hereto to be served on Keith Schaitkin, commanding him to appear at the time, date and place set forth in the subpoena to testify at a deposition. The deposition will be taken before a notary public or other officer authorized to administer oaths under law and will be recorded by video, audio, and/or stenographic means. Please take further notice that the deposition will continue day to day until completed.

Dated: January 12, 2018
          New York, New York

HOLWELL SHUSTER & GOLDBERG LLP

By: /s/ Vincent Levy
Michael S. Shuster
  *mshuster@hsgllp.com*
Vincent Levy
  *vlevy@hsgllp.com*
Matthew Gurgel
  *mgurgel@hsgllp.com*
750 Seventh Avenue, 26th Floor
New York, New York 10023

DEBEVOISE & PLIMPTON LLP

John Gleeson
  *jgleeson@debevoise.com*
919 Third Avenue
New York, New York 10022

*Attorneys for Wachtell, Lipton*

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Southern District of New York

| | |
|---|---|
| CVR Energy, Inc., | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   14-cv-06566 (RJS) |
| Wachtell, Lipton, Rosen & Katz, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                           Keith Schaitkin

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
Schedule A

| Place:  Holwell Shuster & Goldberg LLP, 750 7th Avenue, 26th Floor, New York, New York 10019 | Date and Time:                  02/22/18 at 9:00 a.m. |
|---|---|

The deposition will be recorded by this method:   Stenographer and videographer

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   1/12/2018

               *CLERK OF COURT*

                                              OR

                                                      /s/ Matthew Gurgel

_____            _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Wachtell, Lipton, Rosen & Katz, LLP
_____ , who issues or requests this subpoena, are:
Matthew Gurgel, Esq., Holwell Shuster & Goldberg LLP, 750 7th Avenue, 26th Floor, New York, New York 10019
mgurgel@hsgllp.com, (646) 837-5137

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  14-cv-06566 (RJS)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Tab 7

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| CVR ENERGY, INC., |
| Plaintiff, |
| v. |
| WACHTELL, LIPTON, ROSEN & KATZ, et al., |
| Defendants. |

No. 14-cv-6566 (RJS)

**AMENDED**
**NOTICE OF DEPOSITION**

Please take notice that Wachtell, Lipton, Rosen & Katz, through its counsel, will take a deposition of Herbert Beigel at the offices of Holwell Shuster & Goldberg LLP, 750 Seventh Avenue, 26th Floor, New York, NY 10019 on March 19, 2018 at 9:00 a.m. or at such other time and place as may be mutually agreed by the parties or ordered by the Court. The deposition will be taken before a notary public or other officer authorized to administer oaths under law and will be recorded by video, audio, and/or stenographic means. The deposition will continue day to day until completed.

Dated: January 12, 2018
      New York, New York

HOLWELL SHUSTER & GOLDBERG LLP

By: /s/ Vincent Levy
Michael S. Shuster
  *mshuster@hsgllp.com*
Vincent Levy
  *vlevy@hsgllp.com*
Matthew Gurgel
  *mgurgel@hsgllp.com*
750 Seventh Avenue, 26th Floor
New York, New York 10023

DEBEVOISE & PLIMPTON LLP

John Gleeson
  *jgleeson@debevoise.com*
919 Third Avenue
New York, New York 10022

*Attorneys for Wachtell, Lipton*

# Tab 8

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CVR ENERGY, INC., | |
| Plaintiff, | |
| v. | No. 14-cv-06566 (RJS) |
| WACHTELL, LIPTON, ROSEN & KATZ, et al., | |
| Defendants. | |

## AMENDED NOTICE OF SUBPOENA AD TESTIFICANDUM
## TO FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

Please take notice that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure and Local Civil Rule 26.3 of the United States District Court for the Southern District of New York, defendant Wachtell, Lipton, Rosen & Katz, through its undersigned counsel, will cause the subpoena attached hereto to be served on Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank") commanding it to appear at the time, date and place set forth in the subpoena to testify at a deposition to be taken in this civil action.

Defendant will take the deposition upon oral examination of one or more officers, directors, managers, or other persons Fried Frank designates, pursuant to Federal Rule of Civil Procedure 30(b)(6), as knowledgeable about the subject matters listed in the attached Schedule A. The deposition will be taken before a notary public or other officer authorized to administer oaths under law and will be recorded by video, audio, and/or stenographic means.

Please take further notice that the deposition will continue day to day until completed.

Dated:      January 12, 2018
            New York, New York

HOLWELL SHUSTER & GOLDBERG LLP

By:  /s/ Vincent Levy
Michael S. Shuster
 *mshuster@hsgllp.com*
Vincent Levy
 *vlevy@hsgllp.com*
Matthew Gurgel
 *mgurgel@hsgllp.com*
750 Seventh Avenue, 26th Floor
New York, New York 10023
(646) 837-5151

DEBEVOISE & PLIMPTON LLP

John Gleeson
 *jgleeson@debevoise.com*
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Attorneys for Defendants*

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Southern District of New York

| | | |
|---|---|---|
| CVR Energy, Inc., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   14-cv-06566 (RJS) |
| Wachtell, Lipton, Rosen & Katz, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                         Fried, Frank, Harris, Shriver & Jacobson LLP

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
Schedule A

| | |
|---|---|
| Place:  Holwell Shuster & Goldberg LLP 750 7th Avenue, New York, NY 10019 | Date and Time: <br> 02/20/18 at 9:00 a.m. |

      The deposition will be recorded by this method:   Stenographer and videographer

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   1/12/2018

                    *CLERK OF COURT*
                                            OR

                                           /s/ Matthew Gurgel

     *Signature of Clerk or Deputy Clerk*                               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Wachtell, Lipton, Rosen & Katz, LLP _____, who issues or requests this subpoena, are:

Matthew Gurgel, Esq., Holwell Shuster & Goldberg LLP, 750 7th Ave, New York, New York, 10019
mgurgel@hsgllp.com, (646) 837-5137

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   14-cv-06566 (RJS)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1..     The "Bank Engagement Letters" shall mean any of (1) the engagement letters between CVR and Goldman Sachs dated February 15, 2012 and March 21, 2012, and (2) the engagement letters between CVR and Deutsche Bank dated January 23, 2012 and March 23, 2012.

2.     The "Federal Complaint" shall mean the Amended Complaint filed by CVR in *CVR Energy, Inc.* v. *Wachtell, Lipton, Rosen & Katz et al.*, No. 14-cv-06566 (S.D.N.Y.).

3.     "Icahn" shall mean Carl C. Icahn, Icahn Enterprises L.P., Icahn Enterprises Holdings L.P., together with any known affiliates, subsidiaries, parents, predecessors-in-interest.

4.     "Icahn Transaction" shall mean the transaction resulting from the February 2012 tender offer by Icahn referenced in paragraph 2 of the Federal Complaint in which Icahn acquired control over CVR.

5.     The "Schedules 14D-9" shall mean the Schedules 14D-9 filed with the SEC by CVR in connection with Icahn's tender offer commenced in February 2012 and the resulting Icahn Transaction.

6.     The "SEC" shall mean the United States Securities and Exchange Commission.

7.     The "SEC Investigation" shall mean the investigation by the SEC relating to the Schedules 14D-9 and that resulted in the SEC Order.

8.     The "SEC's November 18, 2016 Guidance" shall mean the guidance issued by the SEC on November 18, 2016, related to Section 14(d) of the Exchange Act and Regulation 14D, in response to Compliance & Disclosure Interpretation ("CD&I") Question 159.02.

9.     The "SEC Order" shall mean the Order Instituting Cease-and-Desist Proceedings Pursuant to Section 21C of the Securities Exchange Act of 1934, Making Findings and Imposing

a Cease-and-Desist Order, in the case captioned *In re CVR Energy, Inc.* (SEC Release No. 80039), issued by the SEC on or about February 14, 2017.

10.    The "Wachtell Lipton Litigation" shall mean the cases captioned *CVR Energy, Inc.* v. *Wachtell, Lipton, Rosen & Katz et al.*, No. 14-cv-06566 (S.D.N.Y.) and *Wachtell, Lipton, Rosen & Katz v. CVR Energy, Inc. et al.*, Index No. 654343/2013 (N.Y. Sup. Ct.).

11.    Unless otherwise stated in the topic, the time frame of each topic shall be January 1, 2012 through the present (the "Relevant Period").

## TOPICS FOR EXAMINATION

1.    Fried Frank's representations of CVR and Icahn, including the Fried Frank attorneys involved in the representations, the subject matter(s) of the representations and Fried Frank's compensation for the representations.

2.    The events and circumstances concerning the initiation of the SEC Investigation, including any communications prior to the initiation of the SEC Investigation between CVR, Icahn or any of their attorneys or representatives, and the SEC, concerning the Bank Engagement Letters, the Icahn Transaction or the Schedules 14D-9.

3.    Your representation of CVR in connection with the SEC Investigation and SEC Order, including the events and circumstances that led to your retention; the nature of the work performed in connection with the representation; the amount of time that Fried Frank attorneys or representatives spent on the representation; the events and circumstances concerning your ceasing to perform work in connection with the SEC Investigation and SEC Order; your billing records and invoices for the representation; any payments made by CVR to Fried Frank in connection with the representation; and all communications between Fried Frank and CVR, includ-

ing CVR's other counsel or anyone else acting on its behalf, regarding the fees or costs Fried Frank billed or intended to bill CVR for the representation.

4.      The communications between CVR and anyone acting on its behalf and the SEC concerning the Bank Engagement Letters, the Icahn Transaction, Wachtell Lipton, the Wachtell Lipton Litigation, the Schedules 14D-9, the SEC Investigation, the SEC Order and the SEC's November 18, 2016 Guidance.

5.      The events and circumstances that resulted in the SEC Order, including any negotiations, proposals, offers, or counteroffers relating to the SEC Order or any other potential resolution of the SEC Investigation, and the review and approval process that CVR applied to its settlement of the SEC Investigation.

6.      An identification and description of the actions constituting the "remedial acts promptly undertaken by Respondent [CVR] and its extensive cooperation afforded the Commission staff" referenced in paragraph 24 of the SEC Order.

7.      The events and circumstances that led to Herbert Beigel's representation of CVR in connection with the SEC investigation and SEC Order.

8.      The subject matter, content, participants and dates of communications between Fried Frank, on the one hand, and Herbert Beigel, any attorney associated with Friedman Kaplan, Icahn, or anyone acting on Icahn's behalf, concerning the Bank Engagement Letters, the Icahn Transaction, the Schedules 14D-9, the SEC Investigation, the SEC Order, the SEC's November 18, 2016 Guidance or the Wachtell Lipton Litigation.

9.      Fried Frank's policies and procedures concerning the retention, preservation, or destruction of documents or data, including policies regarding litigation or legal holds.

10.     All litigation holds, legal holds, or any kind of document, data, or evidentiary preservation notice, request, or order issued by Fried Frank relating to CVR, Icahn, the Bank Engagement Letters, the Icahn Transaction, the SEC Investigation or the Wachtell Lipton Litigation, including the date on which such notices, requests, orders were issued, the identity of the persons who authored and issued them, the identity of the persons to whom they were addressed and sent and any others who may have received them, and what actions, if any, recipients were directed to take in response to their issuance.

11.     All procedures implemented or actions taken by Fried Frank resulting from any hold or preservation notices, requests, or orders that were issued by CVR, including anyone acting on its behalf, relating to CVR, Icahn, the Bank Engagement Letters, the Icahn Transaction, the SEC Investigation or the Wachtell Lipton Litigation, including the date on which such procedures were implemented or actions were taken, and the identity of the persons involved.

12.     All physical and electronic locations of documents or electronically stored information ("ESI") in the possession, custody or control of Fried Frank that may contain information responsive to the subpoena *duces tecum* served on Fried Frank by Wachtell Lipton on or about October 4, 2017 (the "Subpoena").

13.     Fried Frank's document retention, search, collection, review and production in response to the Subpoena, including:

> a.  Fried Frank's efforts to identify and locate documents or ESI responsive to the subpoena, including the physical or electronic locations considered as potential repositories of responsive information; the custodians of potential repositories of responsive information considered and the method used to determine such custodians; the physical or electronic locations ultimately determined to contain responsive information, if any; the methods used to determine whether the locations deemed likely to contain responsive information did in fact contain responsive information, including the rationale for using those methods; and the identity of the persons involved in choosing and implementing those methods.

b. a detailed description of the known physical or electronic locations not considered as potential repositories of responsive information, and an explanation of the reason why such locations were not considered;

c. All litigation holds, legal holds, or any kind of document, data, or evidentiary preservation notice, request, or order relating to the subpoena, including the date on which such notices, requests, orders were issued, the identity of the persons who authored and issued them, the identity of the persons to whom they were addressed and sent and any others who may have received them, and what actions, if any, recipients were directed to take in response to their issuance;

d. All procedures implemented or actions taken resulting from the notices, requests, or orders that were issued by Fried Frank, including anyone acting on its behalf, relating to the Subpoena, including the date on which such procedures were implemented or actions were taken, and the identity of the persons involved.

e. Your steps, if any, to preserve documents and ESI responsive to the subpoena;

f. Any physical or electronic locations of documents or ESI that Fried Frank determined may have previously contained information responsive to the Subpoena but where such responsive information was not retained or is no longer accessible, as a result of Fried Frank's documents retention policies and procedures or otherwise, including Fried Frank's efforts to identify any such locations, any relevant custodians for such locations and the reasons why such information was not retained or is no longer accessible.

# Tab 9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CVR ENERGY, INC., | |
| Plaintiff, | Case No. 14-cv-06566-RJS |
| v. | **NOTICE OF DEPOSITION** |
| WACHTELL, LIPTON, ROSEN & KATZ, et al., | |
| Defendants. | |

  **PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, and Local Rule 26.3 of the United States District Court for the Southern District of New York, Plaintiff, CVR Energy, Inc. in the above-captioned action, by its undersigned attorneys, will take the deposition upon oral examination of one or more officers, directors, or managing agents of Defendant Wachtell, Lipton, Rosen & Katz ("Wachtell"), or other persons that Wachtell designates, pursuant to Federal Rule of Civil Procedure 30(b)(6), as knowledgeable about the subject matters listed in the attached Exhibit A.

  The deposition will take place on January 17, 2018 at the New York office(s) of Wachtell and/or their counsel (as selected by them).   The deposition will be recorded stenographically before a notary public or other officer authorized to administer oaths, and shall continue day to day until completed.  You are invited to attend and participate in each of these depositions.

  **PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, the deponent(s) is requested to bring and produce at his/her deposition, unless earlier produced, all documents, books, papers, diaries, calendars and other things in his posses-

sion, custody or control concerning the claims and issues in this action, as well as all documents which may be used by him/her to refresh his/her recollection in preparation for his deposition.

Dated: December 18, 2017
          LAW OFFICES OF HERBERT BEIGEL

          <u>By: /s/ Herbert Beigel</u>
          Herbert Beigel
          38327 South Arroyo Way
          Tucson, AZ 85739
          Tel: (520) 825-1995
          Fax: (520) 844-6215

          767 Fifth Avenue, #4700
          New York, NY 10153

          -and-

          Robert R. Viducich
          Law Office of Robert R. Viducich
          40 Wall Street, 28th Floor
          New York, New York 10005
          (212) 400-7135

          *Attorneys for Plaintiff*

cc:  Vincent Levy, Esq.
    Michael Shuster, Esq.
    Benjamin Heidlage, Esq.
    John Gleeson Esq.
    Michael Brenner, Esq.
     *Attorneys for Defendants*

## EXHIBIT A

### RELEVANT TIME FRAME

The designated topics shall include and encompass all information from January 1, 2012 to the present to the present, unless otherwise indicated below.

### DESIGNATED TOPICS FOR DEPOSITION TESTIMONY

1. All communications by Defendant Wachtell, Lipton, Rosen & Katz ("Wachtell") and/or its counsel with the U.S. Securities and Exchange Commission (the "SEC"), and/or any other regulatory body or agency, concerning the SEC Form 14D-9 disclosure(s) that is the subject of the investigation (the "Investigation") alleged in the Amended Complaint filed by Plaintiff CVR Energy, Inc. ("CVR") in the above-captioned action.

2. All testimony provided, or presentations made by Wachtell or its counsel, to the SEC in connection with the Investigation.

3. Wachtell's procedures for discovering and/or screening conflicts of interest, and its application of any such procedures to CVR's engagement of Wachtell, including without limitation, any discussions concerning any such application.

4. CVR's engagement of Wachtell, including the duration of that engagement and the duties owed to CVR under that engagement.

5. All communications by Wachtell and/or its counsel with Goldman, Sachs & Co. (and/or any of its members, partners, employees, agents, affiliates, attorneys or other representatives) and/or Deutsche Bank Securities Inc. (and/or any of its members, partners, employees, agents, affiliates, attorneys or other representatives) concerning this action and/or those banks' prior lawsuits against CVR (including, without limitation, the subject matter of those prior lawsuits).

6. Any policies regarding the retention, preservation, or destruction of documents or data, including policies regarding litigation or legal holds, in place between January 1, 2012 until the present.

7. All procedures regarding the retention, preservation, or destruction of documents or data, whether systemic or not, in place between January 1, 2012 until the present.

8. All litigation holds, legal holds, or any kind of document, data, or evidentiary preservation notice, request, or order issued by Wachtell, including anyone acting on its behalf,

relating to this action or to *Wachtell, Lipton, Rosen & Katz* v. *CVR Energy, Inc. et al.*, Index No. 654343/2013 (Sup. Ct. N.Y.), including the date on which such notices, requests, orders were issued, the identity of the persons who authored and issued them, the identity of the persons to whom they were addressed and sent and any others who may have received them, and what actions, if any, recipients were directed to take in response to their issuance.

9. All procedures implemented or actions taken resulting from the notices, requests, or orders that were issued by Wachtell, including anyone acting on its behalf, relating to this action or to *Wachtell, Lipton, Rosen & Katz v. CVR Energy, Inc. et al.*, Index No. 654343/2013, including the dates on which such procedures were implemented or actions were taken, and the identity of the persons involved.

10. Any efforts to identify and locate documents or ESI responsive to Plaintiff's First Request to Defendants for Production of Documents, dated December 19, 2014, and Plaintiff's First Request to Defendants for Production of Documents, dated December 15, 2017, including:

   a. a detailed description of the physical or electronic locations and systems considered s potential repositories of responsive information;
   b. a detailed description of the known physical or electronic locations not considered as potential repositories of responsive information, and an explanation of the reason why such locations were not considered;
   c. a list of the custodians considered as having potentially responsive information;
   d. the physical or electronic locations ultimately determined likely to contain responsive
   e. information, if any, and the method used to make that determination;
   f. the identity of the persons involved in making determinations regarding the custodians considered and the locations determined to contain responsive information;
   g. the methods used to determine whether the locations deemed likely to contain responsive information did in fact contain responsive information, including the rationale for using those methods; and
   h. the identity of the persons involved in choosing and implementing those methods.

# Tab 10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CVR ENERGY, INC.,

                Plaintiff,

      v.

WACHTELL, LIPTON, ROSEN & KATZ, et al.,

                Defendants.

Case No. 14-cv-06566-RJS

**NOTICE OF DEPOSITIONS**

      **PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure,  Plaintiff, CVR Energy, Inc., by its undersigned attorneys, will take the deposition upon oral examination of the following individuals, at the date and time set forth below (or at such other date and time agreed upon) at the New York office(s) of Defendants and/or their counsel (as selected by Defendants):

| Deponent | Date and Time of Deposition |
|---|---|
| Andrew R. Brownstein, Esq. | December 19, 2017 at 9:30 a.m. |
| Benjamin M. Roth, Esq. | December 20, 2017 at 9:30 a.m. |
| William D. Savitt, Esq. | December 21, 2017 at 9:30 a.m. |

The deposition will be recorded stenographically before a notary public or other officer authorized to administer oaths, and shall continue day to day until completed.  You are invited to attend and participate in each of these depositions.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, each deponent is requested to bring and produce at his deposition, unless earlier

produced, all documents, books, papers, diaries, calendars and other things in his possession,

custody or control concerning the claims and issues in this action, as well as all documents which

may be used by him to refresh his recollection in preparation for his deposition.

Dated: November 30, 2017               LAW OFFICES OF HERBERT BEIGEL

                                       By: /s/ Herbert Beigel
                                       Herbert Beigel
                                       38327 South Arroyo Way
                                       Tucson, AZ 85739
                                       Tel: (520) 825-1995
                                       Fax: (520) 844-6215

                                       767 Fifth Avenue, #4700
                                       New York, NY 10153

                                       -and-

                                       Robert R. Viducich
                                       Law Office of Robert R. Viducich
                                       40 Wall Street, 28th Floor
                                       New York, New York 10005
                                       (212) 400-7135

                                       *Attorneys for Plaintiff*

cc:  Vincent Levy, Esq.
     Michael Shuster, Esq.
     Benjamin Heidlage, Esq.
     John Gleeson Esq.
     Michael Brenner, Esq.
      *Attorneys for Defendants*