**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x
CVR ENERGY, INC.,                                  :
                                                   :
                   Plaintiff,                      :
                                                   :
                   v.                              :   Case No. 14-cv-06566-RJS
                                                   :
WACHTELL, LIPTON, ROSEN & KATZ,                    :
BENJAMIN M. ROTH and                               :
ANDREW R. BROWNSTEIN,                              :
                                                   :
                   Defendants.                     :
------------------------------------------------------------------- x

**MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANTS' FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

PROCEDURAL BACKGROUND............................................................................................. 2

ARGUMENT .............................................................................................................................. 3

    I.   STANDARD OF REVIEW................................................................................. 3

    II. THE SEC ORDER IS NOW PART OF CVR'S COMPLAINT, IS ADMISSIBLE AND GIVES RISE TO A COMPELLING INFERENCE THAT WACHTELL IS  LIABLE FOR MALPRACTICE ................................................. 5

        A.  The SEC Order is Admissible........................................................................ 5

        B.  The SEC Order Gives Rise to a Compelling Inference of Liability ............................. 8

    III. IN VIEW OF WHAT THE INCORPORATED SEC ORDER ITSELF CLEARLY SAYS, CVR WAS NOT REQUIRED BY *IQBAL* TO PLEAD WITH ANY MORE DETAIL................................................................................... 11

CONCLUSION................................................................................................................ 13

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                                                                          Page

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009). .................................................................................. *passim*

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). ........................................................... 1, 3, 4

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
797 F.3d 160, 171 (2d Cir. 2015) ................................................................................................. 6, 7

*McCord v. O'Neill*, 369 F. App'x 237, 239 (2d Cir. 2010) ....................................................... 7 n.4

*SEC v. Pentagon Capital Mgt. PLC*, 2010 WL 985205 (March 17, 2010) ........................ 6, 6 n.3

**Statutes**

Fed. R. Civ. P. 8 ................................................................................................ 1, 3, 4, 9 12, n.5
Fed. R. Civ. P. 9 ................................................................................................................ 2, 4, 12
Fed. R. Civ. P. 10 ............................................................................................................................ 5
Fed. R. Civ. P. 12 .................................................................................................................. 1, 3, 7, 13
Fed. R. Evid. 408 ............................................................................................................................ 5

Plaintiff CVR Energy, Inc. ("Plaintiff" or "CVR") submits this Memorandum of Law in support of its opposition to the October 30, 2018 motion to dismiss (the "Motion") submitted by Defendants Wachtell, Lipton, Rosen & Katz, Benjamin M. Roth and Andrew R. Brownstein (collectively, "Defendants" or "Wachtell").[1]

## PRELIMINARY STATEMENT

Wachtell's Motion represents its latest attempt to avoid adjudication on the merits of CVR's claims that the firm committed legal malpractice. A dismissal motion pursuant to Fed. R. Civ. P. 12(b)(6) – five years after a lawsuit is filed and after suffering Wachtell's scorched-Earth litigation tactics – is simply not appropriate at this stage and, in any case, is without merit. In an attempt to evade accountability for the bad legal advice it provided, Wachtell merely maligns the words and spirit of Fed. R Civ. P. 8(a) and governing legal precedent (including *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)) and seeks to impose pleading requirements that the Federal Rules of Procedure displaced decades ago.

Unlike the typical Rule 12(b)(6) motion, Wachtell's motion does not involve a defendant seeking to prevent a plaintiff from embarking on some fishing expedition involving claims lacking plausibility. Quite to the contrary, issue was already joined, fact discovery is already finished and CVR has already submitted its expert report (which Wachtell has not rebutted), the substance of which evinces not just a plausible claim, but an actual one. And, indeed, the cease-and-desist order that the U.S Securities and

---

[1] Unless otherwise defined herein, capitalized terms have the definitions ascribed to them in Defendants' October 30, 2018 Memorandum of Law in support of their Motion (herein, "**Defs. Brief**").

Exchange Commission (the "SEC") issued last year against CVR (the "SEC Order"), and which now forms part of CVR's pleading, raises CVR's malpractice claim from plausible to persuasive.

Simply stated, the Second Amended Complaint's allegations – which, again, now refer to and incorporate the attached SEC Order – are more than sufficient to put Defendants on notice of the claims against them and raise a right to relief above the speculative level. Indeed, the SEC Order itself allows for a compelling inference of liability for the bad advice concerning the Form 14D-9s which CVR indisputably relied on. Accordingly, Wachtell should not be permitted to treat CVR's claim as subject to Rule 9(b) (which if applied, is satisfied) or some other inapplicable heightened pleading standard, or otherwise shirk responsibility for its indisputably wrong advice by pretending to be unaware of, or not understand, the claims against it, and escape liability for that bad advice.

At bottom, Plaintiff's Second Amended Complaint sufficiently states a claim and Defendants' Motion should be rejected.

## PROCEDURAL BACKGROUND

Without adopting Defendants' characterization of the procedural facts, Plaintiff supplements it by noting that on November 12, 2018 it submitted a letter to the Court that disputes the merits of Defendants' motion but respectfully advised that it nonetheless intends to obviate any questions concerning the sufficiency of its claims by filing a Third Amended Complaint as a matter of course, per Fed. R. Civ. P. 15(a)(1)(B), a copy of which was attached to that letter. As indicated in that revised pleading, the Third Amendment adds to the pending malpractice claim allegations reflecting the extensive

evidence of malpractice obtained during the litigation's discovery period, including the sworn testimony of Defendants.

Furthermore, that letter noted that the Third Amended Complaint would render Wachtell's Rule 12(b)(6) motion moot, and this opposition brief unnecessary, and therefore respectfully requested that CVR's November 16 deadline to submit this opposition brief be adjourned. However, because the Court has not yet ruled on that request or otherwise addressed Plaintiff's letter, we are now submitting this opposition brief in accordance with the Court's ordered deadline, but do so without waiving (and expressly reserving) CVR's right to file the Third Amended Complaint.

## ARGUMENT

### I. STANDARD OF REVIEW

The standard for adjudicating the adequacy of a complaint was explained by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), as follows (with emphasis supplied):

> "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a ***"short and plain statement of the claim showing that the pleader is entitled to relief***." As the Court held in *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, ***the pleading standard Rule 8 announces does not require "detailed factual allegations,"*** but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.,* at 557, 127 S.Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is ***plausible on its face***." *Id.,* at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

3

inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955. **The plausibility standard is not akin to a "probability requirement,"** but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.,* at 557, 127 S.Ct. 1955 (brackets omitted).

From the foregoing, it is clear that Rule 8(a) is alive and well. *Ashcroft v. Iqbal* (and *Bell Atl. Corp. v. Twombly* ) clearly did not abrogate Rule 8(a)'s requirement of merely a "short and plain statement . . ."  And, critically, as the *Iqbal* court acknowledged, "Rule 8 marks a notable and generous departure from the hyper technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-679.

Notably, mere notice and plausibility is all that is required, as CVR's claims are not the type that are subject to Fed. R. Civ. P. 9(b) or that otherwise require some heightened pleading standard.  But, in any event, as explained below, CVR's Second Amended Complaint does much more than simply put Wachtell on notice of a plausible claim concerning how it committed legal malpractice – and Defendants do not seriously (if at all) argue otherwise.  Instead, in reality they are just seeking to have this Court gift them what would be, in effect, summary judgment, based on their mistaken belief that the SEC Order is inadmissible.  As indicated below, however, such relief is not warranted at all, let alone without an examination of the evidence obtained in discovery.[2]

---

[2] Given the fact that discovery is complete, one might wonder why Wachtell is seeking to avoid the usual route at such stage of a Rule 56 motion.  Perhaps, it is concerned with what the evidence shows – as indicated in the Third Amended Complaint – as well it should be.  Indeed, that evidence shows, *inter alia*, that Wachtell was actually aware of the SEC rule requiring CVR to disclose more than just that the banks' fee terms were

4

### II. THE SEC ORDER IS NOW PART OF CVR'S COMPLAINT, IS ADMISSIBLE AND GIVES RISE TO A COMPELLING INFERENCE THAT WACHTELL IS LIABLE FOR MALPRACTICE

As part of its revisions to the First Amended Complaint, CVR quoted from, and attached as "Exhibit 1" thereto, a copy of the cease-and-desist order that the SEC issued against CVR (the "SEC Order"). Per Fed. R. Civ. P. 10(c) the entire SEC Order – its facts, findings and violations – is now deemed "a part of the pleading for all purposes." And it is admissible to prove the validity of the claims addressed therein that CVR settled and gives rise to a compelling inference of liability for malpractice.

#### A. The SEC Order is Admissible

Wachtell does not dispute that the SEC Order is now incorporated into CVR's pleading – in fact, it concedes as much. (*See* Defs., Mem., pp. 5, 11). Instead, it argues that the SEC Order is not admissible under Fed. R. Evid. 408 for the purpose of proving the validity of the settled claim, and that that order "cannot support a reasonable inference that CVR will be able to show that Wachtell Lipton is liable for malpractice." (*See* Defs. Brief, at 11.) Wachtell is mistaken on both counts.

Rule 408 simply does not apply here as Wachtell was not the "settling" party under the SEC Order. As one court has explained, "Rule 408 exists to protect a party that settles one claim from having that settlement used against it to establish liability (or the extent of liability) of that same party in another lawsuit for the same claim," and thus, that rule does not come into play where – as here – the "rationale is not relevant to the

---

customary but chose not to comply with it, and without advising its client, CVR, of any of that or the perverse fee terms, which were then not even yet presented to CVR in any draft engagement letters.

5

consideration of [a] motion, where [plaintiff is] not offering the evidence to establish liability of the entities that settled the prior SEC action." *SEC v. Pentagon Capital Mgt. PLC*, 2010 WL 985205, at *4 (March 17, 2010).[3]

Consequently, Wachtell's reliance on *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 171 (2d Cir. 2015), is entirely misplaced. As this Court knows, *Loreley* involved an investor that sued a bank based in part on quoted findings appearing an SEC order that followed an investigation of the bank, which findings were not admitted by the bank when it settled with the SEC. As with *Pentagon Capital Mgt.*, that is not the situation here; CVR is not suing Wachtell based on some consent decree *Wachtell* entered into with the SEC. Rather, it is merely incorporating by reference into its pleading the SEC findings and conclusions, certain of which Wachtell does not even deny – for example, it does not deny that the SEC found a violation of its rules by CVR, rules that are not specific to Wachtell or CVR but apply to all public companies' 14d-9 filings. Moreover, while the *Loreley* court did note (at 797 F.3d 180) that "a complaint that *merely* recites others' allegations may therefore be insufficient," its use of the word "may" (not "must") is critical, as it immediately proceeded to find that the complaint there *was* sufficient when considered with other non-conclusory facts that were also pled – and, as explained below, that is the situation here, too.

And in any event, at the pleading stage, whether the SEC Order "prove[s] the facts

---

[3] Moreover, to the extent Wachtell is arguing that CVR should not have consented to the SEC Order, the *Pentagon Capital Mgt.* court rejected that very argument, noting that "the fact that the parties settled the actions **w**ithout admitting or denying the allegations also did not preclude admissibility under Rule 803(8)(c)['s hearsay exception for public records, now Rule 803(8) iii and B]." *Id*. at *3

6

of liability" does not matter – although Wachtell has yet to deny anything appearing in that order. *See Loreley*, 797 F.3d at 171 (noting that "[a]s always at the Rule 12(b)(6) stage, [a court shall] credit all non-conclusory factual allegations in the complaint and draw all reasonable inferences in Plaintiffs' favor" (citation omitted)).

Wachtell therefore is wrong to assert that the SEC Order is not admissible or probative. The SEC is the arbiter (usually deferred to by courts) of what is permitted under its regulations. And it clearly concluded that the disclosure – which was indisputably made based on Wachtell's advice – violated not just the Exchange Act (Section 14(d)(4) thereof) but also Rule 14D-9 which it promulgated thereunder. Whether Wachtell agrees with the SEC is irrelevant; it is not the decider of what the SEC's rules mean or require, and CVR was subjected to a burdensome investigation as a result of Wachtell's wrong disclosure advice, and was misled by it about the terms and nature of the new fee terms regarding the Icahn tender offer.[4] Furthermore, given that

---

[4] To the extent Defendants are relying on this Court's ruling to the effect that Plaintiff has merely pled some error in judgment – which is their only purported defense – we note that it is now clear from the attached SEC Order, as well as Paragraphs Nos. 45-47 of the pleading, that the Second Amended Complaint no longer pleads the mere creation of a "substantial risk" of SEC scrutiny, but instead avers a clear violation of the law and SEC regulations.

And, it is worth noting that the SEC did not conclude in its order or otherwise that CVR's flawed disclosure was the result of some mere error in judgment. Furthermore, at best, the "mere error in judgment" claim is at best an affirmative defense, which they are burdened with proving at trial. *See, e.g.*, *McCord v. O'Neill*, 369 F. App'x 237, 239 (2d Cir. 2010) (noting that defendant lawyer accused of malpractice had "initial burden of demonstrating that his decision was a reasonable strategic choice"). Moreover, the Second Amended Complaint (at ¶ 48) also states that Wachtell's flawed disclosure advice (which concealed the specifics of the perverse fee terms by calling them "customary") also misled CVR.

.

Wachtell did not even offer to handle or litigate the matter on CVR's behalf, it is now in no position to suggest that CVR should not have consented to the Order and risk a penalty and an expensive and burdensome litigation trying to prove in court that the SEC is somehow wrong about its own regulations.

Moreover, as explained below, the SEC Order certainly does "support a reasonable inference that CVR will be able to show that Wachtell Lipton is liable for malpractice" – indeed, it provides a compelling inference of liability when considered together with the Second Amended Complaint's other indisputable allegations.

### B. The SEC Order Gives Rise to a Compelling Inference of Liability

Once one accepts that the SEC Order is admissible, it becomes more than merely plausible – indeed, it becomes obvious – that CVR's Second Amended Complaint, which expressly notes the SEC's findings of rules violations and CVR's reliance on Wachtell's advice, gives rise to a compelling inference that CVR will, in fact, "be able to show that Wachtell Lipton is liable for malpractice."[5]  In other words, the SEC Order presents much more than "a sheer possibility that a defendant has acted unlawfully" (*Iqbal*, at 678) in light of the indisputable allegations that the wrongful disclosure was based on Wachtell's advice and preparation of those forms.

At the outset, it should be noted that, unlike the situation in *Iqbal*, plausibility is not even a real issue here.  *Iqbal* involved a claim for unlawful discrimination (based on

---

[5]  Even if the SEC Order were not admissible, the Second Amended Complaint is still sufficient, because whether the Banks' perverse fee terms were "customary" or not, the pleading clearly states that Wachtell's failure to advise CVR of those terms, and how to properly disclose them, doomed CVR to the very costly and burdensome SEC investigation and a ruling holding it liable to the Banks for $40 million in fees.

race, religion, or national origin) against the then-U.S. Attorney General and Director of the F.B.I. that was brought by someone detained by the government after the 9/11 terrorist attacks. After noting that those governmental officials/defendants could not "be held liable [under a *respondeat superior* theory] unless they themselves acted on account of a constitutionally protected characteristic," the *Iqbal* court found that the complaint failed to "contain any factual allegation sufficient to plausibly suggest [the defendants'] discriminatory state of mind," and thus failed to "meet the standard necessary to comply with Rule 8." *Iqbal*, at 683. In other words, based on the *Iqbal* complaint's allegations, it was not plausible that Messrs. Ashcroft and Mueller knew that their subordinates were detaining the plaintiff based on unlawful discriminatory reasons. Here, there are no real-world plausibility issues – the notion that a law firm committed legal malpractice when providing legal services to a client that results in an SEC rules violation, is not merely "plausible," and is, at a minimum, supported and strongly implied by the SEC Order itself where, as here, there can be no real dispute that the flawed disclosure resulted from Wachtell's advice.

Moreover, because discovery is already finished here, there are none of the usual concerns about "unlock[ing] the doors of discovery for a plaintiff armed with nothing more than conclusions" which were expressed in *Iqbal* (at 678-679). Indeed, Wachtell's suggestion that *Iqbal* somehow requires that *more* be pled here now because discovery has taken place turns that case's holding on its head.[6] *Iqbal* says no such thing; rather it

---

[6] Wachtell cites to *Iqbal* in support of the assertion (at Defs. Mem., 12) that an inference of liability for defendants' misconduct "would not be reasonable here, where discovery has closed and CVR has already had a full opportunity to gather admissible evidence of liability. *See [Iqbal]* at 679 ("[d]etermining whether a complaint states a plausible claim

9

simply acknowledges that courts are loathe to permit discovery (even if cabined) when a plaintiff's claims are not plausible in the first place.

In any event, there can be no doubt that the SEC Order, read together with the allegations in the pleading that references/attaches it, provides at least an inference of liability that is plausible.  That order – which does not ascribe any "judgment" calls to the 14D-9 disclosures – notes the specific regulations that were not complied with (which was due to Wachtell's wrongful advice) and why the disclosure was misleading. [7]  It makes clear what those applicable securities laws and regulations (Exchange Act Section 14(d)(4) and SEC Rule 14d-9(d) and Item 1009(a) of Regulation M-A) require, and CVR's failure to comply with those requirements.  More specifically, the SEC Order (also referred to in the Second Amended Complaint, at ¶¶ 45-48, with emphasis added) states, *inter alia*, that, the Banks' fee arrangements under the Second Engagement Letters created "potential conflicts of interest" and that "[b]ecause the fee arrangement with the Banks that ensured a so-called success fee regardless of whether shareholders obtained fair value for their shares, the interests of the Banks and CVR's shareholders diverged," and so, "[t]he Banks' fees were **not customary**, and the material terms of the compensation arrangement with the Banks should have been disclosed."  The Order then proceeds to detail in its "Violations" section (at ¶¶ 22, 23, emphasis added) the Exchange

---

for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense")."
.
[7] It bears emphasizing that the first misleading Form 14D-9 was filed with Wachtell's advice on March 1, 2012, one day after the Board meeting where defendant Roth supposedly explained (misleadingly, if at all) the Second Engagement Letters, which were not even drafted yet and were not signed until weeks later.

Act Release (No. 16384, Nov. 29, 1979)) which was not complied with.

Furthermore, the Second Amended Complaint clearly alleges (at ¶ 39) what Wachtell cannot *genuinely* dispute: Wachtell was hired to provide CVR legal advice on, *inter alia*, the 14D-9s and CVR completely relied on Wachtell's advice concerning those public disclosures.  Indeed, there is no dispute that Wachtell drafted the 14D-9s.  In other words, when those indisputable allegations are viewed together with the SEC Order, there is clearly an inference – indeed, a compelling one – that Wachtell provided bad advice for which CVR ended up suffering a burdensome and expensive SEC investigation and cease-and-desist order, and being misled into paying dearly via outrageous fees being owed to the Banks.

At bottom, Wachtell's argument that there is no inference to be drawn from the SEC Order is, frankly, absurd.

### III. IN VIEW OF WHAT THE INCORPORATED SEC ORDER ITSELF CLEARLY SAYS, CVR WAS NOT REQUIRED BY *IQBAL* TO PLEAD WITH ANY MORE DETAIL

Defendants try to elide the obvious, compelling inference that they committed malpractice concerning the Form 14D-9s (for which they are liable) by pointing out various things that the consent order does not assert. Specifically, they assert that :

> "The consent order does not assert that Wachtell Lipton or anyone at CVR did not believe that the banks' fee terms were customary. It does not assert that Wachtell Lipton or CVR failed to take reasonable steps to determine if the banks' fee terms were accurately characterized as customary. It does not assert that Wachtell Lipton or anyone at CVR was in possession of information that should have caused them to conclude that the banks' fee terms were not customary. It does not assert that Wachtell Lipton or anyone at CVR should have sought, but did not seek, information that would have caused them to conclude that the banks' fee terms were not customary. It does not assert even that Wachtell Lipton or CVR had

*access* to information that should have caused them to conclude that the banks' fee terms were not customary."

But, again, this is not an action that asserts fraud claims under Rule 9(b) or securities claims under the Private Securities Litigation Reform Act or some other action requiring a heightened pleading standard. And so, under *Iqbal*, no such specific allegations are required. As indicated *supra*, *Iqbal* makes clear that a complaint must merely contain "a ***"short and plain statement of the claim showing that the pleader is entitled to relief***, as **Rule 8 does not require "detailed factual allegations"** – all that is required is "sufficient factual matter, accepted as true, to "state a claim to relief that is ***plausible on its face***." And, as indicated above, the allegations, which incorporate and otherwise rely on the admissible SEC Order, are more than sufficient to state a claim for relief that is plausible on its face.

In other words, CVR is no more obligated to assert, for example, that Wachtell "should have sought information that should have caused them to conclude that the banks' fee terms were not customary," than a client pleading that its lawsuit was untimely filed by its attorney is required to plead that its attorney should have opened the CPLR and learned when the limitations period ran. And, in any event, Wachtell's assertions as to what the SEC Order does not specifically assert is beside the point; even if Wachtell somehow should not have known – despite the expertise it touted/boasted about in its engagement and it $6 million fee – what the SEC would consider to be "customary," it seems obvious from the incorporated SEC Order that the minimal "reasonable step" Defendants should have taken was to comply with the SEC rule that self-evidently requires a Form 14D-9 to disclose the material terms of the advisors' fees, not some vague, equivocal, misleading (and otherwise wrong) phrase like "customary."

12

## **CONCLUSION**

In view of the foregoing, Plaintiff respectfully submits that Wachtell's motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) should be denied. In the event that the Court disagrees, then Plaintiff respectfully requests that Wachtell's motion be rejected based on CVR's Third Amended Complaint.

Dated: November 16, 2018          LAW OFFICES OF HERBERT BEIGEL

By: /s/ Herbert Beigel
Herbert Beigel
38327 South Arroyo Way
Tucson, AZ 85739
Tel: (520) 825-1995

767 Fifth Avenue, #4700
New York, NY 10153

-and-

Robert R. Viducich
Law Office of Robert R. Viducich
40 Wall Street, 28th Floor
New York, New York 10005
(212) 400-7135