UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CVR ENERGY, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **WACHTELL, LIPTON, ROSEN & KATZ**, et al., <br><br> Defendants. | No. 14-cv-6566 (RJS) |

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

OF COUNSEL:

WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
(212) 403-1000

November 28, 2018

HOLWELL SHUSTER & GOLDBERG LLP
Michael S. Shuster
Vincent Levy
Matthew Gurgel
425 Lexington Avenue, 14th Floor
New York, New York 10017
(646) 837-5151

DEBEVOISE & PLIMPTON LLP
John Gleeson
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Attorneys for Defendants*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT ...................................................................................................................................2

    The complaint fails to state a claim for legal malpractice ........................................................2

        A.  Because the consent order is inadmissible, the allegations based solely on the consent order cannot show that CVR is entitled to relief ..............................................2

        B.  Even supplemented by the allegations of the consent order, the second amended complaint fails to adequately allege that Wachtell Lipton acted negligently in preparing SEC filings on CVR's behalf .................................................5

        C.  CVR's alternative pleadings are unauthorized and in any event fail to state a malpractice claim ..............................................................................................................7

            1.  The unauthorized allegations in the second amended complaint fail to state a malpractice claim ..................................................................................................7

            2.  The allegations in the unauthorized third amended complaint fail to state a malpractice claim ..................................................................................................8

CONCLUSION...................................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Achtman v. Kirby, McInerney & Squire, LLP*,
    464 F.3d 328 (2d Cir. 2006) .................................................................................... 5, 6, 7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................... 1, 2, 4

*Brookwood Cos. v. Alston & Bird LLP*,
    146 A.D.3d 662 (1st Dep't 2017) ..................................................................................... 6

*Keiler v. Harlequin Enters. Ltd.*,
    751 F.3d 64 (2d Cir. 2014) .......................................................................................... 4, 5

*Kennon v. Slipstreamer, Inc.*,
    794 F.2d 1067 (5th Cir. 1986) ......................................................................................... 3

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
    797 F.3d 160 (2d Cir. 2015) ............................................................................................ 2

*McCord v. O'Neill*,
    369 F. App'x 237 (2d Cir. 2010) .................................................................................. 7 n.2

*Palazzolo v. Herrick, Feinstein, LLP*,
    298 A.D.2d 372 (2d Dep't 2002) ...................................................................................... 6

*Pierce v. F.R. Tripler & Co.*,
    955 F.2d 820 (2d Cir. 1992) ............................................................................................ 3

*Prudential Ins. Co. of Am. v. Dewey, Ballantine, Bushby, Palmer & Wood*,
    170 A.D.2d 108 (1st Dep't 1991) ..................................................................................... 5

*Rosner v. Paley*,
    65 N.Y.2d 736 (1985) ...................................................................................................... 6

*SEC v. Pentagon Capital Mgmt. PLC*,
    2010 WL 985205 (S.D.N.Y. Mar. 17, 2010) ................................................................... 3

*U.S. v. Gilbert*,
    668 F.2d 94 (2d Cir. 1981) .............................................................................................. 2

**Rules**

Fed. R. Civ. P. 8 ................................................................................................................ 2, 4, 5

Fed. R. Civ. P. 15 ...................................................................................................................... 9

Fed. R. Evid. 408 ................................................................................................ 1, 2, 3, 4 & n.1, 5

## PRELIMINARY STATEMENT

This Court found that plaintiff CVR Energy, Inc.'s first amended complaint made "no allegations" that defendant Wachtell Lipton was negligent in advising CVR to describe its fee arrangements with two investment banks as "customary" in its SEC filings. Dkt. No. 175 at 14-15.  Given leave to amend its complaint to address that deficiency, all CVR did was attach the consent order in which it settled the SEC's claim that its description of the banks' fee arrangements was inaccurate.  *See* Dkt. No. 188 ("Defs.' Br.") at 4.  That addition does not save CVR's second amended complaint from dismissal.

The second amended complaint fails to show, as it must to state a claim, that Wachtell Lipton "is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009):

(1)  As Wachtell Lipton's opening brief explains, Federal Rule of Evidence 408 bars CVR from using the consent order to establish the validity of the claim CVR settled in that order.  Defs.' Br. 1-2, 11-13.  The consent order therefore cannot support the allegation that Wachtell Lipton "is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Nor can the consent order support an inference that CVR might yet obtain other, admissible evidence showing liability because the discovery period closed months before CVR filed the second amended complaint.

(2)  In any event, even if CVR had directly alleged the contents of the consent order without relying on the order, the second amended complaint would still fail to state a claim because nothing in the consent order resolves the fatal pleading deficiency identified by the Court.  Defs.' Br. 13-15.

In opposition, CVR contends that Rule 408 does not restrict its ability to use the consent order as evidence against Wachtell Lipton for any purpose and that its latest complaint satisfies the pleading standard imposed by Federal Rule of Civil Procedure 8.  Neither argument is correct.  The Court should therefore dismiss the second amended complaint with prejudice and enter final judgment for Wachtell Lipton.

# ARGUMENT

## THE COMPLAINT FAILS TO STATE A CLAIM FOR LEGAL MALPRACTICE

### A. Because the consent order is inadmissible, the allegations based solely on the consent order cannot show that CVR is entitled to relief

Rule 8 requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard, a complaint must plead a facially plausible claim—that is, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677-78. CVR contends that Rule 408 does not bar it from using the consent order to prove that Wachtell Lipton is liable to it for malpractice, and consequently, that it may rely on the consent order to meet the pleading standard of Rule 8.

An SEC "civil consent decree, as the settlement of a civil suit, is governed by Fed. R. Evid. 408," which prohibits any party from using a settlement to prove the validity of the settled claim. *U.S. v. Gilbert*, 668 F.2d 94, 97 (2d Cir. 1981); *see* Fed. R. Evid. 408(a) ("Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim . . . : (1) furnishing . . . or accepting . . . a valuable consideration in compromising . . . the claim . . . ."). Rule 408 thus bars CVR from using the consent order to prove that the disclosures Wachtell Lipton prepared were inaccurate, since the SEC's claim that those disclosures were inaccurate is the very claim that CVR settled in the consent order. *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 179 n.11 (2d Cir. 2015) (noting that the Second Circuit has "consistently held" SEC consent orders "inadmissible to prove the facts of liability").

That prohibited use of the consent order, however, is exactly what CVR claims is permitted in this case. According to CVR, the consent order "is admissible to prove the validity of the claims addressed therein that CVR settled" because "Rule 408 simply does not apply here as Wachtell [Lipton] was not the 'settling' party under the SEC Order." Dkt. No. 195 ("Pl.'s Br.") at 5. The unambiguous text of Rule 408 refutes CVR's argument. Rule 408 provides that

evidence of a settlement "is not admissible—*on behalf of any party*" to prove the validity of the settled claim.  Fed. R. Evid. 408(a) (emphasis added).  The Second Circuit has confirmed what the text of Rule 408 makes clear—that Rule 408 prohibits use of a settlement to prove the validity of a settled claim, regardless of whether any litigating party was also a party to the settlement:

> While a principal purpose of Rule 408 is to encourage settlements by preventing evidence of a settlement (or its amount) from being used *against* a litigant who was involved in the settlement, the rule is not limited by its terms to such a situation. Even where the evidence offered favors the settling party and is objected to by a party not involved in the settlement, Rule 408 bars admission of such evidence unless it is admissible for a purpose other than to prove liability for or invalidity of the claim or its amount.

*Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 828 (2d Cir. 1992) (quoting *Kennon v. Slipstreamer, Inc.*, 794 F.2d 1067, 1069 (5th Cir. 1986)); *see also id.* ("[w]e prefer to apply Rule 408 as written").

The only decision CVR cites in purported confirmation of its countertextual interpretation of Rule 408 provides no support for its position.  *See* Pl.'s Br. 5-6 (citing *SEC v. Pentagon Capital Mgmt. PLC*, 2010 WL 985205 (S.D.N.Y. Mar. 17, 2010)).  CVR suggests that the Court in the *Pentagon Capital* case permitted a party to introduce a settlement with the SEC to prove the validity of the settled claim over the objection of a non-settling party.  *Id.*  To the contrary, the Court allowed the defendants to introduce SEC settlement orders as evidence only after concluding that "[s]uch evidence is not precluded by Rule 408 because it is being offered for a purpose other than to establish liability" of the settled claims.  *Pentagon Capital*, 2010 WL 985205, at *4.  And the Court did so over the objection of the SEC, which was the plaintiff in the action as well as a settling party.  *Id.*  Neither the reasoning nor the holding of the decision

supports CVR's contention that Rule 408 is inapplicable when a party seeks to introduce a settlement against a party who was a stranger to the settlement.[1]

Because Rule 408 applies here, it bars CVR from using the consent order as evidence to prove the validity of the claim CVR settled in that order. CVR therefore cannot use the consent order to prove that its disclosures describing the banks' fee terms as "customary" were inaccurate and thus that Wachtell Lipton's advice to describe them as such was erroneous. It follows that the consent order is incapable of showing that Wachtell Lipton "is liable for the misconduct alleged" in the second amended complaint. *Iqbal*, 556 U.S. at 678.

Nor can the inadmissible consent order support an inference that CVR might yet be able to obtain other, admissible evidence that Wachtell Lipton is liable for the alleged misconduct. That is because the discovery period closed months before CVR filed the second amended complaint, Dkt. No. 154 at ¶ 6, and CVR does not argue that the evidentiary record compiled during the discovery period was incomplete. To the contrary, CVR has told this Court that "discovery was finished in this case three years ago," Dkt. No. 169 at 13:17-19, and that the action is "trial-ready," Dkt. No. 192 at 2.

In these circumstances, the second amended complaint necessarily fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. It is true that at the outset of a case, a plaintiff generally need not plead admissible evidence to meet that standard. But as the Second Circuit has explained—in a discussion of Rule 8 that CVR has itself cited approvingly—Rule 8 "requires factual allegations sufficient to raise a reasonable expectation that discovery is likely to generate evidence of liability." *Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 71 (2d Cir. 2014)

---

[1] CVR's proffered interpretation of Rule 408 is illogical and inequitable as well as countertextual. As CVR would apply the Rule, a party—like CVR here—who chose to make admissions or non-denials in a settlement agreement could block the use of those statements as evidence against itself, while simultaneously using those statements as evidence against a party—like Wachtell Lipton here—who was a stranger to the settlement and so never made any concessions regarding the settled claim at all. CVR's failure to identify any authority for that novel interpretation is unsurprising.

(cited in CVR's opening and reply briefs in support of its motion for reconsideration, Dkt. No. 181 at 7 and Dkt. No. 194 at 2, 6).  The second amended complaint does not satisfy Rule 8 because it was filed with the benefit of a complete discovery record yet contains no factual allegations suggesting that CVR has *any* admissible evidence that Wachtell Lipton's description of the banks' fee terms as "customary" was even inaccurate, let alone negligent.  It therefore fails to "sho[w] that [CVR] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

> **B.      Even supplemented by the allegations of the consent order, the second amended complaint fails to adequately allege that Wachtell Lipton acted negligently in preparing SEC filings on CVR's behalf**

Even assuming for argument's sake that Rule 408 does not constrain CVR's ability to use the consent order as evidence, the second amended complaint still fails to state a claim for malpractice.  The incorporation of the consent order is the only substantive difference between the first and second amended complaints, *see* Ex. B (Blackline of Second Amended Complaint), and nothing in the consent order supports a reasonable inference that Wachtell Lipton acted negligently.  *See Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) ("[t]o state a claim for legal malpractice under New York law, a plaintiff must allege" the three elements of the claim, including "attorney negligence" (quoting *Prudential Ins. Co. of Am. v. Dewey, Ballantine, Bushby, Palmer & Wood*, 170 A.D.2d 108, 114 (1st Dep't 1991))).

This Court held that CVR's first amended complaint made "no allegations" supporting a reasonable inference that Wachtell Lipton fell below the prevailing standard of care in advising CVR to describe the banks' fee terms as "customary."  Dkt. No. 175 at 15.  The first amended complaint "simply assert[ed] that Defendants made an incorrect choice when they decided to describe the banks' fees as 'customary.'"  *Id.*

Despite its incorporation of the consent order, the second amended complaint suffers from the very same pleading defect.  As Wachtell Lipton's opening brief points out, nothing in the consent order "set[s] out, for example, why [Wachtell Lipton] should have known that the fee terms were not 'customary' or what steps [Wachtell Lipton] should have taken to ascertain

whether [its] characterization of the fees as 'customary' was accurate." *See* Defs.' Br. 14 (quoting Dkt. No. 175 at 15). And those are precisely the sort of allegations that the Court found to be essential when it concluded that the first amended complaint failed to state a malpractice claim. *See* Dkt. No. 175 at 14-15. Indeed, the consent order does not contain any basis to infer that Wachtell Lipton (or CVR) even had *access* to information that should have caused it to conclude that the banks' fee terms were not customary. *See* Defs.' Br. 13-14.

CVR does not dispute that its latest pleading lacks such allegations. Pl.'s Br. 11-12. It contends instead that the second amended complaint need not contain such allegations to state a malpractice claim. *Id.* According to CVR, the second amended complaint is sufficient because it alleges that "CVR completely relied on [Wachtell Lipton]'s" advice in making the disclosures and that the SEC consent order states that the disclosures are inaccurate. *Id.* at 11. Boiled down, CVR's position is that it can state a claim by alleging merely that Wachtell Lipton gave it erroneous advice on which it relied.

CVR's conception of its pleading burden is incompatible with controlling decisions of the Second Circuit and the New York courts. Those decisions hold that "[a] complaint that essentially alleges either an 'error of judgment' or a 'selection of one among several reasonable courses of action' fails to state a claim for malpractice." *Achtman*, 464 F.3d at 337 (quoting *Rosner v. Paley*, 65 N.Y.2d 736, 738 (1985)). Accordingly, to state a claim for malpractice under New York law, a plaintiff cannot simply plead that its attorney gave advice that was incorrect or made a decision that turned out to be unsuccessful. *See Brookwood Cos. v. Alston & Bird LLP*, 146 A.D.3d 662, 667 (1st Dep't 2017) ("[a]n attorney is not held to the rule of infallibility"); *Palazzolo v. Herrick, Feinstein, LLP*, 298 A.D.2d 372, 373 (2d Dep't 2002) (an attorney "cannot be held liable for choosing a reasonable, although unsuccessful, course of action"). Rather, "[t]o properly plead negligence, a party must aver that an attorney's conduct

fell below the ordinary and reasonable skill and knowledge commonly possessed by a member of his profession." *Achtman*, 464 F.3d at 337 (internal quotation marks omitted).[2]

Because the second amended complaint does not adequately allege that Wachtell Lipton was negligent in describing the banks' fee terms as "customary," CVR has failed to sustain the only malpractice claim it was given leave to replead.

### C. CVR's alternative pleadings are unauthorized and in any event fail to state a malpractice claim

Unable to identify well-pleaded allegations of negligence in its second amended complaint, CVR urges the Court to nevertheless find that it has stated a claim on the basis of allegations that are neither authorized nor sufficient to save its lawsuit. That request should be denied as both procedurally improper and substantively unjustified.

#### 1. The unauthorized allegations in the second amended complaint fail to state a malpractice claim

After holding that "all of [CVR]'s malpractice theories" in the first amended complaint "fail[ed] to state a claim," this Court granted CVR's request for leave to file a second amended complaint "only as to [its] claim that [Wachtell Lipton] committed malpractice in describing the fee terms of the Second Engagement Letters as 'customary' in [its] SEC filings." Dkt. No. 175 at 21. That order could not be clearer—especially because the Court later denied CVR's request to include even "minor edits" in the second amended complaint that did not relate to the sole claim that CVR had been given leave to replead. Dkt. No. 178 at 1-2.

Yet CVR contends that the Court should sustain the second amended complaint on a theory of negligence that appeared nowhere in the first amended complaint and that CVR neither requested nor received leave to plead: that even if Wachtell Lipton was not negligent in concluding that the fee terms were accurately described as "customary," Wachtell Lipton was

---

[2] Citing an unpublished summary order, CVR contends that it is Wachtell Lipton's burden to prove, as an "affirmative defense," that its allegedly negligent conduct was nothing more than an error of judgment. Pl.'s Br. 7 n.4. But that order, which affirms a summary judgment award to a defendant attorney in a malpractice action, does not even mention "affirmative defense." *McCord v. O'Neill*, 369 F. App'x 237, 238-39 (2d Cir. 2010).

negligent for only describing the terms as "customary" rather than describing them in greater detail.  *See* Pl.'s Br. 12 (asserting that Wachtell Lipton was negligent because "even if [it] somehow should not have known . . . what the SEC would consider to be 'customary' . . . the minimal 'reasonable step' [it] should have taken was . . . to disclose the material terms of the advisors' fees").

This new theory of negligence is not only unauthorized, it is also deficient.  CVR asserts that "it seems obvious from the incorporated SEC Order" that Wachtell Lipton should have known that CVR was required to disclose the banks' fee terms in greater detail even if the terms were indeed "customary."  *Id.*  CVR's argument ignores the text of the consent order—which it does not cite.  That text makes clear that the consent order's "finding" that CVR's disclosures were inadequate depended on the "finding" that they were inaccurate.  The consent order states: "[I]t was not customary for the Banks to receive a success fee in this situation and, *accordingly*, the fee arrangements should have been described in greater detail in order to comply with SEC disclosure rules."  Dkt. No. 183-1 at p.2 ¶ 1 (emphasis added).  The consent order nowhere asserts or suggests that CVR's disclosures of the banks' fee terms were inadequate without regard to whether those terms were accurately described as "customary."  Given that omission, it is unsurprising that the consent order also does not contain any basis to infer that Wachtell Lipton would have been negligent to advise CVR that a disclosure summarizing the material fee terms as "customary" was sufficient if that description was accurate.  Thus, even assuming that CVR can rely on the consent order at this stage of the litigation to plead a malpractice claim, *see supra* pp. 2-5, the order does not support the latest iteration of CVR's "kitchen sink approach to malpractice theories," Dkt. No. 175 at 13.

### 2. The allegations in the unauthorized third amended complaint fail to state a malpractice claim

In the last line of its opposition, CVR asks the Court to "reject" Wachtell Lipton's motion to dismiss the second amended complaint "based on CVR's Third Amended Complaint."  Pl.'s Br. 13.  As Wachtell Lipton explained in its November 15, 2018 submission, CVR does not have

-8-

the right to file a third amended complaint "as a matter of course" under Federal Rule of Civil Procedure 15(a)(1).  Dkt. No. 193 at 1-2.  Nor is CVR entitled to leave to amend its complaint for the third time under Rule 15(a)(2).  *Id.* at 2-3.  CVR's submission of an unauthorized third amended complaint therefore does not moot this motion.

In any event, CVR's proposed third amended complaint does not contain the necessary allegations of negligence that are missing from its first and second amended complaints.  CVR does not bother to try to identify any new allegations in its proposed pleading that would justify denial of this motion if they were pleaded in the second amended complaint, and none exist.  All CVR's latest pleading does is confirm that even on its fourth try, made with the benefit of a full evidentiary record compiled over the course of several years, CVR still cannot manage to state a malpractice claim against Wachtell Lipton.  The time has come for the Court to terminate this baseless and vindictive lawsuit.

## CONCLUSION

For the foregoing reasons and those stated in defendants' opening brief, the second amended complaint should be dismissed with prejudice and final judgment entered for defendants.

DATED: New York, New York
November 28, 2018

Respectfully submitted,

/s/ Michael S. Shuster

OF COUNSEL:

WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
(212) 403-1000

Michael S. Shuster
Vincent Levy
Matthew Gurgel
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, New York 10017
(646) 837-5151
mshuster@hsgllp.com

John Gleeson
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000
jgleeson@debevoise.com

*Attorneys for Defendants*