UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CVR ENERGY, INC.,

                    Plaintiff,

-v-

WACHTELL, LIPTON, ROSEN & KATZ *et al.*,

                    Defendants.

No. 14-cv-6566 (RJS)
MEMORANDUM AND ORDER

---

RICHARD J. SULLIVAN, Circuit Judge:

    On September 28, 2018, the Court issued an order granting Defendants' motion for judgment on the pleadings and granting in part Plaintiff's request for leave to file a Second Amended Complaint. (Doc. No. 175.) Now before the Court is Plaintiff's motion for reconsideration of that order (Doc. No. 180), Defendants' October 30, 2018 motion to dismiss the Second Amended Complaint (Doc. No. 187), and Plaintiff's November 12, 2018 letter, which the Court construes as a request for leave to file a Third Amended Complaint (Doc. No. 192). The Court presumes the parties' familiarity with the factual background and procedural history of this case. For the reasons stated below, Plaintiff's motion for reconsideration is DENIED, Defendants' motion to dismiss the Second Amended Complaint is GRANTED, and Plaintiff's request for leave to file a Third Amended Complaint is DENIED.

I. PLAINTIFF'S MOTION FOR RECONSIDERATION

    "A motion for reconsideration . . . 'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that

might reasonably be expected to alter the conclusion reached by the court.'" *Atl. Recording Corp. v. BCD Music Grp., Inc.*, No. 08-cv-5201 (WHP), 2009 WL 2046036, at *1 (S.D.N.Y. July 15, 2009) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "Alternatively, a motion for reconsideration may be granted to 'correct a clear error or prevent manifest injustice.'" *Banco de Seguros del Estado v. Mut. Marine Offices, Inc.*, 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)). "The standard for reconsideration is strict and the decision is 'within the sound discretion of the district court.'" *Atl. Recording*, 2009 WL 2046036, at *1 (quoting *Colodney v. Continuum Health Partners, Inc.*, No. 03-cv-7276 (DLC), 2004 WL 1857568, at *1 (S.D.N.Y. Aug. 18, 2004)). Moreover, importantly, a motion for reconsideration "may not be used to advance new facts, issues[,] or arguments not previously presented to the Court, nor may it be used as a vehicle for re-litigating issues already decided by the Court." *Am. ORT, Inc. v. ORT Isr.*, No. 07-cv-2332 (RJS), 2009 WL 233950, at *3 (S.D.N.Y. Jan. 22, 2009) (quotation marks omitted); *accord Kahala Corp. v. Holtzman*, No. 10-cv-4259 (DLC), 2011 WL 1118679, at *1 (S.D.N.Y. Mar. 24, 2011) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001)).

Plaintiff falls far short of this demanding standard. Plaintiff first contends that the Court "overlooked" precedent relating to whether Plaintiff can cure deficiencies in its Complaint with the fruit of discovery at this stage in the litigation. (Doc. No. 181 at 6–7 (citing *Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 71 (2d Cir. 2014); *Ideal Steel Supply Corp. v. Anza*, 652 F.3d 310, 325 (2d Cir. 2011); *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008)).) Yet neither the out-of-circuit citation to *Perez-Acevedo* nor the Second Circuit cases cited for the first time in this motion for reconsideration warrant a departure from the Court's

prior decision. As the Court determined in its September 28, 2018 Order, the proposed amendments at issue did nothing to cure the deficiencies in the Second Amended Complaint and were otherwise barred for reasons of bad faith and undue delay. (Doc. No. 175 at 18–20.) The cited cases are therefore inapposite. Likewise, Plaintiff's claim that the Court overlooked proposed revisions to Paragraph 51 and evidence in support of that allegation does not provide a basis for reconsideration. (Doc. No. 181 at 7–9.) Far from "overlooking" those revisions, the Court in fact considered them and found them to be insufficient to cure the deficiencies in the pleading, and thus futile. (Doc. No. 175 at 20.) Plaintiff cannot relitigate this issue via a motion for reconsideration. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

Plaintiff next argues that the Court erred in determining that the alleged statements by Defendant Roth to CVR's board were not misleading, pointing to deposition testimony purportedly demonstrating that Defendant Roth's explanation of fee terms contained in the renegotiated contracts (the "Second Engagement Letters") was inconsistent with the understanding of CVR's chief executive officer and a CVR director. (Doc. No. 181 at 9–11.) But Plaintiff did not raise this argument regarding Plaintiff's subjective understanding of fee terms in its opposition to Defendants' motion (*see* Doc. No. 135), and its attempt to "advance new facts, issues[,] or arguments not previously presented to the Court" is inappropriate on a motion for reconsideration. *Am. ORT*, 2009 WL 233950, at *3. In any case, because the Court properly applied an *objective* standard focused on what a reasonable person would have understood from the plain terms of the Second Engagement Letters rather than the *subjective* standard upon which Plaintiff now relies, Plaintiff's argument is unavailing. (*See* Doc. No. 175 at 12 ("Considered in context, no reasonable listener could have heard Roth's presentation and

concluded that Icahn's tender offer somehow would not count as a sale.").) Reconsideration is plainly not warranted on this basis.

Plaintiff's other attempts at relitigating the merits of Defendants' motion for judgment on the pleadings are likewise unsuitable for a motion for reconsideration. Plaintiff's argument that the Court erred in its legal conclusion that the Second Engagement Letters were unambiguous, thereby undermining Plaintiff's central malpractice theory, merely repeats the arguments already considered and rejected by the Court. (Doc. No. 181 at 12–14; *see also* Doc. No. 175 at 9–11.) Similarly, its footnote stating that "the Court overlooked the . . . First Department's controlling conclusion that CVR was entitled to maintain a claim of malpractice" once again misapprehends the purpose of a motion for reconsideration. (Doc. No. 181 at 14 n.7 (citing *Wachtell, Lipton, Rosen & Katz v. CVR Energy, Inc.*, 39 N.Y.S.3d 772 (1st Dep't 2016)).) The cited case is not a "controlling" decision on the issue, as it did not address whether CVR's Second Amended Complaint stated a malpractice claim, and in any event could not bind this Court on the question of whether Plaintiff's Second Amended Complaint satisfies the Federal Rules of Civil Procedure and federal pleading standards. Plaintiff's mischaracterization of the case as controlling precedent on this question is a misguided attempt to revive the ratification argument already considered and rejected by this Court. (Doc. No. 175 at 13–14.)

Plaintiff's argument for reconsideration of the Court's partial grant and partial denial of Plaintiff's request for leave to amend under Federal Rule of Civil Procedure 15(a) fares no better. Having waited until more than a month after the close of fact discovery to make its motion to amend, Plaintiff offers no basis for the Court to revisit its earlier conclusion that Plaintiff's belated attempt to amend smacked of bad faith and undue delay. (Doc. No. 181 at 16–19; Doc. No. 175 at 18.) As to the Court's finding of futility with respect to all proposed amendments

4

other than those regarding the SEC's February 14, 2017 Order, Plaintiff points to no overlooked controlling decision or data, and highlights no clear error that could justify reconsideration. (Doc. No. 181 at 20–22.) On this point, Plaintiff offers only its disagreement with the Court's conclusion and an inapposite citation to Rule 1.5 of the New York Rules of Professional Conduct – which, far from furnishing a basis for reconsidering the Court's prior decision, is not relevant to this litigation. Plaintiff thus falls far short of the demanding standard for reconsideration of the Court's earlier conclusion.

As the Second Circuit has recognized, motions for reconsideration are not "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys*, 684 F.3d at 52 (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). Here, Plaintiff's arguments amount to no more than such an attempt to take a "second bite." The Court finds that the "strict" standard for a motion for reconsideration has not been met, and Plaintiff has thus not demonstrated that this unusual remedy is warranted. *Shrader*, 70 F.3d at 257. Accordingly, Plaintiff's motion for reconsideration is DENIED.

II. DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must "provide the grounds upon which [the] claim rests." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *see also* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."). To meet this standard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads

5

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *ATSI Commc'ns*, 493 F.3d at 98. However, that tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If the plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." *Id.* at 570.

In its September 28, 2018 Order, the Court allowed Plaintiff to amend its First Amended Complaint "*only* as to its SEC-disclosure theory" because Plaintiff "seem[ed] to suggest that [it] would add factual allegations related to the SEC's February 14, 2017 order." (Doc. No. 175 at 20–21.) Plaintiff's Second Amended Complaint attaches the SEC's February 14, 2017 Order ("the SEC's Order"), quotes liberally from it, and recites a handful of conclusory statements. (Doc. No. 183.) Plaintiff fails to cure the deficiencies outlined in the Court's September 28, 2018 Order, and as such Plaintiff's Second Amended Complaint is unable to survive Defendants' motion to dismiss.

Defendants argue that the Court should not consider the contents of the SEC's Order because it would be inadmissible at trial. (Doc. No. 188.) In general, "[e]videntiary questions, such as the one present in this case, should especially be avoided at such a preliminary stage of the proceedings." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). While the Second Circuit has recognized that "a complaint that merely recites" allegations in an SEC order "may . . . be insufficient," *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,

6

797 F.3d 160, 180 (2d Cir. 2015) (emphasis omitted), here the Court need not decide whether and to what extent Plaintiff can rely on the contents of the SEC's Order in their Second Amended Complaint because, even considering the SEC's Order in its entirety, Plaintiff fails to plead sufficient factual allegations to state a malpractice claim.

As this Court described in detail in its September 28, 2018 Order, "[t]o sustain a cause of action for legal malpractice, a party must show that an attorney failed to exercise 'the ordinary reasonable skill and knowledge' commonly possessed by a member of the legal profession." *Darby & Darby, P.C. v. VSI Int'l, Inc.*, 95 N.Y.2d 308, 313–14 (2000) (quoting *Byrnes v. Palmer*, 45 N.Y.S. 479, 481 (2d Dep't 1897)). Thus, to make out a claim, "the plaintiff must first establish the standard of care the attorney owed the plaintiff." *Joseph DelGreco & Co., Inc. v. DLA Piper L.L.P. (U.S.)*, 899 F. Supp 2d 268, 277 (S.D.N.Y. 2012). As with the First Amended Complaint, the Second Amended Complaint does not demonstrate why Defendants failed to meet their standard of care. Significantly, it does not allege that Defendants should have known the fee terms were not "customary," that Wachtell understood the terms to be anything other than "customary," or what Defendants should have done to confirm whether they were in fact "customary." *See Darby & Darby*, 95 N.Y.2d at 313.

Instead, Plaintiff cites to the SEC's Order to support its contentions that the SEC found the compensation arrangements were not "customary," the terms "should have been disclosed," and, because they were not, Plaintiff's investors were thereby misled. (Doc. No. 183 ¶¶ 45–48.) Plaintiff argues that the "indisputable allegations" that "Wachtell was hired to provide CVR legal advice" and that "CVR completely relied on Wachtell's advice," when "viewed together with the SEC Order," creates an "inference . . . that Wachtell provided bad advice" that caused Plaintiff harm. (Doc. No. 195 at 11.) Thus, as in its First Amended Complaint, Plaintiff does nothing

7

more than accuse Wachtell of making the wrong choice. But mere accusations of an error in judgment are insufficient to state a claim for legal malpractice. *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) ("A complaint that essentially alleges either an 'error of judgment' or a 'selection of one among several reasonable courses of action' fails to state a claim for malpractice." (quoting *Rosner v. Paley*, 65 N.Y.2d 736, 738 (1985))).

In addition to its malpractice claim, Plaintiff also appears to assert an unauthorized negligence claim, stating that Defendants' actions were "gross negligence" (Doc. No. 183 ¶ 53(j)), and arguing that "even if" Wachtell was unaware of "what the SEC would consider to be 'customary,'. . . the minimal 'reasonable step' Defendants should have taken was . . . to disclose the material terms of the advisors' fees" (Doc. No. 195 at 12). But the Court only granted leave for Plaintiff to amend its malpractice claim based on Wachtell's "decision to describe the banks' fees under the Second Engagement Letters as 'customary'" (Doc. No. 135 at 28); it did not grant leave for Plaintiff to add a *new* allegation of negligence. The Court will not consider Plaintiff's new claim for the same reasons that it will not consider Plaintiff's latest attempt to amend the Complaint, discussed in detail below.

Plaintiff has been given two chances to amend its Complaint as to its SEC-disclosure malpractice claim. Moreover, Plaintiff submitted its Second Amended Complaint months after discovery was completed. (Doc. No. 154 at ¶ 6.) Yet even with the benefit of full discovery, Plaintiff asserts only conclusory allegations of malpractice based on the SEC's Order. The Second Amended Complaint simply does not allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. As Plaintiff has failed again to state a claim, Defendants' motion to dismiss must be GRANTED.

Case 1:14-cv-06566-RJS Document 198 Filed 10/09/19 Page 9 of 11

III. Plaintiff's Leave to Amend to File a Third Amended Complaint

In addition to its motion for reconsideration of the Court's September 28, 2018 Order, Plaintiff, on November 12, 2018, submitted a letter to the Court announcing its intention "to obviate any questions concerning the sufficiency of its claim by filing a Third Amended Complaint ("TAC") as a matter of course" under Federal Rule of Civil Procedure 15(a)(1)(B). (Doc. No. 192 at 1.) Plaintiff's letter further stated that should the Court disagree with its position that it is entitled to file a Third Amended Complaint as a matter of course, the letter should be treated in the alternative "as a letter-motion seeking leave to amend." (*Id.* at 1–2.)

Clearly, Plaintiff is not entitled to file a Third Amended Complaint as a "matter of course" under Federal Rule of Civil Procedure 15(a)(1)(B). Rule 15(a)(1) provides that a party "may amend its pleading *once* as a matter of course within: (A) 21 days after serving it," or, alternatively, "(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1) (emphasis added). Plaintiff served its original Complaint on October 24, 2013 (Doc. No. 1), and Defendants served a motion to dismiss under Rules 12(b)(2) and 12(b)(3) on December 18, 2013 (Doc. No. 9). Under the plain text of Rule 15, Plaintiff's time to amend its Complaint "as a matter of course" pursuant to Rule (15)(a)(1)(B) thus expired more than five years ago on January 8, 2014 – 21 days after Defendants served their Rule 12(b) motion. Plaintiff's position – that a new 21-day period was triggered by Defendants' filing of a subsequent motion to dismiss on October 30, 2018 (Doc. No. 187) – runs counter to the rule's plain text and the Advisory Committee's Notes. *See* Fed. R. Civ. P. 15(a)(1) advisory committee's note to 2009 amendment ("The 21-day period[] to amend once as a matter of course . . . after service of a designated motion [is] not cumulative. If a responsive pleading is served

9

after one of the designated motions is served, for example, there is no new 21-day period."); *see also Azkour v. Bowery Residents' Comm. Inc.*, No. 13-cv-5878 (TPG), 2017 WL 4221456, at *2 (S.D.N.Y. Sept. 22, 2017) (observing that "Rule 15(a)(1) does not allow a party to retain a one-time option" to amend as a matter of course "in perpetuity," since "[t]he right does not survive the applicable [21-day] limitations period, even if unexercised"). Because Plaintiff is therefore not entitled to amend its Complaint as a matter of course, the Court construes Plaintiff's November 12, 2018 letter as a request for leave to amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). For the reasons stated below, that request is DENIED.

"Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,'" the Court "has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (quoting Fed. R. Civ. P. 15(a)). A showing of delay that results in prejudice to the defendant can support denial of leave to amend. *Ruotolo v. City of New York*, 514 F.3d 184, 191–92 (2d Cir. 2008).

As Judge Lynch famously observed when he was on the district court, "pleading is not a game of skill in which one misstep may be decisive to the outcome, [but] neither is it an interactive game in which plaintiffs file a complaint, and then bat it back and forth with the Court over a rhetorical net until a viable complaint emerges." *In re Refco Capital Mkts., Ltd. Brokerage Customer Sec. Litig.*, No. 06-cv-643 (GEL), 2008 WL 4962985, at *2 (S.D.N.Y. Nov. 20, 2008) (citations omitted), *aff'd sub nom. Capital Mgmt. Select Fund Ltd. v. Bennett*, 680 F.3d 214 (2d Cir. 2012). Put simply, the Court will not indulge Plaintiff's attempts at piecemeal pleading, whereby Plaintiff hopes to eventually cobble together an adequate complaint under the Court's guidance while inflicting significant prejudice on Defendants. Plaintiff's renewed

request for a further amendment blatantly disregards the Court's September 28, 2018 Order, which – other than granting leave for a highly circumscribed amendment *only* as to Defendants' description of the fee terms of the Second Engagement Letters – already denied Plaintiff's prior attempt to amend its Complaint on the grounds of undue delay, prejudice, and futility. The Court's finding in that order that Plaintiff's machinations "smack[ed] of bad faith and delay" is even more pronounced now, and Plaintiff furnishes no excuse for its delay in seeking leave to file a *fourth* pleading in this action. (Doc. No. 175 at 18.) Indeed, the likelihood that the proposed amendments would require the reopening of discovery, causing even more delay and prejudice to Defendants, further weighs against permitting another amendment at this late date. (*See, e.g.*, Doc. No. 192-1 at ¶¶ 31, 35.) Accordingly, Plaintiff's request for leave to amend is, once again, DENIED.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration of the Court's September 28, 2018 Order is DENIED, Defendants' motion to dismiss the Second Amended Complaint is GRANTED, and Plaintiff's request for leave to file a Third Amended Complaint is DENIED.

The Clerk of Court is respectfully directed to terminate the motions pending at document numbers 180 and 187 and close this case.

SO ORDERED.

Dated: October 9, 2019
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation