**MANDATE**

19-3692-cv
*CVR Energy Inc. v. Wachtell, Lipton, Rosen, & Katz, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of October, two thousand twenty.

PRESENT:   BARRINGTON D. PARKER,
           DENNY CHIN,
                   *Circuit Judges*,
           JANE A. RESTANI
                   *Judge.*\*

-----------------------------------------x

CVR ENERGY, INC.,

        *Plaintiff-Appellant*,

    -v-                                                                            19-3692-cv

WACHTELL, LIPTON, ROSEN, & KATZ,
BENJAMIN M. ROTH, and ANDREW R.
BROWNSTEIN,

        *Defendants-Appellees*,

-----------------------------------------x

\*   Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

MANDATE ISSUED ON 10/28/2020

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | HERBERT BEIGEL, Law Offices of Herbert Beigel, Tucson, Arizona, *and* Robert R. Viducich, Law Office of Robert R. Viducich, New York, New York. |
| FOR DEFENDANTS-APPELLEES: | MICHAEL S. SHUSTER (Vincent Levy, *on the brief*), Holwell Shuster & Goldberg LLP, New York, New York, *and* John Gleeson, Debevoise & Plimpton LLP, New York, New York. |

Appeal from the United States District Court for Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Plaintiff-appellant CVR Energy, Inc. ("CVR") appeals from the September 28, 2018 and October 9, 2019 orders of the district court granting the motion of defendants-appellees Wachtell, Lipton, Rosen & Katz ("Wachtell"), Benjamin M. Roth, and Andrew R. Brownstein (collectively "defendants") for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), denying leave to amend on all but one issue, and subsequently granting defendants' motion to dismiss the second amended complaint (the "SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] CVR alleged that defendants committed professional legal malpractice in their representation of CVR in connection with a 2012 tender offer that resulted in investor

---

[1] Although the district court's October 9, 2019 memorandum and order also denied CVR's motion for reconsideration of its September 28, 2018 order and its motion for leave to amend the SAC, CVR does not appeal those holdings.

2

Carl Icahn securing a majority interest in the company.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

I.    *The Facts*

Construed in favor of CVR, the facts are as follows:  In January 2012, Icahn announced that he had acquired "a substantial minority stake" in CVR, a public company.  J. App'x at 91.  Concerned that Icahn "might launch a proxy fight or tender offer to acquire a controlling interest," CVR engaged the law firm Wachtell, along with two investment banks, Goldman, Sachs & Co. and Deutsche Bank Securities Inc. (the "Banks"), to assist.  J. App'x at 91.

On February 16, 2012, Icahn announced a tender offer to buy all of CVR's outstanding stock.  Shortly thereafter, CVR negotiated contracts with the Banks to cover their fees.  Under the terms of these "Second Engagement Letters," each bank was to receive a fee of $9 million if CVR remained independent and a "Sale Transaction Fee," expressed as a percentage of the sale value of CVR, if CVR were sold.  J. App'x at 93-94; *see also* J. App'x at 203-05, 214-15.  Both contracts defined a "Sale Transaction" triggering the Sale Transaction Fee as any sale of at least fifty percent of CVR's outstanding stock.  J. App'x at 203, 215.

By mid-April 2012, it was clear that Icahn would acquire majority control of CVR, and the Banks submitted invoices to CVR for the Sale Transaction Fees, which totaled more than $36 million.  The new Icahn-appointed board, however, did not

3

approve the invoices, and the Banks sued CVR for enforcement of the Second Engagement Letters in New York State Supreme Court, New York County. *See Goldman, Sachs & Co. v. CVR Energy, Inc.*, 2014 WL 4446635, at *3 (N.Y. Sup. Ct. Sept. 10, 2014).

Also in 2014, the Securities and Exchange Commission (the "SEC") began investigating the propriety of two Schedule 14D-9 forms filed by CVR during Icahn's tender offer in 2012 -- specifically, their description of the fee terms CVR had entered into with the Banks as "customary."  J. App'x at 99.  In February 2017, the SEC accepted CVR's offer to settle the investigation with the entry of an administrative consent order finding that CVR's classification of the fees as customary violated the securities laws and ordered CVR to "cease and desist from" further violations.  J. App'x at 279.  No additional penalty was imposed.

## II.  *Procedural History*

CVR commenced this action against Wachtell and two of its partners in the District of Kansas on October 24, 2013; the case was transferred to the court below on August 18, 2014.  The amended complaint, filed February 20, 2015, alleged, *inter alia*, that defendants committed professional malpractice in: (1) failing to properly negotiate fee terms with the banks; (2) failing to properly explain those terms to CVR; and (3) causing CVR to ratify the Second Engagement Letters.

4

Defendants moved for judgment on the pleadings on January 22, 2018, after which CVR sought leave to amend its pleading twice -- once in its opposition to defendants' motion, and again while the motion was pending.  In an order issued on September 28, 2018, the district court granted defendants' motion, and it denied in part and granted in part CVR's request for leave to amend.  The district court determined that "all of [CVR]'s malpractice theories fail[ed] to state a claim," S. App'x at 16, and it denied most of CVR's proposed amendments, including its proposed addition of two new contract claims.  The district court held, however, that CVR's request to "add factual allegations related to the SEC's February 14, 2017 [consent] order," S. App'x at 20, could potentially remedy a deficiency in the pleading, and it permitted amendment on that ground.

CVR filed the SAC on October 15, 2018.  The SAC added detail regarding the SEC's investigation and attached the SEC's February 24, 2017 administrative consent order.  Two weeks later, defendants moved to dismiss the SAC for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  On October 9, 2019, the district court granted defendants' motion, concluding that the SAC "assert[ed] only conclusory allegations of malpractice," S. App'x at 29, and did "not demonstrate why [d]efendants failed to meet their standard of care."  S. App'x at 28.

This appeal followed.

*DISCUSSION*

We review both the grant of a motion to dismiss and the grant of a motion for judgment on the pleadings *de novo*, "accept[ing] all factual allegations in the complaint as true and draw[ing] all reasonable inferences in [the plaintiff's] favor." *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009); *see also La Liberte v. Reid*, 966 F.3d 79, 85 (2d Cir. 2020).  "We review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Empire Merchants, LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 139 (2d Cir. 2018) (internal quotation marks omitted).

CVR argues that the district court (1) erred in granting defendants' motion for judgment on the pleadings; (2) erred or abused its discretion in denying CVR's request for leave to amend all but its SEC-related allegations; and (3) erred in dismissing the SAC.  We disagree in all three respects.

First, there was no error in the district court's grant of judgment on the pleadings to defendants.[2]  "To state a claim for legal malpractice under New York law, a plaintiff must allege: (1) attorney negligence; (2) which is the proximate cause of a loss;

---

[2]  As a threshold matter, we reject CVR's contention that the district court should have denied defendants' motion on timeliness grounds.  By its plain language, Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed" so long as the motion is made "early enough not to delay trial."  Fed. R. Civ. P. 12(c).  Here, no trial date had been set when defendants made their motion.  Accordingly, the district court did not abuse its discretion in deciding the motion.

6

*and* (3) actual damages." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006).³ Here, none of the amended complaint's alleged theories of malpractice satisfied the first prong. CVR argued, for instance, that defendants were negligent in failing to negotiate CVR's preferred fee terms, but according to the amended complaint, it was CVR alone that negotiated the fee terms with the Banks, thus precluding a claim of attorney negligence under New York law. *See Sutherland v. Milstein*, 698 N.Y.S.2d 15, 16 (1st Dep't 1999) (attorney not negligent for role in the negotiation of an agreement the client "now find[s] unfavorable" where client "negotiated and controlled its terms").

CVR's remaining theories of legal malpractice fare no better. CVR also alleged, for instance, that defendants were negligent in failing to explain the fee terms to them, but, as both the district court and the New York Supreme Court in the related litigation rightly concluded, the language regarding the fee terms was plain from the face of the Second Engagement Letters. *See Goldman, Sachs & Co.*, 2014 WL 4446635, at *6 ("[T]he fee provisions of the [S]econd [E]ngagement [L]etters are not ambiguous, nor can they be interpreted as excluding a transaction with Icahn."). Thus, defendants' alleged failure to explain the fee terms to them could not form the basis for attorney negligence. *See Beattie v. Brown & Wood*, 663 N.Y.S.2d 199 (1st Dep't 1997) (no legal

---

³ The parties agree that New York law governs the legal malpractice claim at issue on this appeal.

7

malpractice where client's claimed misunderstanding of an agreement was "flatly contradicted by the agreement itself").

Second, the district court did not err or abuse its discretion in denying CVR leave to amend all but its SEC-related allegations. The district court rightly rejected CVR's proposed factual amendments on futility grounds because none of the proposed additional allegations remedied the pleadings' deficiencies. *See* Appellants' Br. at 26-27. There was also no abuse of discretion in the denial of CVR's request to add two new contract claims because, even assuming CVR could not have known about these claims until July of 2018, CVR offered no explanation as to why it had waited until the close of fact discovery in September of 2018 to raise them. *See Creswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) ("[t]he burden is on the party who wishes to amend to provide a satisfactory explanation for the delay" in seeking leave to amend). Moreover, the potential prejudice to defendants was substantial, as CVR's proposed contract claims were premised on a wholly separate contract -- defendants' engagement letter sent to CVR in January 2012 -- and thus would have required substantial and lengthy additional discovery.

Finally, there was no error in the district court's granting of defendants' motion to dismiss the SAC because even with the added allegations, the SAC failed to allege attorney malpractice. "To properly plead negligence, a party must aver that an attorney's conduct fell below the ordinary and reasonable skill and knowledge

8

commonly possessed by a member of his profession," *Achtman*, 464 F.3d at 337 (internal quotation marks omitted), which "should be measured at the time of representation," *Darby & Darby, P.C. v. VSI Int'l, Inc.*, 95 N.Y.2d 308, 313 (2000), and not with the "wisdom of hindsight." *Id.* at 315. Additionally, "[a] complaint that essentially alleges either an 'error of judgment' or a 'selection of one among several reasonable courses of action' fails to state a claim for malpractice." *Achtman*, 464 F.3d at 337 (quoting *Rosner v. Paley*, 65 N.Y.2d 736, 738 (1985)). Here, CVR failed to allege that defendants' decision to characterize the bank fees as customary was anything beyond an "error of judgment" later found by the SEC to be erroneous. Thus, the SAC failed to state a legal malpractice claim.

\* \* \*

We have considered CVR's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

9